

```
ROBIE & MATTHAI
A Professional Corporation
JAMES R. ROBIE, SBN 67303
KYLE KVETON, SBN 110805
RONALD P. FUNNELL, SBN 209897
500 South Grand Avenue, 15th Floor
Los Angeles, California 90071
(213) 706-8000 • (213) 624-2563 Fax
kkveton@romalaw.com

Attorneys for Plaintiff PROGRESSIVE WEST
 INSURANCE COMPANY
```

**FILED**
07 OCT 16 PM 1:39
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _POU_ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 1999 JAH (POR)

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| vs. | |
| BUN BUN TRAN, LEONEL ARRELLANO, | |
| Defendants. | |

Plaintiff Progressive West Insurance Company ("Progressive") alleges:

1. Plaintiff is and was at all times mentioned a corporation incorporated under the laws of the State of Ohio and having its principal place of business in the State of Ohio.

2. Defendant Bun Bun Tran ("Mr. Tran") is and was at all times mentioned an individual residing in the State of California, County of San Diego.

3. Defendant Leonel Arrellano ("Mr. Arrellano") is and was at all times mentioned an individual residing in the State of California.

4. The jurisdiction of this Court over the subject matter of this action is predicted on 28 U.S.C § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. In determining the amount in controversy for

jurisdictional purposes, general, special, and punitive damages are to be considered if recoverable. *See, e.g., Watson v. Blankinship*, 20 F.3d 383, 386-87 (10th Cir. 1994); *Smith v. Bally's Holiday*, 843 F. Supp. 1451 (N.D. Ga. 1994); *Srour v. Barmes*, 670 F.Supp. 18 (D.D.C. 1987). Based on the facts alleged below, it is legally certain that defendant's claim against Progressive exceeds $75,000.00. Therefore, although Progressive disputes liability, Progressive asserts that the amount in controversy exceeds $75,000.00 and that this Court has jurisdiction over this action.

5. Venue is proper, as the Southern District of California is the district in which a substantial part of the events or omissions on which the claim is based occurred.

6. For the policy period May 30, 2006 to November 30, 2006, plaintiff Progressive insured defendant Leonel Arrellano ("Mr. Arrellano") under California Motor Vehicle Policy number 16558999-00. The policy contained a per-person bodily injury liability limit of $15,000.

7. On November 18, 2006, at 1:05 a.m., defendant Bun Bun Tran was driving his automobile eastbound on Juniper Street in the City of San Diego.

8. At the same time, Defendant Mr. Arrellano was driving his pickup truck south bound on Commonwealth Avenue in the City of San Diego.

9. Mr. Arrellano's pickup truck collided with Mr. Tran's automobile. The subsequent traffic collision report assigned fault to Mr. Arrellano for disregarding a stop sign.

10. As a result of the collision, Mr. Tran suffered serious injuries including head trauma described as a subarachnoid hemorrhage and a ruptured spleen. Mr. Tran reportedly remains comatose.

11. Mr. Tran's medical bills are believed to be in excess of $700,000.00.

12. Following the accident, Mr. Arrellano was arrested by the San Diego Police Department for driving under the influence of alcohol, driving without a licence and leaving the scene of an accident. In February 2007, Mr. Arrellano pled

guilty to violation of Vehicle Code §20001(a) (leaving scene of an accident) and §23153(b) (driving under the influence of alcohol and causing bodily injury to another.) Mr. Arrellano remained in the San Diego County Jail until June 2007, when he was sentenced to 6 years in a California prison.

13. On or about January 26, 2007, attorney Anh Quoc Duy Nguyen wrote Progressive demanding that Progressive tender its liability policy limits within fifteen (15) days. A copy of attorney Nguyen's demand letter is attached as Exhibit 1.

14. Plaintiff is informed and believes that at the time Attorney Nguyen sent his January 26, 2007 letter, he was not legally representing Bun Bun Tran, but, instead, was representing Mr. Tran's mother. Plaintiff is further informed and believes that Mr. Tran's mother was not then guardian ad litem of Mr. Tran. As a result, Attorney Nguyen had no legal authority to settle the claims of Mr. Tran, nor did he have legal authority to release claims of Mr. Tran against any tort feasor.

15. Attorney Nguyen's demand did not offer a release or dismissal in exchange for payment of the insurance benefits, and, indeed, it specifically was subject to the condition precedent "of convincing me [Nguyen] that there are no other responsible parties, whether insured or not, causing this accident. If I am convinced, I will state as much in a letter. If I am not convinced, I will never state as much in a letter and there will be no settlement."

