1 | Christopher E. Angelo [70007]
Joseph Di Monda [184640]
ANGELO & DI MONDA, LLP
1721 N. Sepulveda Blvd.
Manhattan Beach, California 90266-5014
Telephone: 310-939-0099
Fax: 310-939-0023

Attorneys for Defendant Bun Bun Tran

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BUN BUN TRAN, LEONEL ARRELLANO,<br><br>　　　　Defendants. | NO. 07- CV 1999 JAH (POR)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; RULE 12(b)(1); DECLARATION OF JOSEPH DI MONDA, ESQ.**<br><br>Time: 2:30 p.m.<br>Date: January 14, 2008<br>Ctrm.: 11<br>　　　880 Front Street<br>　　　San Diego, CA 92101 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 14, 2008, or as soon thereafter as the matter may be heard in the above-entitled court, located at 880 Front Street, San Diego, CA 92101, defendant Bun Bun Tran, by and through his guardian ad litem Le Thi Nguyen, will move the court to dismiss the action pursuant to FRCP 12(b)(1) because plaintiff's complaint fails to state a cause of action on which relief can be granted because the court lacks subject matter jurisdiction.

The motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Joseph Di Monda, Esq., and the

1  pleadings and papers filed herewith.
2
3  Dated: November 27, 2007                     ANGELO & DI MONDA, LLP
4
5
6                                     By: _____
                                          Christopher E. Angelo
                                          Joseph Di Monda
7                                         Attorneys for Defendants,
                                          Bun Bun Tran and Le Thi Nguyen
8

I.   INTRODUCTION

BUN BUN TRAN ("TRAN") was catastrophically injured in an automobile accident ("the Accident") on November 18, 2006, in the City of San Diego. The vehicle which collided with TRAN was driven by defendant LEONAL ARRELLANO ("ARRELLANO"). TRAN was taken to the University of California San Diego Medical Center where he stayed for approximately 3 months in a coma. TRAN is presently at Sharp Medical Center in San Diego in a non-communicative vegetative state. Declaration of Joseph Di Monda.

TRAN, by and through his guardian ad litem, LE THI NGUYEN ("NGUYEN") filed an action ("the Third Party Lawsuit") in San Diego Superior Court against ARRELLANO, and also against Patricia Cole ("COLE"), Chili's Restaurants ("CHILI's") and the City of San Diego ("the CITY"). San Diego Superior Court Case number 37-2007-00065432-CU-PA-CTL, Department C-62, the Honorable Ronald L. Styn, Judge. Declaration of Joseph Di Monda.

Leonel Arrellano, was arrested by the San Diego Police Department and charged with driving while intoxicated. On or about February 15, 2007, Mr. Arrellano pled guilty to various felonies arising out of driving while intoxicated and leaving the scene of an accident. On June 8, 2007, Mr. Arrellano was sentenced to, and is now serving, a six year and four month sentence at the Sierra Conservation Center in Jamestown, California. Decl. of Joseph Di Monda.

TRAN's damages will reach tens of millions of dollars.

TRAN reached a tentative settlement with defendant COLE. COLE filed a motion for a determination of good faith settlement and the CITY opposed COLE's motion. The San Diego Superior Court is permitting the CITY to conduct discovery into COLE's assets and financial condition to determine if she should pay a higher settlement amount. COLE's settlement is pending. Decl. of Joseph Di Monda.

CHILI's has filed a motion for summary judgment which TRAN will oppose.

TRAN's theory of liability against the CITY is based upon, among other things, TRAN's allegations that the Stop sign which ARRELLANO failed to stop at was obscured by foliage which the CITY permitted to grow on CITY owned property, and that the CITY's negligence in not trimming said foliage created a dangerous condition of public property. ARRELLANO also

contends that the Stop sign was obscured by foliage and that he was unable to see said Stop sign which is why he failed to stop thereby colliding with TRAN. The CITY is conducting discovery on those issues. Decl. of Joseph Di Monda.

No judgments have been entered and no determinations of liability as to any party have been made. At this time no trial date has been set. Decl. of Joseph Di Monda.

