1   Christopher E. Angelo [70007]
    Joseph Di Monda [184640]
2   ANGELO & DI MONDA, LLP
    1721 N. Sepulveda Blvd.
3   Manhattan Beach, California 90266-5014
    Telephone: 310-939-0099
4   Fax: 310-939-0023

5   Attorneys for Defendant Bun Bun Tran

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  PROGRESSIVE WEST INSURANCE          NO. 07- CV 1999 JAH (POR)
    COMPANY, an Ohio corporation,
12                                      **AMENDED NOTICE OF MOTION
        Plaintiffs,                     AND MOTION TO DISMISS FOR
13                                      LACK OF SUBJECT MATTER
    v.                                  JURISDICTION; RULE 12(b)(1);
14                                      DECLARATION OF JOSEPH DI
    BUN BUN TRAN, LEONEL ARRELLANO,     MONDA, ESQ.**
15
        Defendants.                     Time:    2:30 p.m.
16                                      Date:    January 14, 2008
                                        Ctrm.:   11
17                                               880 Front Street
                                                 San Diego, CA 92101
18

19      **TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

20      **PLEASE TAKE NOTICE** that on January 14, 2008, at 2:20 p.m., or as soon thereafter

21  as the matter may be heard in the above-entitled court, located at 880 Front Street, San Diego,

22  CA 92101, defendant Bun Bun Tran, by and through his guardian ad litem Le Thi Nguyen, will

23  move the court to dismiss the action pursuant to FRCP 12(b)(1) because plaintiff's complaint

24  fails to state a cause of action on which relief can be granted because the court lacks subject

25  matter jurisdiction.

26      The motion will be based upon this Notice of Motion and Motion, the Memorandum of

27  Points and Authorities filed herewith, the Declaration of Joseph Di Monda, Esq., and the

28

                                        1

1  pleadings and papers filed herewith.

2

3   Dated: November 30, 2007                    ANGELO & DI MONDA, LLP

4

5                                      By:  /Joseph Di Monda

6                                           Christopher E. Angelo
7                                           Joseph Di Monda
                                            Attorneys for Defendants,
8                                           Bun Bun Tran and Le Thi Nguyen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**07- CV 1999 JAH (POR)**

## I.    INTRODUCTION

BUN BUN TRAN ("TRAN") was catastrophically injured in an automobile accident ("the Accident") on November 18, 2006, in the City of San Diego.  The vehicle which collided with TRAN was driven by defendant LEONAL ARRELLANO ("ARRELLANO").  TRAN was taken to the University of California San Diego Medical Center where he stayed for approximately 3 months in a coma.  TRAN is presently at Sharp Medical Center in San Diego in a non-communicative vegetative state.  Declaration of Joseph Di Monda.

TRAN, by and through his guardian ad litem, LE THI NGUYEN ("NGUYEN") filed an action ("the Third Party Lawsuit") in San Diego Superior Court against ARRELLANO, and also against Patricia Cole ("COLE"), Chili's Restaurants ("CHILI's") and the City of San Diego ("the CITY").  San Diego Superior Court Case number 37-2007-00065432-CU-PA-CTL, Department C-62, the Honorable Ronald L. Styn, Judge.  Declaration of Joseph Di Monda.

Leonel Arrellano, was arrested by the San Diego Police Department and charged with driving while intoxicated.  On or about February 15, 2007, Mr. Arrellano pled guilty to various felonies arising out of driving while intoxicated and leaving the scene of an accident.  On June 8, 2007, Mr. Arrellano was sentenced to, and is now serving, a six year and four month sentence at the Sierra Conservation Center in Jamestown, California.  Decl. of Joseph Di Monda.

TRAN's damages will reach tens of millions of dollars.

TRAN reached a tentative settlement with defendant COLE.  COLE filed a motion for a determination of good faith settlement and the CITY opposed COLE's motion.  The San Diego Superior Court is permitting the CITY to conduct discovery into COLE's assets and financial condition to determine if she should pay a higher settlement amount.  COLE's settlement is pending.  Decl. of Joseph Di Monda.

CHILI's has filed a motion for summary judgment which TRAN will oppose.

TRAN's theory of liability against the CITY is based upon, among other things, TRAN's allegations that the Stop sign which ARRELLANO failed to stop at was obscured by foliage which the CITY permitted to grow on CITY owned property, and that the CITY's negligence in not trimming said foliage created a dangerous condition of public property.  ARRELLANO also

3

1    contends that the Stop sign was obscured by foliage and that he was unable to see said Stop sign

2    which is why he failed to stop thereby colliding with TRAN.  The CITY is conducting discovery

3    on those issues.  Decl. of Joseph Di Monda.

