JAMES R. ROBIE, SBN 67303
KYLE KVETON, SBN 110805
RONALD P. FUNNELL, SBN 209897
ROBIE & MATTHAI
A Professional Corporation
500 South Grand Avenue, 15th Floor
Los Angeles, California 90071
(213) 706-8000 • (213) 624-2563 Fax
kkveton@romalaw.com

Attorneys for Plaintiff PROGRESSIVE WEST
 INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation,<br><br>        Plaintiff,<br>vs.<br>BUN BUN TRAN, LEONEL ARRELLANO,<br><br>        Defendants. | CASE NO. 07 - CV 1999 JAH (POR)<br><br>**OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [RULE 12(b)(1)**<br><br>Date:   January 14, 2008<br>Time:  2:30 p.m.<br>Ctrm:  11<br>          880 Front Street<br>          San Diego, CA 92101 |

Plaintiff Progressive West Insurance Company ("Progressive") submits the following Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction:

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Progressive West Insurance Company ("Progressive") filed this action pursuant to the Federal Declaratory Judgment Act, 28 USCA § 2201. Defendant Bun Bun Tran ("Tran") has filed a motion to dismiss this lawsuit pursuant to Rule 12(b)(1), contending that this Court lacks subject matter jurisdiction to hear the case. Tran's motion is brought on two grounds: (1) the controversy between Progressive is not ripe because there is no judgment against Arrellano; and (2) the amount in controversy is "speculative" and does not meet the jurisdictional minimum. Neither ground has merit. Tran fails to acknowledge that this case is a declaratory relief action, subject to unique procedural requirements of the Declaratory Judgment Act and judicial interpretations of the Act.

Tran's failure to recognize the unique procedural requirements of a declaratory relief action is fatal to his motion. Established law provides that under the well-pleaded facts of the Complaint (as well the extrinsic facts presented by Tran's attorney's declaration), a litigable controversy exists between Progressive and Tran, and that the amount in controversy is well in excess of the jurisdictional minimum. Tran's motion must be denied.

## LEGAL DISCUSSION

1.  **The Declaratory Relief Act.**

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction [except specified federal tax actions and bankruptcy proceedings] . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (28 USCA § 2201(a).) The Act allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen: "In effect, it brings to the present a litigable controversy which otherwise might only be tried in the future." (*Societe de*

1 *Conditionnement v. Hunter Eng. Co., Inc.* (9th Cir. 1981) 655 F.2d 938, 943; see also *Dickinson v. Indiana State Election Board* (7th Cir. 1991) 933 F.2d 497.

Thus, contrary to defendant's protests, this action for declaratory relief may not be dismissed because the issue is not ripe. "The purpose of the Declaratory Judgment Act is to settle actual controversies *before* they ripen into violations of law or breach of duty." (*United States v Fisher-Otis Co.* (10th Cir. 1974) 496 F.2d 1146, 1151, emphasis added; *White v Califano* (D.S.D. 1977 ) 437 F.Supp. 543, affd (8th Cir. 1978) 581 F.2d 697 [purpose of declaratory judgment is to provide prospective relief].) As shown below, an actual litigable controversy exists between Progressive and Tran, a controversy which otherwise might only be tried in the future, and a controversy which plaintiff desires to resolve now, through this properly filed declaratory relief action.

2.  **An Actual Controversy Exists Between Plaintiff and Defendant.**

Plaintiff has properly alleged that an actual litigable controversy exists between Progressive and Tran. The Complaint alleges that:

"20. The correspondence, pleadings and discovery proceedings in the above captioned lawsuit make clear that attorney Angelo intends to obtain a judgment against Mr. Arrellano and then sue Progressive on behalf of Mr. Tran for breach of contract and breach of the implied covenant of good faith and fair dealing for failure to settle Mr. Tran's claim within policy limits.

