Christopher E. Angelo [70007]
Joseph Di Monda [184640]
ANGELO & DI MONDA, LLP
1721 N. Sepulveda Blvd
Manhattan Beach, California 90266-5416
Telephone: 310-939-0099
Facsimile: 310-939-0023
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BUN BUN TRAN, LEONEL ARRELLANO, <br><br> Defendants. | NO. 07- CV 1999 JAH (POR) <br><br> **DEFENDANT BUN BUN TRAN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** <br><br> Time: 2:30 p.m. <br> Date:  January 14, 2008 <br> Ctrm.:       11 <br>          880 Front Street <br>          San Diego, CA 92101 |

## I.    INTRODUCTION

Progressive West Insurance Company's ("Progressive") opposition fails to address the fact that it has the burden of to show to a legal certainty that its alleged damages meet the jurisdictional amount to provide this court with diversity jurisdiction.

Instead of addressing the issues raised in Bun Bun Trans' ("Tran") Motion to Dismiss, Progressive simply cites the Federal Declaratory Judgment Act and a litany of cases which do not address the minimum amount in controversy to establish diversity jurisdiction.

## II    PROGRESSIVE'S OPPOSITION CONFUSES CONTINGENT LIABILITY WITH SPECULATIVE DAMAGES AND ATTEMPTS TO IMPROPERLY USE POTENTIAL BAD FAITH LIABILITY AS THE BASIS FOR ITS ALLEGED AMOUNT IN CONTROVERSY

1

1
2
3

Tran's Motion to Dismiss is based upon the premises that Progressive's alleged liability is speculative, contractually capped at $15,000 and hence, Progressive may not file a declaratory relief action based upon diversity jurisdiction.

4
5
6
7
8

Instead of addressing the speculative nature of its damages and the contract cap, Progressive argues that a party may file an action for declaratory relief based upon diversity when there is a question as to the rights, responsibilities and obligations of the parties. Progressive's Opp. Brief, (hereinafter "Opp. Brief") p. 5-6.  Tran has not, and does not, raise that issue, or dispute that issue, in his motion to dismiss.

9
10
11
12
13

Progressive's argument that it may file a declaratory relief action assumes that it has met the minimum amount in controversy in order to invoke diversity jurisdiction.  Progressive's arguments on pages 3-6 simply recite Horn Book law as to when declaratory relief is proper, while ignoring the fact that it is also Horn Book law that it must first meet the amount in controversy requirement.

14
15
16
17

In supporting its opposition based upon liability, Progressive offers *National Steel Corp. v. Golden eagle ins. Co.,* (9th Cir. 1997) 121 F.3d 496 and *Murphy v. Allstate Ins. Co.* (1976) 17 Cal.3d 937.  Both these cases address California bad faith law which is not an issue in Progressive's federal action here.

18
19
20
21
22

Moreover, the fact that Progressive relies on California bad faith law is evidence to prove that it is actually attempting to have this Court prematurely adjudicate the bad faith issue and also improperly include potential bad faith damages in Progressive's amount in controversy in order to meet diversity jurisdiction requirements.  Progressive's attempt to include potential bad faith damages in its amount in controversy have been attempted before and denied before.

23
24
25

A party cannot meet the jurisdictional amount by seeking a declaration of an additional coverage not in issue at that time.  *Nationwide Mut. Ins. Co. v. Rowles by Rowles*, 818 F. Supp. 852 (E.D. Pa. 1993).

26
27

Here. Progressive does not even attempt to hide that fact that it is including potential bad faith damages to support reach the amount in controversy requirement.  It even admits that

28

"a declaratory judgment is necessary in that plaintiff contends it discharged

2

its obligations under the insurance policy and in accord with California law
and that its conduct in response to the letter of attorney Nguyen (Exhibit 1)
did not eliminate or jeopardize the $15,000 policy limits available on the
contract at issue."

Opp. Brief, p. 4, lns. 8-12.

