Christopher E. Angelo [70007]
Joseph Di Monda [184640]
ANGELO & DI MONDA, LLP
1721 N. Sepulveda Blvd.
Manhattan Beach, California 90266-5014
Telephone: 310-939-0099
Fax: 310-939-0023

Attorneys for Defendants, Bun Bun Tran and Le Thi Nguyen

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>BUN BUN TRAN, LEONEL ARRELLANO,<br><br>    Defendants. | NO. 07- CV 1999 JAH (POR)<br><br>**NOTICE OF MOTION AND MOTION BY BUN TRAN TO SET ASIDE ENTRY OF DEFAULT ON DEFENDANT LEONEL ARRELLANO: REQUEST TO APPOINT COUNSEL FOR ARRELLANO IN THIS MATTER; DECLARATION OF JOSEPH DI MONDA, ESQ.; DECLARATION OF CHRISTOPHER E. ANGELO, ESQ.**<br><br>Time:  2:30 p.m.<br>Date:  May 27, 2008<br>Ctrm.:  11<br>        880 Front Street<br>        San Diego, CA 92101 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 27, 2008, at 2:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 880 Front Street, San Diego, CA 92101, defendant and real party in interest Bun Bun Tran, by and through his guardian ad litem Le Thi Nguyen, will move the court to set aside plaintiff's Entry of Default against defendant Leonel Arrellano pursuant to FRCP 55(c) for good

1

cause shown because: 1) Bun Tran has filed a Motion to Dismiss this Complain for lack of diversity jurisdiction pursuant to FRCP 12(b)(1); 2) defendant Arrellano is an indigent prisoner incarcerated in the Sierra Conversation Center; 3) defendant Leonel Arrellano is without counsel in this matter; and 4) a fraud is being perpetrated upon this Court by Progressive Insurance Company which refuses to pay for Arrellano's defense in this action even though it knows Arrellano is incarcerated, does not speak, read or understand English and cannot defend himself.  By entering this default, Progressive is attempting to avoid this Court's ruling on Bun Tran's Motion to Dismiss.

      The motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Christopher E. Angelo, Esq., and the pleadings and papers filed herewith.

Dated: April 9, 2008                              ANGELO & DI MONDA, LLP

                                      By:  S/Signature
                                          Joseph Di Monda
                                          Attorneys for Defendants,
                                          Bun Bun Tran and Le Thi Nguyen

## I. INTRODUCTION

Defendant Leonel Arrellano ("Arrellano") is an indigent illegal alien who does not speak, read or understand English. Declaration of Christopher E. Angelo, Esq. Arrellano catastrophically injured Bun Tran ("Tran") when their vehicles collided. Arrellano is incarcerated in northern California for driving while intoxicated and leaving the scene of an accident. Arrellano had a $15,000 automobile insurance policy with plaintiff Progressive West Insurance Company ("Progressive"). The damages caused by Arrellano will exceed $40 million dollars.

Progressive rejected Tran's policy limit demand which would have dismissed all claims against the world for Arrellano's $15,000 liability policy limits. It is Tran's position that Progressive is now responsible to indemnify Arrellano for an unlimited amount of potential damages due to Progressive's failure to settle for Arrellano's policy limits. Progressive denies it rejected Tran's policy limit demand. Tran filed a personal injury lawsuit against Arrellano, Chili's Restaurant and other third parties in San Diego Superior Court, Case number 37-2007-00065432-CU-PA-CTL, Dept. C-62, the Hon. Ronald L. Styn, Judge, ("the State Action"). Decl. of Christopher E. Angelo, Esq.

Progressive has filed this sham Declaratory Relief action in this Court attempting to vest this Court with jurisdiction to declare that it has not committed bad faith when it rejected Tran's policy limit demand. Progressive's federal action is a sham pleading designed to attempt to evade California bad faith law.

On or about November 24, 2007, Tran moved to dismiss this federal action for lack of diversity jurisdiction. The parties completed briefing on or about January 2, 2008.

On January 7, 2008, this Court Ordered that the oral arguments on Tran's motion to dismiss be vacated and that the Court would issue its ruling on Tran's Motion to Dismiss in due course. Arrellano never made an appearance in this federal action.

Arrellano's Progressive paid lawyers in the State Action claim that they requested that Progressive pay them to represent Arrellano in this federal action. According to Arrellano's State Action lawyers, Progressive has refused to pay for Arrellano's defense

costs. Decl. of Joseph Di Monda, Esq.

