1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10  PROGRESSIVE WEST INSURANCE        )   Civil No. 07cv1999 JAH(POR)
    COMPANY, an Ohio corporation,     )
11                                     )   **ORDER GRANTING**
                        Plaintiff,     )   **DEFENDANT'S MOTION TO**
12  v.                                 )   **DISMISS FOR LACK OF SUBJECT**
                                       )   **MATTER JURISDICTION**
13  BUN BUN TRAN, LEONEL               )   [DOCS. # 4, 5]
    ARRELLANO,                         )
14                                     )
                        Defendants.    )
15  _____ )

16                             **INTRODUCTION**

17          Now pending before the Court is the motion filed by defendant Bun Bun Tran

18  ("defendant" or "Tran") to dismiss the instant complaint for lack of subject matter

19  jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.   The

20  motion has been fully briefed by the parties.  After a careful consideration of the pleadings

21  and relevant exhibits submitted by the parties, and for the reasons set forth below, this

22  Court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction and

23  DISMISSES the instant complaint without prejudice in its entirety.

24                             **BACKGROUND**

25          This case stems from a catastrophic automobile accident that occurred on

26  November 18, 2006, between Tran and defendant Leonel Arrellano ("Arrellano"). Compl.

27  ¶ 7.  Plaintiff Progressive West Insurance Company ("plaintiff" or "Progressive") insured

28  Arrellano under an automobile policy with a bodily injury liability limit of $15,000.  Id.

¶ 6. Arrellano was the driver of a vehicle that collided with Tran's vehicle causing serious head injuries to Tran leaving him comatose. Id. ¶¶ 9, 10. Arrellano, later found to be at fault, was subsequently arrested for driving under the influence of alcohol, driving without a license and leaving the scene of an accident. Id. ¶ 12. After a guilty plea, Arrellano was sentenced to six years custody. Id. Tran, through his guardian *ad litem*, filed a complaint in the San Diego County Superior Court on May 8, 2007, alleging causes of action for negligence and negligence *per se* against Arrellano, Patricia Cole, Chili's Restaurants and the City of San Diego. Id. ¶ 19; Di Monda Decl. ¶ 7. Progressive is not a party to the state court suit.

Progressive filed the instant complaint in this Court on October 16, 2007, seeking declaratory relief pursuant to the Declaratory Judgment Act, *see* 28 U.S.C. § 2201, in the form of a declaration as to the respective rights and duties of the parties involved under the automobile insurance policy issued to Arrellano. Defendant filed the instant motion to dismiss on November 28, 2007 and an amended motion on November 30, 2007. *See* Docs. # 4, 5. Progressive's opposition to the motion was filed on December 27, 2007. Doc. # 6. Defendant's reply brief was filed on January 2, 2008. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

Defendant moves to dismiss the instant complaint in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that plaintiff cannot meet the $75,000 jurisdictional threshold for diversity jurisdiction.[1] *See* Doc. # 5 at 5.

---

[1] Although defendant also initially moves to dismiss on the grounds that the issues presented are not ripe for review because there has not been any determination of damages owed by any party, *see* Doc. # 5 at 4, plaintiff correctly points out that the Declaratory Judgment Act "allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen." Doc. # 6 at 2-3. In reply, defendant does not appear to disagree with plaintiff's position, but instead focuses on his arguments concerning the jurisdictional amount in controversy. *See* Doc. # 7. However, because this Court ultimately finds that subject matter jurisdiction is lacking, this Court does not reach this issue.

07cv1999

1    **1.     Legal Standard**

2          The federal court is one of limited jurisdiction.  *See* Gould v. Mutual Life Ins. Co.

3    v. New York, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of

4    any dispute until it confirms its own subject matter jurisdiction.  Steel Co. v. Citizens for

5    a Better Environ., 118 S.Ct. 1003, 1012 (1998).  "Jurisdiction is power to declare the law,

6    and when it ceases to exist, the only function remaining to the court is that of announcing

7    the fact and dismissing the cause."  Id. (quoting Ex parte McCardle, 74 U.S. (7 Wall.)

