**LIST OF EXHIBITS**

1.    Exhibit 1, attached hereto is a true and correct copy of Arrellano's Arrest Report from the November 18, 2006 accident with Tran.

2.    Exhibit 2, attached hereto is a true and correct copy of the San Diego Superior Court Complaint for damages against Arrellano et al.

3.    Exhibit 3, attached hereto is a true and correct copy of a January 26, 2007 letter from Tran's prior counsel, Anh Q.D. Nguyen to Progressive demanding Arrellano's Policy limits. Said letter is attached to the Declaration of Anh Q.D. Nguyen.

4.    Exhibit 4, attached hereto is a true and correct copy of a February 2,2007 letter from Progressive to Anh Q.D. Nguyen purporting to be an acceptance of Tran's demands for Arrellano's policy limits. Said letter is attached to the Declaration of Anh Q.D. Nguyen.

5.    Exhibit 5, attached hereto is a true and correct copy of a March 2, 2007 letter from Progressive to Anh Q.D. Nguyen rejecting Tran's policy limit demand. Said letter is attached to the Declaration of Anh Q.D. Nguyen.

6.    Exhibit 6, attached hereto is a true and correct copy of a March 15, 2007 letter from Progressive to Anh Q.D. Nguyen rejecting Tran's policy limit demand. Said letter is attached to the Declaration of Anh Q.D. Nguyen.

7.    Exhibit 7, attached hereto is a true and correct copy of the Proof of Service of the Federal Complaint on Tran's guardian ad litem, showing substituted service on a Julia Abastillas, co-tenant.

8.    Exhibit 8, attached hereto is a true and correct copy of a May 7, 2008 letter from the law firm of Winet, Patrick & Weaver stating that Progressive refused to pay for Arrellano's defense in this Federal Action.

9.    Exhibit 9, attached hereto is a true and correct copy of a November 28, 2007 letter from Angelo & Di Monda, LLP, wherein Christopher E. Angelo offers to obtain independent legal counsel for Arrellano.

10.  Exhibit 10, attached hereto is a true and correct copy of a November 30, 2007 letter from Randy Winet instructing Angelo & Di Monda, or anyone else, to not contact Arrellano for any reason.

11.  Exhibit 11, attached hereto is a true and correct copy of a April 18, 2008 letter from Randy Winet wherein Mr. Winet states that his law firm also represents AIG Insurance Company.

12.  Exhibit 12, attached hereto is a true and correct copy of the Ronald P. Funnel declaration submitted to this Court in support of Progressive's Application for default judgment against Arrellano, wherein Mr. Funnel provides this Court with only part of the documentary evidence related to Tran's policy limit demand on Progressive and Progressive's response.

13.  Exhibit 13, attached hereto is a true and correct copy of a March 14, 2007 letter from Anh Q.D. Nguyen to Progressive.  Said letter is attached to the Declaration of Anh Q.D. Nguyen.


May _____, 2008

                              ANGELO & DI MONDA, LLP

                              _____
                                   S/Joseph Di Monda
                                   Joseph Di Monda
                                   Attorneys fro Bun Tran

Anh Q. D. Nguyen, SBN: 176255
Law Offices of Anh Q. D. Nguyen & Associates
15622 Brookhurst Street
Westminster, CA 92683
(714) 531-8181 [TEL]
(714) 531-9397 [FAX]

Attorneys for Defendant:
BUN BUN TRAN

UNITED STATES DISTRICT COURT

FOR THE SOUNTHERN DISTRICT OF CALIFORNIA

PROGRESSIVE WEST INSURANCE
COMPANY, an Ohio corporation,

        Plaintiff(s),

   vs.

BUN BUN TRAN, ARRELLANO,

      Defendants.

Case No.: 07-CV1999
JAH(POR)

DECLARATION OF ANH Q. D.
NGUYEN RE DEFENDANT BUN BUN
TRAN'S OPPOSITION TO
PLAINTIFF'S APPLICATION TO
ENTER DEFAULT AGAINST
LEONEL ARRELLANO

Time: 2:30 p.m.
Date: June 2, 2008
Ctrm: 11
      880 Front Street
      San Diego, CA 92101

TO THE COURT:

    I, Anh Q. D. Nguyen, declare as follows:

    I am an attorney at law duly admitted to practice as such before all Courts of the State of California and am a principle in the law firm of ANH Q. D. NGUYEN & ASSOCIATES, attorneys of record for Plaintiff BUN BUN TRAN in this matter. If called as a witness, I could and would competently testify to the following facts of my own personal knowledge.

    1.   On January 22, 2007, I was representing Bun Bun Tran by and through his mother and also his guardian, Le Thi Nguyen;

and Le Thi Nguyen signed a retainer on the behalf of Bun Bun Tran on January 22, 2007;

2.   On January 26, 2007, I sent a policy limit demand to Progressive Insurance Company after I was retained by Le Thi Nguyen to represent Bun Bun Tran's interest as a result of the accident of November 18, 2006.  Attached as Exhibit "1";

3.   My Exhibit "1" letter has conditions incorporated in it;

4.   In response to my Exhibit "1" letter, Progressive Insurance Company sent to me its letter of February 02, 2007.  A true copy of that letter is attached as Exhibit "2";

5.   As the Court can see, Progressive Insurance Company's Exhibit "2" letter is a counter-offer, not an acceptance of my Exhibit "1" offer because Progressive Insurance Company's Exhibit "2" letter never addresses my Exhibit "1" conditions;

6.   Shortly thereafter, Progressive Insurance Company withdrew its Exhibit "2" counter-offer in the form of March 02, 2007 letter, a true and correct copy of which is attached hereto as Exhibit "3".  As the Court can see, this Exhibit "3" letter expressly withdraws Progressive Insurance Company's earlier $15,000.00 unconditional counter-offer;

7.   In response to Progressive Insurance Company's letter dated March 02, 2007 (Exhibit "3"), on March 14, 2007, I sent by mail and fax another letter to Progressive Insurance Company. A true copy of that letter is attached as Exhibit "4";

8.   Shortly thereafter, Progressive Insurance Company sent another letter dated March 15, 2007, in which it again acknowledges that it rejected my conditional policy limit letter

---

DECLARATION OF ANH Q.D. NGUYEN

2

1  (Exhibit "1") by way of making its own new March 15, 2007
2  counter-offer.  A true and correct copy of which is attached
3  hereto as Exhibit "5"
4      9.   At no time before even today has Progressive Insurance
5  Company ever responded orally or in writing to my Exhibit "1"
6  policy limit letter.
7      10.  I declare under the penalty of perjury under the laws
8  of California that the above statements are truthful and correct
9  to the best of my knowledge.

                              Respectfully Submitted

Dated: 4/25/2008          ANH Q. D. NGUYEN & ASSOCIATES

                          BY: _____
                              ANH Q. D. NGUYEN
                              Attorneys for Plaintiff
                              BUN BUN TRAN, By and Through
                              his Guardian Ad Litem, LE THI
                              NGUYEN

EXHIBIT 1

LAW OFFICES OF
# ANH QUOC DUY NGUYEN & ASSOCIATES

Branch Offices:

SAN GABRIEL
1015 E. LAS TUNAS DRIVE
SAN GABRIEL, CA 91776
PHONE: (626) 286-2239

SAN DIEGO
4745 EL CAJON BLVD., SUITE 101
SAN DIEGO, CA 92126
PHONE: (619) 284-0800

15622 BROOKHURST STREET
WESTMINSTER, CALIFORNIA 92683

PHONE: (714) 531-8181
FAX: (714) 531-9397

RESPOND TO:

■ WESTMINSTER OFFICE

☐ SAN GABRIEL OFFICE

☐ SAN DIEGO

January 26, 2007

Tiara Foster, Claims Representative
Progressive Insurance Company
6131 Orangethorpe Avenue, Suite 300
Buena Park, CA 90620
714.736.6300 general phone
714.736.6321 direct
714.736.6308 fax

<u>Via Certified Mail with Return Receipt
and Fax to: (714)736-6308</u>

| | | |
|---|---|---|
| Re: | My Client: | Bun Bun Tran |
| | Your Insured/Defendant: | Leonel Arrellano |
| | Date of Accident: | November 18, 2006 |
| | Your Claim No.: | 060409287 |

Dear Ms. Foster:

Please be advised that I represent Bun Bun Tran, who was seriously injured because of your insured running a stop sign. Thereafter, your insured fled from the scene. He has been arrested and is currently awaiting a criminal hearing in February of this year. My client has been hospitalized at UC San Diego, Floor 8 East, Room 812A, in a comatose condition since November 18, 2006. I understand that you have learned about his condition and the facts behind this accident from Esurance, the auto insurance company of Bun Bun Tran. You therefore know that the medical expenses are approaching $700,000 and Progressive has insufficient amounts of liability insurance.

My client is represented by his mother/guardian, Le Thi Nguyen. My client is hereby willing to be responsible for any and all medical and other liens so long as Progressive tenders all of its liability limits within 15 days from the date of this letter subject to the further condition precedent of convincing me that there are no other responsible parties, whether insured or not, causing this accident. If I am convinced, I will state as much in a letter. If I am not convinced, I will never state as much in a letter and there will be no settlement. Please also tell me, since it may bear on settlement, whether or not your insured received liquor at a Chili's restaurant shortly before the accident, and if so, which Chili's restaurant. We understand that Chili's was your insured's employer at the time of the accident.

Very truly yours,

Anh Q. D. Nguyen

EXHIBIT 2

**PROGRESSIVE**

Claims Office
6131 Orangethorpe Ave. Ste 300
Buena Park, CA 90620
Telephone: 714-736-6300
Facsimile: 714-736-6308

Underwritten by:   **Progressive West Insurance
Company**

Claim number:      060409287
Date of loss:      11/18/2006
Today's date:      02/02/2007

Law Offices Of Anh Q.D. Nguyen & Assoc
Attn: Anh Nguyen
15622 Brookhurst Street
Westminster, CA 92683

Your Client:              Bun Bun Tran

Dear Mr. Nguyen:

This will confirm our offer of $15000 to settle your client's claim. Please be advised that this offer
represents the policy limit. For your review, we have enclosed a copy of the declaration page.

You requested information regarding our insured's relationship with Chili's Restaurant and if he was
served alcohol at this location. Unfortunately, we have not been able to locate our insured; therefore,
we do not have a recorded statement from our insured regarding the facts of this loss.

Please convey this offer to your client(s) and advise me of the decision at your earliest convenience.

Please feel free to call with any questions or concerns.

Sincerely,

Tiara R Foster,   Ext.6321
Claims Specialist

tiara_r_foster@progressive.com

TXF/tf

NEW CHOICE INS SRVCS
1510-C SWEETWATER RD
NATIONAL CITY, CA 91950



**Policy number:  16558999-1**
Underwritten by:
Progressive West Insurance Company
November 1, 2006
Policy Period: Nov 30, 2006 - May 30, 2007
Page 1 of 2

LEONEL ARELLANO
4128 WABASH AVE #18
SAN DIEGO, CA 92104

**619-477-8523**
**NEW CHOICE INS SRVCS**
Contact your agent for personalized service.

# Auto Insurance
# Coverage Summary
## This is your Renewal
## Declarations Page

**driveinsurance.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**800-925-2886**
To report a claim.

The coverages, limits and policy period shown apply only if you pay for this policy to renew

Your coverage begins on November 30, 2006 at 12:01 a.m. This policy expires on May 30, 2007 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy contract is
form 9610A CA (11/05). The contract is modified by form 2080 CA (11/05).

## Underwriting Company

Progressive West Insurance Company

## Drivers and household residents

| | Years Licensed | Years Experienced | Marital Status |
|---|---|---|---|
| LEONEL ARELLANO | 00 | 06 | Married |
| Additional Information: | Named insured | | |
| FELIXA ARELLANO | 00 | 00 | Married |
| Additional Information: | excluded driver | | |

## Important information regarding excluded drivers

This policy provides no coverage for any claim arising from an accident or loss involving a motorized vehicle being
operated by any person shown as an excluded driver on this Auto insurance coverage summary (declarations page).

## Outline of coverage

**2000 Ford F150 4C**
VIN: 1FTRX18L4YKA65960      Garaging zip code: 92104      Annual miles: 08500      Vehicle user: Pleasure

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $350 |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $10,000 each accident | | |
| Uninsured/Underinsured Motorist | Rejected | | -- |
| Comprehensive | Actual Cash Value | $500 | 135 |
| Collision | Actual Cash Value | $500 | 284 |
| **Subtotal policy premium** | | | **$769.00** |
| Anti-Fraud fee | | | 0.90 |
| **Total 6 month policy premium** | | | **$769.90** |

Form 6489  CA (11/05)


Continued



Policy number  165589991
LEONEL ARELLANO
Page 2 of 7

## Lienholder information

Lienholder:                    CREDIT ONE
2333 N BROADWAY STE 130 SANTA ANA, CA 92076
2000 Ford F150 4C  (1FTRX18L4YKA59960)

## Your Right to Advance Notice of Renewal

California law requires insurers to provide either an offer to renew at least 20 days before policy expiration or a written notice of nonrenewal at least 30 days before expiration. If we fail to give this offer or notice in the specified timeframes listed above, the existing policy with no changes in its terms and conditions, will remain in effect for 30 days from the date that either the offer to renew or the notice of nonrenewal is mailed to you. However, your policy shall terminate on the effective date of any other replacement or succeeding automobile insurance policy with respect to any automobile designated in both policies, even if you do not receive a timely offer to renew or notice of nonrenewal.

## Company officers

President                                Secretary

Form 6489  Ca (1) 7-05

E-Copy

EXHIBIT 3



Claims Office
1455 Frazee Rd.  Suite 200
San Diego, CA  92108
Telephone:  408-281-5100
Facsimile:  408-224-5007

Underwritten by:   **Progressive West Insurance Company**

Claim number:     060409287
Date of loss:     11/18/2006
Today's date:     03/02/2007


Law Offices Of Anh Q.D. Nguyen & Assoc
Attn: Anh Nguyen
15622 Brookhurst Street
Westminster, CA  92683

Your Client:          Bun Tran


We wish to acknowledge receipt of the information/documentation which you have provided in reference to the above captioned claim.  In our effort to investigate and evaluate this claim, we will need additional time to make a final determination.  Please note the reason(s) listed for additional time: We are waiting for a demand from the City of San Diego for their property damage.

A determination on your claim cannot be made until the following event, process, or determination is made:  The City of San Diego must send their demand for property damage.   We will be in contact with you to advise you of the progress of our investigation.

In the interim, if you have any questions or other information that has relevance to our consideration of your claim, please contact the undersigned.

Sincerely,


Kendra R Turner,   Ext.3329
Claims Representative

kendra_turner@progressive.com

KRT/kt

EXHIBIT 4

LAW OFFICES OF

# ANH QUOC DUY NGUYEN & ASSOCIATES

Branch Offices:

1015 E. LAS TUNAS DR.
SAN GABRIEL, CA. 91776
PHONE: (626) 286-2239

4745 EL CAJON BLVD.
SUITE 101
SAN DIEGO, CA. 92115
PHONE: (619) 284-0800

15622 BROOKHURST STREET
WESTMINSTER, CA 92683

PHONE: (714) 531-8181
FAX: (714) 531-9397

ANH Q.D. NGUYEN

March 14, 2007

Kendra R. Turner, Claims Representative
Progressive West Insurance Company
1455 Frazee Road, Suite 200
San Diego, CA 92108
408.281.5100 x3329
408.224.5007 fax
kendra_turner@progressive.com

      Re:    My Client:       Bun Bun Tran
              Your Claim No.   060409287
              Date of Loss:    November 18, 2006
              Your Insured:    Leonel Arrellano

Dear Ms. Turner:

I have received your March 2, 2007 letter, which I must reject in its entirety. Firstly, you have never asked for an extension to my previous policy limits offers nor have you asked in your March 2, 2007 letter for a reinstatement of any policy limits settlement offer on behalf of my client from my office.

Your March 2, 2007 letter merely states that you are just now making an "effort to investigate and evaluate this claim." You also admit in this letter that you are "waiting for a demand from the City of San Diego for their property damage." When did you first become aware of any potential claim against your insured by the City of San Diego? Was it after a governmental tort claim was made against the City of San Diego? Have you also become aware, through the City of San Diego, of a criminal prosecution against Leonel Arrellano in which he has pled guilty and where he remains incarcerated? When did you first make an effort to obtain a police report for this accident? Enclosed is an extra copy of the police report, which my office obtained but which you never requested or discussed. How is it that you must still "investigate and evaluate"? How is it that my client is supposed to wait around for you to determine when it is convenient to advise us "of the progress of [your] investigation?"