16. It was legally and factually impossible to convince Attorney Nguyen that there were no other responsible parties for causing this accident, given the facts and circumstances of the accident, and that Patricia Cole in fact paid Bun Bun Tran $300,000 to settle the liability claim against her arising from this accident in July 2007.

17. As a result of the above condition precedent, attorney Nguyen's demand was not an offer to settle within the policy's limits. Rather, the condition precedent of "convincing" Nguyen was outside of the policy and its stated limits.

18. In response to attorney Nguyen's letter, Progressive offered its policy

1 | limits on February 2, 2007, within seven days of the demand. Attorney Nguyen
2 | rejected the offer and referred Mr. Tran's claim to attorney Christopher Angelo.

19. On or about May 8, 2007, attorney Angelo filed a lawsuit on behalf of Mr. Tran (through his guardian ad litem, Le Thi Nguyen), entitled *Bun Bun Tran vs. Arrellano, et al.*, San Diego Superior Court Case No. 37-2007-00065432-CU-PA-CTL. The complaint alleges causes of action for negligence and negligence per se against Mr. Arrellano.

20. The correspondence, pleadings and discovery proceedings in the above captioned lawsuit make clear that attorney Angelo intends to obtain a judgment against Mr. Arrellano and then sue Progressive on behalf of Mr. Tran for breach of contract and breach of the implied covenant of good faith and fair dealing for failure to settle Mr. Tran's claim within policy limits.

21. Attorney Angelo has accused Progressive of misconduct and claims that Progressive's failure to accept Attorney Nguyen's January 26, 2007 policy limits demand has eliminated the stated limits of the policy. As a result of the erroneous contention that Progressive has "taken the lid off its policy" by not accepting Attorney Nguyen's conditional demand of January 26, 2007, Mr. Tran claims, *inter alia*, that a conflict of interest has arisen between Progressive's defense counsel and Mr. Arrellano, that Mr. Arrellano should stipulate to a multi-million dollar judgment and that Progressive should bear liability for these extracontractual claims. A copy of the letter of June 28, 2007, from Mr. Tran's attorney is here attached as Exhibit 2. Progressive denies and disputes these allegations and contends it has not rejected a settlement within policy limits which would lead to such consequences claimed by defendant Mr. Tran.

22. An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of plaintiff and defendants under the involved policy of insurance, for which plaintiff desires a declaration of rights.

23. A declaratory judgment is necessary in that plaintiff contends it

1  discharged its obligations under the insurance policy and in accord with California
2  law and that its conduct in response to the letter of attorney Nguyen (Exhibit 1) did
3  not eliminate or jeopardize the $15,000 policy limits available on the contract at
4  issue.

6       Wherefore, plaintiff prays for a declaratory judgment against defendants as
7  follows:
8       1.   That the Court declare the respective rights and duties of plaintiff and
9            defendants under the involved policy of insurance;
10      2.   That plaintiff be awarded its costs, expenses and attorney fees incurred
11           herein; and
12      3.   For other such relief as the Court deems just and proper.

14  DATED: October 15, 2007        ROBIE & MATTHAI
                                    A Professional Corporation

                                    By: _____
                                    JAMES R. ROBIE
                                    KYLE KVETON
                                    RONALD P. FUNNELL
                                    Attorneys for Plaintiff PROGRESSIVE WEST
                                    INSURANCE COMPANY

EXHIBIT 1

LAW OFFICES OF
# ANH QUOC DUY NGUYEN & ASSOCIATES

Branch Offices:

SAN GABRIEL
1015 E. LAS TUNAS DRIVE
SAN GABRIEL, CA 91776
PHONE: (626) 286-2239

SAN DIEGO
4745 EL CAJON BLVD., SUITE 101
SAN DIEGO, CA 92125
PHONE: (619) 284-0800

15622 BROOKHURST STREET
WESTMINSTER, CALIFORNIA 92683

PHONE: (714) 531-8181
FAX: (714) 531-9397

RESPOND TO:

■ WESTMINSTER OFFICE
☐ SAN GABRIEL OFFICE
☐ SAN DIEGO

January 26, 2007

Tiara Foster, Claims Representative
Progressive Insurance Company
6131 Orangethorpe Avenue, Suite 300
Buena Park, CA 90620
714.736.6300 general phone
714.736.6321 direct
714.736.6308 fax