ARRELLANO is an illegal alien. Despite his illegal immigration status, Progressive West Insurance Company ("Progressive") sold ARRELLANO an automobile liability insurance policy ("Liability Policy") in the amount of $15,000.00. Decl. of Joseph Di Monda.

Prior to filing the Third Party Lawsuit, TRAN made a demand on Progressive for ARRELLANO's $15,000.00 Liability Policy. Progressive did not tender the Liability Policy. TRAN's position is that since Progressive failed to tender the Liability Policy when demanded, the Liability Policy now has no liability limit and that Progressive is liable for any amount which a jury may find ARRELLANO must pay.

Progressive has filed this present federal lawsuit asking for a declaration of its rights and responsibilities under ARRELLANO's $15,000.00 Liability Policy.

Progressive is asking this Court to declare that it has not committed bad faith under California insurance law and hence can never be liable for any amount over the $15,000.00 limit of the Liability Policy.

## II. SUMMARY OF TRANS' ARGUMENTS AS TO WHY PROGRESSIVE'S LAWSUIT MUST BE DISMISSED

1. The issue is not ripe because there has not been any determination of damages which may be owed by any party.
2. The issue is not ripe because there are a number of events which must occur before Progressive may be liable for over-limits bad faith. Such as:
   a. TRAN has to obtain a judgment against ARRELLANO in an amount over the $15,000.00 policy limit. Since ARRELLANO has blamed the CITY for the obscured stop sign, a jury may in fact find that the CITY is the party which must bear the most liability and find ARRELLANO liable for

     an amount less than the $75,000.00 minimum required to create federal
     diversity jurisdiction;

  b. Even if a jury finds ARRELLANO liable for an amount over the $15,000.00 Policy limit, ARRELLANO would have to assign any bad faith rights to TRAN and TRAN would have to bring an action against Progressive;

  c. ARRELLANO could pass away before any judgment is determined, or before any assignment of bad faith rights is made;

  d. TRAN could pass away thereby cutting off his damages to a far lesser amount.

3. Progressive's alleged $75,000.00 diversity jurisdiction exceeds its contractual liability, hence Progressive is requesting an advisory opinion as to what it **may** be liable for in the event the above events transpire.

4. The alleged diversity jurisdiction of $75,000.00 is too speculative at this time to grant this Court jurisdiction.

5. At the time Progressive filed this lawsuit it can never be liable for an amount greater than $15,000.00.

**III. PROGRESSIVE HAS THE BURDEN OF PROOF TO SHOW TO A LEGAL CERTAINTY THAT ITS ALLEGED DAMAGES MEET THE JURISDICTIONAL AMOUNT TO PROVIDE THIS COURT WITH DIVERSITY JURISDICTION**

  If defendant moves to dismiss for lack of jurisdiction, the burden of proof is normally on the party invoking federal jurisdiction to establish a "good faith" expectation of recovery of at least the minimum jurisdictional amount. *McNutt v. General Motors Accept. Corp. of Indiana* (1936) 298 US 178, 189, 56 S.Ct. 780, 785. Progressive must establish the jurisdictional amount by a preponderance of the evidence. *Meridian Secur. Ins. Co. v. Sadowski* (7th Cir. 2006) 441 F3d 536, 543.

**IV. PROGRESSIVE'S CLAIMS ARE NOT RIPE AT THE TIME IT FILED THE COMPLAINT; AT THIS TIME IT CAN NEVER BE LIABLE FOR MORE THAN $15,000; HENCE THIS ACTION IS PREMATURE**

  The amount in controversy required to grant this Court diversity jurisdiction must be

ascertained at the commencement of the action; later events generally do not affect diversity jurisdiction. Thus, diversity jurisdiction exists if the complaint as filed puts more than $75,000 at issue. *Johnson v. Wattenbarger* (7th Cir. 2004) 361 F3d 991, 993.

To justify such dismissal, "(i)t must appear to a legal certainty that the claim is really for less than the jurisdictional amount ... " *St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303 US 283, 288–289, 58 S.Ct. 586, 590.