4         No judgments have been entered and no determinations of liability as to any party have

5    been made.  At this time no trial date has been set.  Decl. of Joseph Di Monda.

6         ARRELLANO is an illegal alien.  Despite his illegal immigration status, Progressive

7    West Insurance Company ("Progressive") sold ARRELLANO an automobile liability insurance

8    policy ("Liability Policy") in the amount of $15,000.00.  Decl. of Joseph Di Monda.

9         Prior to filing the Third Party Lawsuit, TRAN made a demand on Progressive for

10   ARRELLANO's $15,000.00 Liability Policy.  Progressive did not tender the Liability Policy.

11   TRAN's position is that since Progressive failed to tender the Liability Policy when demanded,

12   the Liability Policy now has no liability limit and that Progressive is liable for any amount which

13   a jury may find ARRELLANO must pay.

14        Progressive has filed this present federal lawsuit asking for a declaration of its rights and

15   responsibilities  under ARRELLANO's $15,000.00 Liability Policy.

16        Progressive is asking this Court to declare that it has not committed bad faith under

17   California insurance law and hence can never be liable for any amount over the $15,000.00 limit

18   of the Liability Policy.

19   **II.    SUMMARY OF TRANS' ARGUMENTS AS TO WHY PROGRESSIVE'S**

20        **LAWSUIT MUST BE DISMISSED**

21        1.    The issue is not ripe because there has not been any determination of damages

22              which may be owed by any party.

23        2.    The issue is not ripe because there are a number of events which must occur

24              before Progressive may be liable for over-limits bad faith.  Such as:

25              a.    TRAN has to obtain a judgment against ARRELLANO in an amount over

26                    the $15,000.00 policy limit.  Since ARRELLANO has blamed the CITY

27                    for the obscured stop sign, a jury may in fact find that the CITY is the

28                    party which must bear the most liability and find ARRELLANO liable for

4

1            an amount less than the $75,000.00 minimum required to create federal

2            diversity jurisdiction;

3      b.     Even if a jury finds ARRELLANO liable for an amount over the $15,000.00

4            Policy limit, ARRELLANO would have to assign any bad faith rights to TRAN

5            and TRAN would have to bring an action against Progressive;

6      c.     ARRELLANO could pass away before any judgment is determined, or before any

7            assignment of bad faith rights is made;

8      d.     TRAN could pass away thereby cutting off his damages to a far lesser amount.

9  3.    Progressive's alleged $75,000.00 diversity jurisdiction exceeds its contractual liability,

10      hence Progressive is requesting an advisory opinion as to what it **may** be liable for in the

11      event the above events transpire.

12  4.    The alleged diversity jurisdiction of $75,000.00 is too speculative at this time to grant this

13      Court jurisdiction.

14  5.    At the time Progressive filed this lawsuit it can never be liable for an amount greater than

15      $15,000.00.

16  **III.    PROGRESSIVE HAS THE BURDEN OF PROOF TO SHOW TO A LEGAL**

17            **CERTAINTY THAT ITS ALLEGED DAMAGES MEET THE JURISDICTIONAL**

18            **AMOUNT TO PROVIDE THIS COURT WITH DIVERSITY JURISDICTION**

19      If defendant moves to dismiss for lack of jurisdiction, the burden of proof is normally on

20  the party invoking federal jurisdiction to establish a "good faith" expectation of recovery of at

21  least the minimum jurisdictional amount. *McNutt v. General Motors Accept. Corp. of Indiana*

22  (1936) 298 US 178, 189, 56 S.Ct. 780, 785.  Progressive must establish the jurisdictional amount

23  by a preponderance of the evidence. *Meridian Secur. Ins. Co. v. Sadowski* (7th Cir. 2006) 441

24  F3d 536, 543.

25  **IV.    PROGRESSIVE'S CLAIMS ARE NOT RIPE AT THE TIME IT FILED THE**

26            **COMPLAINT; AT THIS TIME IT CAN NEVER BE LIABLE FOR MORE THAN**

27            **$15,000;  HENCE THIS ACTION IS PREMATURE**

28      The amount in controversy required to grant this Court diversity jurisdiction must be

1    ascertained at the commencement of the action; later events generally do not affect diversity

2    jurisdiction.  Thus, diversity jurisdiction exists if the complaint as filed puts more than $75,000

3    at issue. *Johnson v. Wattenbarger* (7th Cir. 2004) 361 F3d 991, 993.