21. Attorney Angelo has accused Progressive of misconduct and claims that Progressive's failure to accept Attorney Nguyen's January 26, 2007 policy limits demand has eliminated the stated limits of the policy. As a result of the erroneous contention that Progressive has "taken the lid off its policy" by not accepting Attorney Nguyen's conditional demand of January 26, 2007, Mr. Tran claims, *inter alia*, that a conflict of interest has arisen between Progressive's defense counsel and Mr. Arrellano, that Mr. Arrellano should stipulate to a multi-million dollar judgment and that Progressive should bear liability for these extracontractual claims. A copy of

1  the letter of June 28, 2007, from Mr. Tran's attorney is here attached as Exhibit 2.
2  Progressive denies and disputes these allegations and contends it has not rejected a
3  settlement within policy limits which would lead to such consequences claimed by
4  defendant Mr. Tran.

5       22.    An actual controversy has arisen and now exists between the parties
6  relating to the legal rights and duties of plaintiff and defendants under the involved
7  policy of insurance, for which plaintiff desires a declaration of rights.

8       23.    A declaratory judgment is necessary in that plaintiff contends it
9  discharged its obligations under the insurance policy and in accord with California
10 law and that its conduct in response to the letter of attorney Nguyen (Exhibit 1) did
11 not eliminate or jeopardize the $15,000 policy limits available on the contract at
12 issue."
13 (Complaint, ¶¶ 20-23.)

14      The evidence submitted by Defendant in support of its Motion further
15 demonstrates that an actual controversy exists.  The Declaration of Joseph Di Monda
16 states: "It is TRAN's contention that Progressive did not tender the Liability Policy.
17 TRAN's position is that since Progressive failed to tender the Liability Policy when
18 demanded, the Liability policy has no liability limit and that Progressive is liable for
19 any amount which a jury may find ARELLANO must pay."  (Declaration of Joseph
20 Di Monda, ¶ 14.)

21      Further evidence of Defendant's intention to pursue a bad faith action against
22 Progressive is attached to this Motion as Exhibit A.  Exhibit A is a November 29,
23 2007 letter in which Tran's attorneys attempt to badger Progressive into agreeing to
24 an assignment of Arrellano's bad faith claim to Tran.  Enclosed with the letter is a
25 document entitled "AGREEMENT TO ASSIGN PROCEEDS AND COVENANT
26 NOT TO LEVY EXECUTION OF JUDGMENT OR, IN THE ALTERNATIVE, TO
27 STAY LEVY OF EXECUTION OF JUDGMENT."  The Agreement provides that
28 Arrellano will assign to Tran his claims against Progressive in exchange for a

covenant not to execute upon the judgment.. (Exh. A, pp. 3-6.)

In the event that Arrellano agrees to the assignment, Tran may recover from the insurer both the amount of the judgment and whatever defense costs were incurred by the insured. (*National Steel Corp. v. Golden Eagle Ins. Co.* (9th Cir. 1997) 121 F.3d 496, 501.) Even if Arrellano does not assign his rights, Tran may obtain a judgment against Arrellano and sue Progressive as a third party beneficiary. (Cal. Ins. Code, § 11580(b)(2); *Murphy v. Allstate Ins. Co.* (1976) 17 Cal.3d 937, 942-944.) Either way, Tran threatens litigation against Progressive.

A party seeking declaratory relief must show that an actual controversy exists. (28 USCA § 2201.) The test is whether there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (*Maryland Cas. Co. v. Pacific Coal & Oil Co.* (1941) 312 U.S. 270, 273, 61 S.Ct. 510, 512; *Hillblom v. United States* (9th Cir. 1990) 896 F.2d 426, 430; *Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC* (5th Cir. 2003) 322 F.3d 835, 838.)

The party seeking declaratory relief must show an explicit threat of litigation or other action creating a reasonable apprehension that he or she will be subjected to liability. (*Intellectual Property Develop., Inc. v. TCI Cablevision of Calif., Inc.* (Fed. Cir. 2001) 248 F.3d 1333, 1340; *Paramount Pictures Corp. v. Replay TV* (CD CA 2004) 298 F.Supp.2d 921, 924.)