Hence, it desires this Court to adjudicate an issue, potential bad faith liability, which
exceeds the policy limits.   That is improper because in declaratory judgment suits involving
liability insurance policies, the test of jurisdiction is the maximum amount for which the insurer
might be liable under the policy.  *Budget Rent-A-Car, Inc. v. Higashiguchi*, (9th Cir. 1997) 109
F.3d 1471, 1473.

Here, using only the policy limit, Progressive's damages can never be more than $15,000.
Hence, there is no federal jurisdiction at this time.

Further, Progressive reliance on *Maryland Cas. Co. v. Pacific Coal & Oil Co.* (1941) 312
U.S. 270, 61 S.Ct. 510 is misplaced because the controversy there involved the duty to
indemnify and the amount in controversy was not an issue.  Frankly, the case is silent as to
whether it involved diversity jurisdiction.

Progressive's reliance on *Hillblom v. United States* (9th Cir. 1990) 896 F.2d 426 is also
misplaced because the United States was a party.  Hence, diversity jurisdiction was not an issue.

Progressive also cites to *Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC*.
(5th 2003) 322 F.3d 835.  However, that case also did not address the diversity and amount in
controversy issues.

Progressive also relies on *Intellectual Property Development, Inc. v. TCI Cablevision of
California, Inc*. (2001) 248 F.3d 1333, and *Paramount Pictures Corporation, v. Replay TV*
(2001) 298 F. Supp.2d 921, both federal questions involving patent disputes which did not
involve adjudication of diversity jurisdiction.

Progressive also relies on *Associated Indem. Corp. v. Fairchild Industries, Inc*. (1992)
961 F.2d 32.  The amount in controversy in that case was $25 million dollars, so diversity
jurisdiction was not an issue.  *Id*. at 35.

It is well established that a case is authority only for a proposition actually considered and decided therein. *In re Chavez* (2003) 30 Cal.4th 643, 656.

Here, Progressive randomly cites cases which have nothing to do with whether or not the amount in controversy was an issue.

Moreover, its reliance on *Bankers Trust Co., v. Old Republic Ins. Co.* (1992) 959 F.2d 677 is at odds with Progressive's arguments because it supports Tran's argument, and applicable case law, that the amount in controversy is limited solely to the value of the insurance policy. The amount in controversy in *Bankers Trust Co.* exceeded the jurisdictional minimum. Even at that, there was no discussion of diversity jurisdiction, because it was never an issue.

Simply put, Progressive has failed to provide any authority which contradicts *Budget Rent-A-Car, Inc. v. Higashiguchi*, (9th Cir. 1997) 109 F.3d 1471, which holds that in declaratory judgment suits involving liability insurance policies, the test of jurisdiction is the maximum amount for which the insurer might be liable under the policy. *Id.* at 1473.

Finally, Progressive finds no relief from *Hartford Ins. Group v. Lou-Con Inc.* (5th Cir. 2002) 293 F. 3d 908 because that case involved the parties to the insurance contract and in that case it was the insured who brought the lawsuit. *Hartford Ins.* holds that when there is a dispute between parties to an insurance contract, the fact that one party may claim an amount which is less than the amount required for diversity jurisdiction is not controlling. As the *Hartford Ins.* Court held, "the jurisdictional amount in controversy is measured by the value of the **underlying claim**- not the face amount of the policy." *Id.* at 911 (emphasis added).

Here, the underlying claim is determined by the policy limits. It is only when the value of a speculative bad faith action is added that the value of the claim exceeds the policy limits.

Moreover, *Hartford Ins.* recognized that the jurisdictional amount for diversity jurisdiction is controlled by the liability limit of the insurance policy. *Id.* at 911. In so doing it recognized the holding of *Payne v. State Farm Mut. Auto. Ins. Co.*, (5th Cir.1959) 266 F.2d 63, 65 (holding that the jurisdictional amount was controlled by limitation of liability in policy and not by the larger amount of damages).

In any event, the holding of *Budget Rent-A-Car, Inc. v. Higashiguchi*, (9th Cir. 1997) 109

4

F.3d 1471 is controlling in this circuit even if this Court finds other circuit  court opinions to be different.