Progressive now files a Notice of Entry of Default against its own incarcerated and indigent insured Arrellano for his failure to make an appearance in this matter.

Progressive knows that the reason Arrellano has not made an appearance is because he has no money to pay for a lawyer, cannot read the complaint, and does not know what it means even if he could read the complaint. Had Progressive been instead the State of California, the latter would have been required to pay for Arrellano's appearance. *Compare*, *Payne v. Sup. Ct.* (1976) 17 Cal.3d 908.

By this Notice of Entry of Default, Progressive attempts to do an end run around this Court's decision on Tran's Motion to Dismiss and on this Court deciding the merits of Progressive's claims against Arrellano and Tran if it decides it has jurisdiction.

Tran is a defendant in this action although he is actually a real party in interest and has been negotiating with Arrellano's State Action lawyers for an assignment of Arrellano's bad faith rights against Progressive. Decl. of Christopher E. Angelo, Esq.

Tran has a property interest in Arrellano's Assets, including his bad faith rights.

## II. GOOD CAUSE EXISTS TO SET ASIDE THE NOTICE OF ENTRY OF DEFAULT

A. <u>Arrellano is an Indigent Who Cannot Read or Speak English and is Without Legal Counsel</u>

"The court may set aside an entry of default for good cause . . .." Fed. Rule of Civ. Proc., Rule 55(c). Defendant's culpability in allowing default is relevant consideration in determining whether to grant motion to set aside default. *Farnese v. Bagnasco* (1982) 687 F.2d 761. This rule providing that an entry of default may be set aside for good cause shown vests in the federal district courts a broad discretion to set aside an entry of default in order to accomplish justice. *Schartner v. Copeland* (1973) 59 F.R.D. 653, affirmed 487 F.2d 1395.

Here, Arrellano is an indigent illegal alien who does not speak, read or understand English and required an interpreter at his deposition. Decl. of Christopher E. Angelo, Esq.

Arrellano is being sued by his own insurance carrier who knows Arrellano is indigent and refuses to pay for Arrellano's defense in this action. Progressive also knows that Arrellano cannot read, speak or understand English and has no way of defending himself.

Progressive, by refusing to pay for Arrellano's defense has created a situation by which it may avoid its legal obligation to pay for its bad faith by obtaining a default against him. This would permit Progressive to avoid bad faith liability and place the responsibility for Progressive's bad faith back on Arrellano.

A declaratory relief action cannot be filed if it means that the insurer has abandoned, compromised or rejected the insured's claim, presumably a claim for overlimits bad faith. *Atlas Assur. Co. v. LTD McCombs* (1983) 146 Cal.App.3d 135, 150.

This Court should not permit such obvious unethical and possibly illegal behavior to stand.

B.  <u>Progressive Has Sued its Indigent Non-English Speaking Insured, Intentionally Refuses to Pay for His Defense and Attempts to Take His Default</u>

While Progressive pays for Arrellano's defense in the State Action, it sues him in federal court and refuses to pay for his defense. Arrellano's State Action attorney, Randy Winet, requested that Progressive pay his law firm to defend Arrellano in this federal action. According to conversations with Randy Winet, Progressive has refused to provide Arrellano with a defense. Decl. of Joseph Di Monda

Progressive knows that it has committed bad faith and is now using the fact that its insured is indigent to leave him without a defense in this action.

C.  <u>Progressive is Attempting to Use This Federal Action to Avoid State Bad Faith Litigation: Progressive Should Be Order to Pay for Arrellano's Defense</u>

Progressive files this federal action, knowing that Arrellano cannot defend himself, refuses to pay for his defense of this lawsuit, and then takes his default. Progressive and its attorneys stoop to new lows in engaging in what should be called unethical conduct.

1    If this Court lets the default stand, Progressive avoids litigating on the merits of its
2 bad faith refusal to pay the $15,000 insurance limits and also makes Arrellano responsible
3 for Progressive's bad faith.

4    D.    There Would be No Prejudice to Progressive by Setting Aside its Notice of
5          Entry of Default

6    Under subd. (c) of this rule, the principal factors bearing on the appropriateness of
7 relieving a party of a default are whether the default was willful, whether setting it aside
8 would prejudice the adversary, and whether a meritorious defense is presented. *Meehan v.*
9 *Snow* (1981) 652 F.2d 274.