8    506, 614 (1868)).  Under Rule 12(b)(1), a defendant may seek to dismiss a complaint for

9    "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  When considering

10   a Rule 12(b)(1) motion to dismiss, the district court "is free to hear evidence regarding

11   jurisdiction and to rule on that issue prior to trial, resolving factual disputes where

12   necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  "In such

13   circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the

14   existence of disputed facts will not preclude the trial court from evaluating for itself the

15   merits of jurisdictional claims.'"  Id. (quoting Thornhill Publishing Co. v. General

16   Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)).  Plaintiff, as the party

17   seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See*

18   Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

19          "[T]he Declaratory Judgment Act is not a jurisdictional statute" and "does not create

20   subject matter jurisdiction where none otherwise exists."  Jarrett v. Resor, 426 F.2d 213,

21   216 (9th Cir. 1970).  Thus, the basis for federal jurisdiction in a declaratory relief action

22   must be independent of the Declaratory Relief Act. *See* Stock West, Inc. v. Confederated

23   Tribes of Colville Reservations, 873 F.2d 1221, 1225 (9th Cir. 1989).  Here, plaintiff

24   alleges jurisdiction based solely on diversity.  *See* Compl. ¶ 4.  To establish diversity

25   jurisdiction, there must be:  (1) complete diversity among opposing parties; and (2) an

26   amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).  In declaratory relief

27   actions, "the amount in controversy is measured by the value of the object of the

28   litigation" and dismissal is appropriate only if it appears to a "legal certainty" that the

1    jurisdictional amount is not met.  Hunt v. Washington State Apple Adver. Comm'n, 432

2    U.S. 333, 346-48 (1977); Cohn v. Petsmart, Inc., 282 F.3d 837, 840 (9th Cir. 2002).  It

3    is well settled that the amount in controversy is determined at the time the complaint is

4    filed.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

5    **2.    Analysis**

6        In support of his contention that the jurisdictional amount in controversy has not

7    been met, defendant points out that the $75,000 diversity jurisdiction threshold exceeds

8    Progressive's contractual liability under the $15,000 policy issued to Arrellano.  Doc. # 5

9    at 5.  Defendant argues that plaintiff seeks to improperly include its potential liability in

10   the amount in controversy calculation.  Id. at 5-6.  Thus, defendant contends that any

11   liability above Progressive's $15,000 policy limits is too speculative and, therefore, plaintiff

12   "cannot show to a legal certainty what its financial exposure may be when the lawsuit is

13   adjudicated."  Id. at 6.

14       Plaintiff contends that the jurisdictional threshold has been met here because there

15   is a potential for liability well exceeding $75,000.  *See* Doc. # 6 at 7.  Plaintiff claims that

16   Tran's underlying claim against Arrellano, which was valued in excess of $700,000 as of

17   January 26, 2007 and is expected to "reach tens of millions of dollars," id. at 8 (quoting

18   Doc. # 5 at 3), is the proper measure of the jurisdictional amount in controversy because

19   that amount is Progressive's potential liability in Tran's future claim against it.[2]  Id.

20   Plaintiff explains that the purpose of the instant lawsuit is simply to obtain a

21   determination as to whether a letter sent by Tran's counsel to Progressive constitutes a

22   "legally cognizable 'policy limits demand.'"  Id. at 9.  According to plaintiff, if the letter is

23   found not to be such a demand, then plaintiff's "indemnity obligation [will] still [be]

24   defined by the stated $15,000 limits under the policy."  Id.

25       This Court is unconvinced that inclusion of potential liability based on a possible

26

27       [2] Plaintiff's complaint alleges that Tran's attorney "intends to obtain a judgment against Mr.
     Arrellano and then sue Progressive on behalf of Mr. Tran for breach of contract and breach of the implied
28   covenant of good faith and fair dealing for failure to settle Mr. Tran's claim within policy limits" and "has
     accused Progressive of misconduct and claims Progressive's failure to accept [the] January 26, 2007 policy
     limits demand has eliminated the stated limits of the policy."  Compl. ¶¶ 20, 21.

07cv1999

1   future lawsuit that may or may not be filed by Tran's counsel is an appropriate measure
2   of the amount in controversy for diversity jurisdiction to exist here.   At the time the
3   instant lawsuit was filed, Progressive's liability under the policy issued to Arrellano was
4   capped at the policy limits of $15,000.  In fact, the relief plaintiff is seeking in the instant
5   complaint is a declaration that its liability is also capped at that amount.  This Court finds
6   that plaintiff cannot meet its burden of demonstrating that the amount in controversy in
7   this case exceeds the $75,000 threshold required at the time the lawsuit was filed because
8   the policy at bar limits liability to $15,000 and there is only a potential that Progressive's
9   liability might exceed that limit.  *See* Kokkonen, 511 U.S. at 377.  Therefore, this Court
10  finds dismissal is appropriate because it appears to a "legal certainty" that the
11  jurisdictional amount cannot be met.   Hunt, 432 U.S. at 346-48.   Accordingly,
12  defendant's motion to dismiss for lack of subject matter jurisdiction [docs. # 4, 5] is
13  **GRANTED** and the instant complaint is **DISMISSED WITHOUT PREJUDICE in its**
14  **entirety** for lack of subject matter jurisdiction.

15

16  Dated:      April 28, 2008

17  _____

18  JOHN A. HOUSTON
    United States District Judge

19

20

21

22

23

24

25

26

27

28