As to the last paragraph of your March 2, 2007 letter, my above questions and enclosed police report is in response to your letter statement: "If you have any questions or other information that

has relevance to our consideration of your claim, please contact the undersigned." Please limit all of your future communications with my office to letter form. I sadly regret the arrogant and dismissive nature of your March 2, 2007 letter. The City of San Diego's alleged property damage claim could have been paid out of the money received from the Victims of Crime Fund. Your company's typical inability to communicate, except through form letters, has resulted in your insured remaining as a defendant in larger litigation. My office would have dismissed all claims against the world had Progressive West Insurance Company only been prompt, timely and polite.

Very truly yours,

Anh Q. D. Nguyen

Enclosure:    Copy of Traffic Collision Report

EXHIBIT 5

**PROGRESSIVE**

6131 Orangethorpe Ave, Buena Park, Ste. 310
Buena Park, CA 90620
(714) 736-6300
facsimile (714) 690-9730

progressive.com

March 15, 2007


Law Offices of Anh Q.D. Nguyen & Associates
15622 Brookhurst Street
Westminster, CA 92683

Attention:  Anh Nguyen, Esq.

| | | |
|---|---|---|
| Claim Number | : | 060409287 |
| Date of Loss | : | November 18, 2006 |
| Your Client | : | Tran, Bun |

Dear Mr. Nguyen:

We are unable to accept or deny your client's claim until we receive the following information:

1. The status regarding our offer in the amount of $15,000 (policy limits offer) to resolve your client's pending Bodily Injury claim.

Please furnish the requested items to our office immediately.  Should you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

Tiara Foster
Claims Specialist Senior
On Behalf of Progressive West Insurance Company
(714) 736-6321
email: tiara_r_foster@progressive.com

TF/clf

## LIST OF EXHIBITS

1. Exhibit 1, attached hereto is a true and correct copy of Arrellano's Arrest Report from the November 18, 2006 accident with Tran.

2. Exhibit 2, attached hereto is a true and correct copy of the San Diego Superior Court Complaint for damages against Arrellano et al.

3. Exhibit 3, attached hereto is a true and correct copy of a January 26, 2007 letter from Tran's prior counsel, Anh Q.D. Nguyen to Progressive demanding Arrellano's Policy limits. Said letter is attached to the Declaration of Anh Q.D. Nguyen.

4. Exhibit 4, attached hereto is a true and correct copy of a February 2,2007 letter from Progressive to Anh Q.D. Nguyen purporting to be an acceptance of Tran's demands for Arrellano's policy limits. Said letter is attached to the Declaration of Anh Q.D. Nguyen.

5. Exhibit 5, attached hereto is a true and correct copy of a March 2, 2007 letter from Progressive to Anh Q.D. Nguyen rejecting Tran's policy limit demand. Said letter is attached to the Declaration of Anh Q.D. Nguyen.

6. Exhibit 6, attached hereto is a true and correct copy of a March 15, 2007 letter from Progressive to Anh Q.D. Nguyen rejecting Tran's policy limit demand. Said letter is attached to the Declaration of Anh Q.D. Nguyen.

7. Exhibit 7, attached hereto is a true and correct copy of the Proof of Service of the Federal Complaint on Tran's guardian ad litem, showing substituted service on a Julia Abastillas, co-tenant.

8. Exhibit 8, attached hereto is a true and correct copy of a May 7, 2008 letter from the law firm of Winet, Patrick & Weaver stating that Progressive refused to pay for Arrellano's defense in this Federal Action.

9. Exhibit 9, attached hereto is a true and correct copy of a November 28, 2007 letter from Angelo & Di Monda, LLP, wherein Christopher E. Angelo offers to obtain independent legal counsel for Arrellano.

10.     Exhibit 10, attached hereto is a true and correct copy of a November 30, 2007 letter from Randy Winet instructing Angelo & Di Monda, or anyone else, to not contact Arrellano for any reason.

11.     Exhibit 11, attached hereto is a true and correct copy of a April 18, 2008 letter from Randy Winet wherein Mr. Winet states that his law firm also represents AIG Insurance Company.

12.     Exhibit 12, attached hereto is a true and correct copy of the Ronald P. Funnel declaration submitted to this Court in support of Progressive's Application for default judgment against Arrellano, wherein Mr. Funnel provides this Court with only part of the documentary evidence related to Tran's policy limit demand on Progressive and Progressive's response.

13.     Exhibit 13, attached hereto is a true and correct copy of a March 14, 2007 letter from Anh Q.D. Nguyen to Progressive.  Said letter is attached to the Declaration of Anh Q.D. Nguyen.


May _____, 2008

                      ANGELO & DI MONDA, LLP

                      _____S/Joseph Di Monda___
                      Joseph Di Monda
                      Attorneys fro Bun Tran

# EXHIBIT 1

# SAN DIEGO REGIONAL
## ARREST / JUVENILE CONTACT REPORT

| | | |
|---|---|---|
| Com No. 06110036225 | | AGENCY NUMBER 06110036225 |

**REPORT**

| ARREST REPORT | | | | | |
|---|---|---|---|---|---|
| WARRANT None | AGENCY SDPD | | ARJIS ASSISTED? N | PAGE 1 OF 6 | SDSD BOOKING NUMBER 6455515 |
| ARREST DATE 11/18/2006 | TIME 02 36 | BEAT DISTRICT 838 | RELATED REPORTS (TYPE NUMBER) | | CITATION NUMBER |

**ARRESTEE - CRIME**

CHARGE(S)
23153 / VC / DRIVING UNDER THE INFLUENCE W/ INJURY    FOON1 CHGS / ADULT RELEASES: Y

PERSON ARRESTED (L F M)
ARRELLANO  LEONEL

| NICKNAME | | | DOB 03/13/1983 | POB GARERO MEXICO | | |
|---|---|---|---|---|---|---|
| RACE W | SEX M | AGE 23 | HEIGHT 5 08" | WEIGHT 150 | BUILD NOR | HAIR BRO | EYES BRO |

ALIAS MAIDEN NAME (L F M)

| ARRESTEE'S ADDRESS 4128 WABASH AV | CITY SAN DIEGO | STATE CA | ZIP 92104 |
|---|---|---|---|
| EMPLOYER SCHOOL CHILIS | MILITARY N | OCCUPATION RANK PREP COOK | HOME PHONE (619)886-1958 | BUSINESS PHONE |

BUSINESS OR MILITARY ADDRESS    CITY    STATE  ZIP

EMERGENCY CONTACT NEXT OF KIN (L F M)

EMERGENCY ADDRESS    CITY    STATE  ZIP

| HOME PHONE | IS SUBJECT A SUSPECTED USER OF NARCOTICS DRUG? N | INTERPRETER REQUIRED? Y | LANGUAGE Spanish | SUSPECT'S RELATION TO VICTIM(S) |
|---|---|---|---|---|

| LOCATION OF ARREST 4100 WABASH AV | CITY SAN DIEGO |
|---|---|
| LOCATION OF OFFENSE 2300 COMMONWEALTH AV | CITY SAN DIEGO |

| OFFENSE DATE 11/18/2006 | OFFENSE TIME 01 06 | CITIZEN ARREST N | ARRESTING OFFICER K Lewak | ID 5061 | ADMONISHED BY Sgt Lara | ID 5591 |
|---|---|---|---|---|---|---|

DID YOU UNDERSTAND EACH OF THESE RIGHTS THAT I HAVE EXPLAINED TO YOU?
Si

HAVING IN MIND AND UNDERSTANDING YOUR RIGHTS AS I HAVE TOLD YOU  ARE YOU WILLING TO TALK WITH US?    STATEMENT
Si

**ARRESTEE DESCRIPTION**

| HAIR LENGTH/TYPE 5 Short 3 Thick | HAIR STYLE 8 Straight | FACIAL HAIR 4 Goatee 6 Mustache | COMPLEXION 5 Medium | SPEECH 1 Accent | VOICE 5 Medium | IDENTIFICATION NUMBERS |
|---|---|---|---|---|---|---|

| | |
|---|---|
| DRIVER'S LICENSE NO | ST TE |
| SOCIAL SECURITY NO | |
| FBI NO | |
| CII NO | |
| OTHER ID | TYPE |

FURTHER SUSPECT DESCRIPTION (IE  GLASSES TATTOOS TEETH BIRTHMARKS JEWELRY SCARS MANNERISMS ETC)
SCAR ON CHEEK ROUND    UNDOCUMENTED PERSON: Y

CLOTHING DESCRIPTION
BROWN T-SHIRT TRACK SUIT TROUSERS FLIP-FLOP TYPE SANDLES

| SUSPECT VEHICLE | YEAR 2000 | MAKE FORD | MODEL F250 | COLOR/COLOR WHITE / WHITE | BODY TYPE PICKUP | LICENSE NO 7X43895 | STATE CA |
|---|---|---|---|---|---|---|---|

| ADDITIONAL VEHICLE IDENTIFIERS (CHECK DAMAGE  ETC) | VI NUMBER 1FTRX18L4YKA65960 | DISPOSITION OF VEHICLE CD TOWING-EVIDENCE |
|---|---|---|

REGISTERED OWNER (L F M)
ARRELLANO  LEONAL

| REGISTERED OWNER'S ADDRESS 4128 WABASH AV | CITY SAN DIEGO | STATE CA | ZIP 92104 |
|---|---|---|---|

**EV**

| PROPERTY TAG NOS B06-4983 | DISPOSITION OF EVIDENCE RM 138 IMPOUNDS |
|---|---|
| REPORTING OFFICER K Lewak | ID 5061 | DIVISION T-DUI | REPORT DATE 11/18/2006 | TIME 22 34 |

Sgt McCoy
ID 2939

000001

PAGE

061100G6025

**COMPANIONS**

| COMPANION'S NAME (L F M) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ADDRESS | | | | CITY | | | STATE | ZIP |
| PHONE | | RACE | SEX | D O B | | ARRESTED | ADDITIONAL COMPANIONS LISTED | |

**VIC/WIT**

| VICTIM/WITNESS NAME (L F M) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| RESIDENT ADDRESS | | | | CITY | | | STATE | ZIP |
| BUSINESS ADDRESS | | | | CITY | | | STATE | ZIP |

| RP | HOME PHONE | | BUSINESS PHONE | | RACE | SEX | D O B | ADD'NL V C/WIT LISTED | N |
|---|---|---|---|---|---|---|---|---|---|
| W | | | | | W | F | | | |

**JUVENILE ONLY**

| FATHER STEPFATHER'S NAME (L F M) | | |
|---|---|---|
| FATHER STEPFATHER'S ADDRESS | | HOME PHONE |
| CITY | STATE    ZIP | BUSINESS PHONE |

| MOTHER STEPMOTHER'S NAME (L F M) | | |
|---|---|---|
| MOTHER STEPMOTHER'S ADDRESS | | HOME PHONE |
| CITY | STATE    ZIP | BUSINESS PHONE |

| SCHOOL | GRADE | LIVES WITH |
|---|---|---|

| PARENTS NOTIFIED BY WHOM AND HOW | DATE | TIME | RELEASE DATE | RELEASE TIME |
|---|---|---|---|---|

FIELD DISP

| ATTITUDE OF JUVENILE | ATTITUDE OF PARENTS GUARDIAN |
|---|---|

DET DISPO ☐ Refer Court/Prob  ☐ Dept Diversion  ☐ Counsel/Informal  ☐ Other

ADDITIONAL CHARGES 12500/VC/UNLAWFUL TO DRIVE UNLESS LICEN 20001(A)/VC/HIT AND RUN DEATH OR INJURY

**CITIZEN ARREST**

I have arrested

I know that pursuant to Section 849 of the Penal Code of the State of California it is necessary for me to sign a complaint stating the charge against the prisoner which complaint must be made before a magistrate and I agree to sign said complaint and appear in said matter without delay

Date _____        Computer generated form signature is not obtained disclaimer read to the citizen

| ARRESTING CITIZEN (L F M) PRINT | | | | |
|---|---|---|---|---|
| RESIDENT ADDRESS | | CITY | STATE ZIP | |
| BUSINESS ADDRESS | | CITY | STATE ZIP | |
| HOME PHONE | BUSINESS PHONE | RACE | SEX | D O B |

**ADULT - MISD ONLY**

Check each reason for not releasing the subject with a written notice to appear                    (ADULTS ONLY)

COPY

060002

San Diego Regional
Officer's Report Narrative

| Page 3 of 6 | | | Case Number |
|---|---|---|---|
| Code Section And Description (one incident only) 23153 / VC / DRIVING UNDER THE INFLUENCE W/ | | Date 11/18/2006 | Day of Week SAT | Time 02 36 |
| Location Of Incident (Or Address) 2300 COMMONWEALTH AV | | City | District | Beat |
| Person(s) Involved Victim | | | | |
| Suspect (If Named) ARRELLANO LEONEL | | | | |
| Property Tag No (s) B06-4983 | | | | |

## SYNOPSIS:
Arrellano struck a car as he drove through an intersection  The driver Arrellano struck sustained serious injuries  Arrellano drove away without contacting the injured driver  Arrellano has no license and is not in the country legally  Arrellano was driving under the influence of alcohol at the time of the collision

## ORIGIN
I was contacted by my supervisor, Traffic Sgt  Mike McCollough (ID No 2934) whilst I was at the Traffic Division Trailers and asked to assist with a hit and run collision that involved a drinking driver  I responded at 0141 hours from Traffic Division, arriving at 3500 Juniper Street at about 0151 hours

## VEHICLE ACTIONS:
Arrellano, P1, was driving south on Commonwealth Avenue towards Juniper Street  The two streets intersect at right angles, and traffic on Commonwealth is controlled by stop signs  Juniper Street, an east-west street, has no controls at the intersection  Bun Bun Tran, the driver of the other involved vehicle, P2, was driving east on Juniper Street  P1 failed to stop for the stop sign on Commonwealth, and broadsided P2  The impact caused P2 to rotate counter-clockwise and come to rest on the southeast corner sidewalk of the intersection  P1 came to rest on the east sidewalk of Commonwealth Ave , south of Juniper Street, before P1 fleeing the scene in his vehicle

## DRIVER IDENTIFICATION:
Arrellano was identified as the driver of the white Ford Pickup by his statements (both pre and post Miranda Admonishment), indicating he had been the driver at the time of the collision  Additionally ▉▉▉▉▉▉▉ a witness, was brought to the scene and identified Arrellano as the driver she had seen drive away from the collision

## INVESTIGATION:
At the collision scene I spoke with Traffic Sgt A  Doherty III, (ID No 3401)  He informed me that the driver that had fled the collision scene had been detained at 4100 Wabash Avenue  Before leaving to contact the driver I spoke to one of the witnesses, ▉▉▉▉▉▉▉▉▉▉▉ provided a brief statement  (See below for details )

I responded to the west alley of 4100 Wabash Avenue

There I spoke to Sgt  A  Massey (ID No 1596) who told me he had driven up the alley to see a Hispanic male exiting a vehicle which matched the suspect vehicle description  Sgt  Massey detained the driver and pointed out a patrol car where the driver was seated

| Reporting Officer K  Lewak | ID # 5081 | Division T-DUI | Approved By | Date of Report 11/18/2006 | Time 22 34 |
|---|---|---|---|---|---|

COPY

Continued Y

Officer's Report Narrative

| | | Case Number |
|---|---|---|
| Page 4 of 6 | | |

| Code Section And Description (one incident only) 23153 / VC / DRIVING UNDER THE INFLUENCE W/ | Date 11/18/2006 | Day of Week SAT | Time 02 35 |
|---|---|---|---|

| Location Of Incident (Or Address) 2300 COMMONWEALTH AV | | City | | District | Beat |
|---|---|---|---|---|---|

| Person(s) Involved Victim |
|---|

| Suspect (If Named) ARRELLANO LEONEL |
|---|

| Property Tag No (s) B06-4983 |
|---|

Opening the door for the driver I asked him to step out I noticed he was handcuffed I removed the handcuffs and told the driver, (later identified as Leonel Arrellano by his Mexican Consulate Identification Card), that he was not under arrest, but he was not free to leave I asked him if he understood and he told me he did I spoke to him in English I explained that I was there to make sure he was ok to drive, as he had been drinking I had Arrellano walk to the opposite side of the patrol car as the ground was level there

**DRIVER EVALUATION:**
I explained in Spanish what I wanted Arrellano to do in order to check his eyes for HGN Twice I had to tell him to hold his head still before he was able to hold it still As we conversed, I could smell that Arrellano had been drinking Additionally his eyes were red and watery About this time Sgt Lara (ID No 5591) arrived and assisted me with interviewing Arrellano

I asked Arrellano in Spanish what time he had had his first alcoholic drink that night He answered in English, 1140, and I clarified PM

I asked in Spanish what time he had his last drink and he answered in Spanish, "Doce y media" (1230)

In Spanish I asked what kind of drinks, and he said in English, "Four small Coronas " I clarified if he meant "Coronitas" and he said in English "Yes"

When asked in Spanish if he had consumed any alcoholic beverages in the last hour, Arrellano stated in Spanish, "No, I was working "

Even though I told Arrellano to stand with is feet together and keep his hands at his side, he kept rubbing his wrists together, complaining about the discomfort caused by the handcuffs, and the cold night air