Via Certified Mail with Return Receipt
and Fax to: (714)736-6308

Re:   My Client:              Bun Bun Tran
      Your Insured/Defendant: Leonel Arrellano
      Date of Accident:       November 18, 2006
      Your Claim No.:         060409287

Dear Ms. Foster:

Please be advised that I represent Bun Bun Tran, who was seriously injured because of your insured running a stop sign. Thereafter, your insured fled from the scene. He has been arrested and is currently awaiting a criminal hearing in February of this year. My client has been hospitalized at UC San Diego, Floor 8 East, Room 812A, in a comatose condition since November 18, 2006. I understand that you have learned about his condition and the facts behind this accident from Esurance, the auto insurance company of Bun Bun Tran. You therefore know that the medical expenses are approaching $700,000 and Progressive has insufficient amounts of liability insurance.

My client is represented by his mother/guardian, Le Thi Nguyen. My client is hereby willing to be responsible for any and all medical and other liens so long as Progressive tenders all of its liability limits within 15 days from the date of this letter subject to the further condition precedent of convincing me that there are no other responsible parties, whether insured or not, causing this accident. If I am convinced, I will state as much in a letter. If I am not convinced, I will never state as much in a letter and there will be no settlement. Please also tell me, since it may bear on settlement, whether or not your insured received liquor at a Chili's restaurant shortly before the accident, and if so, which Chili's restaurant. We understand that Chili's was your insured's employer at the time of the accident.

Very truly yours,

Anh Q. D. Nguyen

6

**ANGELO & DI MONDA**
A LIMITED LIABILITY PARTNERSHIP
1721 NORTH SEPULVEDA BOULEVARD
MANHATTAN BEACH, CALIFORNIA 90266

CHRISTOPHER E. ANGELO
JOSEPH DI MONDA, A.I.A.

TELEPHONE: (310) 939-0099
FACSIMILE: (310) 939-0025

June 28, 2007

James O. McLaughlin
Winet, Patrick & Weaver
401 West A Street, Suite 1400
San Diego, CA 92101
619.702.3902
619.702.5432 fax

  Re: *Bun Bun Tran v. Leonel Arrellano, et al.*
    Your File No. P21084

Dear Mr. McLaughlin:

I assume that you have requested and reviewed all correspondence exchanged between the two claims adjusters from Progressive and the law office of Anh Nguyen. Pursuant to that review by you, I assume you and your primary client, Mr. Arrellano, are ready to consider demanding certain settlement parameters, as follows:

1. Leonel Arrellano and his liability insurer, Progressive, stipulate to Arrellano's liability and as to the amount of reasonable damages (assuming a reasonable stipulation) relative to the above matter.

2. In exchange, my client agrees not to execute any judgment against Mr. Arrellano, so long as Progressive consents to this arrangement without any reservation. Future wrongful death claims will also be waived.

3. Progressive agrees to pay the entirety of that stipulated judgment, subject to any offset or reimbursement from cross-complaint recoveries achieved by your firm against the City of San Diego and/or Chili's Grill & Bar.

4. You will not have the benefit of any cross-complaint recovery against co-defendant Patricia Cole because a settlement has been achieved between attorney Anh Nguyen and First American in light of their very professional conduct.

7

JUL 0 2 2007

# ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

I am open to any other parameters suggested by you in writing. The parameters suggested by me in this letter will remain open for the next 30 days, at which time all settlement negotiations will be withdrawn.

Very truly yours,

ANGELO & DI MONDA, LLP

Christopher E. Angelo

CEA/csh

8

**ORIGINAL**

JS 44 (Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
Progressive West Insurance Company, an Ohio Corporation

**DEFENDANTS**
Bun Bun Tran, Leonel Arrellano

FILED
OCT 16 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cuyahoga
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Robie & Matthai
500 South Grand Avenue
Suite 1500
Los Angeles, CA 90071
213-706-8000

ATTORNEYS (IF KNOWN)

'07 CV 1999 JAH (POR)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. section 1332; 28 U.S.C. section 2201 Declaratory Judgment.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE                     Docket Number

DATE
October 15, 2007

SIGNATURE OF ATTORNEY OF RECORD
JAMES R. ROBIE

#143598 $350 KO 10/16/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 143598      - KD

       October 16, 2007
           16:22:38


         Civ Fil Non-Pris
USAO #.: 07CV1999
Judge..: JOHN A HOUSTON
Amount.:                $350.00 CK
Check#.: BC 15834



     Total->   $350.00



FROM: CIVIL FILING
      PROGRESSIVE WEST INS. CO. V.
      BUN BUN TRAN, ET AL
```