Courts may look beyond the pleadings for the limited purpose of determining whether it is "legally impossible" for plaintiffs to recover the damages alleged. *Pachinger v. MGM Grand Hotel–Las Vegas, Inc*. (9th Cir. 1986) 802 F2d 362, 364.

A demand is "legally impossible" for jurisdictional purposes when it runs up against a statutory or contractual cap on damages, or when the theories of damages employ double counting. *Johnson v. Wattenbarger* 361 F3d at 994

Moreover, a dismissal may be upheld where defendant's liability is limited by contract to an amount less than the diversity minimum, if the court determines that such limitation is valid and enforceable. *Valhal Corp. v. Sullivan Assocs., Inc*. (3rd Cir. 1995) 44 F3d 195, 209.

Here, Progressive admits in its complaint that its liability policy limits its damages to $15,000.00; far below the diversity minimum of $75,000.00.

Moreover, there has been no adjudication of damages and no apportionment of damages between the various defendants. Since the amount in controversy must be established at the time Progressive filed its complaint Progressive can not show to a legal certainty what its financial exposure may be when the lawsuit is adjudicated.

Hence, at this time, Progressive has no way of knowing exactly what amount its insured ARRELLANO may be found liable to have to pay to TRAN.

V. **PROGRESSIVE SPECULATES AS TO ITS POTENTIAL DAMAGES IN ORDER TO CREATE SHAM DIVERSITY JURISDICTION**

Here, plaintiff claims a right so intangible that its value is entirely speculative. To wit, how much Progressive may be liable to pay after adjudication of the San Diego action involving the issue of liability amongst 4 defendants. At this time no one can predict to a legal certainty

who will be found liable and how damages may be apportioned.

In such cases, diversity jurisdiction will not lie for lack of jurisdictional amount. *Jackson v. American Bar Ass'n* (9th Cir. 1976) 538 F2d 829, 831.

## VI. JURISDICTION MAY NOT BE BASED UPON PROGRESSIVE'S SPECULATIVE ALLEGATIONS THAT IT MAY HAVE COMMITTED BAD FAITH AND THEREFORE MAY BE LIABLE FOR AN AMOUNT EXCEEDING $75,000.00

A party cannot meet the jurisdictional amount by seeking a declaration of an additional coverage not in issue at that time. *Nationwide Mut. Ins. Co. v. Rowles by Rowles*, 818 F. Supp. 852 (E.D. Pa. 1993).

In declaratory judgment suits involving liability insurance policies, the test of jurisdiction is the maximum amount for which the insurer might be liable under the policy. *Budget Rent-A-Car, Inc. v. Higashiguchi*, (9th Cir. 1997) 109 F.3d 1471, 1473.

Here, absent bad faith by Progressive, combined with a jury determination of damages, Progressive's maximum liability under the policy is $15,000.00.

A very similar issue was addressed by the court in *St. Paul Reinsurance Co., Ltd. v. Greenberg* (1998) 134 F.3d 1250. *St. Paul* addressed the potential for over-limits damages based upon Texas law. The *St. Paul* court found diversity jurisdiction based upon Texas law which provided for statutory damages for failure to pay a claim. *Id.* at 1254-1255. However, it was only because of the statutory penalties, which were known to a certainty and put the claim over the diversity limit which gave the *St. Paul* court diversity jurisdiction.

Applying the analysis of *St. Paul* to the present facts, diversity jurisdiction will not be found because "bare allegations of jurisdictional facts have been held insufficient to invest a federal court with jurisdiction." . *Id.* at 1253.

In *St. Paul*, the insured threatened to file a complaint against its insurer for not providing coverage and had stated the amount in controversy. Here, ARRELLANO has made no such threat to Progressive nor stated any amount. On the contrary, Progressive's federal complaint admits that any threats to sue have been made by TRAN, who is not a party to the insurance

contract.

In finding diversity jurisdiction the *St Paul* court looked at the threats made by the insured, not a potential third party litigant, and the damages the insured threatened to sue its insurer for the insurers failure to provide insurance coverage.

The exact opposite is happening here.