4    To justify such dismissal, "(i)t must appear to a legal certainty that the claim is really for

5    less than the jurisdictional amount ... " *St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303

6    US 283, 288–289, 58 S.Ct. 586, 590.

7    Courts may look beyond the pleadings for the limited purpose of determining whether it

8    is "legally impossible" for plaintiffs to recover the damages alleged. *Pachinger v. MGM Grand*

9    *Hotel–Las Vegas, Inc.* (9th Cir. 1986) 802 F2d 362, 364.

10   A demand is "legally impossible" for jurisdictional purposes when it runs up against a

11   statutory or contractual cap on damages, or when the theories of damages employ double

12   counting. *Johnson v. Wattenbarger* 361 F3d at 994

13   Moreover, a dismissal may be upheld where defendant's liability is limited by contract to

14   an amount less than the diversity minimum, if the court determines that such limitation is valid

15   and enforceable. *Valhal Corp. v. Sullivan Assocs., Inc.* (3rd Cir. 1995) 44 F3d 195, 209.

16   Here, Progressive admits in its complaint that its liability policy limits its damages to

17   $15,000.00; far below the diversity minimum of $75,000.00.

18   Moreover, there has been no adjudication of damages and no apportionment of damages

19   between the various defendants.  Since the amount in controversy must be established at the time

20   Progressive filed its complaint Progressive can not show to a legal certainty what its financial

21   exposure may be when the lawsuit is adjudicated.

22   Hence, at this time, Progressive has no way of knowing exactly what amount its insured

23   ARRELLANO may be found liable to have to pay to TRAN.

24   **V.    PROGRESSIVE SPECULATES AS TO ITS POTENTIAL DAMAGES IN ORDER**

25   **TO CREATE SHAM DIVERSITY JURISDICTION**

26   Here, plaintiff claims a right so intangible that its value is entirely speculative.  To wit,

27   how much Progressive may be liable to pay after adjudication of the San Diego action involving

28   the issue of liability amongst 4 defendants.  At this time no one can predict to a legal certainty

6

1    who will be found liable and how damages may be apportioned.

2        In such cases, diversity jurisdiction will not lie for lack of jurisdictional amount. *Jackson*

3    *v. American Bar Ass'n* (9th Cir. 1976) 538 F2d 829, 831.

4    **VI.    JURISDICTION MAY NOT BE BASED UPON PROGRESSIVE'S**

5        **SPECULATIVE ALLEGATIONS THAT IT MAY HAVE COMMITTED BAD**

6        **FAITH AND THEREFORE MAY BE LIABLE FOR AN AMOUNT EXCEEDING**

7        **$75,000.00**

8        A party cannot meet the jurisdictional amount by seeking a declaration of an additional

9    coverage not in issue at that time. *Nationwide Mut. Ins. Co. v. Rowles by Rowles*, 818 F. Supp.

10   852 (E.D. Pa. 1993).

11       In declaratory judgment suits involving liability insurance policies, the test of jurisdiction

12   is the maximum amount for which the insurer might be liable under the policy. *Budget*

13   *Rent-A-Car, Inc. v. Higashiguchi*, (9th Cir. 1997) 109 F.3d 1471, 1473.

14       Here, absent bad faith by Progressive, combined with a jury determination of damages,

15   Progressive's maximum liability under the policy is $15,000.00.

16       A very similar issue was addressed by the court in *St. Paul Reinsurance Co., Ltd. v.*

17   *Greenberg* (1998) 134 F.3d 1250. *St. Paul* addressed the potential for over-limits damages based

18   upon Texas law. The *St. Paul* court found diversity jurisdiction based upon Texas law which

19   provided for statutory damages for failure to pay a claim. *Id.* at 1254-1255. However, it was

20   only because of the statutory penalties, which were known to a certainty and put the claim over

21   the diversity limit which gave the *St. Paul* court diversity jurisdiction.

22       Applying the analysis of *St. Paul* to the present facts, diversity jurisdiction will not be

23   found because "bare allegations of jurisdictional facts have been held insufficient to invest a

24   federal court with jurisdiction." . *Id.* at 1253.

25       In *St. Paul*, the insured threatened to file a complaint against its insurer for not providing

26   coverage and had stated the amount in controversy. Here, ARRELLANO has made no such

27   threat to Progressive nor stated any amount. On the contrary, Progressive's federal complaint

28   admits that any threats to sue have been made by TRAN, who is not a party to the insurance

7

1    contract.