Declaratory relief may be proper even if a party's liability is contingent. An "actual controversy" exists if the contingency is likely to occur. Thus, for example, declaratory relief is frequently granted to insurers in coverage disputes with their insureds, even though the insurer's liability to indemnify the insured is contingent on its insured being held liable to a third party. (*Associated Indem. Corp. v. Fairchild Industries, Inc.* (2nd Cir. 1992) 961 F.2d 32, 35.)

Here, it the evidence undisputed that Tran has made an explicit threat of litigation against Progressive. Tran does not dispute the fact that he *will* sue

Progressive – attorney Di Monda's declaration admits that Tran will pursue Progressive for any amount above the policy limit which a jury may find Arrellano must pay. Thus, Tran has created a reasonable apprehension that Progressive will be subjected to liability for any judgment against Arrellano in excess of the $15,000 policy limits. (*Intellectual Property Develop., Inc. v. TCI Cablevision of Calif., Inc.* (Fed. Cir. 2001) 248 F.3d 1333, 1340; *Paramount Pictures Corp. v. Replay TV* (CD CA 2004) 298 F.Supp.2d 921, 924.)

Further, although Progressive's liability is contingent on Arrellano's liability to Tran in the underlying action, "[t]hat the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action." (*Associated Indem. Corp. v. Fairchild Industries, Inc.* (2nd Cir. 1992) 961 F.2d 32, 35, citing *American Mach. & Metals, Inc. v. De Bothezat Impeller Co.*, 166 F.2d 535, 536, 76 U.S.P.Q. (BNA) 549 (2d Cir. 1948); *National R.R. Passenger Corp. v. Consolidated Rail Corp.*, 670 F. Supp. 424, 430-31 (D.D.C. 1987); and *Lumbermens Mut. Casualty Co. v. Borden Co.*, 241 F. Supp. 683, 701 (S.D.N.Y. 1965). "Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite "'future contingencies that will determine whether a controversy ever actually becomes real.'" (*Associated Indem. Corp. v. Fairchild Industries, Inc.* (2nd Cir. 1992) 961 F.2d 32, 35, citing 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2757, at 586-587 (2d ed. 1983).)

The applicability of an insurer's policy limits as to an injured third party is the proper subject of a declaratory relief action, as an actual controversy exists between the parties. For example, the Seventh Circuit has held that a victim of an insured need not wait until he or she has judgment against the insured before filing declaratory relief action against insurer to ascertain that the policy remains in effect up to the policy limit; suit can be filed before dispute with insurer is resolved, thus maintaining victim's interest in insurance policy. (*Bankers Trust Co. v. Old Republic Ins. Co.* (7th Cir 1992) 959 F.2d 677.) As in *Bankers Trust*, through this lawsuit

1  Progressive seeks to ascertain that Mr. Arrellano's policy limits remain in effect.
2  Dismissal is unwarranted.

3  **3.     The Jurisdictional Amount in Controversy Is the Value of the Claims**
4  **        Asserted Against the Insured, Not the Face Amount of the Policy.**

5  The Complaint alleges that Tran's damages, which he seeks to recover against
6  Arrellano, and in a future lawsuit will seek to recover from Progressive, are in excess
7  of $700,000. The evidence of the value of plaintiff's claim is Exhibit 1 to the
8  Complaint, a demand letter from defendant Tran's attorney. (Complaint, ¶ 11 and
9  Exh. 1.) Defendant admits that "TRAN's damages will reach tens of millions of
10 dollars." (Motion to Dismiss, page 3, line 18.)

11 The Declaratory Judgment Act is not an independent basis for federal
12 jurisdiction. (*Skelly Oil Co. v. Philips Petroleum Co.* (1950) 339 U.S. 667, 671.)
13 Thus, a party seeking declaratory relief must show that the controversy regards a
14 matter within federal court subject matter jurisdiction – the action must be either
15 between parties of diverse citizenship or "arise under" federal law. (*Fitts v. Federal*
16 *Nat'l Mrtg. Ass'n* (D.D.C. 1999) 44 F.Supp.2d 317, 330; USCA §§ 1331, 1332.)
17 Where diversity jurisdiction exists, the federal district court has discretion to hear a
18 declaratory judgment action. (*Avemco Ins. Co. v. Davenport* (9th Cir. 1998) 140 F.3d
19 839, 842, fn. 1.) Under the facts alleged (which are not disputed by defendant),
20 where the accident victim is a California resident and Progressive is an Ohio
21 corporation, the parties are of diverse citizenship, and federal subject matter
22 jurisdiction exists.