## III    PROGRESSIVE'S OPPOSITION BRIEF SUPPORTS TRAN'S ARGUMENT THAT PROGRESSIVE IS ATTEMPTING TO ADJUDICATE A POTENTIAL FUTURE BAD FAITH ACTION UNDER THE GUISE OF DECLARATORY RELIEF AND INCLUDE THOSE POTENTIAL DAMAGES IN THE AMOUNT IN CONTROVERSY

Progressive's opposition brief is replete with references to threats of bad faith litigation which it is improperly using to obtain federal diversity jurisdiction.  By making said arguments Progressive is going outside the "underlying claim" giving rise to its maximum liability of $15,000.

Progressive wants this Court to find that:

1.    it "did not eliminate or jeopardize the $15,000 policy limits.  Opp. Brief, p. 4, lns. 8-12; (that is not the underlaying claim here but is a bad faith determination)

2.    It is not liable for any amount over the policy limit.  Opp. Brief, p. 4, lns. 14-20;

3.    Somehow the threat of a State bad faith action may be included in this declaratory relief action.  Progressive's Opp. Brief, p. 4, lns. 21-28.

4.    An assignment of Arrellano's bad faith action, which may or may not occur, without meeting the amount in controversy requirement, somehow provides federal jurisdiction;

None of the issues related to a potential bad faith action are proper because the value of the underlaying claim is limited by Progressive's insurance policy.

## IV.    PROGRESSIVE'S ARGUMENTS PRESUPPOSE THAT ARRELLANO'S ADJUDICATED SHARE OF THE DAMAGES IN THE STATE ACTION WILL EXCEED $75,000

Instead of addressing the disputed facts of the case by which a jury may find that Arrellano's comparative liability may be less than $75,000, Progressive simply concludes that because Arrellano may assign his bad faith rights to Tran, the damages are worth more than

$75,000.  Until a jury decides that fact, no damages have been established and all anyone can do is speculate as to which parties may have to pay which amounts.

## V.    PROGRESSIVE MISINTERPRETS THE CONCEPT THAT DIVERSITY JURISDICTION MAY BE REACHED THROUGH A DETERMINATION OF THE VALUE OF THE CLAIMS

Progressive attempts to argue that this Court must look to the "value of the Claims . Asserted Against" it.  Opp. Brief, p. 7.  In doing so it misinterprets the concept of "value of the claims" and once again include the value of potential future bad faith claims.

The concept of Value of the Claims is best summarized by *Budget Rent-A-Car, Inc. v. Higashiguchi*, (9th Cir. 1997) 109 F.3d 1471.  The *Budget Rent-A-Car* court held that "a declaratory judgment plaintiff may reach the jurisdictional amount by aggregating its multiple claims against a single defendant."  *Id.* at 1474.  Simply put, if claims by multiple plaintiffs in the underlying action meet the amount in controversy requirement, federal courts have diversity jurisdiction.

That is not the case here.  In the underlying action there is only one plaintiff with multiple defendants and until that case is resolved, no one can predict the outcome to a legal certainty.  Since Progressive's damages in the underlying case are capped by its policy limits, it can never meet federal diversity jurisdictional requirements.

## VI    TRAN FULLY UNDERSTANDS THE SCOPE OF PROGRESSIVE'S DECLARATORY RELIEF ACTION; IT'S A VEILED ATTEMPT TO HAVE THIS COURT HEAR THE BAD FAITH CASE

Progressive makes the incredulous argument that it is not attempting to argue a premature bad faith case.  Opp- Brief, pp. 8-9.

If that's true then why has Progressive asked this Court to determine if "the letter from attorney Nguyen [was] a legally cognizable 'policy limits demand?'" That issue has nothing to do with the underlying personal injury action and all to do with a potential bad faith action.

Simply put, Progressive desires this Court to rule if it committed bad faith by rejecting a policy demand letter from Tran's prior attorney.

6

This question is an admission that Progressive is asking this Court to include the potential bad faith damages as part of the amount in controversy.