10   It may not be assumed that Arrellano's failure to make an appearance is willful.
11 Arrellano was served with the Notice of Entry of Default while incarcerated in the Sierra
12 Conservation Center.  Since Arrellano is an indigent illegal alien who does not speak, read
13 or understand English, there is a distinct possibility that Arrellano is not even aware of his
14 responsibility to make an appearance, how to make an appearance, who to get to make an
15 appearance, what a default notice means or how to respond to a Notice of Entry of Default.

16   Since Tran is the real party in interest, he has moved to dismiss this federal action
17 for lack of diversity jurisdiction.  Since this Court has not yet ruled on Tran's Rule
18 12(b)(1) motion nothing has transpired in this case.  No discovery has been conducted in
19 this matter.  Therefore, Progressive may not claim any prejudice.

20   If this Court grants Tran's Motion to Dismiss, it would also include the complaint
21 against Arrellano, thereby rendering the Notice of Entry of Default moot.

22   If this Court denies Tran's Motion to Dismiss, the matter may proceed with all
23 parties and with no prejudice to Progressive.

24   E.    Arrellano has Meritorious Defenses Which Will be Raised if This Action
25          Goes Forward

26   It takes only one valid defense to void a default termination. *Dynalectron Corp.*
27 *(Pacific Division) v. U. S.* (1975) 518 F.2d 594, 207 Ct.Cl. 349.

28   If a defendant raises any defense cognizable at law, it is deemed to have presented a

meritorious defense, for purposes of determining whether the defendant should be granted relief from a default judgment. *Simmons v. Ohio Civil Service Emp. Assoc*. (2003) 259 F.Supp.2d 677.

Progressive's federal complaint for declaratory relief is asking this Court to declare that it did not commit bad faith and that it did not eliminate the $15,000 policy limit.

Tran's position is that Progressive is liable for all amounts which Arrellano may be adjudged to owe Tran. Hence, Tran is negotiating with Arrellano to obtain an assignment of Arrellano's bad faith rights against Progressive.

Given the fact that Arrellano, as an indigent illegal alien, would not have sufficient assets to satisfy any judgment against him Tran has a real interest in protecting Arrellano's bad faith rights and assignment thereof.

Tran would raise the fact that Progressive had the opportunity to settle this matter for the $15,000 policy limits and refused. Decl. of Christopher E. Angelo, Esq. Tran would present evidence in the form of letters to Progressive asking it to tender Arrellano's $15,000 liability policy along with letters from Progressive wherein Progressive refused to tender Arrellano's policy limits. Decl. of Christopher E. Angelo, Esq.

Tran will also raise the issue that a declaratory relief action cannot be filed if it means that the insurer has abandoned, compromised or rejected the insured's claim, presumably a claim for overlimits bad faith. *Atlas Assur. Co. v. LTD McCombs* (1983) 146 Cal.App.3d 135, 150. Here, Progressive has rejected Tran's demand.

Arrellano would have the same defenses and documentation of Progressive's bad faith refusal to tender his policy limits as Tran.

Therefore, while Arrellano would remain as a defendant, Tran would carry the defense of this action and raise all appropriate defenses to Progressive's claims.

    F.    <u>This Court Should Appoint Counsel for Arrellano; Alternatively, This Court Should Order Progressive to Pay for Arrellano's Defense, Or Request Tran's Counsel to Obtain a Civil Attorney for Arrellano</u>

District courts have discretionary power to appoint counsel for persons unable to

pay for private attorney in both criminal and civil cases. *Vicet v. I.N.S.* (1990) 757 F.Supp. 646.

Moreover, " 28 U.S.C. § 1915, by its terms, authorizes the appointment of counsel in civil actions." *U. S. ex rel. Gardner v. Madden* (9th Cir. 1965) 352 F.2d 792, 793.

Here, Progressive sues its own insured, an incarcerated indigent, and refuses to pay for his defense, thereby forcing him to default. At the same time, Arrellano's State Action attorney abandons him and permits him to default.

Additionally, "The insurers' obligations are ... rooted in their status as purveyors of a vital service labeled quasi-public in nature. Suppliers of services affected with a public interest must take the public's interest seriously, where necessary placing it before their interest in maximizing gains and limiting disbursements ... (A)s a supplier of a public service ... the obligations of insurers go beyond meeting reasonable expectations of coverage. The obligations of good faith and fair dealing encompass qualities of decency and humanity inherent in the responsibilities of a fiduciary. Insurers hold themselves out as fiduciaries, and with the public's trust must go private responsibility consonant with that trust." *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 820.