One Legged Stand
After demonstrating and explaining the test, in English and Spanish, Arrellano began the test, and lifted his right leg before setting it down right away He began again and counted to ten It appeared he might not have understood that he should count to 30, and after Sgt Lara explained the test again, Arrellano raised his right leg, and raced through the count to 30, in 9 seconds

Walk and Turn
Swaying during instructions, and then steps 2, 4, 7, 9, not heel to toe and difficulty with balance On nine, just stood there, as if he was finished I asked him to continue (in Spanish) and he didn't know what to do, so I told him in Spanish to turn and walk back 9 steps He turned, with some balance difficulty, and then

| Reporting Officer K Lewak | ID # 5051 | Division T-DUI | Approved MCColley 15 R 2939 | Date of Report 11/18/2006 | Time 22 34 |
|---|---|---|---|---|---|

COPY

Continued Y

000004

**Officer's Report Narrative**

| Page 5 of 6 | | | | Case Number | |
|---|---|---|---|---|---|
| Code Section And Description (one incident only) 23153 / VC / DRIVING UNDER THE INFLUENCE W | | | Date 11/18/2006 | Day of Week SAT | Time 02 36 |
| Location Of Incident (Or Address) 2300 COMMONWEALTH AV | | | | City | District | Beat |
| Person(s) Involved Victim | | | | | |
| Suspect (If Named) ARRELLANO  LEONEL | | | | | |
| Property Tag No (s) B06-4983 | | | | | |

walked back without counting out loud  He again had to lean to the right and left and pause in his walk to maintain his balance

<u>Alphabet</u>
I asked Arrellano if he knew the Spanish alphabet  He told me he did, and so after I demonstrated the test, he parroted my example "A B C D E F Z"
When asked again if he could recite the alphabet, it appeared Arrellano was embarrassed that he did not know the alphabet  I told him it was ok not to know it, and I would not ask him to say it  He admitted to not knowing the alphabet

<u>Count</u>
Explained and demonstrated in Spanish  Arrellano said he could count and did so in Spanish  "74 73 72 71 70 69 68 67 66 65 64 63 62 40 39 38 37 36 36 35 33 35 30 31 30 29-"  I told Arrellano to stop counting

<u>Stand</u>
When he closed his eyes, Arrellano started leaning forward, leaning so far forward that he looked like he was defying gravity  He maintained this position for 28 seconds

Asking Arrellano if he felt he was okay to drive, he said, "Yes"

I arrested Arrellano for 23153 VC, DUI causing Injuries, 12500(a) VC, Driving without a License, and 20001 VC, Hit and Run with Injuries

**MIRANDA ADMONISHMENT:**
At 0236 hours Sgt  Lara (ID No 5591) advised Arrellano of his rights (in Spanish), to which he responded "Si" and "Si"

**INVESTIGATION CONTINUED:**
I handcuffed Arrellano and placed him in my patrol car as he told me he would take blood test  I drove him to Police Headquarters where I allowed him to use the bathroom, as I feared he would urinate on himself  After that a blood sample was collected by ████████████████████████████) at 0300 hours  I impounded the blood phials on tag B06-4983 at Room 138

I placed Arrellano back in my patrol car where he remained as Det D  Wall (ID No 3602) re-interviewed him

Border Patrol responded and placed an Immigration Hold on Arrellano, as he had previously stated he was in the United States of America illegally

| Reporting Officer K  Levak | ID # 5061 | Division T-DUI | Approved By ss McCoy 10 2 2006 | Date of Report 11/18/2006 | Time 22 34 |
|---|---|---|---|---|---|

COPY

Continued Y

## Officer's Report Narrative

| | Case Number |
|---|---|
| Page 6 of 6 | |

| Code Section And Description (one incident only) 23153 / VC / DRIVING UNDER THE INFLUENCE W | Date 11/18/2006 | Day of Week SAT | Time 02 38 |
|---|---|---|---|
| Location Of Incident (Or Address) 2300 COMMONWEALTH AV | City | District | Beat |
| Person(s) Involved Victim | | | |
| Suspect (If Named) ARRELLANO  LEONEL | | | |
| Property Tag No (s) B06-4983 | | | |

After completing the remaining paperwork needed for booking, I prepared to transport Arrellano to jail  He asked to be allowed to urinate again  After he used the bathroom I transported Arrellano to jail, where he was booked without incident

At no time during my conversations with Arrellano did he inquire about the welfare of the other driver  He spent more time worrying about the fate of his pickup after learning it was being impounded

## STATEMENTS

### Statement of Leonel Arrellano
I asked Arrellano to tell me about the collision  He proceeded to explain, in Spanish, that he stopped at the stop sign, and didn't see anyone coming  His girlfriend was calling him on his phone  He added that he was going to report the accident to the police and was going to go back to the scene, but he couldn't as he had to pick-up his girlfriend
What was the color of the vehicle he struck, I asked him  Arrellano told me it was white
I asked how fast he thought he was going at the time of the collision  Arrellano said, again in Spanish, that the area is a 25 mph zone, and he had been stopped   "I stopped, and then I moved from the stop sign, and "boom""-in Spanish
I asked in Spanish, how fast, in miles an hour, more or less, he thought he had been going  Answering in Spanish, he said, "I wasn't even going miles "

### Statement of ████████████
████████told me she had heard a collision, and looked out her window to see two vehicles, a sedan and a pickup  The pickup, she told me, began to back up  ████████explained she ran downstairs and went outside in time to see the white pickup drive south on Commonwealth Avenue  She added that Commonwealth Avenue is a dead-end street  After a few moments she said the white pick-up truck began backing (north) up Commonwealth Avenue  Seeing the license plate she provided its information to dispatchers
I asked her to describe the driver  She said he appeared to be a Hispanic male wearing a light colored shirt, in his early 20's, with short hair or a shaved head  She added he appeared to be of short stature, and was driving a white Ford F150  She yelled at the driver, but he did not stop

## RELATED REPORTS:
Collision Investigation, copy attached
Vehicle Impound, copy attached
Written Statement of Sgt A Massey, copy attached
DMV DS-367, copy attached

| Reporting Officer K  Lewak | ID # 5061 | Division T-DUI | Approved By | Date of Report 11/18/2006 | Time 22 34 |
|---|---|---|---|---|---|

COPY                                                          Continued Y

060006

ADDITIONAL VICTIMS AND/OR WITNESSES
AND OTHER PEOPLE ASSOCIATED WITH THE CRIME

| | PAGE |
|---|---|
| | 1 OF 1 |

106110036325

| LOCATION OF INCIDENT (OR ADDRESS) | | | |
|---|---|---|---|
| CITY | | BEAT | DISTRICT |

| VICTIM'S NAME (LAST, FIRST, MIDDLE / OR ORGANIZATION) | | | | |
|---|---|---|---|---|
| W | DC | | | |
| W TYPE RESIDENCE ADDRESS | | CITY | STATE | ZIP |
| 06 | | | | |

| RESIDENCE PHONE | RACE | SEX | DATE OF BIRTH | ID TYPE | ID NUMBER | INTERPRETER REQUIRED | RELATION TO VICTIM / SUSPECT |
|---|---|---|---|---|---|---|---|
| | W | F | | | | | |

| STATUS | EMPLOYER (RANK IF MILITARY) | BUSINESS PHONE | DAYS OFF | WORK HRS | V/W ASSIST |
|---|---|---|---|---|---|
| | | | | | N |

| BUSINESS OR MILITARY ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|

| ADDITIONAL INFORMATION (VICTIM VEHICLE INFO IF APPLICABLE) |
|---|

| VICTIM'S NAME (LAST, FIRST, MIDDLE / OR ORGANIZATION) | | | | |
|---|---|---|---|---|
| V | | | | |
| W TYPE RESIDENCE ADDRESS | | CITY | STATE | ZIP |

| RESIDENCE PHONE | RACE | SEX | DATE OF BIRTH | ID TYPE | ID NUMBER | INTERPRETER REQUIRED | RELATION TO VICTIM / SUSPECT |
|---|---|---|---|---|---|---|---|
| | V | M | | | | | |

| STATUS | EMPLOYER (RANK IF MILITARY) | BUSINESS PHONE | DAYS OFF | WORK HRS | V/W ASSIST |
|---|---|---|---|---|---|
| | | | | | N |

| BUSINESS OR MILITARY ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|

| ADDITIONAL INFORMATION (VICTIM VEHICLE INFO IF APPLICABLE) |
|---|

| VICTIM'S NAME (LAST, FIRST, MIDDLE / OR ORGANIZATION) | | | | |
|---|---|---|---|---|
| W TYPE RESIDENCE ADDRESS | | CITY | STATE | ZIP |

| RESIDENCE PHONE | RACE | SEX | DATE OF BIRTH | ID TYPE | ID NUMBER | INTERPRETER REQUIRED | RELATION TO VICTIM / SUSPECT |
|---|---|---|---|---|---|---|---|

| STATUS | EMPLOYER (RANK IF MILITARY) | BUSINESS PHONE | DAYS OFF | WORK HRS | V/W ASSIST |
|---|---|---|---|---|---|

| BUSINESS OR MILITARY ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|

| ADDITIONAL INFORMATION (VICTIM VEHICLE INFO IF APPLICABLE) |
|---|

| VICTIM'S NAME (LAST, FIRST, MIDDLE / OR ORGANIZATION) | | | | |
|---|---|---|---|---|
| W TYPE RESIDENCE ADDRESS | | CITY | STATE | ZIP |

| RESIDENCE PHONE | RACE | SEX | DATE OF BIRTH | ID TYPE | ID NUMBER | INTERPRETER REQUIRED | RELATION TO VICTIM / SUSPECT |
|---|---|---|---|---|---|---|---|

| STATUS | EMPLOYER (RANK IF MILITARY) | BUSINESS PHONE | DAYS OFF | WORK HRS | V/W ASSIST |
|---|---|---|---|---|---|

| BUSINESS OR MILITARY ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|

| ADDITIONAL INFORMATION (VICTIM VEHICLE INFO IF APPLICABLE) |
|---|

| VICTIM'S NAME (LAST, FIRST, MIDDLE / OR ORGANIZATION) | | | | |
|---|---|---|---|---|
| W TYPE RESIDENCE ADDRESS | | CITY | STATE | ZIP |

| RESIDENCE PHONE | RACE | SEX | DATE OF BIRTH | ID TYPE | ID NUMBER | INTERPRETER REQUIRED | RELATION TO VICTIM / SUSPECT |
|---|---|---|---|---|---|---|---|

| STATUS | EMPLOYER (RANK IF MILITARY) | BUSINESS PHONE | DAYS OFF | WORK HRS | V/W ASSIST |
|---|---|---|---|---|---|

| BUSINESS OR MILITARY ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|

| ADDITIONAL INFORMATION (VICTIM VEHICLE INFO IF APPLICABLE) |
|---|

| REPORTING OFFICER | ID |
|---|---|
| K. Lewak | 5061 |

COPY

| | CONTINUED |
|---|---|
| | Y |

San Diego Regional
**Officer's Report Narrative**

| ARP/JUV CON | | | | | 0811003632S | |
|---|---|---|---|---|---|---|
| Page 1 of 2 | | | | | Case Number | |
| Code Section And Description (one incident only) VC / 23152A / DUI ALCOHOL AND/OR DRUGS | | | Date 11/18/2006 | | Day of Week SAT | Time 01.05 |
| Location Of Incident (Or Address) 3500 Juniper | | | | City SAN DIEGO | District | Beat 625 |
| Person(s) Involved  Victim Arellano  Leonel | | | | | | |
| Suspect (If Named) | | | | | | |
| Property Tag No (s) | | | | | | |

At approximately 0106 I monitored a broadcast of a serious hit and run accident at 3500 Juniper Street  A witness at the scene advised that the driver of a white Ford pickup truck, California license plate 7X43895 had fled the scene  The driver was described as a Hispanic male with short hair  The vehicle came back registered to 4128 Wabash, to a Arellano, Leonard  I was checking the area to the rear of 4128 Wabash and sighted a White Ford Pickup truck, with a matching license plate as described by the witness

I saw a Hispanic male matching the described suspect information, standing outside the driver door of the suspect vehicle  I was requested a cover unit to the scene  Unit 655z2 arrived on scene to cover me as I was detaining the suspect for further investigation

The suspect I detained was Arellano, Leonard  Arellano was released to Traffic units that arrived at my location

See additional reports submitted by traffic investigators for additional information

| Reporting Officer A  MASSEY | ID # 1596 | Division WC | Approved  *illegible signature* | Date of Report 11/18/2006 | Time 04 10 |
|---|---|---|---|---|---|

COPY                                                    Continued Y

000008

# EXHIBIT 2

1   Christopher E. Angelo [70007]
    Joseph Di Monda [184640]
2   ANGELO & DI MONDA, LLP
    1721 N. Sepulveda Blvd.
3   Manhattan Beach, California 90266-5014
    Telephone: 310-939-0099
4   Fax: 310-939-0023

5   Attorneys for Plaintiff, Bun Bun Tran

6

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             IN AND FOR THE COUNTY OF SAN DIEGO

10

11  BUN BUN TRAN, an individual, by and      CASE NO.    37-2007-00065432-CU-PA-CTL
    through his Guardian ad Litem, Le Thi
12  Nguyen,                                  Dept.:
                                             Judge:
13          Plaintiff,
                                             COMPLAINT FOR:
14  v.
                                             1.    NEGLIGENCE
15  LEONEL ARRELLANO, an individual;         2.    NEGLIGENCE PER SE
    BRINKER INTERNATIONAL, INC. dba          3.    DANGEROUS CONDITION
16  CHILI'S RESTAURANT INC., a Delaware            OF PUBLIC PROPERTY;
    corporation; PATRICIA L. COLE, an             [GOV. CODE §§ 835 AND 840.2]
17  individual; CITY OF SAN DIEGO, a         4.    FAILURE TO PROVIDE
    governmental entity; and DOES 1 through 50,     TRAFFIC SAFETY DEVICE
18  inclusive,                                     [GOV. CODE § 830.8]

19          Defendants.

20                                           DEMAND FOR JURY TRIAL

21                                           Action Filed:

22

23          Plaintiff Bun Bun Tran, by and through his guardian ad litem, Le Thi Nguyen, alleges and

24  complains as follows:

25                              INTRODUCTION

26  1.     At all times relevant herein, Plaintiff Bun Bun Tran, was and is an individual residing in

27         the State of California, County of San Diego.

28  / / /

                                         1

060009

2.  At all times relevant herein, defendant Leonel Arrellano, was and is an individual residing in the State of California, County of San Diego.

3.  At all times relevant herein, defendant Brinker International, Inc., dba Chili's Restaurant Inc., was and is a Delaware corporation doing business in California, County of San Diego.

4.  At all times relevant herein, defendant Patricia L. Cole, was and is an individual residing in the State of California, County of San Diego.

5.  At all times relevant herein, defendant, City of San Diego, was and is a municipal corporation, duly organized and existing under the laws of the State of California and situated in the County of San Diego.

6.  The true names and capacities of defendants named herein as DOES 1 through 100, inclusive, are individual, corporate, associate or otherwise, and are unknown to plaintiff and are believed to be responsible in some way for plaintiff's loss and/or damages. Each of these defendants are, and at all times herein mentioned were, a partner, agent, principal, joint venturer, co-conspirator and/or are otherwise vicariously or directly responsible for the acts or omissions of the remaining defendants or themselves and are sued herein individually and are joined as party defendants in this action. Plaintiff therefore sues such defendants by such fictitious names pursuant to Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes that the DOE defendants are all California residents. Plaintiff will amend this complaint to show such true names and capacities of DOE defendants when they have been ascertained.

7.  All of the acts and conduct described herein below of each and every defendant was performed knowingly and intentionally. In addition thereto, said defendants and employees, respectively and collectively, participated in, accepted, and ratified, the aforementioned acts and conduct of each other, and accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned defendants, corporate employees, agents and representatives.

COMPLAINT: DEMAND FOR JURY TRIAL

8.    On November 18, 2006, at 1:05 a.m., plaintiff Bun Bun Tran was driving his automobile eastbound on Juniper Street in the City of San Diego.  There was no stop sign or any other traffic control device for said eastbound Juniper Street traffic at the intersection of Commonwealth and Juniper Street.

9.    Eastbound plaintiff Bun Bun "Roy" Tran was prevented from seeing any southbound Commonwealth Avenue traffic at any point north of the intersection of Juniper Street and Commonwealth Avenue before entering said intersection due to the existence of foliage higher that 3 feet.  This foliage started from the Northwest corner of Juniper and Commonwealth and continued uninterrupted northbound along the western edge of Commonwealth.

10.   At the same time, defendant Leonel Arrellano, was driving his pickup truck southbound on Commonwealth Avenue in the City of San Diego.

11.   Commonwealth Avenue and Juniper Street intersect and traffic on Commonwealth Avenue is controlled by a stop sign which gives Juniper Street traffic the right-of-way.