Here, Progressive is seeking to use the potential of extra-contractual bad-faith as the basis for invoking diversity jurisdiction, based upon an assumption that:

ARRELLANO will be liable for an amount exceeding $75,000.00 and that ARRELLANO will assign the bad faith rights to TRAN and TRAN will sue Progressive. No one knows to a legal certainty, at this time, what amount ARRELLANO may be liable for and what events may transpire after adjudication of the State court action.

This lawsuit is nothing but a sham by Progressive to litigate a potential future bad faith action between it and TRAN prior to any adjudication of ARRELLANO's liability. Progressive's entire complaint is premature and relies on speculation.

Frankly, if Progressive put as much effort into defending ARRELLANO against TRAN's San Diego Superior Court lawsuit as it is putting into trying to get out of indemnifying ARRELLANO, perhaps ARRELLANO could be successful in convincing a jury that the CITY and/or CHILI's are the responsible parties.

**VII.   PROGRESSIVE FILES A SHAM COMPLAINT IN ORDER TO LIMIT ARGUMENTS TO THE COMPLAINT'S FOUR CORNERS SO AS TO DENY DEFENDANTS' RIGHT TO DUE PROCESS, DISCOVERY AND JURY TRIAL**

Progressive alleges that it has a $15,000 contract of insurance, which on its face is beneath the $75,000 Federal jurisdictional threshold. Progressive then makes a conclusory allegation that the value in controversy exceeds $75,000. The value in controversy can only exceed $15,000 if there is insurance bad faith on the part of Progressive because it failed to timely settle the third party claims against its insured Arrellano by also failing to meet the conditions of Tran's settlement offer.

The determination of damages against Arrellano is already the subject of the San Diego

1  Superior Court personal injury litigation, and will not be determined until after this State

2  litigation is concluded.  Progressive is not a party to the State litigation, but its insured Arrellano

3  is a party.

4        Progressive would be a hypothetical party in a potential future action only in the event

5  that an over limits judgment is rendered against Arrellano, at which time Arrellano may assign

6  the right to collect the over limits judgments to Bun Bun Tran while reserving the right to sue

7  Progressive for emotional distress and punitive damages, as recommended in *Cain vs. State*

8  *Farm* (1975) 47 Cal.App.3rd 783.

9        Only after such a bad faith lawsuit is filed may the bad faith plaintiffs discover

10 Progressive's claims file generated in the San Diego Superior Court action.  Progressive's claims

11 file is discoverable because, "how else could they [plaintiffs] have properly determined whether

12 (insurer) acted fairly and in good faith in its handling of the claim?"  *2022 Ranch, LLC vs.*

13 *Superior Court (Chicago Title Insurance Co.* (2003) 113 Cal.App.4th 1377, 1396; *Amato vs.*

14 *Mercury Casualty* (1993) 18 Cal.App.4th 1784, 1788-1789.

15       In addition, only during the post-judgment secondary bad faith lawsuit may the bad faith

16 plaintiffs discover the liability insurer's claims manual to ascertain whether it violated its own

17 internal investigation procedures.  *Glenfed Development Corporation vs. Superior Court*

18 *(National Union Fire Insurance Co.* (1997) 53 Cal.App.4th 1113, 1118.

19       Progressive is attempting to "sham" this court into finding that only $15,000 is owed

20 contractually, thereby allowing it to fraudulently maintain in the future that this court had to

21 "implicitly" find that there was no tort or bad faith liability above $15,000 on the part of

22 Progressive when rejecting a policy limits demand previously made by counsel for Bun Tran.

23       To add insult to injury, Progressive is asking this court to make a finding of only $15,000

24 being owed, either contractually, explicitly, or extra contractually implicitly, without this court

25 having any opportunity to review, for instance, the claim's file and claim's manual, which can

26 only be discovered after the conclusion and finality of the bodily injury case currently pending in

27 San Diego Superior Court.

28 ///

**VIII.   CONCLUSION**

  For the above reasons, TRAN requests this court to dismiss this complaint for lack of diversity jurisdiction.