2        In finding diversity jurisdiction the *St Paul* court looked at the threats made by the

3    insured, not a potential third party litigant, and the damages the insured threatened to sue its

4    insurer for the insurers failure to provide insurance coverage.

5        The exact opposite is happening here.

6        Here, Progressive is seeking to use the potential of extra-contractual bad-faith as the basis

7    for invoking diversity jurisdiction, based upon an assumption that:

8        ARRELLANO will be liable for an amount exceeding $75,000.00 and that

9    ARRELLANO will assign the bad faith rights to TRAN and TRAN will sue Progressive.  No one

10    knows to a legal certainty, at this time, what amount ARRELLANO may be liable for and what

11    events may transpire after adjudication of the State court action.

12        This lawsuit is nothing but a sham by Progressive to litigate a potential future bad faith

13    action between it and TRAN prior to any adjudication of ARRELLANO's liability.

14    Progressive's entire complaint is premature and relies on speculation.

15        Frankly, if Progressive put as much effort into defending ARRELLANO against TRAN's

16    San Diego Superior Court lawsuit as it is putting into trying to get out of indemnifying

17    ARRELLANO, perhaps ARRELLANO could be successful in convincing a jury that the CITY

18    and/or CHILI's are the responsible parties.

19    **VII.    PROGRESSIVE FILES A SHAM COMPLAINT IN ORDER TO LIMIT**

20        **ARGUMENTS TO THE COMPLAINT'S FOUR CORNERS SO AS TO DENY**

21        **DEFENDANTS' RIGHT TO DUE PROCESS, DISCOVERY AND JURY TRIAL**

22        Progressive alleges that it has a $15,000 contract of insurance, which on its face is

23    beneath the $75,000 Federal jurisdictional threshold.  Progressive then makes a conclusory

24    allegation that the value in controversy exceeds $75,000.  The value in controversy can only

25    exceed $15,000 if there is insurance bad faith on the part of Progressive because it failed to

26    timely settle the third party claims against its insured Arrellano by also failing to meet the

27    conditions of Tran's settlement offer.

28        The determination of damages against Arrellano is already the subject of the San Diego

8

1  Superior Court personal injury litigation, and will not be determined until after this State

2  litigation is concluded.  Progressive is not a party to the State litigation, but its insured Arrellano

3  is a party.

4        Progressive would be a hypothetical party in a potential future action only in the event

5  that an over limits judgment is rendered against Arrellano, at which time Arrellano may assign

6  the right to collect the over limits judgments to Bun Bun Tran while reserving the right to sue

7  Progressive for emotional distress and punitive damages, as recommended in *Cain vs. State*

8  *Farm* (1975) 47 Cal.App.3rd 783.

9        Only after such a bad faith lawsuit is filed may the bad faith plaintiffs discover

10  Progressive's claims file generated in the San Diego Superior Court action.  Progressive's claims

11  file is discoverable because, "how else could they [plaintiffs] have properly determined whether

12  (insurer) acted fairly and in good faith in its handling of the claim?"  *2022 Ranch, LLC vs.*

13  *Superior Court (Chicago Title Insurance Co.* (2003) 113 Cal.App.4th 1377, 1396; *Amato vs.*

14  *Mercury Casualty* (1993) 18 Cal.App.4th 1784, 1788-1789.

15        In addition, only during the post-judgment secondary bad faith lawsuit may the bad faith

16  plaintiffs discover the liability insurer's claims manual to ascertain whether it violated its own

17  internal investigation procedures.  *Glenfed Development Corporation vs. Superior Court*

18  *(National Union Fire Insurance Co.* (1997) 53 Cal.App.4th 1113, 1118.

19        Progressive is attempting to "sham" this court into finding that only $15,000 is owed

20  contractually, thereby allowing it to fraudulently maintain in the future that this court had to

21  "implicitly" find that there was no tort or bad faith liability above $15,000 on the part of

22  Progressive when rejecting a policy limits demand previously made by counsel for Bun Tran.

23        To add insult to injury, Progressive is asking this court to make a finding of only $15,000

24  being owed, either contractually, explicitly, or extra contractually implicitly, without this court

25  having any opportunity to review, for instance, the claim's file and claim's manual, which can

26  only be discovered after the conclusion and finality of the bodily injury case currently pending in

27  San Diego Superior Court.

28  ///

**VIII.    CONCLUSION**

For the above reasons, TRAN requests this court to dismiss this complaint for lack of diversity jurisdiction.