23 Diversity jurisdiction exists only 'where the matter in controversy exceeds the
24 sum or value of $75,000 exclusive of interest and costs . . ." (28 USCA § 1332(a)].)
25 For diversity purposes under the Declaratory Relief Act, the amount in controversy is
26 the value of the object of the litigation. Where the action seeks a determination of
27 one party's liability to another, the amount of *potential liability* is the amount in
28 controversy, not the policy's limits, as Defendant contends.

For example, in *Hartford Ins. Group v. Lou-Con Inc.* (5th Cir. 2002) 293 F.3d 908, Hartford sued its insured for declaratory relief that its liability insurance policy did not cover environmental pollution claims against the insured by third parties. The policy had $1 million liability limits but the third parties' claims were less than $75,000. The Court held that the jurisdictional amount in controversy was the value of the claims presently asserted against Insured, *not* the face amount of the policy. (*Id.* at 911 ["in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim- not the face amount of the policy'"].)

Therefore, here, the value of Tran's underlying claim against Arrellano (and Tran's future claim Progressive), *not* the $15,000 policy limit, is the proper measure of the jurisdictional amount in controversy. Tran's attorney's demand letter asserted that as of January 26, 2007, Tran's claim against Arrellano was in excess of $700,000. Defendant admits that "TRAN's damages will reach tens of millions of dollars." (Motion to Dismiss, page 3, line 18.) Either figure is well in excess of the $75,000 jurisdictional minimum, and is sufficient to survive a Rule 12(b)(1) motion. (*Farmilant v. Singapore Airlines, Ltd.* (ND IL 1983) 561 F.Supp. 1148, 1151 [on motion to dismiss for want of subject matter jurisdiction, plaintiff "is entitled to the speculative benefit of any facts he might conceivably prove in support of his well-pleaded allegations"]; *Musson Theatrical, Inc. v. Federal Express Corp.* (6th Cir. 1996) 89 F.3d 1244, 1248 ["plaintiff can survive (a Rule 12(b)(1)) motion by showing any arguable basis in law for the claim made"].)

**4. Tran Misunderstands the Scope of This Declaratory Relief Action.**

Tran complains that Progressive has improperly filed this lawsuit in order to obtain an advance determination of its bad faith liability before the underlying case is resolved, and before the claims file is discoverable. (Motion, page 8, line 22 to page 9, line 27.) In doing so, Tran intentionally mischaracterizes the scope of this

declaratory relief action, which does *not* implicate the totality of Progressive's claims handling in the underlying case and does not pretend to serve as a substitute for a bad faith lawsuit. Rather, this declaratory relief action was brought to determine the legal relationship of the parties on a single, narrow issue:

> A declaratory judgment is necessary in that plaintiff contends it discharged its obligations under the insurance policy and in accord with California law and that its conduct in response to the letter of attorney Nguyen (Exhibit 1) did not eliminate or jeopardize the $15,000 policy limits available on the contract at issue.

(Complaint, ¶ 23.)

Thus, Progressive merely seeks a determination on the actual controversy in existence *now* between Progressive and Tran – whether attorney Nguyen's letter (Exhibit 1 to the Complaint) was a policy limits demand and whether Progressive's conduct in response to that one letter "eliminated" the $15,000 limits on Arrellano's policy.

The issue before this Court is clearly and narrowly defined: was the letter from attorney Nguyen a legally cognizable "policy limits demand"? If the letter was not such a demand (for example if it called for performance outside the insurance agreement or because it was not an unequivocal offer to dismiss and release the insured in exchange for a payment of money within the coverage afforded by the policy), then Progressive's indemnity obligation is still defined by the stated $15,000 limits under the policy. The entirety of Progressive's conduct in handling the underlying claim need not be determined in this lawsuit.