Progressive makes the incredible argument that this declaratory relief action does not preclude a state bad faith action.  Opp. Brief, p. 8, lns. 25-28, p. 9, lns. 1-23.  Really!!!  What would- Progressive do if this Court were to declare that attorney Nguyen's letter was not "a legally cognizable 'policy limits demand?"  Perhaps Progressive would use this Court's findings to claim that any future bad faith action is barred by res judicata or collateral estoppel?

Tran requests that this Court see through Progressive's sham pleadings for what they really are, a transparent attempt to adjudicate the bad faith action prematurely, without proper discovery and while its insured sits in jail without legal counsel.

## VII.    PROGRESSIVE HAS NOT EXPLAINED HOW IT HAS MET THE AMOUNT IN CONTROVERSY TO A LEGAL CERTAINTY; HENCE ITS CASE SHOULD BE DISMISSED

In his Motion to Dismiss, Tran outlined numerous facts and issues which must be decided by a jury prior to Tran even having the possibility of obtaining an assignment of bad faith rights from Arrellano.

Progressive has ignored the substance of Tran's arguments.  Progressive has not bothered to challenge any of the facts and issues which need to be adjudicated before this matter is ripe. Progressive has not established the jurisdictional amount by a preponderance of the evidence simply because it has provided no evidence whatsoever.  *Meridian Secur. Ins. Co. v. Sadowski* (7th Cir. 2006) 441 F3d 536, 543.

Such an omission can be found to be an admission that Tran's arguments have merit.

## VIII.   THE AMOUNT IN CONTROVERSY AT THIS TIME IS $15,000;  HENCE THIS ACTION IS PREMATURE

As previously argued, the amount in controversy required to grant this Court diversity jurisdiction must be ascertained at the commencement of the action; later events generally do not affect diversity jurisdiction.  Thus, diversity jurisdiction exists if the complaint as filed puts more than $75,000 at issue.  *Johnson v. Wattenbarger* (7th Cir. 2004) 361 F3d 991, 993.

7

A demand is "legally impossible" for jurisdictional purposes when it runs up against a statutory or contractual cap on damages, or when the theories of damages employ double counting. *Johnson v. Wattenbarger* 361 F3d at 994

Moreover, a dismissal may be upheld where defendant's liability is limited by contract to an amount less than the diversity minimum, if the court determines that such limitation is valid and enforceable. *Valhal Corp. v. Sullivan Assocs., Inc.* (3rd Cir. 1995) 44 F3d 195, 209.

Here, Progressive admits in its complaint that its liability policy limits its damages to $15,000.00; far below the diversity minimum of $75,000.00.

**IX.    CONCLUSION**

For the above reasons, TRAN requests this court to dismiss this complaint for lack of diversity jurisdiction.

January 2, 2008

ANGELO & DI MONDA, LLP

<u>s/s Joseph Di Monda</u>
Joseph Di Monda
Attorneys for Bun Bun Tran

8

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I am a resident of the aforesaid county. I am over the age of eighteen years and not a party to the within action; my address is 1721 N. Sepulveda Blvd., Manhattan Beach, California 90266.

     On **January 2, 2008**, I served the foregoing document(s) described as **DEFENDANT BUN BUN TRAN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** on the interested parties in this action, by placing the original/true copies thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

__    I caused such envelope/package containing the document(s) to be delivered by hand to the offices of the addressee(s).

X    The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

__    I deposited the above document(s) for facsimile transmission in accordance with the office practice of Angelo & Di Monda for collecting and processing facsimiles. I am familiar with the office practice of Angelo & Di Monda for collecting, processing, and transmitting facsimiles. The facsimile of the above document(s) was transmitted to the interested parties on the attached service list:

Executed on **January 2, 2008**, at Manhattan Beach, California.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


                              _s/s Joseph Di Monda_____
                               Joseph Di Monda

**07- CV 1999 JAH (POR)**

1

<u>Service List</u>

2

3  ROBIE & MATTHAI
   James R. Robie
4  500 South Grand Avenue
   15th Floor
5  Los Angeles, CA 90071

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28