Hence, this Court may exercise its discretion to appoint civil counsel for Arrellano.

Alternatively, this Court may request Tran's Counsel to locate a civil attorney for Arrellano. Tran's counsel will undertake such a duty for Arrellano.

G.  <u>There Is A Conflict of Interest Between Arrellano's State Action Lawyers and Chili's Restaurant Which May be the Reason Arrellano's Lawyers Are Not Representing Arrellano In This Matter And Permitted His Default to Be Taken</u>

It is Tran's position that Arrellano's Progressive paid lawyers, Winet, Patrick & Weaver, are in collusion with both Progressive and Chili's Restaurant's insurance carrier. Winet, Patrick & Weaver also represent Chili's insurance carrier..

Arrellano testified that Winet, Patrick & Weaver told Arrellano that Winet, Patrick & Weaver also represents Chili's Restaurant's insurance carrier in other cases. Exhibit 1,

Oct. 3, 2007 Deposition Transcript of Leonel Arellano, p. 92, lns. 8-25, p. 93, lns. 1-15.

Chili's Restaurant is a defendant in the State Action. If Progressive, in collusion with Winet, Patrick & Weaver, can deny Arrellano the opportunity to defend himself in this federal action and take his default, then Progressive will be found to not have any extra-contractual liability to Arrellano which may be assigned to Tran.

Similarly, Winet, Patrick & Weaver gets to protect Chili's by having Arrellano take the blame for the entire accident.

This is evidenced by the fact that Chili's Restaurant propounded Requests for Admissions upon Arrellano which ask for legal conclusions and are compound. Exhibit 2, Chili's Restaurant's Requests for Admissions (Set Two) Propounded upon Leonel Arrellano. Despite the objectionable nature of Chili's discovery, Winet, Patrick & Weaver had Arrellano admit to the legal conclusions, without objections, within 12 calender days of them being mailed instead of the allowable 35 days. Exhibit 3, Leonel Arrellano's Responses to Chili's Requests for Admissions, (Set Two). This is so that Chili's Restaurant may file a Motion for Summary Judgment in the San Diego Superior Court using Arrellano's admissions as the basis for its argument that Chili's is not liable as a matter of law. Two days after Chili's Restaurant received Arrellano's Admissions, it filed a Motion for Summary judgment using Arrellano's Admissions as the basis for its arguments. Decl. of Joseph Di Monda. One would think if Chili's could draft a MSJ that fast it had advance knowledge of what Arrellano's lawyer would have him admit.

This would leave Arrellano with just a $15,000 insurance policy and no contribution from Chili's Restaurant. It is Tran's position that this Notice of Entry of Default, is just part of the scheme by Progressive, Chili's Restaurant's insurance carrier and Winet, Patrick & Weaver to have Arrellano take responsibility for the entire judgment.

**III.   PROGRESSIVE'S NOTICE OF ENTRY OF DEFAULT IS A BLATANT ATTEMPT TO DIVEST THIS COURT OF ITS RIGHT AND OBLIGATION TO RULE ON TRAN'S MOTION TO DISMISS PROGRESSIVE'S COMPLAINT**

1  In response to Progressive's Complaint, Tran filed a Motion to Dismiss. While this
2  Court ponders the parties arguments with respect to diversity jurisdiction, Progressive
3  takes Arrellano's default, thereby attempting to divest this Court of deciding the matter
4  and permitting Progressive to subsequently argue that since Arrellano defaulted, there is
5  no need for this Court to rule on Tran's motion to dismiss.

6  While Progressive's scheme is intriguing, it permits Progressive to benefit from a
7  situation it created. To wit, Progressive set up a no-lose situation for itself. It knows
8  Arrellano cannot defend itself, it knows Arrellano has no money, it refuses to pay
9  Arrellano's State Action lawyer to defend him, it knows it committed bad faith, so it files a
10 sham federal complaint and instead of waiting for this Court to decide the jurisdictional
11 issues, it takes its own insured's default. Thereby attempting to render the State bad faith
12 action against it moot.

13 No court should let a scheme like that stand.

**IV.   CONCLUSION**

15 For the above stated reasons, Tran requests that this motion to set aside the Notice
16 of Entry of Default be granted.