12.   At 1:05 a.m., on November 18, 2006, Leonel Arrellano failed to stop for the stop sign on Commonwealth and collided with Bun Bun Tran's automobile on Juniper Street.

13.   Bun Bun Tran's automobile was pushed across Juniper Street and came to rest on the southeast corner of the intersection of Commonwealth and Juniper.

14.   Mr. Tran suffered severe and permanent injuries, including head trauma, subarachnoid hemorrhage. loss of consciousness, coma, ruptured spleen and severe and permanent brain injuries.

15.   Defendant Leonel Arrellano fled the accident scene and was arrested by the City of San Diego Police Department at his home at 4128 Wabash Avenue.  Mr. Arrellano was arrested for driving under the influence of alcohol, driving without a license and hit and-run.

16.   Mr. Arrellano is a Mexican national and in the United States illegally.

17.   Mr. Arrellano was questioned by the City of San Diego Police Department in Spanish.

000011

18. Mr. Arrellano told the police that he had been drinking while working and socializing as a cook at Chili's Restaurant in the late previous evening and had continued drinking until 12:30 a.m. on November 18, 2006.

19. At all times relevant to this Complaint, Mr. Arrellano was an employee of Chili's Restaurant located at 4252 Camino del Rio North, San Diego, CA 92108 and had been drinking at Chili's, including after business hours, immediately prior to the accident.

20. Mr. Tran was taken from the accident scene and transported to UCSD Hospital by San Diego Paramedics. He remains comatose with a positive brain MRI for bleeding.

## FIRST CAUSE OF ACTION
(Negligence Against LEONEL ARRELLANO, BRINKER INTERNATIONAL, INC., dba CHILI'S RESTAURANT, INC., PATRICIA L. COLE, and DOES 1 through 15 inclusive)

21. Plaintiff realleges and incorporates herein by this reference the allegations contained in Paragraphs 1 through 20, inclusive, as though fully set forth.

22. Defendant Patricia L. Cole ("Cole") is the owner of a residence commonly known as 3496 Juniper Street and located at the northwest corner of Commonwealth Avenue and Juniper Street. Said corner is the location of the Commonwealth Avenue Stop Sign which controlled southbound Commonwealth traffic at Juniper.

23. Defendant Chili's Restaurant Inc., was and at all times relevant hereto, the employer of defendant Leonel Arrellano.

24. The City of San Diego ("the City") restricts all corner property throughout the City from having any fences or planting material taller than 3 feet within 25 feet of an intersection. City of San Diego Municipal Code §§ 113.0273, 113.0103 and 142.0310. The purpose of said ordinances is to protect the class of drivers, including plaintiff and defendant, by providing visibility of vehicles approaching intersections and by ensuring that traffic control devices are not obscured by foliage.

25. The City also has an ordinance which restricts trees from being within 20 feet of a stop sign. City of San Diego Municipal Code § 142.0409. The purpose of said ordinances is to protect the class of drivers, including plaintiff and defendant, by providing visibility of

1    vehicles approaching intersections and by ensuring that traffic control devices are not

2    obscured by foliage.

3    26.    Defendant Cole's property has fencing and foliage along Juniper Street and

4    Commonwealth Avenue which is approximately 6 feet tall and runs continuously along

5    her property lines on both Commonwealth Avenue and Juniper Street, directly to the

6    intersection, all in violation of the City's visibility ordinances as codified in City of San

7    Diego Municipal Code §§ 113.0273, 113.0103 and 142.0310.

8    27.    Defendant Cole's property is also adjacent to a City right-of-way in which Cole permitted

9    foliage to grow 12 feet high and to within zero feet of the stop sign at the intersection of

10    Commonwealth and Juniper, so as to provide Cole with privacy, all in violation of City of

11    San Diego Municipal Code § 142.0409, and to obscure the stop sign at Commonwealth

12    Avenue and Juniper Street.

13    28.    Because of Cole's violation of the City's Municipal Code, which allowed the intersection

14    and City Municipal Code mandated visibility area to be obscured, Mr. Tran, while driving

15    eastbound on Juniper Street, was unable to see across Cole's property to ascertain if there

16    was any oncoming traffic approaching the intersection at a speed which would put

17    Mr. Tran on notice that said oncoming traffic may not stop at the intersection and yield

18    the right-of-way to Mr. Tran.

19    29.    Because of Cole's failure and the City's failure to obey the City's visibility ordinance,

20    defendant Arrellano was unable to see the stop sign at the intersection of Commonwealth

21    and Juniper because it was obscured by foliage in violation of City ordinances.

22    30.    Defendant Cole was negligent in that she knew, or with the exercise of reasonable care

23    should have known that by violating the City's Municipal Code, as alleged herein, and

24    causing the intersection and stop sign to become obscured by fencing and foliage, that it

25    was reasonably foreseeable that vehicles approaching the intersection would not be able

26    to see each other and it was reasonably foreseeable that an automobile collision would

27    occur at said intersection.

28

31.  Defendant Chili's Restaurant Inc.. ("Chili's") had a legal obligation, pursuant to federal law, to ascertain the immigration status of Leonel Arrellano.  Chili's failed to ascertain Mr. Arrellano's immigration status.

32.  On the evening of November 17, 2006, and the early morning hours of November 18, 2006, and at all times relevant to this Complaint, Chili's also permitted Mr. Arrellano as a cook to consume alcoholic beverages, without purchasing them, on its premises, before and after business hours, to become intoxicated, and to drive his pickup truck home.

33.  Chili's was negligent in that it knew, or with the exercise of reasonable care should have known, that Mr. Arrellano, and other cooks at Chili's Restaurant, were illegal aliens, and that Mr. Arrellano's driver's license was counterfeit and that it was reasonably foreseeable that if Chili's permitted him to drink on its premises after closing hours, that he would become intoxicated and that he would get involved in a motor vehicle accident.

34.  Defendant Arrellano had a duty to operate his motor vehicle in a manner so as not to cause harm to third parties.

35.  Defendant Arrellano had a duty to obey all Vehicle Codes during the operation of his pickup truck, including stopping at all stop signs and yielding the right-of-way to oncoming traffic.

36.  Defendant Arrellano negligently drove his pickup truck by negligently failing to stop at the stop sign on the corner of Commonwealth Avenue and Juniper Street, in violation of the State Vehicle Code..

37.  Defendant Arrellano was negligent in that he knew, or with the exercise of reasonable care should have known that if he drove while intoxicated, failed to obey traffic laws, including failing to stop at intersections controlled by stop signs, that it was reasonably foreseeable that he would collide with another vehicle and cause physical injuries to third parties such as plaintiff.

38.  As a direct and legal cause of defendants' negligence, as alleged above, defendant Arrellano drove while intoxicated, was driving southbound on Commonwealth Avenue at 1:05 a.m. on November 18, 2006, his view of the stop sign was obscured by illegally

000014

1  maintained foliage at the corner of Commonwealth and Juniper, and as a result he

2  collided with Mr. Tran's vehicle driving eastbound on Juniper Street.

3  39.  As a further direct and legal cause of defendants' negligence, as alleged above, Mr. Tran

4  suffered catastrophic and permanent injuries to his body, including but not limited to head

5  trauma, subarachnoid hemorrhage, loss of consciousness, coma, ruptured spleen and

6  severe and permanent brain injuries.

7  40.  As a further direct and proximate result of defendant's negligence, Mr. Tran was hurt and

8  injured in his health, strength, and activity, sustaining permanent and life threatening

9  injury to his brain and person all of which injuries have caused and continue to cause Mr.

10  Tran great mental, physical, and nervous pain and suffering.

11  41.  As a further direct and proximate result of defendant's negligence, Mr. Tran has incurred,

12  and will continue to incur medical and other economic expenses in an amount according

13  to proof at trial.

14  42.  As a further direct and proximate result of defendant's negligence, Mr. Tran's earning

15  capacity has been greatly impaired, both in the past and in the present in an amount

16  according to proof at trial.

17

**SECOND CAUSE OF ACTION**
18  (Negligence Per Se Against LEONEL ARRELLANO, PATRICIA L. COLE, and DOES 1
through 15 inclusive)
19

20  43.  Plaintiff realleges and incorporates herein by this reference the allegations contained in

21  Paragraphs 1 through 42, inclusive, as though fully set forth.

22  44.  Defendant Cole is the owner of a residence commonly known as 3496 Juniper Street and

23  located at the northwest corner of Commonwealth Avenue and Juniper Street. Said

24  corner is the location of the Commonwealth Avenue Stop Sign which controlled the

25  intersection of Commonwealth and Juniper.

26  45.  The City restricts all corner property throughout the City from having any fences or

27  planting material taller than 3 feet within 25 feet of an intersection. City of San Diego

28  Municipal Code §§ 113.0273, 113.0103 and 142.0310. The purpose of said ordinances is

7

000015

1   to protect the class of drivers, including plaintiff and defendant, by providing visibility of

2   vehicles approaching intersections and by ensuring that traffic control devices are not

3   obscured by foliage.

4   46.   The purpose of the fence and plant height restriction, as alleged above, on corner lots is to

5   maintain adequate visibility on private property and in the public right-of-way. City of

6   San Diego Municipal Code § 142.0301. The purpose of said ordinances is to protect the

7   class of drivers, including plaintiff and defendant, by providing visibility of vehicles

8   approaching intersections and by ensuring that traffic control devices are not obscured by

9   foliage.

10  47.   Plant material in the City right-of-way, located within the visibility area, as defined by

11  City of San Diego Municipal Code § 113.0103, shall not exceed 24 inches in height as

12  measured from the top of the adjacent curb. City of San Diego Municipal Code §

13  142.0409(b)(2). The purpose of said ordinances is to protect the class of drivers,

14  including plaintiff and defendant, by providing visibility of vehicles approaching

15  intersections and by ensuring that traffic control devices are not obscured by foliage.

16  48.   The City has a visibility area which all corner property owners must obey, as defined in

17  City of San Diego Municipal Code § 113.0103. Measurement of the City's visibility area

18  is codified in the City's Municipal Code, § 113.0273, as graphically indicated in the

19  City's Municipal Code, § 113.0273, diagram 113-02RR.

20  49.   The City also has an ordinance which restricts trees from being within 20 feet of a stop

21  sign. City of San Diego Municipal Code § 142.0409. The purpose of said ordinances is

22  to protect the class of drivers, including plaintiff and defendant, by providing visibility of

23  vehicles approaching intersections and by ensuring that traffic control devices are not

24  obscured by foliage.

25  50.   At all times relevant to this Complaint, Defendant Cole's property was in violation of

26  said City ordinances, as alleged herein, in that it had fencing and foliage along Juniper

27  Street and Commonwealth Avenue approximately 6 feet tall and running continuously

28  along the property lines on both Commonwealth Avenue and Juniper Street, directly to

8

COMPLAINT; DEMAND FOR JURY TRIAL

0c0016

the intersection, all in violation of the City's visibility ordinances as codified in City of San Diego Municipal Code §§ 113.0273, diagram 113-02RR, 113.0103, 142.0301, 142.0310 and 142.0409(b)(2).

51. Defendant Cole's property is also adjacent to a City right-of-way in which the City and Cole permitted foliage to grow 12 feet high and to within zero feet of the stop sign at the intersection of Commonwealth and Juniper, so as to provide Cole with privacy, all in violation of City of San Diego Municipal Code § 142.0409.

52. Said City Municipal Codes, as alleged herein, are to allow adequate sight distances for safe vehicle and pedestrian movement at intersections involving a public right-of-way. City of San Diego Municipal Code §§ 113.0103 and 142.0409(b)(2). Included within the class of protected persons are plaintiff Tran and defendant Arrellano.

53. Because of Cole's violation of the City's Municipal Code, as alleged herein, which allowed the Municipal Code mandated visibility area and stop sign to be obscured, Mr. Tran, while driving eastbound on Juniper Street, was unable to see across Cole's property to ascertain if there was any oncoming traffic approaching the intersection at a speed which would put Mr. Tran on notice that said oncoming traffic may not stop at the intersection and yield the right-of-way to Mr. Tran.

54. Because of Cole's failure to obey the City's visibility ordinance, defendant Arrellano was unable to see the stop sign at the intersection of Commonwealth and Juniper because it was obscured by foliage in violation of City ordinances. Defendant Arrellano was also not able to see Mr. Tran's automobile approaching the intersection.

55. Defendant Cole was negligent in that she knew, or with the exercise of reasonable care should have known that by violating the City's Municipal Code, as alleged herein, and causing the intersection to become obscured by fencing and foliage, that it was reasonably foreseeable that vehicles approaching the intersection would not be able to see each other and it was reasonably foreseeable that an automobile collision would occur at said intersection.

COMPLAINT: DEMAND FOR JURY TRIAL

56. Defendant Arrellano had a duty to operate his motor vehicle in a manner so as not to cause harm to third parties.

57. Defendant Arrellano had a duty to obey all Vehicle Codes, including Vehicle Code §§ 22450(a), 23153(a) and 22350 during the operation of his pickup truck, including stopping at all stop signs, and yielding the right-of-way to oncoming traffic.

58. Defendant Arrellano negligently failed to stop at the stop sign on the corner of Commonwealth Avenue and Juniper Street in violation of the State Vehicle Code.

59. Defendant Arrellano was negligent in that he knew, or with the exercise of reasonable care should have known that if he failed to stop at intersections controlled by stop signs it was reasonably foreseeable that he would collide with another vehicle and cause physical injuries to third parties such as plaintiff.

60. Mr. Tran, an operator of a motor vehicle on City streets was in the class of persons said City ordinances and State Vehicle Codes, as alleged herein, were meant to protect.

61. The injuries suffered by Mr. Tran are those which said ordinances, as alleged above, were enacted to protect the public from.

62. As a direct and legal cause of defendants' negligence, as alleged above, defendant Arrellano drove while intoxicated, was driving southbound on Commonwealth Avenue at 1:05 a.m. on November 18, 2006, his view of the stop sign was obscured by foliage at the corner of Commonwealth and Juniper, and he collided with Mr. Tran's vehicle driving eastbound on Juniper Street.

63. As a further direct and legal cause of defendants' negligence, as alleged above, Mr. Tran suffered catastrophic and permanent injuries to his body, including but not limited to head trauma, subarachnoid hemorrhage, loss of consciousness, coma, ruptured spleen and severe and permanent brain injuries.

64. As a further direct and proximate result of defendant's negligence, Mr. Tran was hurt and injured in his health, strength, and activity, sustaining permanent and life threatening injury to his brain and person all of which injuries have caused and continue to cause Mr. Tran great mental, physical, and nervous pain and suffering.

10

000018

65.   As a further direct and proximate result of defendant's negligence, Mr. Tran has incurred, and will continue to incur medical and other economic expenses in an amount according to proof at trial.

66.   As a further direct and proximate result of defendant's negligence, Mr. Tran's earning capacity has been greatly impaired, both in the past and in the present in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**

(Dangerous Condition of Public Property, [Government Code §§ 835 and 840.2], Against City of San Diego and DOES 16 Through 50 inclusive)

67.   Plaintiff realleges and incorporates herein by this reference the allegations contained in Paragraphs 1 through 66, inclusive, as though fully set forth.

68.   On November 18, 2006, at 1:05 a.m., plaintiff was lawfully driving his automobile eastbound on Juniper Street in the City of San Diego.

69.   The City of San Diego owns and controls a right-of-way along Commonwealth Avenue at the intersection of Juniper Street.

70.   The City of San Diego is responsible for, and has a duty to maintain its right-of-way, including trimming of all foliage in the right of way which may obscure any traffic control devices, such as stop signs, or which may obscure the visibility area as defined by the City of San Diego Municipal Code, §§ 113.0273, diagram 113-02RR, 113.0103, 142.0301, 142.0310 and 142.0409(b)(2), so as to not create a dangerous condition of said property to any person lawfully using City property, such as City streets for private vehicular traffic.

71.   The City of San Diego's right-of-way along Commonwealth Avenue, at the intersection of Juniper Street, was in a dangerous condition at the time of the accident, in that the City, in violation of its own Municipal Code, as alleged herein above, permitted foliage to grow 12 feet high and to within zero feet of the stop sign at the intersection of Commonwealth and Juniper, so as to obscure the stop sign at Commonwealth and Juniper, all in violation of City of San Diego Municipal Code § 142.0409 and Table 142-04E.

090010

72.    The City of San Diego's right-of-way along Commonwealth Avenue, at the intersection of Juniper Street, was in a dangerous condition at the time of the accident, in that the City, in violation of its own Municipal Code, as alleged herein above, permitted the visibility area across the adjacent corner property own by defendant Cole, to be obscured, all in violation of the City's Municipal Code §§ 113.0273, diagram 113-02RR, 113.0103, 142.0301, 142.0310 and 142.0409(b)(2).