November 24, 2007

                      ANGELO & DI MONDA, LLP

                      _____
                      Joseph Di Monda
                      Attorneys for Bun Bun Tran

**DECLARATION OF JOSEPH DI MONDA, ESQ,**

I, Joseph Di Monda, declare,

1. I am over the age of 18 years, I have personal knowledge of the facts stated herein and if called as a witness I would and could competently testify as follows;

2. I am an attorney at law duly admitted to practice before all the courts of the State of California, the United States District Court for the Southern District of California and the Court of Appeals for the Ninth Circuit and the attorney of record herein for defendant Bun Bun Tran ("TRAN") and make this declaration in support of the motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. Rule of Civ. Proc. 12(b)(1).

3. BUN BUN TRAN was catastrophically injured in an automobile accident on November 18, 2006, in the City of San Diego.

4. The vehicle which collided with TRAN was driven by defendant LEONAL ARRELLANO.

5. Immediately after the accident TRAN was taken to the University of California San Diego Medical Center where he stayed for approximately 3 months in a coma.

6. TRAN is presently at Sharp Medical Center in San Diego in a non-communicative vegetative state where he has been for approximately 11 months.

7. TRAN, by and through his guardian ad litem, LE THI NGUYEN filed an action in San Diego Superior Court against ARRELLANO, and also against Patricia Cole, Chili's Restaurants and the City of San Diego. San Diego Superior Court Case number 37-2007-00065432-CU-PA-CTL, Department C-62, the Honorable Ronald L. Styn, Judge.

8. Defendant ARRELLANO was charged with driving while intoxicated, failing to stop at a stop sign and leaving the accident scene. ARRELLANO is presently serving a 6 year sentence in the California prison system.

9. TRAN's theory of liability against the CITY is based upon, among other things,

      TRAN's allegations that the Stop sign which ARRELLANO failed to stop at was obscured by foliage which the CITY permitted to grow on CITY owned property, and that the CITY's negligence in not trimming said foliage created a dangerous condition of public property. ARRELLANO also contends that the Stop sign was obscured by foliage and that he was unable to see said Stop sign which is why he failed to stop thereby colliding with TRAN. The CITY is conducting discovery on those issues.

10. No judgments have been entered and no determinations of liability as to any party have been made in the above referenced lawsuit filed in the San Diego Superior Court. At this time no trial date has been set.

11. ARRELLANO is an illegal alien.

12. Despite his illegal immigration status, plaintiff Progressive West Insurance Company sold ARRELLANO an automobile liability insurance policy in the amount of $15,000.00.

13. Prior to filing the above referenced San Diego Superior Court lawsuit, TRAN made a demand on Progressive for ARRELLANO's $15,000.00 liability policy.

14. It is TRAN's contention that Progressive did not tender the Liability Policy. TRAN's position is that since Progressive failed to tender the Liability Policy when demanded, the Liability Policy now has no liability limit and that Progressive is liable for any amount which a jury may find ARRELLANO must pay.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 27, 2007, at Manhattan Beach California.

                                                    _____

                                                    Joseph Di Monda

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

      I am a resident of the aforesaid county. I am over the age of eighteen years and not a party to the within action; my address is 1721 N. Sepulveda Blvd., Manhattan Beach, California 90266.

      On **November 27, 2007**, I served the foregoing document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; RULE 12(b)(1)** on the interested parties in this action, by placing the original/true copies thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

__  I caused such envelope/package containing the document(s) to be delivered by hand to the offices of the addressee(s).

X  The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

__  I deposited the above document(s) for facsimile transmission in accordance with the office practice of Angelo & Di Monda for collecting and processing facsimiles. I am familiar with the office practice of Angelo & Di Monda for collecting, processing, and transmitting facsimiles. The facsimile of the above document(s) was transmitted to the interested parties on the attached service list:

Executed on **November 27, 2007**, at Manhattan Beach, California.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                                    Gloria Henderson

**07- CV 1999 JAH (POR)**

<u>Service List</u>

ROBIE & MATTHAI
James R. Robie
500 South Grand Avenue
15th Floor
Los Angeles, CA 90071