November 30, 2007

ANGELO & DI MONDA, LLP


_____s/Joseph Di Monda_____
Joseph Di Monda
Attorneys for Bun Bun Tran

## DECLARATION OF JOSEPH DI MONDA, ESQ,

I, Joseph Di Monda, declare,

1.  I am over the age of 18 years, I have personal knowledge of the facts stated herein and if called as a witness I would and could competently testify as follows;

2.  I am an attorney at law duly admitted to practice before all the courts of the State of California, the United States District Court for the Southern District of California and the Court of Appeals for the Ninth Circuit and the attorney of record herein for defendant Bun Bun Tran ("TRAN") and make this declaration in support of the motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. Rule of Civ. Proc. 12(b)(1).

3.  BUN BUN TRAN was catastrophically injured in an automobile accident on November 18, 2006, in the City of San Diego.

4.  The vehicle which collided with TRAN was driven by defendant LEONAL ARRELLANO.

5.  Immediately after the accident TRAN was taken to the University of California San Diego Medical Center where he stayed for approximately 3 months in a coma.

6.  TRAN is presently at Sharp Medical Center in San Diego in a non-communicative vegetative state where he has been for approximately 11 months.

7.  TRAN, by and through his guardian ad litem, LE THI NGUYEN filed an action in San Diego Superior Court against ARRELLANO, and also against Patricia Cole, Chili's Restaurants and the City of San Diego.  San Diego Superior Court Case number 37-2007-00065432-CU-PA-CTL, Department C-62, the Honorable Ronald L. Styn, Judge.

8.  Defendant ARRELLANO was charged with driving while intoxicated, failing to stop at a stop sign and leaving the accident scene.  ARRELLANO is presently serving a 6 year sentence in the California prison system.

9.  TRAN's theory of liability against the CITY is based upon, among other things,

11

1  TRAN's allegations that the Stop sign which ARRELLANO failed to stop at was
2  obscured by foliage which the CITY permitted to grow on CITY owned property,
3  and that the CITY's negligence in not trimming said foliage created a dangerous
4  condition of public property.  ARRELLANO also contends that the Stop sign was
5  obscured by foliage and that he was unable to see said Stop sign which is why he
6  failed to stop thereby colliding with TRAN.  The CITY is conducting discovery on
7  those issues.

8  10.  No judgments have been entered and no determinations of liability as to any party
9  have been made in the above referenced lawsuit filed in the San Diego Superior
10  Court.  At this time no trial date has been set.

11  11.  ARRELLANO is an illegal alien.

12  12.  Despite his illegal immigration status, plaintiff Progressive West Insurance
13  Company sold ARRELLANO an automobile liability insurance policy in the
14  amount of $15,000.00.

15  13.  Prior to filing the above referenced San Diego Superior Court lawsuit, TRAN
16  made a demand on Progressive for ARRELLANO's $15,000.00 liability policy.

17  14.  It is TRAN's contention that Progressive did not tender the Liability Policy.
18  TRAN's position is that since Progressive failed to tender the Liability Policy
19  when demanded, the Liability Policy now has no liability limit and that Progressive
20  is liable for any amount which a jury may find ARRELLANO must pay.

21  I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct.  Executed on November 30, 2007, at Manhattan Beach
23  California.

24
25  s/Joseph Di Monda
26
27
28

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA

3    COUNTY OF LOS ANGELES

4         I am a resident of the aforesaid county. I am over the age of eighteen years and not a party
to the within action; my address is 1721 N. Sepulveda Blvd., Manhattan Beach, California
5    90266.

6         On **November 30, 2007**, I served the foregoing document(s) described as **AMENDED
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT
7    MATTER JURISDICTION; RULE 12(b)(1)** on the interested parties in this action, by
placing the original/true copies thereof enclosed in a sealed envelope addressed as follows:

8

9         I hereby certify that a copy of the foregoing motion was this date servedupon all counsel
of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to
their last known address as follows:

10

11   ROBIE & MATTHAI
James R. Robie
12   500 South Grand Avenue
15th Floor
13   Los Angeles, CA 90071

14

15        Manhattan Beach, California this 30th day of November, 2007.

16

17

18                                                            S/Joseph Di Monda

19                                                            Joseph Di Monda

20

21

22

23

24

25

26

27

28

**07- CV 1999 JAH (POR)**

1

<u>Service List</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28