## CONCLUSION

Defendant's motion is not well taken and must be denied. Judicial opinions interpreting the Declaratory Relief Act, legal authority to which Defendant has turned a blind eye, provide (1) that the facts involved in this lawsuit present a litigable controversy; and (2) that the amount in controversy is measured by Tran's claim

1  against Arrellano – a claim that Defendant's attorneys admit is worth "tens of
2  millions of dollars."

DATED: December 27, 2007      ROBIE & MATTHAI
                              A Professional Corporation

                              By: _____
                                  JAMES R. ROBIE
                                  KYLE KVETON
                                  RONALD P. FUNNELL
                                  Attorneys for Plaintiff PROGRESSIVE WEST
                                  INSURANCE COMPANY

## ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

CHRISTOPHER E. ANGELO
JOSEPH DI MONDA, A.I.A.

1721 NORTH SEPULVEDA BOULEVARD
MANHATTAN BEACH, CALIFORNIA 90266

TELEPHONE: (310) 939-0099
FACSIMILE: (310) 939-0023

November 29, 2007

LEGAL - RECEIVED
DEC 0 3 2007

Sean W. Allen
Claims Attorney
PROGRESSIVE CASUALTY
INSURANCE COMPANY
Claims Legal Department
10940 White Rock Road
Rancho Cordova, CA 95670
Phone: (916) 864-6271
Fax   : (916) 904-5563
http://www.progressive.com

Sean W. Allen
Claims Attorney
PROGRESSIVE CASUALTY
INSURANCE COMPANY
Claims Legal Department
P.O. Box 419061
Rancho Cordova, CA 95741-9061
Phone: (916) 864-6271
Fax   : (916) 904-5563
http://www.progressive.com

Re:   Your Insured    :   Arrellano, Leonel
      Claim No.       :   060-409-287
      Date of Loss    :   11/18/06

Dear Mr. Allen:

I have received your November 23, 2007 letter that is copied to Randy Winet. I left a voicemail message on your message machine asking you to first tell me why you did not get a copy of the "Covenant Assignment" from Randy Winet directly, the same Randy Winet that you copied on your November 23, 2007 letter. You never returned that telephone message of mine. Why?

Your November 23, 2007 letter expressly states that you "do not have a copy of the "Covenant/Assignment" and, therefore, cannot provide any response. Please forward it to my attention..." Do you know why Mr. Randy Winet failed to send you a copy of the "Covenant Assignment" long ago when I first sent it to him personally? Is it because Mr. Winet does not want to ask Progressive's permission to reach and sign a stipulation that a covenant not to execute will not be used by Progressive later in an effort to attack the viability of Mr. Arellano's assignment of bad faith rights to collect the overlimits judgment against Progressive?

Does Progressive believe that your November 23, 2007 letter request somehow allows it to disguise the otherwise close working relationship between it and Mr. Winet independent of the interests of Arrellano?

11                                                            EXHIBIT A

**ANGELO & DI MONDA**
A LIMITED LIABILITY PARTNERSHIP

Sean W. Allen
Claims Attorney
PROGRESSIVE CASUALTY
November 29, 2007
Re: Arrelano, Leonel
page 2

---

Despite your strange November 23, 2007 letter request asking for a document that you could have received long ago, enclosed please find a copy of the document you requested, entitled: "AGREEMENT TO ASSIGN PROCEEDS AND COVENANT NOT TO LEVY EXECUTION OF JUDGMENT OR, IN THE ALTERNATIVE, TO STAY LEVY OF EXECUTION OF JUDGMENT."

If Progressive is to be a signatory on the last page, it must be by a person who warrants that he has the authority to sign on behalf of Progressive Casualty Insurance Company, Progressive West Insurance Company and Progressive Insurance Co. One would have to add any other Progressive entity that is somehow involved in the underwriting and claims handling.

Very truly yours,

ANGELO & DI MONDA, LLP

By: CHRISTOPHER E. ANGELO

CEA/gh
Encl.

cc: Randy Winet

AGREEMENT TO ASSIGN PROCEEDS AND COVENANT NOT TO LEVY
EXECUTION OF JUDGMENT OR, IN THE ALTERNATIVE, TO STAY
LEVY OF EXECUTION OF JUDGMENT

This Agreement is entered into between Bun Bun Tran, by and through his mother and Guardian ad Litem, Le Thi Nguyen [hereinafter referred to as "plaintiff"] and Leonel Arellano [hereinafter referred to as "defendant"].