18 April 9, 2008

19                                                                  ANGELO & DI MONDA, LLP

21                                                                             S/Signature
                                                                             Joseph Di Monda
22                                                                          Attorneys for Bun Tran

**DECLARATION OF CHRISTOPHER E. ANGELO, ESQ.**

I, Christopher E. Angelo, declare,

1. I am over the age of 18 years, I have personal knowledge of the facts stated herein and if called as a witness I would and could competently testify as follows;

2. I am an attorney at law duly admitted to practice before all the courts of the State of California, the United States District Court for the Southern District of California and the Court of Appeals for the Ninth Circuit and the attorney of record herein for defendant Bun Bun Tran ("TRAN") and make this declaration in support of the motion to set aside the default of Leonel Arrellano.

3. Defendant Leonel Arrellano is an indigent illegal alien who does not speak, read or understand English. An interpreter had to be used to conduct his deposition.

4. As a result of the automobile accident with Arrellano, Tran filed a personal injury lawsuit against Arrellano, Chili's Restaurant and other third parties in San Diego Superior Court, Case number 37-2007-00065432-CU-PA-CTL, Department C-62, the Honorable Ronald L. Styn, Judge.

5. I have been negotiating with Randy Winet, Arrellano's State Action attorney for an assignment of Arrellano's bad faith rights against Progressive arising out of Progressive's failure to settle Tran's claim for Arrellano's policy limits.

6. As a defense to this action, if it is not dismissed, Tran would raise the fact that Progressive had the opportunity to settle this matter for the $15,000 policy limits and refused.

7. Tran would present evidence in the form of letters to Progressive asking it to tender Arrellano's $15,000 liability policy along with letters from Progressive wherein Progressive refused to tender Arrellano's policy limits.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 9, 2008, at Manhattan Beach California.

                                                                  S/Signature
                                                                 Christopher E. Angelo

**DECLARATION OF JOSEPH DI MONDA, ESQ,**

I, Joseph Di Monda, declare,

1. I am over the age of 18 years, I have personal knowledge of the facts stated herein and if called as a witness I would and could competently testify as follows;
2. I am an attorney at law duly admitted to practice before all the courts of the State of California, the United States District Court for the Southern District of California and the Court of Appeals for the Ninth Circuit and the attorney of record herein for defendant Bun Bun Tran ("TRAN") and make this declaration in support of the motion to set aside the Notice of Entry of Default of Leonel Arrellano.
3. On April 8, 2008, I spoke to Randy Winet of Winet, Patrick & Weaver. They represent Arrellano in the State Action.
4. Randy Winet told me that he is aware of this federal lawsuit for declaratory relief, and has requested that Progressive West Insurance Company pay him to defend Arrellano.
5. Randy Winet told me that Progressive has refused to pay for Arrellano's defense costs in this federal action.
6. Two days after Chili's Restaurant received Arrellano's Admissions, it filed a Motion for Summary judgment using Arrellano's Admissions as the basis for its arguments.
7. Exhibit 1 is a true and correct copy of the relevant pages of the Deposition Transcript of Leonel Arrellano.
8. Exhibit 2 is a true and correct copy of Chili's Restaurant's Requests for Admissions (Set Two) Propounded upon Leonel Arrellano.
9. Exhibit 3 is a true and correct copy of Exhibit 3, Leonel Arrellano's Responses to Chili's Requests for Admissions, (Set Two)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 9, 2008, at Manhattan Beach California.

                                                                        S/Signature

                                                                        Joseph Di Monda

1  PROOF OF SERVICE

2  STATE OF CALIFORNIA

3  COUNTY OF LOS ANGELES

4       I am a resident of the aforesaid county. I am over the age of eighteen years and not a party to the within action; my address is 1721 N. Sepulveda Blvd., Manhattan Beach, California 90266.

     On **April 10, 2008**, I served the foregoing document(s) described as **\*\*\*** on the interested parties in this action, by placing the original/true copies thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

__    I caused such envelope/package containing the document(s) to be delivered by hand to the offices of the addressee(s).

 X    The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

__    I deposited the above document(s) for facsimile transmission in accordance with the office practice of Angelo & Di Monda for collecting and processing facsimiles. I am familiar with the office practice of Angelo & Di Monda for collecting, processing, and transmitting facsimiles. The facsimile of the above document(s) was transmitted to the interested parties on the attached service list:

Executed on **April 10, 2008**, at Manhattan Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                        S/Signature
                                        _____
                                        Joseph Di Monda

<u>Service List</u>

ROBIE & MATTHAI
James R. Robie
500 South Grand Avenue
15th Floor
Los Angeles, CA 90071