73.    The purpose of said City of San Diego ordinances, as alleged herein above, is to provide visibility across corner properties for the safety of pedestrians and motor vehicles and to prevent the type of accident which occurred by the City's failure to ensure its own right-of-way was not in violation of its Municipal Code and not creating a dangerous condition.

74.    The City of San Diego Street Division is responsible for maintaining all foliage in City right-of-ways in such a manner so as to not result in a dangerous condition of property wherein the visibility area or a traffic control signal is obscured.

75.    The employees of the City of San Diego Street Division are responsible for maintaining all foliage in City right-of-ways in such a manner so as to not result in a dangerous condition of property wherein the visibility area or a traffic control signal is obscured.

76.    The City of San Diego is responsible for enforcing it Municipal Code, as alleged herein above, and to see to it that all corner property within the City, including the property owned by defendant Cole, is not in violation of City of San Diego ordinances as alleged herein, so as to constitute a dangerous condition of City roadways, including Commonwealth Avenue and Juniper Street.

77.    The City of San Diego is responsible to warn motorists like Mr. Tran of dangerous conditions, like the obstructed eastbound and southbound visibility area caused by the foliage and the foliage obstructed stop sign for southbound Commonwealth Avenue traffic at the intersection of Juniper Street.

78.    Because of the City's failure to maintain its right-of-way the intersection of Commonwealth Avenue and Juniper Street resulted in a dangerous condition of public property. The lack of visibility at the intersection of Commonwealth and Juniper,

COMPLAINT: DEMAND FOR JURY TRIAL

000020

1   combined with the obscured stop sign, resulted in a dangerous condition of City owned

2   property; to wit, the intersection of Commonwealth and Juniper, which is also a City

3   right-of-way.

4   79.   The collision between defendant Arrellano's pickup truck and Mr. Tran's automobile, as

5         alleged herein above, was proximately caused by the inability of defendant Arrellano to

6         see the stop sign which was obscured by the foliage, which also trapped plaintiff into

7         believing he could continue safely with his right-of-way on Juniper Street.

8   80.   The collision between defendant Arrellano's pickup truck and Mr. Tran's automobile was

9         further proximately caused by Mr. Tran's inability to see across the intersection of

10        Commonwealth and Juniper, through the City Municipal Code defined 25 foot visibility

11        area, so as to be able to see defendant Arrellano's pickup truck approaching the

12        intersection at a rate of speed which would have put Mr. Tran on notice that it was

13        reasonably foreseeable that defendant Arrellano would not stop at the intersection and

14        that a collision was reasonably foreseeable if Mr., Tran did not stop his automobile and

15        yield to defendant Arrellano.

16  81.   The purpose of the City's visibility area, as City Municipal Code §§ 113.0273, diagram

17        113-02RR, 113.0103, 142.0301, 142.0310 and 142.0409(b)(2) are to maintain adequate

18        visibility on both private property and city right-of-ways to allow for adequate sight

19        distances for safe vehicle travel at intersections involving a city right-of-way.

20  82.   The dangerous condition created by the foliage in the City right-of-way, which was

21        approximately 12 feet tall, within zero feet of the stop sign and obscuring the stop sign,

22        combined with the City's failure to enforce its visibility ordinance against the corner

23        property owner, created a reasonably foreseeable risk that a motor vehicle would not see

24        the stop sign on Commonwealth Avenue and would fail to stop at the intersection, hence

25        colliding with a vehicle on Juniper Street.

26  83.   On November 18, 2006, and prior thereto, the intersection of Commonwealth Avenue and

27        Juniper Street was in a dangerous condition, all in violation of Government Code § 835,

28        that created a substantial risk of the type of injury herein alleged when the property was

13

COMPLAINT: DEMAND FOR JURY TRIAL

000021

use with due care in a manner that it was reasonably foreseeable that it would be used, in that the foliage and fencing on defendant Cole's adjacent private property exceed the City Municipal Code height limit of 3 feet, violated the City's visibility ordinance in that said foliage was 6 feet tall and within zero feet of the intersection thus obscuring the stop sign at the intersection of Commonwealth Avenue and Juniper Street, creating a substantial risk that motor vehicles traveling across the intersection would not be able to see each other as they approach the intersection.

84. The dangerous condition created by the foliage in the City right-of-way, which was approximately 12 feet tall, within zero feet of the stop sign and obscuring the stop sign, combined with the City's failure to enforce its visibility ordinance against the corner property owner, created a reasonably foreseeable risk that a driver, such as Mr. Tran, traveling on Juniper Street, would not have adequate sight distances for safe vehicle travel and would collide with a vehicle traveling across the intersection of Commonwealth Avenue and Juniper Street.

85. The failure of the City, and its employees in the City of San Diego, Street Division, and other City agencies charged with the responsibility to maintain City right-of-ways, including the trimming of foliage which obscured stop signs and the Municipal Code mandated visibility area, created the dangerous condition which existed at the intersection of commonwealth Avenue and Juniper on November 18, 2006, at 1:05 a.m.

86. The City breached its duty of care to plaintiff in that the City was also on actual and constructive notice of the dangerous condition at Commonwealth Avenue and Juniper Street, as alleged herein above, in that City residents in the area had complained to the City about the obscured stop sign at Commonwealth Avenue and Juniper Street, and obscured visibility area, yet the City failed to take any action which would eliminate the dangerous condition created by the foliage and the obscured stop sign.

87. The City breached its duty of care to plaintiff by carelessly, negligently and improperly maintaining, managing, supervising and controlling City owned property, including the intersection of Commonwealth Avenue and Juniper Street as alleged herein.

0c0022

88. The City further breached its duty of care to plaintiff in that the dangerous condition created by the 12 foot tall foliage in the City right-of-way within zero feet of the stop sign and obscuring the stop sign, combined with defendant Cole's property blocking the Municipal Code mandated visibility area, had existed, and had been permitted to exist for such a long period of time which would allow the foliage to grow to such a height, width and breadth, and was of such an obvious nature that the City, in the exercise of due care, should have discovered the condition and its dangerous character.

89. The City further breached its duty of care to plaintiff in that a reasonably adequate, practical, inexpensive and simple City system of inspection would have resulted in the dangerous condition, as alleged herein, to have been discovered prior to the November 18, 2006, accident as alleged herein.

90. The City further breached its duty of care to plaintiff in that the City maintained and operated such an inspection system, but failed to operate it with due care and so negligently designed and operated such an inspection system to as to render it useless. Hence, the City failed to discover the dangerous condition which caused the November 18, 2006, accident as alleged above.

91. On February 15, 2007, the City of San Diego was personally served with a Tort Claim, in accordance with City of San Diego requirements and with the State of California Torts Claim requirements. The City rejected said claim on April 11, 2007.

92. As a direct and legal cause of the dangerous condition of defendants' property, as alleged above, defendant Arrellano was driving southbound on Commonwealth Avenue at 1:05 a.m. on November 18, 2006, his view of the stop sign was obscured by foliage at the corner of Commonwealth and Juniper, and he collided with Mr. Tran's vehicle driving eastbound on Juniper Street.

93. As a direct and legal cause of the dangerous condition of defendants' property, as alleged above, which obscured the stop sign on Commonwealth Avenue at the intersection of Juniper Street, and which allowed the intersection and City Municipal Code mandated visibility area to be obscured, Mr. Tran, while driving eastbound on Juniper Street, was

15

000023

1    unable to see across Cole's property to ascertain if there was any oncoming traffic

2    approaching the intersection at a speed which would put Mr. Tran on notice that said

3    oncoming traffic may not stop at the intersection and yield the right-of-way to Mr. Tran.

4    Hence, the intersection of Commonwealth Avenue and Juniper Street constituted a

5    dangerous condition of public property.

6  94.  As a further direct and legal cause of the dangerous condition of defendants' property, as

7    alleged above, Mr. Tran's automobile was completely destroyed in the collision.

8  95.  As a further direct and legal cause of the dangerous condition of defendants' property, as

9    alleged above, Mr. Tran suffered catastrophic and permanent injuries to his body,

10    including but not limited to head trauma, subarachnoid hemorrhage, loss of

11    consciousness, coma, ruptured spleen and severe and permanent brain injuries.

12  96.  As a further direct and proximate result of the dangerous condition of defendants'

13    property, Mr. Tran was hurt and injured in his health, strength, and activity, sustaining

14    permanent and life threatening injury to his brain and person all of which injuries have

15    caused and continue to cause Mr. Tran great mental, physical, and nervous pain and

16    suffering.

17  97.  As a further direct and proximate result of the dangerous condition of defendants'

18    property, Mr. Tran has incurred, and will continue to incur medical and other economic

19    expenses in an amount according to proof at trial.

20  98.  As a further direct and proximate result of the dangerous condition of defendants'

21    property, Mr. Tran's earning capacity has been greatly impaired, both in the past and in

22    the present in an amount according to proof at trial.

23                    **FOURTH CAUSE OF ACTION**
     (Failure to Provide a Traffic Warning Device Against the City of San Diego [Gov't Code 830.8]
24                    and DOES 16 through 50 Inclusive)

25  99.  Plaintiff realleges and incorporates herein by this reference the allegations contained in

26    Paragraphs 1 through 98, inclusive, as though fully set forth.

27  100.  On November 18, 2006, at 1:05 a.m., plaintiff was lawfully driving his automobile

28    eastbound on Juniper Street in the City of San Diego.

000024

1    101.    The City of San Diego owns and controls a right-of-way along Commonwealth Avenue at

2            the intersection of Juniper Street.

3    102.    The City of San Diego is responsible for, and has a duty to maintain its right-of-way,

4            including trimming of all foliage in the right of way which may obscure any traffic

5            control devices, such as stop signs, or which may obscure the visibility area as defined by

6            the City of San Diego Municipal Code. §§ 113.0273, diagram 113-02RR, 113.0103,

7            142.0301, 142.0310 and 142.0409(b)(2), so as to not create a dangerous condition of said

8            property to any person lawfully using City property, such as City streets for private

9            vehicular traffic.

10   103.    The City of San Diego's right-of-way along Commonwealth Avenue, at the intersection

11           of Juniper Street, was in a dangerous condition at the time of the accident, in that the

12           City, in violation of its own Municipal Code, as alleged herein above, permitted foliage to

13           grow 12 feet high and to within zero feet of the stop sign at the intersection of

14           Commonwealth and Juniper, so as to obscure the stop sign at Commonwealth and

15           Juniper, all in violation of City of San Diego Municipal Code § 142.0409 and Table 142-

16           04E.

17   104.    The City of San Diego's right-of-way along Commonwealth Avenue, at the intersection

18           of Juniper Street, was in a dangerous condition at the time of the accident, in that the

19           City, in violation of its own Municipal Code, as alleged herein above, permitted the

20           visibility area across the adjacent corner property own by defendant Cole, to be obscured,

21           all in violation of the City's Municipal Code §§ 113.0273, diagram 113-02RR, 113.0103,

22           142.0301, 142.0310 and 142.0409(b)(2).

23   105.    The purpose of said City of San Diego ordinances, as alleged herein above, is to provide

24           visibility across corner properties for the safety of pedestrians and motor vehicles and to

25           prevent the type of accident which occurred by the City's failure to ensure its own right-

26           of-way was not in violation of its Municipal Code and not creating a dangerous condition.

27   106.    The City of San Diego Street Division is responsible for maintaining all foliage in City

28           right-of-ways in such a manner so as to comply with said City ordinances as alleged

17

000025

1    herein above, and to not result in a dangerous condition of property wherein the visibility
2    area or a traffic control signal is obscured.

3    107.    The City of San Diego is responsible for enforcing it Municipal Code, as alleged herein
4            above, and to see to it that all corner property within the City, including the property
5            owned by defendant Cole, is not in violation of City of San Diego ordinances as alleged
6            herein, so as to constitute a dangerous condition of City roadways, including
7            Commonwealth Avenue and Juniper Street.

8    108.    The City of San Diego is responsible to warn motorists like Mr. Tran of dangerous
9            conditions, like the obstructed eastbound and southbound visibility area caused by the
10           foliage and the foliage obstructed stop sign for southbound Commonwealth Avenue
11           traffic at the intersection of Juniper Street. This includes a warning sign or stop sign for
12           eastbound Juniper Street traffic, of which none existed, thereby constituting a concealed
13           trap. Government Code § 830.8; Kessler v. State (1988) 206 Cal.App.3d 317, 322; Hilts
14           v. County of Solano (1968) 265 CAl.App.2d 161; Bakity v. County of Riverside (1970)
15           12 Cal.App.3d 24. Existing warning signs were inadequate to warn Mr. Tran. This
16           dangerous condition could have been prevented under Government Code § 830.8 by
17           installing an eastbound Juniper Street stop sign at Commonwealth Avenue, but
18           negligently was not.

19   109.    The City should have installed a stop sign on Juniper Street once it decided to violate its
20           own Municipal Codes and permit the Commonwealth Avenue stop sign, a the intersection
21           of Juniper Street, to be obscured by foliage and to permit the visibility area to be
22           obstructed and obscured by foliage, hence allowing a dangerous condition of public
23           property to exist

24   110.    Because of the City's failure to maintain its right-of-way, and to enforce its Municipal
25           Code on corner property, the intersection of Commonwealth Avenue and Juniper Street
26           resulted in a dangerous condition of public property. The lack of visibility at the
27           intersection of Commonwealth and Juniper, combined with the obscured stop sign,

28

000026

1    resulted in a dangerous condition of City owned property; to wit, the intersection of

2    Commonwealth and Juniper, which is also a City right-of-way.

3    111.    The collision between defendant Arrellano's pickup truck and Mr. Tran's automobile, as

4         alleged herein above, was proximately caused by the inability of defendant Arrellano to

5         see the stop sign which was obscured by the foliage, which also trapped plaintiff into

6         believing he could continue safely with his right-of-way on Juniper Street.

7    112.    The collision between defendant Arrellano's pickup truck and Mr. Tran's automobile was

8         further proximately caused by Mr. Tran's inability to see across the intersection of

9         Commonwealth and Juniper, through the City Municipal Code defined 25 foot visibility

10        area, so as to be able to see defendant Arrellano's pickup truck approaching the

11        intersection at a rate of speed which would have put Mr. Tran on notice that it was

12        reasonably foreseeable that defendant Arrellano would not stop at the intersection and

13        that a collision was reasonably foreseeable if Mr., Tran did not stop his automobile and

14        yield to defendant Arrellano.

15   113.    The purpose of the City's visibility area, as City Municipal Code §§ 113.0273, diagram

16        113-02RR, 113.0103, 142.0301, 142.0310 and 142.0409(b)(2) are to maintain adequate

17        visibility on both private property and city right-of-ways to allow for adequate sight

18        distances for safe vehicle travel at intersections involving a city right-of-way.

19   114.    The dangerous condition created by the foliage in the City right-of-way, which was

20        approximately 12 feet tall, within zero feet of the stop sign and obscuring the stop sign,

21        combined with the City's failure to enforce its visibility ordinance against the corner

22        property owner, created a reasonably foreseeable risk that a motor vehicle would not see

23        the stop sign on Commonwealth Avenue and would fail to stop at the intersection, hence

24        colliding with a vehicle on Juniper Street.

25   115.    On November 18, 2006, and prior thereto, the intersection of Commonwealth Avenue and

26        Juniper Street was in a dangerous condition, all in violation of Government Code § 835,

27        that created a substantial risk of the type of injury herein alleged when the property was

28        use with due care in a manner that it was reasonably foreseeable that it would be used, in

19

COMPLAINT; DEMAND FOR JURY TRIAL

1   that the foliage and fencing on defendant Cole's adjacent private property exceed the City

2   Municipal Code height limit of 3 feet, violated the City's visibility ordinance in that said

3   foliage was 6 feet tall and within zero feet of the intersection thus obscuring the stop sign

4   at the intersection of Commonwealth Avenue and Juniper Street, creating a substantial

5   risk that motor vehicles traveling across the intersection would not be able to see each

6   other as they approach the intersection.

7  116.   The dangerous condition created by the foliage in the City right-of-way, which was

8   approximately 12 feet tall, within zero feet of the stop sign and obscuring the stop sign,

9   combined with the City's failure to enforce its visibility ordinance against the corner

10   property owner, created a reasonably foreseeable risk that a driver, such as Mr. Tran,

11   traveling on Juniper Street, would not have adequate sight distances for safe vehicle

12   travel and would collide with a vehicle traveling across the intersection of

13   Commonwealth Avenue and Juniper Street.

14  117.   The failure of the City, and its employees in the City of San Diego, Street Division, and

15   other City agencies charged with the responsibility to maintain City right-of-ways,

16   including the trimming of foliage which obscured stop signs and the Municipal Code

17   mandated visibility area, created the dangerous condition which existed at the intersection

18   of commonwealth Avenue and Juniper on November 18, 2006, at 1:05 a.m.