## RECITALS

1. WHEREAS, the parties are currently engaged in litigation as more fully set forth in that certain action for damages entitled *Bun Bun Tran v. Leonel Arrellano, et al.*, San Diego Superior Court case No. 37-2007-00065432-CU-PA-CTL [hereinafter referred to as "THE ACTION"], and

2. WHEREAS, certain issues have arisen pertaining to a failure to settle all Bun Bun Tran bodily injury claims against Leonel Arellano on the part of Progressive West Insurance Company, Progressive Insurance Company and other Progressive entities [hereinafter referred to as "Progressive"], and

3. WHEREAS, Leonel Arellano contends that Progressive breached the implied covenant of good faith and fair dealing and/or otherwise acted negligently or tortiously toward him, as a direct and legal result of which Arellano is now personally exposed to an adverse judgment in favor of Bun Bun Tran in THE ACTION in excess of Leonel Arellano's liability insurance policy limits, and

4. WHEREAS, the parties wish to set forth herein their respective rights and obligations with regard to the continued prosecution and resolution of THE ACTION as well as the liabilities, exposures and risks relating thereto,

IT IS HEREBY AGREED AS FOLLOWS:

## MUTUAL PROMISES AND ASSIGNMENTS

1. Leonel Arellano, for himself, his successors and assigns, hereby irrevocably assigns the proceeds, i.e, the money damages which he may recover and which he may be entitled to collect by way of settlement, award or judgment rendered in his favor and against Progressive in any insurance bad faith case based upon breach of the implied covenant of good faith and fair dealing or any other similar action which might or could potentially be filed by Leonel Arellano against Progressive arising out of personal overlimits exposure resulting from THE ACTION and seeking the same relief.

2. The assignment of proceeds as set forth in paragraph 1 immediately preceding shall not exceed the amount of any judgment, award or settlement rendered in favor of plaintiff Bun Bun Tran against defendant Leonel Arellano in THE ACTION. Such judgment shall

13

include the principal amount together with recoverable costs and accrued interest thereon at the legal rate until actually paid or satisfied.

   3.   To the extent that defendant Leonel Arellano recovers damages, either compensatory or punitive, or both, against Progressive in his own insurance bad faith case based upon breach of the implied covenant of good faith and fair dealing, or in any similar action arising out of the same overlimits exposure subject matter and seeking the same relief, then to the extent that the total amount of such damages exceeds the amount of the bodily injury judgment in favor of Bun Bun Tran against defendant Leonel Arellano in THE ACTION as described in paragraph 2 immediately preceding, then such excess damages and the right to collect such excess damages shall be the sole property of Leonel Arellano.

   4.   Upon the entry of judgment in favor of plaintiff Bun Bun Tran in THE ACTION, plaintiff Bun Bun Tran, as a judgment creditor, will petition for leave to file a complaint-in-intervention in any future insurance bad faith lawsuit filed, if filed at all, by Leonel Arellano against Progressive for bad faith breach of the implied covenant of good faith and fair dealing and any similar related tort. Defendant Leonel Arellano hereby agrees to stipulate to the filing of said complaint-in-intervention by Bun Bun Tran. If Leonel Arellano never files his own insurance bad faith case against Progressive, this failure, it is so agreed, will in no way impair defendant Leonel Arellano's instant assignment to plaintiff Bun Bun Tran of Leonel Arellano's right to recover from Progressive the entire bodily injury judgment achieved by plaintiff Bun Bun Tran against defendant Leonel Arellano as a result of Progressive's breach of its contractual and extracontractual good faith and fair dealing duties, including the good faith duty to settle and investigate all claims owed by it to Leonel Arellano when handling the Bun Bun Tran claims against Leonel Arellano.