19  118.   The City breached its duty of care to plaintiff in that the City was also on actual and

20   constructive notice of the dangerous condition at Commonwealth Avenue and Juniper

21   Street, as alleged herein above, in that City residents in the area had complained to the

22   City about the obscured stop sign at Commonwealth Avenue and Juniper Street, and

23   obscured visibility area, yet the City failed to take any action which would eliminate the

24   dangerous condition created by the foliage and the obscured stop sign.

25  119.   The City breached its duty of care to plaintiff by carelessly, negligently and improperly

26   maintaining, managing, supervising and controlling City owned property, including the

27   intersection of Commonwealth Avenue and Juniper Street as alleged herein.

28

000028

120.   The City further breached its duty of care to plaintiff in that the dangerous condition created by the 12 foot tall foliage in the City right-of-way within zero feet of the stop sign and obscuring the stop sign, combined with defendant Cole's property blocking the Municipal Code mandated visibility area, had existed, and had been permitted to exist for such a long period of time which would allow the foliage to grow to such a height, width and breadth, and was of such an obvious nature that the City, in the exercise of due care, should have discovered the condition and its dangerous character.

121.   The City further breached its duty of care to plaintiff in that a reasonably adequate, practical, inexpensive and simple City system of inspection would have resulted in the dangerous condition, as alleged herein, to have been discovered prior to the November 18, 2006, accident as alleged herein.

122.   The City further breached its duty of care to plaintiff in that the City maintained and operated such an inspection system, but failed to operate it with due care and so negligently designed and operated such an inspection system to as to render it useless. Hence, the City failed to discover the dangerous condition which caused the November 18, 2006, accident as alleged above.

123.   The City further breached its duty of care to plaintiff by maintaining a concealed trap for eastbound traffic on Juniper Street at Commonwealth Avenue.

124.   On February 15, 2007, the City of San Diego was personally served with a Tort Claim, in accordance with City of San Diego requirements and with the State of California Torts Claim requirements.  The City rejected said claim on April 11, 2007.

125.   As a direct and legal cause of the dangerous condition of defendants' property, as alleged above, defendant Arrellano was driving southbound on Commonwealth Avenue at 1:05 a.m. on November 18, 2006, his view of the stop sign was obscured by foliage at the corner of Commonwealth and Juniper, and he collided with Mr. Tran's vehicle driving eastbound on Juniper Street.

126.   As a direct and legal cause of the dangerous condition of defendants' property, as alleged above, which obscured the stop sign on Commonwealth Avenue at the intersection of

21

000029

1   Juniper Street, and which allowed the intersection and City Municipal Code mandated

2   visibility area to be obscured, Mr. Tran, while driving eastbound on Juniper Street, was

3   unable to see across Cole's property to ascertain if there was any oncoming traffic

4   approaching the intersection at a speed which would put Mr. Tran on notice that said

5   oncoming traffic may not stop at the intersection and yield the right-of-way to Mr. Tran.

6   Hence, the intersection of Commonwealth Avenue and Juniper Street constituted a

7   dangerous condition of public property.

8   127.   As a further direct and legal cause of the dangerous condition of defendants' property, as

9   alleged above, Mr. Tran's automobile was completely destroyed in the collision.

10   128.   As a further direct and legal cause of the dangerous condition of defendants' property, as

11   alleged above, Mr. Tran suffered catastrophic and permanent injuries to his body,

12   including but not limited to head trauma, subarachnoid hemorrhage, loss of

13   consciousness, coma, ruptured spleen and severe and permanent brain injuries.

14   129.   As a further direct and proximate result of the dangerous condition of defendants'

15   property, Mr. Tran was hurt and injured in his health, strength, and activity, sustaining

16   permanent and life threatening injury to his brain and person all of which injuries have

17   caused and continue to cause Mr. Tran great mental, physical, and nervous pain and

18   suffering.

19   130.   As a further direct and proximate result of the dangerous condition of defendants'

20   property, Mr. Tran has incurred, and will continue to incur medical and other economic

21   expenses in an amount according to proof at trial.

22   131.   As a further direct and proximate result of the dangerous condition of defendants'

23   property, Mr. Tran's earning capacity has been greatly impaired, both in the past and in

24   the present in an amount according to proof at trial.

25

26   **WHEREFORE**, plaintiff demands judgment as set forth below

27   1.   For general damages in a sum to be proved at trial, against all defendants on

28   all causes of action;

COMPLAINT: DEMAND FOR JURY TRIAL                                    000030

2.   For special damages, including all expenses for loss of present and future support in a sum according to proof against all defendants on all causes of action;

3.   For damages to real and personal property according to proof, against all defendants;

4.   For costs of suit herein incurred.

5.   For such other and further relief as the court may deem proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of their claims by jury to the extent authorized by law

Dated: April 17, 2007

ANGELO & DI MONDA, LLP

By: _____
Christopher E. Angelo
Joseph Di Monda
Attorneys for Plaintiff
Bun Bun Tran

# EXHIBIT 3

LAW OFFICES OF
## ANH QUOC DUY NGUYEN & ASSOCIATES

Branch Offices:

SAN GABRIEL
1015 E. LAS TUNAS DRIVE
SAN GABRIEL, CA 91776
PHONE: (626) 286-2239

SAN DIEGO
4745 EL CAJON BLVD., SUITE 101
SAN DIEGO, CA 92126
PHONE: (619) 284-0800

15622 BROOKHURST STREET
WESTMINSTER, CALIFORNIA 92683

PHONE: (714) 531-8181
FAX: (714) 531-9397

RESPOND TO:

■ WESTMINSTER OFFICE

☐ SAN GABRIEL OFFICE

☐ SAN DIEGO

January 26, 2007

Tiara Foster, Claims Representative
Progressive Insurance Company
6131 Orangethorpe Avenue, Suite 300
Buena Park, CA 90620
714.736.6300 general phone
714.736.6321 direct
714.736.6308 fax

<u>Via Certified Mail with Return Receipt</u>
<u>and Fax to: (714)736-6308</u>

Re:    My Client:              Bun Bun Tran
       Your Insured/Defendant:  Leonel Arrellano
       Date of Accident:        November 18, 2006
       Your Claim No.:          060409287

Dear Ms. Foster:

Please be advised that I represent Bun Bun Tran, who was seriously injured because of your insured running a stop sign. Thereafter, your insured fled from the scene. He has been arrested and is currently awaiting a criminal hearing in February of this year. My client has been hospitalized at UC San Diego, Floor 8 East, Room 812A, in a comatose condition since November 18, 2006. I understand that you have learned about his condition and the facts behind this accident from Esurance, the auto insurance company of Bun Bun Tran. You therefore know that the medical expenses are approaching $700,000 and Progressive has insufficient amounts of liability insurance.

My client is represented by his mother/guardian, Le Thi Nguyen. My client is hereby willing to be responsible for any and all medical and other liens so long as Progressive tenders all of its liability limits within 15 days from the date of this letter subject to the further condition precedent of convincing me that there are no other responsible parties, whether insured or not, causing this accident. If I am convinced, I will state as much in a letter. If I am not convinced, I will never state as much in a letter and there will be no settlement. Please also tell me, since it may bear on settlement, whether or not your insured received liquor at a Chili's restaurant shortly before the accident, and if so, which Chili's restaurant. We understand that Chili's was your insured's employer at the time of the accident.

Very truly yours,

Anh Q. D. Nguyen

# EXHIBIT 4

# PROGRESSIVE

Claims Office
6131 Orangethorpe Ave. Ste 300
Buena Park, CA 90620
Telephone: 714-736-6300
Facsimile: 714-736-6308

Underwritten by:    **Progressive West Insurance Company**

Claim number:    060409287
Date of loss:    11/18/2006
Today's date:    02/02/2007

Law Offices Of Anh Q.D. Nguyen & Assoc
Attn: Anh Nguyen
15622 Brookhurst Street
Westminster, CA 92683

Your Client:            Bun Bun Tran

Dear Mr. Nguyen:

This will confirm our offer of $15000 to settle your client's claim. Please be advised that this offer represents the policy limit. For your review, we have enclosed a copy of the declaration page.

You requested information regarding our insured's relationship with Chili's Restaurant and if he was served alcohol at this location. Unfortunately, we have not been able to locate our insured; therefore, we do not have a recorded statement from our insured regarding the facts of this loss.

Please convey this offer to your client(s) and advise me of the decision at your earliest convenience.

Please feel free to call with any questions or concerns.

Sincerely,

Tiara R Foster,   Ext.6321
Claims Specialist

tiara_r_foster@progressive.com

TXF/tf

060033

# EXHIBIT 5



Claims Office
1455 Frazee Rd.  Suite 200
San Diego, CA  92108
Telephone:  408-281-5100
Facsimile:  408-224-5007

Underwritten by:   **Progressive West Insurance Company**

Claim number:      060409287
Date of loss:        11/18/2006
Today's date:       03/02/2007


Law Offices Of Anh Q.D. Nguyen & Assoc
Attn: Anh Nguyen
15622 Brookhurst Street
Westminster, CA  92683

Your Client:                    Bun Tran

We wish to acknowledge receipt of the information/documentation which you have provided in reference to the above captioned claim.  In our effort to investigate and evaluate this claim, we will need additional time to make a final determination.  Please note the reason(s) listed for additional time: We are waiting for a demand from the City of San Diego for their property damage.

A determination on your claim cannot be made until the following event, process, or determination is made:  The City of San Diego must send their demand for property damage.   We will be in contact with you to advise you of the progress of our investigation.

In the interim, if you have any questions or other information that has relevance to our consideration of your claim, please contact the undersigned.

Sincerely,


Kendra R Turner,   Ext.3329
Claims Representative

kendra_turner@progressive.com

KRT/kt

000034

# EXHIBIT 6

**PROGRESSIVE**

*8131 Orangethorpe Avenue, Suite B5*
*Buena Park, CA 90620*
*(714) 736-6300*
*facsimile (714) 690-9730*

*progressive.com*

March 15, 2007

Law Offices of Anh Q.D. Nguyen & Associates
15622 Brookhurst Street
Westminster, CA 92683

Attention: Anh Nguyen, Esq.

| | | |
|---|---|---|
| Claim Number | : | 060409287 |
| Date of Loss | : | November 18, 2006 |
| Your Client | : | Tran, Bun |

Dear Mr. Nguyen:

We are unable to accept or deny your client's claim until we receive the following information:

1. The status regarding our offer in the amount of $15,000 (policy limits offer) to resolve your client's pending Bodily Injury claim.

Please furnish the requested items to our office immediately. Should you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

Tiara Foster
Claims Specialist Senior
On Behalf of Progressive West Insurance Company
(714) 736-6321
email: tiara_r_foster@progressive.com

TF/clf

0c0035

# EXHIBIT 7

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AN      RESS)      TELEPHONE :      FOR COURT USE ONLY
ROBIE & MATTHAI                                             (213) 706-8000
500 S. GRAND AVE., 15TH FLOOR
LOS ANGELES, CA  90071

Ref. No. or File No.
00S28700-02

ATTORNEY FOR (NAME)
Insert name of court, judicial district or branch court, if any, and post office and street address
U.S. DISTRICT COURT, SOUTHERN DISTRICT
880 FRONT STREET
SAN DIEGO, CA 92101
SHORT TITLE OF CASE
PROGRESSIVE vs. BUN BUN TRAN

| PROOF OF SERVICE (Summons) | DATE: | TIME: | DEPT./DIV.: | CASE NUMBER: 07CV1999JAHPOR |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action, and **I served copies** of the *(specify documents):*
   SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET; ; NOTICE OF INTERESTED PARTIES

2. a.  Party Served: *(specify name of party as shown on the documents served):*
       BUN BUN TRAN C/O LE THI NGUYEN GUARDIAN AD LITEM

   b.  Person Served: JULIA ABASTILLAS, CO-TENANT

   c.  Address: 7436 PRAIRIE MOUNT WAY
                SAN DIEGO, CA 92139                          **(Residence)**

3. I served the party named in item 2a
   b.  By leaving the copies with or in the presence of (name and title or relationship to the party named in item 2b)
       JULIA ABASTILLAS, CO-TENANT

   (2)  **(Home)** A competent member of the household (at least 18 years of age) at the dwelling house, usual place of abode or mailing address of the person served. I informed him or her of the general nature of the papers.
   (3) on *(date):* November 17, 2007          (4) at *(time):* 11:54 am
   (5)  **A declaration of diligence** is attached. *(Substituted Service on a Natural Person, Minor, Conservatee or Candidate.)*
   d.  By causing copies to be mailed via first-class mail, postage pre-paid. A Declaration of Mailing is attached.

4. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a.  as an individual defendant (CCP 416.90)

5. Person serving *(name, address, and telephone No.)*:        a. **Fee** for service: $    24.25        [CCP 1033.5(a)(4)(B)
                                                                INDEPENDENT CONTRACTOR, EXP 11/22/08
       RODRIGO LORA                                              (1) Employee or Independent contractor.
       3500 5th. AVE. SUITE 202                                  (2) Registration No.: 479
       SAN DIEGO, CA 92103                                       (3) County: SAN DIEGO
       Phone: (619) 299-2012
6. I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  12/12/07                                   ▶                            _____
                                                                                  (SIGNATURE)

**PROOF OF SERVICE**
(Summons)

000036

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS)
ROBIE & MATTHAI
500 S. GRAND AVE., 15TH FLOOR
LOS ANGELES, CA 90071

TELEPHONE NO.
(213) 706-8000

FOR COURT USE ONLY

REFERENCE NUMBER
00S28700-02

ATTORNEY FOR (NAME)

Insert name of court, judicial district or branch court, if any, and post office and street address
U.S. DISTRICT COURT, SOUTHERN DISTRICT
880 FRONT STREET
SAN DIEGO, CA 92101

SHORT NAME OF CASE
PROGRESSIVE vs. BUN BUN TRAN

| DECLARATION OF DILIGENCE | DATE: | TIME: | DEPT/DIV: | CASE NUMBER: 07CV1999JAHPOR |
|---|---|---|---|---|

I received the within process on October 31, 2007 and that after due and diligent effort I
have been able to effect service on the within named party at the following address.
However, extraordinary efforts were required to effect service as described below.

Name:    BUN BUN TRAN C/O LE THI NGUYEN GUARDIAN AD LITEM

Home:    7436 PRAIRIE MOUNT WAY
         SAN DIEGO, CA 92139

As enumerated below:

| 11/14/07 | 09:13 pm | NO ANSWER AT DOOR. LIGHTS OFF INSIDE OF THE RESIDENCE. NO ANSWER AT NEIGHBORS. |
| 11/15/07 | 07:48 am | NO ANSWER AT DOOR (RESIDENCE). |
| 11/16/07 | 02:10 pm | NO ANSWER AT DOOR (RESIDENCE). |
| 11/17/07 | 11:54 am | LE THI NGUYEN NOT HOME, AT THE HOSPITAL. |
| 11/17/07 | 11:54 am | SUBSTITUTED SERVICE. RECIPIENT INSTRUCTED TO DELIVER DOCUMENTS TO NAMED DEFENDANT. |

Fee for service:

JUDICIAL COUNCIL FORM, RULE #982 (A)(23)

[X] Registered:   SAN DIEGO   County.
    Number:   479

I declare under penalty of perjury that the foregoing is true and correct
and that this declaration was executed
on:   December 12, 2007
at:   SAN DIEGO   California.

**ADVANCED ATTORNEY SERVICES, INC.**
3500 5th Avenue, #202, San Diego, CA 92103
(619)299-2012

Signature:
Name: RODRIGO LORA
Title: INDEPENDENT CONTRACTOR, EXP 11/22/08

000037

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS)
ROBIE & MATTHAI
500 S. GRAND AVE., 15TH FLOOR
LOS ANGELES, CA 90071

TELEPHONE NO.
(213) 706-8000

FOR COURT USE ONLY

REFERENCE NUMBER
00S28700-02

ATTORNEY FOR (NAME)

Insert name of court, judicial district or branch court, if any, and post office and street address
U.S. DISTRICT COURT, SOUTHERN DISTRICT
880 FRONT STREET
SAN DIEGO, CA 92101

SHORT NAME OF CASE
PROGRESSIVE vs. BUN BUN TRAN

| DECLARATION OF MAILING | DATE: | TIME: | DEPT./DIV.: | CASE NUMBER: 07CV1999JAHPOR |

I am a citizen of the United States and employed in the County of San Diego, California. I am over the age of 18 and not a party to this action. My business address is 3500 Fifth Avenue, #202, San Diego, CA 92103

On November 17, 2007, after substituted service under section CCP 415.20 (A) or 415.20 (B) or FRCIV.P 4(D)(1) was made, I mailed copies of the:
SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET; ; NOTICE OF INTERESTED
PARTIES

to the defendant in said action by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at SAN DIEGO, California, addressed as follows:

**BUN BUN TRAN C/O LE THI NGUYEN GUARDIAN AD LITEM**
**7436 PRAIRIE MOUNT WAY**
**SAN DIEGO, CA 92139**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct and this declaration was executed on December 12, 2007 at San Diego, California.