   5.   In consideration of the mutual promises made herein, defendant Leonel Arellano irrevocably agrees that he has not and will not release any rights he has against Progressive without the express written consent of plaintiff Bun Bun Tran.

   6.   Plaintiff Bun Bun Tran reserves the unconditional right to settle with Progressive at any time under any terms and conditions and for any amount in his sole and exclusive discretion. In the event of any such settlement between Bun Bun Tran and Progressive, Bun Bun Tran will notify defendant Leonel Arellano of such settlement and will thereupon release defendant Leonel Arellano from any judgment liens and obligations under this agreement and will further cause a full satisfaction of judgment to be filed in favor of defendant Leonel Arellano in THE ACTION.

## COVENANTS

In consideration of the mutual promises set forth above, plaintiff Bun Bun Tran for himself, his successors and assigns, hereby covenants as follows:

1. Following entry of judgment in favor of Bun Bun Tran and against defendant Leonel Arellano in THE ACTION, plaintiff Bun Bun Tran agrees to stay levy of execution on said judgment pending the final outcome of the bad faith case against Progressive, whether such bad faith case is filed by plaintiff Bun Bun Tran as assignee of the bad faith rights of defendant Leonel Arellano up to the bodily injury judgment rendered in favor of Bun Bun Tran against Leonel Arellano, or whether such bad faith lawsuit is prosecuted jointly by Bun Bun Tran and Leonel Arellano as described in *Cain v. State Farm* (1975) 47 Cal.App.3d 783.

2. The covenant to stay levy of execution of judgment as set forth in paragraph 1 immediately preceding shall be deemed a permanent covenant not to execute as long as Progressive does not in any way attack the legal validity of any assignment and/or covenant herein.

3. If, but only if, Progressive in any way attacks the legal validity of any such assignment and/or covenant herein, then, and until the validity of such assignment or covenant is judicially determined, such covenant shall be modified as follows:

    a. The covenant shall be deemed only a temporary covenant by plaintiff Bun Bun Tran to stay execution of judgment until the final outcome of the insurance bad faith case, at which time, the judgment shall be subject to levy of execution,

     b.  If any assignment or covenant not to execute shall be judicially determined to invalidate, defeat, negate, mitigate or minimize defendant Leonel Arellano's cause of action against Progressive in any way or Bun Bun Tran's claims as assignee of Leonel Arellano's bad faith claims or Bun Bun Tran's contemplated complaint-in-intervention against Progressive in any way, then such covenant shall be null and void and the covenant to stay execution set forth in subparagraph a immediately preceding shall terminate as provided therein.

APPROVED AS TO FORM AND CONTENT

Dated: _____

_____
Christopher E. Angelo
Angelo & Di Monda, LLP
Attorneys for Plaintiff Bun Bun Tran, by and through his Guardian ad Litem, Le Thi Nguyen

Dated: _____

_____
James O. McLaughlin
Winet, Patrick & Weaver
Attorneys for Defendant Leonel Arellano

Dated: _____

_____
Bun Bun Tran, by and through his Guardian ad Litem, Le Thi Nguyen

Dated: _____

_____
Defendant Leonel Arellano

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, 15th Floor, Los Angeles, CA 90071-2609.

On December 27, 2007, I served the foregoing document(s) described as:

**OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [RULE 12(b)(1)**

on all interested parties in this action by placing a true copy of each document, enclosed in a sealed envelope addressed as follows:

*Attorneys for Plaintiff, Bun Bun Tran*
Christoper E. Angelo, Esq.
Joseph Di Monda, Esq.
ANGELO & DI MONDA LLP
1721 No. Sepulveda Boulevard
Manhattan Beach, CA 90266-5014
Telephone: (310) 939-0099
Facsimile: (310) 939-0023

( ) **BY MAIL:** as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( ) **BY PERSONAL SERVICE:** I delivered such envelope by hand to the above addressee(s).

(X) **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service (California Overnight), for delivery to the above addressee(s).

( ) **BY FACSIMILE TRANSMISSION:** I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the above facsimile number.

( ) **(State)**      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(X) **(Federal)**      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 27, 2007, at Los Angeles, California.

Windy Gale Tyler