**Fee for service:**

JUDICIAL COUNCIL FORM, RULE #982 (A)(23)

[X] Registered:          San Diego          County,
Number:          1249

**ADVANCED ATTORNEY SERVICES, INC.**
**3500 5th Avenue, #202, San Diego, CA 92103**
(619)299-2012

I declare under penalty of perjury that the foregoing is true and correct
and that this declaration was executed
on:          December 12, 2007
at:          San Diego          , California.

Signature:
Name: R. Mericle
Title: Employee

00038

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| ROBIE & MATTHAI<br>500 S. GRAND AVE., 15TH FLOOR<br>LOS ANGELES, CA 90071 | | (213) 706-8000 | |
| | | REFERENCE NUMBER<br>00S28700-01 | |
| ATTORNEY FOR (NAME) | | | |

Insert name of court, judicial district or branch court, if any, and post office and street address
U.S. DISTRICT COURT, SOUTHERN DISTRICT
880 FRONT STREET
SAN DIEGO, CA 92101

SHORT NAME OF CASE
PROGRESSIVE vs. BUN BUN TRAN

| NON SERVICE REPORT | DATE: | TIME: | DEPT.DIV: | CASE NUMBER:<br>07CV1999JAHPOR |
|---|---|---|---|---|

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action;

I received the following documents:

SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET; ; NOTICE OF INTERESTED
PARTIES

After due search, careful inquiry and diligent attempts at the following address(es), I have
been unable to effect service of said process on:

       Name: BUN BUN TRAN

       Home: 4576 PARK BLVD. #5
              SAN DIEGO, CA 92116

Process is being returned without service for the following reason(s):

| | | |
|---|---|---|
| 10/31/07 | 09:13 pm | NO ANSWER AT DOOR (RESIDENCE). |
| 11/01/07 | 07:28 am | NO ANSWER AT DOOR (RESIDENCE). NO ANSWER AT NEIGHBORS. |
| 11/03/07 | 02:14 pm | BAD ADDRESS (RESIDENCE) AT: 4576 PARK BLVD., #5 SAN DIEGO, CA 92116. CURRENT OCCUPANTS ARE THE "HOPE" FAMILY. |
| 11/05/07 | | SERVICE PUT ON HOLD. REPORT SENT TO CLIENT. |
| 11/09/07 | | REMINDER: THIS SERVICE HAS BEEN ON HOLD PENDING FURTHER INSTRUCTIONS. SERVICE WILL BE RETURNED BY 11/15/07 IF NO CALLS ARE RECEIVED. |
| 11/14/07 | | UNABLE TO SERVE AT GIVEN ADDRESS, NOW ATTEMPTING AT ALTERNATE ADDRESS PROVIDED 7436 PRAIRIE MOUNT WAY, SD, CA 92139, SEE LOCATION 02. |

Fee for service:

JUDICIAL COUNCIL FORM, RULE #982 (A)(23)

[X] Registered: SAN DIEGO County

Number: 479

**ADVANCED ATTORNEY SERVICES, INC.**
**3500 5th Avenue, #202, San Diego, CA 92103**
(619)299-2012

I declare under penalty of perjury that the foregoing is true and correct
and that this declaration was executed

on: December 12, 2007

at: SAN DIEGO , California.

Signature:

Name: RODRIGO LORA

Title: INDEPENDENT CONTRACTOR, EXP 11/22/05

000039

# EXHIBIT 8

WINET, PATRICK & WEAVER

A LAW CORPORATION

440 SOUTH MELROSE DRIVE, SUITE 200

VISTA, CALIFORNIA 92081-6666

TELEPHONE (760) 758-4261

FACSIMILE (760) 758-6420

May 7, 2008

Chris Angelo
Angelo & Di Monda
1721 N. Sepulveda Boulevard
Manhattan Beach, CA 90266-5014

Re:     Tran v. Arrellano
        Our File:  P21084

Dear Mr. Angelo:

I am in receipt of your April 29, 2008 letter.  In that letter, you attempt to memorialize certain items which are correct and incorrect.  This letter will hopefully clarify those issues.

First, you are correct that our office is not representing Mr. Arrellano in the federal action.  Secondly, your letter references that our office asked Progressive to pay our firm to represent Mr. Arrellano in the federal action.  This statement is incorrect.  Our firm never asked to represent Mr. Arrellano in the federal action.  However, we did request that Progressive pay for other counsel to represent Mr. Arrellano in the federal action.  Third, you are correct that in response to our request for Progressive to pay for counsel for Mr. Arrellano in the federal action, Progressive declined.

Our office remains in contact with Mr. Arrellano in prison.  As stated previously, we are not at liberty to tell you what conversations we have with Mr. Arrellano, and cannot do so.  For Mr. Arrellano's protection, it is good news that the Declaratory Relief action against Mr. Arrellano has been dismissed.

Since we continue to represent Mr. Arrellano in the defense of litigation filed by your client, we again must insist that any contacts made with Mr. Arrellano be performed through our office.

Sincerely,

WINET, PATRICK & WEAVER

Randall L. Winet

RLW:cr

# EXHIBIT 9

ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

CHRISTOPHER E. ANGELO
JOSEPH DI MONDA, A.I.A.

1721 NORTH SEPULVEDA BOULEVARD
MANHATTAN BEACH, CALIFORNIA 90266

TELEPHONE (310) 939-0099
FACSIMILE (310) 939-0023

November 28, 2007

Randall L. Winet, Esq.
Winet, Patrick & Weaver
440 South Melrose Drive, Suite 200
Vista, CA 92081-6666

Re:    *Progressive West Insurance Company vs. Bun Bun Tran, et al.*
        Your File No. P21084

Dear Mr. Winet:

Enclosed please find a copy of Progressive Insurance Company's October 16, 2007 Complaint for Declaratory Relief filed against my client and your client, Leonel Arrellano. As you can see, Progressive has hired the defense firm of Robie & Matthai, an insurance defense firm just like yours. I told Mr. McLaughlin at yesterday's deposition of this fact, and he was totally unaware that such a lawsuit had been filed.

I then asked Mr. McLaughlin about the status of his client signing my assignment of bad faith rights to collect any over limits judgment against Progressive first, not Arrellano. Mr. McLaughlin told me that you were in complete charge of that. Hence, I am writing you this letter. Mr. McLaughlin did tell me that both of my bad faith letters have been sent to Mr. Arrellano, but Mr. McLaughlin does not know if you also sent my assignment of bad faith rights contract to Mr. Arrellano. Have you?

More importantly, you must have known that Progressive West Insurance Company was going to file this Federal action against your primary client, Mr. Arrellano, because this Progressive Federal action encloses a copy of my June 28, 2007 letter to Jim McLaughlin of your firm.

Have you found a personal attorney who speaks Spanish to communicate with your primary client, Mr. Arrellano, in an effort to respond to my bad faith assignment letters? If not, please send this letter to Mr. Arrellano to advise him that I know a Spanish speaking lawyer by the name of Mike Trabish, who rents office space in my building and whose telephone number is: (310) 939-7122. Will you give permission to have Mr. Trabish attempt to contact Mr. Arrellano at the Sierra Correctional Center in an effort to set up an interview and to discuss the bad faith assignment and/or to discuss representing Mr. Arrellano in the Progressive Federal Declaratory Relief matter just filed? If I do not hear from you within the next week, I will assume that you have no objection to Mr. Trabish making contact with Mr. Arrellano at the

030041

ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

Randall L. Winet, Esq.
Re: *Progressive West Insurance Company vs. Bun Bun Tran, et al.*
November 28, 2007
page 2

Sierra Correctional Facility, where his deposition was taken, located at: **Sierra Conservation Center, 5100 O'Byrnes Ferry Road, Jamestown, CA 95327, (209-984-5291)**.

Is it your intent to have a default judgment entered against Mr. Arrellano in the Progressive Federal action enclosed herein? Is it your intent to arrange a lawyer to be representing Arrellano in the Federal complaint? If not, please immediately instruct Progressive to hire personal counsel to represent Arrellano in the Federal action. Enclosed please find a copy of my firm's Motion to Dismiss the Federal Complaint against my client and Arrellano on the grounds that the Federal Court is without jurisdiction. Please also give this Motion to Dismiss to Progressive and a personal counsel of your choosing to represent Mr. Arrellano in the Federal action. If this is not to be done, then please immediately arrange to have Mr. Trabish fly up to Sierra Correctional Facility to meet with Mr. Arrellano. Mr. Trabish is willing to do this whenever it is convenient for Mr. Arrellano.

Mr. McLaughlin once told me that Mr. Arrellano may be changing prison facilities. If this has already occurred, please indicate what prison Mr. Arrellano is currently confined at.

Finally, I consider Progressive's Federal lawsuit to be an interference with a protected property interest, one of many acts of interference.

I assume that you have also informed Mr. Arrellano of the value of his own emotional distress and punitive damage claim against Progressive pursuant to the case law of Betts vs. Allstate (1984) 154 Cal.App.3d 688. Someone is denying him his own lawsuit. As you know, my bad faith assignment specifically allows Mr. Arrellano to retain his own rights to sue Progressive for emotional distress and punitive damages. If I chose not to do this, I could have had Mr. Arrellano assign "all" bad faith claims, forcing him to waive his own personal bad faith claims under Murphy vs. Allstate Insurance (1976) 17 Cal.3d 937, 946, and Purcell vs. Colonial Insurance (1971) 20 Cal.App.3d 807, 817.

If you continue to refuse to cooperate with my requests, and if you continue to interfere with protected property interests, then I will seriously consider withdrawing any current willingness to allow Mr. Arrellano to retain his own emotional distress and punitive damages. How can you continue to be the sole means of communication with Mr. Arrellano when you are also cooperating with Progressive in providing only selective documentation to assist Progressive in filing the aforementioned Federal action against Mr. Arrellano and my client? Don't you see a

ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

Randall L. Winet, Esq.
Re: *Progressive West Insurance Company vs. Bun Bun Tran, et al.*
November 28, 2007
page 3

conflict-of-interest?  Someone is ruining Mr. Arrellano's own potential tort rights.  What are you doing to prevent this from happening?  Frankly, I am amazed.

                    Very truly yours,

            ANGELO & DI MONDA, LLP

            By:  CHRISTOPHER E. ANGELO

CEA/gh
cc: Michael Trabish

**EXHIBIT 10**

WINET, PATRICK & WEAVER

A LAW CORPORATION

440 SOUTH MELROSE DRIVE, SUITE 200
VISTA, CALIFORNIA 92081-6666
TELEPHONE (760) 758-4261
FACSIMILE (760) 758-6420

**SAN DIEGO OFFICE**
401 WEST A STREET, SUITE 1400
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3902
FACSIMILE (619) 702-7472

**PALM SPRINGS OFFICE**
340 SOUTH FARRELL DRIVE, SUITE A202
PALM SPRINGS, CALIFORNIA 92262
TELEPHONE (760) 416-1400
FACSIMILE (760) 416-1405

November 30, 2007

Chris Angelo
Angelo & Di Monda
1721 N. Sepulveda Boulevard
Manhattan Beach, CA 90266-5014

*Sent Via Facsimile*
*(310) 939-0023*

Re:    Tran v. Arrellano
       Our File: P21084

Dear Mr. Angelo:

I am in receipt of your November 28, 2007 letter. Previously, I informed you that I would not be sharing my communications with my client with you. Despite that fact, you continue to write letters to me to ask me specific questions about communications with Mr. Arrellano. Once again, I will not be sharing with you my communications with Mr. Arrellano because these conversations are protected by the attorney/client privilege.

Your November 28, 2007 letter also makes incorrect assumptions. Progressive Insurance did not consult with me or Mr. McLaughlin regarding its filing of a Complaint for Declaratory Relief. My first receipt of that document was the Complaint received with your letter. Contrary to the inferences contained in your letter, neither myself nor Mr. McLaughlin are involved in the insurance company's decision as to coverage in this case.

Your November 28, 2007 letter tells us that you have hand picked a lawyer to discuss your proposed bad faith assignment as well as the federal declaratory relief action for Mr. Arrellano, and then states that if you do not hear back from us within one week, you will have that attorney contact Mr. Arrellano. I find your comment that you will have an attorney contact my client regarding bad faith issues if you do not hear back from me within one week to be unethical. In fact, it violates the California Rules of Professional Responsibility and is grounds for individuals to be disciplined by the State Bar. You and Mike Trabish do not have the authority to contact Mr. Arrellano directly. If he decides that he wishes to utilize Mr. Trabish's services, I will contact you directly. Otherwise, any contact with him by you or Mr. Trabish is a violation of ethics in contacting a party who is represented in the litigation.

Chris Angelo
Re: Tran v. Arrellano
November 30, 2007
Page 2

Your November 28, 2007 letter further asks what our office intends to do regarding our representation involving Mr. Arrellano. Once again, my communications with him are privileged. I am not going to share attorney/client communications with you.

I resent the insinuation at the end of your letter that our office is assisting Progressive Insurance in filing the federal declaratory relief action. Your assertion and comments are not only unprofessional, but also inappropriate.

Finally, in my prior letter to you, I explained that the proposed Covenant Not to Execute from your office provided Mr. Arrellano no protection if your client's action was not successful against Progressive Insurance. For that reason, I explained that it appeared the Covenant Not to Execute was not providing Mr. Arrellano the protection personally since your client could still pursue him individually if your client was not successful against Progressive. In responses to my letter, you responded in short that "beggars could not be choosers." Is this still your position?

Preliminarily, it would appear that my original recommendation of your client obtaining a Covenant Not to Execute against Mr. Arrellano after judgment would protect both parties. As I'm sure you are aware, Mr. Arrellano does not have funds to satisfy any judgment obtained against him, and our objective is to protect him personally, which can be accomplished with a Covenant Not to Execute after judgment.

I anticipate that I will be speaking with Mr. Arrellano in the near future, so please advise if it is still your position that your client will only agree to the proposed Covenant Not to Execute forwarded by your office, or if he would be willing to sign a Covenant after judgment, fully protecting Mr. Arrellano.

Sincerely,

WINET, PATRICK & WEAVER

Randall L. Winet

RLW:cr

# EXHIBIT 11

WINET, PATRICK & WEAVER
A LAW CORPORATION
440 SOUTH MELROSE DRIVE, SUITE 200
VISTA, CALIFORNIA 92081-6666
TELEPHONE (760) 758-4261
FACSIMILE (760) 758-6420

SAN DIEGO OFFICE
419 WEST A STREET, SUITE 1400
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3902
FACSIMILE (619) 702-3437

PALM SPRINGS OFFICE
340 SOUTH FARRELL DRIVE, SUITE A203
PALM SPRINGS, CALIFORNIA 92262-7907
TELEPHONE (760) 416-1100
FACSIMILE (760) 416-1400

April 18, 2008

Chris Angelo
Angelo & Di Monda
1721 N. Sepulveda Boulevard
Manhattan Beach, CA 90266-5014

Re:    Tran v. Arrellano
       Our File: P21084

Dear Mr. Angelo:

I am in receipt of your April 3, 2008 letter. Once again, you attempt to make statements and comments which are inappropriate and also incorrect. First, the first sentence of your letter references that our firm "receives business from A.I.G. Insurance Group." To set the record straight, I am aware of two cases wherein we defended an insured after A.I.G. took over a defense, and handled another case that was referred to our office by A.I.G. on a special issue. Our firm has not and does not regularly perform business for A.I.G. Insurance Group. Any insinuation by your office that our decisions or representation in this case is based upon some pre-existing or ongoing business relationship with A.I.G. Insurance is ridiculous and incorrect.

You spoke with Jim McLaughlin, from our firm regarding the responses to the Requests for Admissions by Mr. Arrellano. Mr. McLaughlin correctly told you that Mr. Arrellano would be answering the Requests for Admissions honestly and under oath as required by law.

Our office has spoken with Mr. Arrellano several times and we have also met with him. As I informed you in a number of previous letters, we have not and will not discuss our conversations with Mr. Arrellano. Those communications are protected by the attorney-client privilege.

Sincerely,

WINET, PATRICK & WEAVER

Randall L. Winet

RLW:bjh

000046

# EXHIBIT 12

1  JAMES R. ROBIE, SBN 67303
   KYLE KVETON, SBN 110805
2  RONALD P. FUNNELL, SBN 209897
   ROBIE & MATTHAI
3  A Professional Corporation
   500 South Grand Avenue, 15th Floor
4  Los Angeles, California 90071
   (213) 706-8000 • (213) 624-2563 Fax
5  kkveton@romalaw.com

6  Attorneys for Plaintiff PROGRESSIVE WEST
   INSURANCE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  PROGRESSIVE WEST INSURANCE )    CASE NO. 07 - CV 1999 JAH (POR)
    COMPANY, an Ohio corporation, )
12                                )    APPLICATION FOR DEFAULT
                   Plaintiff,     )    JUDGMENT BY COURT AGAINST
13      vs.                       )    DEFENDANT LEONEL
                                  )    ARRELLANO; DECLARATION OF
14  BUN BUN TRAN, LEONEL          )    RONALD P. FUNNELL
    ARRELLANO,                    )
15                                )
                   Defendants.    )    Date:    June 2, 2008
16                                )    Time:    2:30 p.m.
    _____)    Ctrm:    11
17                                          940 Front Street
                                            San Diego, CA 9210
18

19  TO DEFENDANT  LEONEL ARRELLANO AND HIS ATTORNEYS OF

20  RECORD:

21          PLEASE TAKE NOTICE THAT on June 2, 2008, at 2:30 p.m. or as soon

22  thereafter as this matter may be considered by the above entitled Court, located at 940

23  Front Street, San Diego, California, Plaintiff Progressive West Insurance Company

24  ("Progressive") will present its application for a default judgment against defendant

25  Leonel Arrellano.  The clerk has previously entered the default of said defendant on

26  April 9, 2008.

27          At this time Plaintiff requests the Court to enter a judgment of default based on

28  the Declaration of Ronald P. Funnell and the following  matters:

K:\4461\Pleading\Request Enter Default Jgmt.wpd                1

000047

1      1.     Defendant Leonel Arrellano is not a minor or incompetent person or in

2  military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief

3  Act of 1940; and

4      2.     Defendant Leonel Arrellano was served with the summons and the

5  complaint on November 17, 2007.  Said defendant has not appeared in this action, nor

6  answered the complaint.

7      3.     Plaintiff is entitled to judgment against said defendant on account of the

8  claims pleaded in the complaint, to wit:

9      Plaintiff Progressive insured Defendant Leonel Arrellano for the policy period

10  May 30, 2006 to November 30, 2006 under California Motor Vehicle Policy number

11  16558999-00.  On November 18, 2006, Defendant Arrellano collided with Defendant

12  Bun Bun Tran's automobile, causing Mr. Tran serious injuries from which he remains

13  comatose.

14      Following the accident, Mr. Arrellano was arrested for driving under influence

15  of alcohol, driving without a license and fleeing the scene of the accident.  The

16  accident report assigned fault to Mr. Arrellano.  In June 2007, he was sentenced to 6

17  years in a California prison.

18      On or about January 26, 2007, attorney Anh Quoc Duy Nguyen wrote

19  Progressive demanding that Progressive tender its liability policy limits within fifteen

20  (15) days.  (A copy of Attorney Nguyen's demand letter is attached to the Funnell

21  Declaration as **Exhibit 1**.)

22      Plaintiff is informed and believes that at the time Attorney Nguyen sent his

23  January 26, 2007 letter, he was not legally representing Bun Bun Tran, but instead

24  was representing Mr. Tran's mother.  Plaintiff is further informed and believes that

25  Mr. Tran's mother was not then guardian ad litem of Mr. Tran.  As a result, Attorney

26  Nguyen had no legal authority to settle the claims of Mr. Tran, nor did he have legal

27  authority to release claims of Mr. Tran against any tort feasor.

28      Attorney Nguyen's demand did not offer a release or dismissal in exchange for

000048

1  payment of the insurance benefits, but was subject to the condition precedent "of

2  convincing [Nguyen] there are no other responsible parties, whether insured or not,

3  causing this accident. If I am not convinced, I will state as much in a letter and there

4  will be no settlement."

5    It was legally and factually impossible to convince Attorney Nguyen that there

6  were no other responsible parties for causing this accident, given the facts and

7  circumstances of the accident, and that Patricia Cole, in fact, paid Bun Bun Tran

8  $300,000 to settle the liability claim against her arising from this accident in July

9  2007.

10    As a result of the above condition precedent, attorney Nguyen's demand was

11  not an offer to settle within the policy's limits. Rather, the condition precedent of

12  "convincing" Nguyen was outside of the policy and its stated limits.

13    Nevertheless, on February 2, 2007, Progressive sent a letter to Attorney

14  Nguyen offering its policy limits, within 7 days of the demand. (A true and correct

15  copy of this letter is attached to the Funnell Declaration as **Exhibit 2**). Attorney

16  Nguyen rejected the offer and referred Mr. Tran's claim to attorney Christopher

17  Angelo.

18    On or about May 8, 2007, Attorney Angelo filed a lawsuit on behalf of Mr.

19  Tran against Mr. Arrellano alleging causes of negligence and negligence per se

20  regarding the above mentioned automobile accident. It is clear from the

21  correspondence, discovery and pleadings filed in that case that Mr. Angelo intended

22  to obtain a judgment against Mr. Arrellano and then sue Progressive for breach of

23  contract and breach of covenant of good faith and fair dealing for failing to settle Mr.

24  Tran's claim within policy limits.

25    4. Plaintiff Progressive is entitled to a declaratory judgment against

26  defendant Arrellano stating the following rights and duties of the parties under the

27  involved policy of insurance:

28    That in handling Leonel Arrellano's claim arising from the November 18, 2006

1   motor vehicle accident, Progressive has discharged its obligations under the insurance

2   policy and in accord with California law; and that its conduct in response to the

3   January 26, 2007 letter from Attorney Nguyen was reasonable, was not in bad faith,

4   and did not eliminate or jeopardize the $15,000 policy limits available under the

5   Progressive California Motor Vehicle Policy number 16558999-00 issued to insured

6   defendant Leonel Arrellano.

7       The above stated facts are set forth in the accompanying declaration of Ronald

8   P. Funnell, filed herewith.

9

10   DATED: April_____, 2008        ROBIE & MATTHAI
                                    A Professional Corporation

11

12                         By:_____

13                           JAMES R. ROBIE
                          KYLE KVETON

14                           RONALD P. FUNNELL
                          Attorneys for Plaintiff PROGRESSIVE WEST

15                           INSURANCE COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 3:07-cv-01999-JAH-POR    Document 12    Filed 04/23/2008    Page 5 of 7

## DECLARATION OF RONALD P. FUNNELL IN SUPPORT
## OF REQUEST TO ENTER  DEFAULT JUDGMENT

I, Ronald P. Funnell, declare as follows:

1.    I am over 18 years old and am an attorney licensed to practice law in the state of California and am an attorney with the law firm of Robie and Matthai, attorneys representing Plaintiff Progressive West Insurance Company in this case. The facts stated in this declaration are from my own personal knowledge and I would and could testify competently to these facts if called to do so.

2.    Defendant Leonel Arrellano was served with the Summons and the Complaint on November 17, 2007.

3.    Defendant Leonel Arrellano has not appeared in this action and has not responded to the complaint within the 20-day time period provided by FRCP 12(a)(1).

4.    Defendant Leonel Arrellano is not a minor nor an incompetent person.

5.    Defendant Leonel Arrellano is not a member of the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

6.    Defendant Leonel Arrellano would not be able to attend any hearing regarding this matter because he is presently incarcerated at Sierra Conservation Center, 5100 O'Byrnes Ferry Road, Jamestown, CA.  Mr. Arrellano is not represented by counsel in this action.

7.    On or about January 26, 2007, attorney Anh Quoc Duy Nguyen wrote to Progressive demanding that Progressive pay its $15,000 policy limits within 15 days. A true and correct copy of Nguyen's letter is attached as **Exhibit 1**.

/ / /
/ / /
/ / /
/ / /
/ / /

000051

Case 3:07-cv-01999-JAH-POR    Document 12    Filed 04/23/2008    Page 6 of 7

8.    On February 2, 2007, Progressive sent a letter in response to Attorney Nguyen, offering its $15,000 policy limits, and within 7 days of the demand.   A true and correct copy of Progressive's letter is attached as **Exhibit 2**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of April 2007, at Los Angeles, California.


RONALD P. FUNNELL

000052

**PROOF OF SERVICE**

1

2      I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, 15th Floor, Los Angeles, CA 90071-2609.

3

4      On April 23, 2008, I served the foregoing document(s) described as:

5      **APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT LEONEL ARRELLANO; DECLARATION OF RONALD P. FUNNELL**

6

7

8      on all interested parties in this action by placing a true copy of each document, enclosed in a sealed envelope addressed as follows:

9      _Attorneys for Defendant, Bun Bun Tran:_                    _Defendant Leonel Arrellano, In Pro Per:_

10     Christoper E. Angelo, Esq.                   Leonel Arrellano, Inmate #F77654
       Joseph Di Monda, Esq.                        c/o Division of Adult Operations

11     ANGELO & DI MONDA LLP                        Sierra Conservation Center
       1721 No. Sepulveda Boulevard                 5100 O'Byrnes Ferry Road

12     Manhattan Beach, CA 90266-5014               Jamestown, CA 95327
       Telephone:  (310) 939-0099

13     Facsimile:   (310) 939-0023

14     **(X)**    **BY MAIL:** as follows:  I am "readily familiar" with the firm's practice of

15            collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United

16            States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with

17            postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

18

19     **(X)**    **BY E-SERVICE:**  I caused the above-referenced document(s) to be electronically served on all counsel of record through the Court's CM/ECF

20            filing and service system.

21     **(X) (Federal)**      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22     Executed on April 23, 2008, at Los Angeles, California.

23

24                                         _____

25                                         Windy Gale Tyler

26

27

28

01/26/2007 FRI 8:20 FAX 11149 7391 ANH DUI NGUYEN & ASSOC

LAW OFFICES OF
# ANH QUOC DUY NGUYEN & ASSOCIATES

Branch Offices:

SAN GABRIEL
10 S.E. LAS TUNAS DRIVE
SAN GABRIEL, CA 91776
PHONE: (626) 286-2239

SAN DIEGO
4745 EL CAJON BLVD., SUITE 101
SAN DIEGO, CA 92126
PHONE: (619) 284-0800

15622 BROOKHURST STREET
WESTMINSTER, CALIFORNIA  92683

PHONE: (714) 531-8181
FAX: (714) 531-9397

RESPOND TO:

● WESTMINSTER OFFICE
☐ SAN GABRIEL OFFICE
☐ SAN DIEGO

January 26, 2007

Tiara Foster, Claims Representative
Progressive Insurance Company
6131 Orangethorpe Avenue, Suite 300
Buena Park, CA 90620
714.736.6300 general phone
714.736.6321 direct
714.736.6308 fax

<u>Via Certified Mail with Return Receipt</u>
<u>and Fax to: (714)736-6308</u>

Re:    My Client:                     Bun Bun Tran
       Your Insured/Defendant:        Leonel Arrellano
       Date of Accident:              November 18, 2006
       Your Claim No.:                060409287

Dear Ms. Foster:

Please be advised that I represent Bun Bun Tran, who was seriously injured because of your insured running a stop sign. Thereafter, your insured fled from the scene. He has been arrested and is currently awaiting a criminal hearing in February of this year. My client has been hospitalized at UC San Diego, Floor 8 East, Room 812A, in a comatose condition since November 18, 2006. I understand that you have learned about his condition and the facts behind this accident from Esurance, the auto insurance company of Bun Bun Tran. You therefore know that the medical expenses are approaching $700,000 and Progressive has insufficient amounts of liability insurance.

My client is represented by his mother/guardian, Le Thi Nguyen. My client is hereby willing to be responsible for any and all medical and other liens so long as Progressive tenders all of its liability limits within 15 days from the date of this letter subject to the further condition precedent of convincing me that there are no other responsible parties, whether insured or not, causing this accident. If I am convinced, I will state as much in a letter. If I am not convinced, I will never state as much in a letter and there will be no settlement. Please also tell me, since it may bear on settlement, whether or not your insured received liquor at a Chili's restaurant shortly before the accident, and if so, which Chili's restaurant. We understand that Chili's was your insured's employer at the time of the accident.

Very truly yours,

Anh Q. D. Nguyen

1                                          **EXHIBIT 1**

000054

Claims Office
6131 Orangethorpe Ave. Ste 300
Buena Park, CA 90620
Telephone: 714-736-6300
Facsimile: 714-736-6308

Underwritten by: **Progressive West Insurance Company**

Claim number:    060409287
Date of loss:    11/18/2006
Today's date:    02/02/2007

*Sent again on 4-5-07*

Law Offices Of Anh Q.D. Nguyen & Assoc
Attn: Anh Nguyen
15622 Brookhurst Street
Westminster, CA 92683

Your Client:          Bun Bun Tran

Dear Mr. Nguyen:

This will confirm our offer of $15000 to settle your client's claim.  Please be advised that this offer represents the policy limit.  For your review, we have enclosed a copy of the declaration page.

You requested information regarding our insured's relationship with Chili's Restaurant and if he was served alcohol at this location.  Unfortunately, we have not been able to locate our insured; therefore, we do not have a recorded statement from our insured regarding the facts of this loss.

Please convey this offer to your client(s) and advise me of the decision at your earliest convenience.

Please feel free to call with any questions or concerns.

Sincerely,

Tiara R Foster,  Ext.6321
Claims Specialist

tiara_r_foster@progressive.com

TXF/tf

8

**EXHIBIT 2**

000055

# EXHIBIT 13

LAW OFFICES OF

# ANH QUOC DUY NGUYEN & ASSOCIATES

<u>Branch Offices:</u>

1015 E. LAS TUNAS DR.
SAN GABRIEL, CA. 91776
PHONE: (626) 286-2239

4745 EL CAJON BLVD.
SUITE 101
SAN DIEGO, CA. 92115
PHONE: (619) 284-0800

15622 BROOKHURST STREET
WESTMINSTER, CA 92683

PHONE: (714) 531-8181
FAX: (714) 531-9397

ANH Q.D. NGUYEN

March 14, 2007

Kendra R. Turner, Claims Representative
Progressive West Insurance Company
1455 Frazee Road, Suite 200
San Diego, CA 92108
408.281.5100 x3329
408.224.5007 fax
kendra_turner@progressive.com

|     |     |     |
| --- | --- | --- |
| Re: | My Client: | Bun Bun Tran |
|     | Your Claim No. | 060409287 |
|     | Date of Loss: | November 18, 2006 |
|     | Your Insured: | Leonel Arrellano |

Dear Ms. Turner:

I have received your March 2, 2007 letter, which I must reject in its entirety. Firstly, you have never asked for an extension to my previous policy limits offers nor have you asked in your March 2, 2007 letter for a reinstatement of any policy limits settlement offer on behalf of my client from my office.

Your March 2, 2007 letter merely states that you are just now making an "effort to investigate and evaluate this claim." You also admit in this letter that you are "waiting for a demand from the City of San Diego for their property damage." When did you first become aware of any potential claim against your insured by the City of San Diego? Was it after a governmental tort claim was made against the City of San Diego? Have you also become aware, through the City of San Diego, of a criminal prosecution against Leonel Arrellano in which he has pled guilty and where he remains incarcerated? When did you first make an effort to obtain a police report for this accident? Enclosed is an extra copy of the police report, which my office obtained but which you never requested or discussed. How is it that you must still "investigate and evaluate"? How is it that my client is supposed to wait around for you to determine when it is convenient to advise us "of the progress of [your] investigation?"

As to the last paragraph of your March 2, 2007 letter, my above questions and enclosed police report is in response to your letter statement: "If you have any questions or other information that

000056

has relevance to our consideration of your claim, please contact the undersigned." Please limit all of your future communications with my office to letter form. I sadly regret the arrogant and dismissive nature of your March 2, 2007 letter. The City of San Diego's alleged property damage claim could have been paid out of the money received from the Victims of Crime Fund. Your company's typical inability to communicate, except through form letters, has resulted in your insured remaining as a defendant in larger litigation. My office would have dismissed all claims against the world had Progressive West Insurance Company only been prompt, timely and polite.

Very truly yours,

Anh Q. D. Nguyen

Enclosure:     Copy of Traffic Collision Report

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am a resident of the aforesaid county. I am over the age of eighteen years and not a party to the within action; my address is 1721 N. Sepulveda Blvd., Manhattan Beach, California 90266.

On May __, 2008, I served the foregoing document(s) described as **DEFENDANT BUN TRAN'S MOTION FOR SANCTIONS AGAINST PLAINTIFF PROGRESSIVE WEST INS. CO. AND ITS ATTORNEYS ROBBIE & MATTHAI; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS OF JOSEPH DI MONDA, ESQ., CHRISTOPHER E. ANGELO, ESQ. AND ANH Q.D. NGUYEN, ESQ.** on the interested parties in this action, by placing the original/true copies thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

__   I caused such envelope/package containing the document(s) to be delivered by hand to the offices of the addressee(s).

X    The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

__   I deposited the above document(s) for facsimile transmission in accordance with the office practice of Angelo & Di Monda for collecting and processing facsimiles. I am familiar with the office practice of Angelo & Di Monda for collecting, processing, and transmitting facsimiles. The facsimile of the above document(s) was transmitted to the interested parties on the attached service list:

Executed on May __, 2008, at Manhattan Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

S/Joseph Di Monda
_____
Joseph Di Monda

0c82059

1

<u>Service List</u>

2

3  James R. Robie
   ROBIE & MATTHAI
4  James R. Robie
   500 South Grand Avenue
5  15th Floor
   Los Angeles, CA 90071
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28