Christopher E. Angelo [70007]
Joseph Di Monda [184640]
ANGELO & DI MONDA, LLP
1721 N. Sepulveda Blvd.
Manhattan Beach, California 90266-5014
Telephone: 310-939-0099
Fax: 310-939-0023

Attorneys for Defendants, Bun Bun Tran and Le Thi Nguyen

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>BUN BUN TRAN, LEONEL ARRELLANO,<br><br>    Defendants. | NO. 07- CV 1999 JAH (POR)<br><br>**DEFENDANT BUN TRAN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION FOR SANCTIONS**<br><br>Time:  2:30 p.m.<br>Date:  June 16, 2008<br>Ctrm.:  11<br>      940 Front Street<br>      San Diego, CA 92101 |

     Defendant Bun Tran by and through his attorneys Angelo & Di Monda, LLP, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents contained within the Court's file on this matter. The existence and authenticity of said documents is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

     Here all documents are contained in this Court's files.

1.    Exhibit 1, attached hereto is a true and correct copy Tran's Motion to Dismiss for Lack of Federal Jurisdiction.

1

2.    Exhibit 2, attached hereto is a true and correct copy Progressive's Opposition to Tran's Motion to Dismiss.

3.    Exhibit 3, attached hereto is a true and correct copy of this Court's January 7, 2008 Order vacating oral arguments on Tran's Motion to Dismiss.

4.    Exhibit 4, attached hereto is a true and correct copy of Progressive's Request to Enter Default against Arrellano in the Federal Action.

5.    Exhibit 5, attached hereto is a true and correct copy of Tran's Motion to Set Aside Arrellano's Default.

6.    Exhibit 6 attached hereto is a true and correct copy the Clerk of the U.S. District Court's Default against Arrellano.

7.    Exhibit 7, attached hereto is a true and correct copy of Progressive Application for Default Judgment Against Arrellano.

8.    Exhibit 8, attached hereto is a true and correct copy of this Court's Order dismissing Progressive's Federal Action for lack of diversity jurisdiction.

May 12, 2008                                             ANGELO & DI MONDA, LLP


                                    By: _____S/Joseph Di Monda_____
                                             Christopher E. Angelo
                                             Joseph Di Monda
                                             Attorneys for Defendants,
                                             Bun Bun Tran and Le Thi Nguyen

2

# EXHIBIT 1

1 | Christopher E. Angelo [70007]
  | Joseph Di Monda [184640]
2 | ANGELO & DI MONDA, LLP
  | 1721 N. Sepulveda Blvd.
3 | Manhattan Beach, California 90266-5014
  | Telephone: 310-939-0099
4 | Fax: 310-939-0023

5 | Attorneys for Defendant Bun Bun Tran

6

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

| PROGRESSIVE WEST INSURANCE | NO. 07- CV 1999 JAH (POR) |
| COMPANY, an Ohio corporation, | |
| | **NOTICE OF MOTION AND** |
| Plaintiffs, | **MOTION TO DISMISS FOR LACK** |
| | **OF SUBJECT MATTER** |
| v. | **JURISDICTION; RULE 12(b)(1);** |
| | **DECLARATION OF JOSEPH DI** |
| BUN BUN TRAN, LEONEL ARRELLANO, | **MONDA, ESQ.** |
| | |
| Defendants. | Time:  2:30 p.m. |
| | Date:  January 14, 2008 |
| | Ctrm.:  11 |
| | 880 Front Street |
| | San Diego, CA 92101 |

19 | **TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

20 | **PLEASE TAKE NOTICE** that on January 14, 2008, or as soon thereafter as the matter

21 | may be heard in the above-entitled court, located at 880 Front Street, San Diego, CA 92101,

22 | defendant Bun Bun Tran, by and through his guardian ad litem Le Thi Nguyen, will move the

23 | court to dismiss the action pursuant to FRCP 12(b)(1) because plaintiff's complaint fails to state

24 | a cause of action on which relief can be granted because the court lacks subject matter

25 | jurisdiction.

26 | The motion will be based upon this Notice of Motion and Motion, the Memorandum of

27 | Points and Authorities filed herewith, the Declaration of Joseph Di Monda, Esq., and the

28

1

00·007

**07- CV 1999 JAH (POR)**

1  pleadings and papers filed herewith.

2

3    Dated: November 27, 2007                              ANGELO & DI MONDA, LLP

4

5                                                  By: _____

6                                                        Christopher E. Angelo
                                                         Joseph Di Monda
7                                                        Attorneys for Defendants,
                                                         Bun Bun Tran and Le Thi Nguyen
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            00·002

                                            07- CV 1999 JAH (POR)

## I.    INTRODUCTION

BUN BUN TRAN ("TRAN") was catastrophically injured in an automobile accident ("the Accident") on November 18, 2006, in the City of San Diego. The vehicle which collided with TRAN was driven by defendant LEONAL ARRELLANO ("ARRELLANO"). TRAN was taken to the University of California San Diego Medical Center where he stayed for approximately 3 months in a coma. TRAN is presently at Sharp Medical Center in San Diego in a non-communicative vegetative state. Declaration of Joseph Di Monda.

TRAN, by and through his guardian ad litem, LE THI NGUYEN ("NGUYEN") filed an action ("the Third Party Lawsuit") in San Diego Superior Court against ARRELLANO, and also against Patricia Cole ("COLE"), Chili's Restaurants ("CHILI's") and the City of San Diego ("the CITY"). San Diego Superior Court Case number 37-2007-00065432-CU-PA-CTL, Department C-62, the Honorable Ronald L. Styn, Judge. Declaration of Joseph Di Monda.

Leonel Arrellano, was arrested by the San Diego Police Department and charged with driving while intoxicated. On or about February 15, 2007, Mr. Arrellano pled guilty to various felonies arising out of driving while intoxicated and leaving the scene of an accident. On June 8, 2007, Mr. Arrellano was sentenced to, and is now serving, a six year and four month sentence at the Sierra Conservation Center in Jamestown, California. Decl. of Joseph Di Monda.

TRAN's damages will reach tens of millions of dollars.

TRAN reached a tentative settlement with defendant COLE. COLE filed a motion for a determination of good faith settlement and the CITY opposed COLE's motion. The San Diego Superior Court is permitting the CITY to conduct discovery into COLE's assets and financial condition to determine if she should pay a higher settlement amount. COLE's settlement is pending. Decl. of Joseph Di Monda.

CHILI's has filed a motion for summary judgment which TRAN will oppose.

TRAN's theory of liability against the CITY is based upon, among other things, TRAN's allegations that the Stop sign which ARRELLANO failed to stop at was obscured by foliage which the CITY permitted to grow on CITY owned property, and that the CITY's negligence in not trimming said foliage created a dangerous condition of public property. ARRELLANO also

1  contends that the Stop sign was obscured by foliage and that he was unable to see said Stop sign

2  which is why he failed to stop thereby colliding with TRAN. The CITY is conducting discovery

3  on those issues. Decl. of Joseph Di Monda.

4       No judgments have been entered and no determinations of liability as to any party have

5  been made. At this time no trial date has been set. Decl. of Joseph Di Monda.

6       ARRELLANO is an illegal alien. Despite his illegal immigration status, Progressive

7  West Insurance Company ("Progressive") sold ARRELLANO an automobile liability insurance

8  policy ("Liability Policy") in the amount of $15,000.00. Decl. of Joseph Di Monda.

9       Prior to filing the Third Party Lawsuit, TRAN made a demand on Progressive for

10  ARRELLANO's $15,000.00 Liability Policy. Progressive did not tender the Liability Policy.

11  TRAN's position is that since Progressive failed to tender the Liability Policy when demanded,

12  the Liability Policy now has no liability limit and that Progressive is liable for any amount which

13  a jury may find ARRELLANO must pay.

14       Progressive has filed this present federal lawsuit asking for a declaration of its rights and

15  responsibilities  under ARRELLANO's $15,000.00 Liability Policy.

16       Progressive is asking this Court to declare that it has not committed bad faith under

17  California insurance law and hence can never be liable for any amount over the $15,000.00 limit

18  of the Liability Policy.

19  **II.    SUMMARY OF TRANS' ARGUMENTS AS TO WHY PROGRESSIVE'S**

20        **LAWSUIT MUST BE DISMISSED**

21      1.    The issue is not ripe because there has not been any determination of damages

22          which may be owed by any party.

23      2.    The issue is not ripe because there are a number of events which must occur

24          before Progressive may be liable for over-limits bad faith. Such as:

25          a.    TRAN has to obtain a judgment against ARRELLANO in an amount over

26              the $15,000.00 policy limit. Since ARRELLANO has blamed the CITY

27              for the obscured stop sign, a jury may in fact find that the CITY is the

28              party which must bear the most liability and find ARRELLANO liable for

000004

1     an amount less than the $75,000.00 minimum required to create federal

2     diversity jurisdiction;

3   b.   Even if a jury finds ARRELLANO liable for an amount over the $15,000.00

4        Policy limit, ARRELLANO would have to assign any bad faith rights to TRAN

5        and TRAN would have to bring an action against Progressive;

6   c.   ARRELLANO could pass away before any judgment is determined, or before any

7        assignment of bad faith rights is made;

8   d.   TRAN could pass away thereby cutting off his damages to a far lesser amount.

9   3.   Progressive's alleged $75,000.00 diversity jurisdiction exceeds its contractual liability,

10       hence Progressive is requesting an advisory opinion as to what it **may** be liable for in the

11       event the above events transpire.

12  4.   The alleged diversity jurisdiction of $75,000.00 is too speculative at this time to grant this

13       Court jurisdiction.

14  5.   At the time Progressive filed this lawsuit it can never be liable for an amount greater than

15       $15,000.00.

16  **III.   PROGRESSIVE HAS THE BURDEN OF PROOF TO SHOW TO A LEGAL**

17  **CERTAINTY THAT ITS ALLEGED DAMAGES MEET THE JURISDICTIONAL**

18  **AMOUNT TO PROVIDE THIS COURT WITH DIVERSITY JURISDICTION**

19       If defendant moves to dismiss for lack of jurisdiction, the burden of proof is normally on

20  the party invoking federal jurisdiction to establish a "good faith" expectation of recovery of at

21  least the minimum jurisdictional amount. *McNutt v. General Motors Accept. Corp. of Indiana*

22  (1936) 298 US 178, 189, 56 S.Ct. 780, 785.  Progressive must establish the jurisdictional amount

23  by a preponderance of the evidence. *Meridian Secur. Ins. Co. v. Sadowski* (7th Cir. 2006) 441

24  F3d 536, 543.

25  **IV.   PROGRESSIVE'S CLAIMS ARE NOT RIPE AT THE TIME IT FILED THE**

26  **COMPLAINT; AT THIS TIME IT CAN NEVER BE LIABLE FOR MORE THAN**

27  **$15,000;  HENCE THIS ACTION IS PREMATURE**

28       The amount in controversy required to grant this Court diversity jurisdiction must be

1  ascertained at the commencement of the action; later events generally do not affect diversity

2  jurisdiction.  Thus, diversity jurisdiction exists if the complaint as filed puts more than $75,000

3  at issue.  *Johnson v. Wattenbarger* (7th Cir. 2004) 361 F3d 991, 993.

4      To justify such dismissal, "(i)t must appear to a legal certainty that the claim is really for

5  less than the jurisdictional amount ... "  *St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303

6  US 283, 288–289, 58 S.Ct. 586, 590.

7      Courts may look beyond the pleadings for the limited purpose of determining whether it

8  is "legally impossible" for plaintiffs to recover the damages alleged.  *Pachinger v. MGM Grand*

9  *Hotel–Las Vegas, Inc.* (9th Cir. 1986) 802 F2d 362, 364.

10      A demand is "legally impossible" for jurisdictional purposes when it runs up against a

11  statutory or contractual cap on damages, or when the theories of damages employ double

12  counting.  *Johnson v. Wattenbarger* 361 F3d at 994

13      Moreover, a dismissal may be upheld where defendant's liability is limited by contract to

14  an amount less than the diversity minimum, if the court determines that such limitation is valid

15  and enforceable.  *Valhal Corp. v. Sullivan Assocs., Inc.* (3rd Cir. 1995) 44 F3d 195, 209.

16      Here, Progressive admits in its complaint that its liability policy limits its damages to

17  $15,000.00; far below the diversity minimum of $75,000.00.

18      Moreover, there has been no adjudication of damages and no apportionment of damages

19  between the various defendants.  Since the amount in controversy must be established at the time

20  Progressive filed its complaint Progressive can not show to a legal certainty what its financial

21  exposure may be when the lawsuit is adjudicated.

22      Hence, at this time, Progressive has no way of knowing exactly what amount its insured

23  ARRELLANO may be found liable to have to pay to TRAN.

24  **V.    PROGRESSIVE SPECULATES AS TO ITS POTENTIAL DAMAGES IN ORDER**

25         **TO CREATE SHAM DIVERSITY JURISDICTION**

26      Here, plaintiff claims a right so intangible that its value is entirely speculative.  To wit,

27  how much Progressive may be liable to pay after adjudication of the San Diego action involving

28  the issue of liability amongst 4 defendants.  At this time no one can predict to a legal certainty

00:006

1    who will be found liable and how damages may be apportioned.

2        In such cases, diversity jurisdiction will not lie for lack of jurisdictional amount. *Jackson*

3    *v. American Bar Ass'n* (9th Cir. 1976) 538 F2d 829, 831.

4    **VI.    JURISDICTION MAY NOT BE BASED UPON PROGRESSIVE'S**

5        **SPECULATIVE ALLEGATIONS THAT IT MAY HAVE COMMITTED BAD**

6        **FAITH AND THEREFORE MAY BE LIABLE FOR AN AMOUNT EXCEEDING**

7        **$75,000.00**

8        A party cannot meet the jurisdictional amount by seeking a declaration of an additional

9    coverage not in issue at that time. *Nationwide Mut. Ins. Co. v. Rowles by Rowles*, 818 F. Supp.

10    852 (E.D. Pa. 1993).

11        In declaratory judgment suits involving liability insurance policies, the test of jurisdiction

12    is the maximum amount for which the insurer might be liable under the policy. *Budget*

13    *Rent-A-Car, Inc. v. Higashiguchi*, (9th Cir. 1997) 109 F.3d 1471, 1473.

14        Here, absent bad faith by Progressive, combined with a jury determination of damages,

15    Progressive's maximum liability under the policy is $15,000.00.

16        A very similar issue was addressed by the court in *St. Paul Reinsurance Co., Ltd. v.*

17    *Greenberg* (1998) 134 F.3d 1250. *St. Paul* addressed the potential for over-limits damages based

18    upon Texas law. The *St. Paul* court found diversity jurisdiction based upon Texas law which

19    provided for statutory damages for failure to pay a claim. *Id.* at 1254-1255. However, it was

20    only because of the statutory penalties, which were known to a certainty and put the claim over

21    the diversity limit which gave the *St. Paul* court diversity jurisdiction.

22        Applying the analysis of *St. Paul* to the present facts, diversity jurisdiction will not be

23    found because "bare allegations of jurisdictional facts have been held insufficient to invest a

24    federal court with jurisdiction." . *Id.* at 1253.

25        In *St. Paul*, the insured threatened to file a complaint against its insurer for not providing

26    coverage and had stated the amount in controversy. Here, ARRELLANO has made no such

27    threat to Progressive nor stated any amount. On the contrary, Progressive's federal complaint

28    admits that any threats to sue have been made by TRAN, who is not a party to the insurance

00  007

7

1    contract.

2           In finding diversity jurisdiction the *St Paul* court looked at the threats made by the

3    insured, not a potential third party litigant, and the damages the insured threatened to sue its

4    insurer for the insurers failure to provide insurance coverage.

5           The exact opposite is happening here.

6           Here, Progressive is seeking to use the potential of extra-contractual bad-faith as the basis

7    for invoking diversity jurisdiction, based upon an assumption that:

8           ARRELLANO will be liable for an amount exceeding $75,000.00 and that

9    ARRELLANO will assign the bad faith rights to TRAN and TRAN will sue Progressive.  No one

10   knows to a legal certainty, at this time, what amount ARRELLANO may be liable for and what

11   events may transpire after adjudication of the State court action.

12          This lawsuit is nothing but a sham by Progressive to litigate a potential future bad faith

13   action between it and TRAN prior to any adjudication of ARRELLANO's liability.

14   Progressive's entire complaint is premature and relies on speculation.

15          Frankly, if Progressive put as much effort into defending ARRELLANO against TRAN's

16   San Diego Superior Court lawsuit as it is putting into trying to get out of indemnifying

17   ARRELLANO, perhaps ARRELLANO could be successful in convincing a jury that the CITY

18   and/or CHILI's are the responsible parties.

19   **VII.    PROGRESSIVE FILES A SHAM COMPLAINT IN ORDER TO LIMIT**

20   **         ARGUMENTS TO THE COMPLAINT'S FOUR CORNERS SO AS TO DENY**

21   **         DEFENDANTS' RIGHT TO DUE PROCESS, DISCOVERY AND JURY TRIAL**

22          Progressive alleges that it has a $15,000 contract of insurance, which on its face is

23   beneath the $75,000 Federal jurisdictional threshold.  Progressive then makes a conclusory

24   allegation that the value in controversy exceeds $75,000.  The value in controversy can only

25   exceed $15,000 if there is insurance bad faith on the part of Progressive because it failed to

26   timely settle the third party claims against its insured Arrellano by also failing to meet the

27   conditions of Tran's settlement offer.

28          The determination of damages against Arrellano is already the subject of the San Diego

1    Superior Court personal injury litigation, and will not be determined until after this State

2    litigation is concluded. Progressive is not a party to the State litigation, but its insured Arrellano

3    is a party.

4        Progressive would be a hypothetical party in a potential future action only in the event

5    that an over limits judgment is rendered against Arrellano, at which time Arrellano may assign

6    the right to collect the over limits judgments to Bun Bun Tran while reserving the right to sue

7    Progressive for emotional distress and punitive damages, as recommended in *Cain vs. State*

8    *Farm* (1975) 47 Cal.App.3rd 783.

9        Only after such a bad faith lawsuit is filed may the bad faith plaintiffs discover

10   Progressive's claims file generated in the San Diego Superior Court action. Progressive's claims

11   file is discoverable because, "how else could they [plaintiffs] have properly determined whether

12   (insurer) acted fairly and in good faith in its handling of the claim?" *2022 Ranch, LLC vs.*

13   *Superior Court (Chicago Title Insurance Co.* (2003) 113 Cal.App.4th 1377, 1396; *Amato vs.*

14   *Mercury Casualty* (1993) 18 Cal.App.4th 1784, 1788-1789.

15       In addition, only during the post-judgment secondary bad faith lawsuit may the bad faith

16   plaintiffs discover the liability insurer's claims manual to ascertain whether it violated its own

17   internal investigation procedures. *Glenfed Development Corporation vs. Superior Court*

18   *(National Union Fire Insurance Co.* (1997) 53 Cal.App.4th 1113, 1118.

19       Progressive is attempting to "sham" this court into finding that only $15,000 is owed

20   contractually, thereby allowing it to fraudulently maintain in the future that this court had to

21   "implicitly" find that there was no tort or bad faith liability above $15,000 on the part of

22   Progressive when rejecting a policy limits demand previously made by counsel for Bun Tran.

23       To add insult to injury, Progressive is asking this court to make a finding of only $15,000

24   being owed, either contractually, explicitly, or extra contractually implicitly, without this court

25   having any opportunity to review, for instance, the claim's file and claim's manual, which can

26   only be discovered after the conclusion and finality of the bodily injury case currently pending in

27   San Diego Superior Court.

28   ///

00-009

1  **VIII.   CONCLUSION**

2         For the above reasons. TRAN requests this court to dismiss this complaint for lack of

3  diversity jurisdiction.

4

5  November 24, 2007

6                                                        ANGELO & DI MONDA, LLP

7

8                                                        _____

9                                                        Joseph Di Monda
                                                         Attorneys for Bun Bun Tran

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**07- CV 1999 JAH (POR)**

## DECLARATION OF JOSEPH DI MONDA, ESQ,

I, Joseph Di Monda, declare,

1.  I am over the age of 18 years, I have personal knowledge of the facts stated herein and if called as a witness I would and could competently testify as follows;

2.  I am an attorney at law duly admitted to practice before all the courts of the State of California, the United States District Court for the Southern District of California and the Court of Appeals for the Ninth Circuit and the attorney of record herein for defendant Bun Bun Tran ("TRAN") and make this declaration in support of the motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. Rule of Civ. Proc. 12(b)(1).

3.  BUN BUN TRAN was catastrophically injured in an automobile accident on November 18, 2006, in the City of San Diego.

4.  The vehicle which collided with TRAN was driven by defendant LEONAL ARRELLANO.

5.  Immediately after the accident TRAN was taken to the University of California San Diego Medical Center where he stayed for approximately 3 months in a coma.

6.  TRAN is presently at Sharp Medical Center in San Diego in a non-communicative vegetative state where he has been for approximately 11 months.

7.  TRAN, by and through his guardian ad litem, LE THI NGUYEN filed an action in San Diego Superior Court against ARRELLANO, and also against Patricia Cole, Chili's Restaurants and the City of San Diego. San Diego Superior Court Case number 37-2007-00065432-CU-PA-CTL, Department C-62, the Honorable Ronald L. Styn, Judge.

8.  Defendant ARRELLANO was charged with driving while intoxicated, failing to stop at a stop sign and leaving the accident scene. ARRELLANO is presently serving a 6 year sentence in the California prison system.

9.  TRAN's theory of liability against the CITY is based upon, among other things,

11

TRAN's allegations that the Stop sign which ARRELLANO failed to stop at was obscured by foliage which the CITY permitted to grow on CITY owned property, and that the CITY's negligence in not trimming said foliage created a dangerous condition of public property.  ARRELLANO also contends that the Stop sign was obscured by foliage and that he was unable to see said Stop sign which is why he failed to stop thereby colliding with TRAN.  The CITY is conducting discovery on those issues.

10.    No judgments have been entered and no determinations of liability as to any party have been made in the above referenced lawsuit filed in the San Diego Superior Court.  At this time no trial date has been set.

11.    ARRELLANO is an illegal alien.

12.    Despite his illegal immigration status, plaintiff Progressive West Insurance Company sold ARRELLANO an automobile liability insurance policy in the amount of $15,000.00.

13.    Prior to filing the above referenced San Diego Superior Court lawsuit, TRAN made a demand on Progressive for ARRELLANO's $15,000.00 liability policy.

14.    It is TRAN's contention that Progressive did not tender the Liability Policy.  TRAN's position is that since Progressive failed to tender the Liability Policy when demanded, the Liability Policy now has no liability limit and that Progressive is liable for any amount which a jury may find ARRELLANO must pay.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November27, 2007, at Manhattan Beach California.

Joseph Di Monda

600012

12

07- CV 1999 JAH (POR)

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am a resident of the aforesaid county. I am over the age of eighteen years and not a party to the within action; my address is 1721 N. Sepulveda Blvd., Manhattan Beach, California 90266.

    On **November 27, 2007**, I served the foregoing document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; RULE 12(b)(1)** on the interested parties in this action, by placing the original/true copies thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

__    I caused such envelope/package containing the document(s) to be delivered by hand to the offices of the addressee(s).

X    The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

__    I deposited the above document(s) for facsimile transmission in accordance with the office practice of Angelo & Di Monda for collecting and processing facsimiles. I am familiar with the office practice of Angelo & Di Monda for collecting, processing, and transmitting facsimiles. The facsimile of the above document(s) was transmitted to the interested parties on the attached service list.

Executed on **November 27, 2007**, at Manhattan Beach, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                           _Gloria Henderson_
                              Gloria Henderson

000013

13

07- CV 1999 JAH (POR)

Service List

ROBIE & MATTHAI
James R. Robie
500 South Grand Avenue
15th Floor
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00 014

| Print Message |    | Close this window |

**From** efile_information@casd.uscourts.gov
**Date** 2007/11/28 Wed AM 11:56:56 CST
**To** casd.uscourts.gov@casd.uscourts.gov
**Subject** Activity in Case 3:07-cv-01999-JAH-POR Progressive West Insurance Company v. Tran et al Motion to Dismiss/Lack of Jurisdiction

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**Southern District of California**

## Notice of Electronic Filing

The following transaction was entered by Di Monda, Joseph on 11/28/2007 at 9:56 AM PST and filed on 11/28/2007
**Case Name:**        Progressive West Insurance Company v. Tran et al
**Case Number:**     3:07-cv-1999
**Filer:**                 Bun Bun Tran
**Document Number:** 4

**Docket Text:**
MOTION to Dismiss for Lack of Jurisdiction by Bun Bun Tran. (Di Monda, Joseph)

**3:07-cv-1999 Notice has been electronically mailed to:**

Joseph Di Monda    jdaia@aol.com, adlaw@verizon.net

**3:07-cv-1999 Notice has been delivered by other means to:**

James Raymond Robie
Robie and Matthai
500 South Grand Avenue
Suite 1500
Los Angeles, CA 90071-2609

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=11/28/2007] [FileNumber=2292752-0] [28c0d2482ae265815fefa5bcfd0e02006eb1eb7b1d6e7ea2110bb64d2cddffa064108a3342b839fd49c527681b3393820e19775926486d844deb3da22a69efcf]]

000015

# EXHIBIT 2

JAMES R. ROBIE, SBN 67303
KYLE KVETON, SBN 110805
RONALD P. FUNNELL, SBN 209897
ROBIE & MATTHAI
A Professional Corporation
500 South Grand Avenue, 15th Floor
Los Angeles, California 90071
(213) 706-8000 • (213) 624-2563 Fax
kkveton@romalaw.com

Attorneys for Plaintiff PROGRESSIVE WEST
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BUN BUN TRAN, LEONEL ARRELLANO,<br><br>Defendants. | **CASE NO. 07 - CV 1999 JAH (POR)**<br><br>**OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [RULE 12(b)(1)**<br><br>Date:     January 14, 2008<br>Time:     2:30 p.m.<br>Ctrm:     11<br>              880 Front Street<br>              San Diego, CA 92101 |

Plaintiff Progressive West Insurance Company ("Progressive") submits the following Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction:

000016

K:\4461\Pleading\Oppo Mtn Dismiss.wpd                    1

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Progressive West Insurance Company ("Progressive") filed this action pursuant to the Federal Declaratory Judgment Act, 28 USCA § 2201. Defendant Bun Bun Tran ("Tran") has filed a motion to dismiss this lawsuit pursuant to Rule 12(b)(1), contending that this Court lacks subject matter jurisdiction to hear the case. Tran's motion is brought on two grounds: (1) the controversy between Progressive is not ripe because there is no judgment against Arrellano; and (2) the amount in controversy is "speculative" and does not meet the jurisdictional minimum. Neither ground has merit. Tran fails to acknowledge that this case is a declaratory relief action, subject to unique procedural requirements of the Declaratory Judgment Act and judicial interpretations of the Act.

Tran's failure to recognize the unique procedural requirements of a declaratory relief action is fatal to his motion. Established law provides that under the well-pleaded facts of the Complaint (as well the extrinsic facts presented by Tran's attorney's declaration), a litigable controversy exists between Progressive and Tran, and that the amount in controversy is well in excess of the jurisdictional minimum. Tran's motion must be denied.

### LEGAL DISCUSSION

**1.    The Declaratory Relief Act.**

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction [except specified federal tax actions and bankruptcy proceedings] . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (28 USCA § 2201(a).) The Act allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen: "In effect, it brings to the present a litigable controversy which otherwise might only be tried in the future." (*Societe de*

K: 4461 Pleading Oppo Mtn Dismiss.wpd                   2

1 | *Conditionnement v. Hunter Eng. Co., Inc.* (9th Cir. 1981) 655 F.2d 938, 943; see also

2 | *Dickinson v. Indiana State Election Board* (7th Cir. 1991) 933 F.2d 497.

3 |   Thus, contrary to defendant's protests, this action for declaratory relief may not

4 | be dismissed because the issue is not ripe. "The purpose of the Declaratory Judgment

5 | Act is to settle actual controversies *before* they ripen into violations of law or breach

6 | of duty." (*United States v Fisher-Otis Co.* (10th Cir. 1974) 496 F.2d 1146, 1151,

7 | emphasis added; *White v Califano* (D.S.D. 1977 ) 437 F.Supp. 543, aff'd (8th Cir.

8 | 1978) 581 F.2d 697 [purpose of declaratory judgment is to provide prospective

9 | relief].) As shown below, an actual litigable controversy exists between Progressive

10 | and Tran, a controversy which otherwise might only be tried in the future, and a

11 | controversy which plaintiff desires to resolve now, through this properly filed

12 | declaratory relief action.

13 | 2. **An Actual Controversy Exists Between Plaintiff and Defendant.**

14 |   Plaintiff has properly alleged that an actual litigable controversy exists between

15 | Progressive and Tran. The Complaint alleges that:

16 |   "20. The correspondence, pleadings and discovery proceedings in the above

17 | captioned lawsuit make clear that attorney Angelo intends to obtain a judgment

18 | against Mr. Arrellano and then sue Progressive on behalf of Mr. Tran for breach of

19 | contract and breach of the implied covenant of good faith and fair dealing for failure

20 | to settle Mr. Tran's claim within policy limits.

21 |   21. Attorney Angelo has accused Progressive of misconduct and claims that

22 | Progressive's failure to accept Attorney Nguyen's January 26, 2007 policy limits

23 | demand has eliminated the stated limits of the policy. As a result of the erroneous

24 | contention that Progressive has "taken the lid off its policy" by not accepting

25 | Attorney Nguyen's conditional demand of January 26, 2007, Mr. Tran claims, *inter*

26 | *alia*, that a conflict of interest has arisen between Progressive's defense counsel and

27 | Mr. Arrellano, that Mr. Arrellano should stipulate to a multi-million dollar judgment

28 | and that Progressive should bear liability for these extracontractual claims. A copy of

1   the letter of June 28, 2007, from Mr. Tran's attorney is here attached as Exhibit 2.

2   Progressive denies and disputes these allegations and contends it has not rejected a

3   settlement within policy limits which would lead to such consequences claimed by

4   defendant Mr. Tran.

5       22.    An actual controversy has arisen and now exists between the parties

6   relating to the legal rights and duties of plaintiff and defendants under the involved

7   policy of insurance, for which plaintiff desires a declaration of rights.

8       23.    A declaratory judgment is necessary in that plaintiff contends it

9   discharged its obligations under the insurance policy and in accord with California

10  law and that its conduct in response to the letter of attorney Nguyen (Exhibit 1) did

11  not eliminate or jeopardize the $15,000 policy limits available on the contract at

12  issue."

13  (Complaint, ¶¶ 20-23.)

14      The evidence submitted by Defendant in support of its Motion further

15  demonstrates that an actual controversy exists.  The Declaration of Joseph Di Monda

16  states: "It is TRAN's contention that Progressive did not tender the Liability Policy.

17  TRAN's position is that since Progressive failed to tender the Liability Policy when

18  demanded, the Liability policy has no liability limit and that Progressive is liable for

19  any amount which a jury may find ARELLANO must pay."  (Declaration of Joseph

20  Di Monda, ¶ 14.)

21      Further evidence of Defendant's intention to pursue a bad faith action against

22  Progressive is attached to this Motion as Exhibit A.  Exhibit A is a November 29,

23  2007 letter in which Tran's attorneys attempt to badger Progressive into agreeing to

24  an assignment of Arrellano's bad faith claim to Tran.  Enclosed with the letter is a

25  document entitled "AGREEMENT TO ASSIGN PROCEEDS AND COVENANT

26  NOT TO LEVY EXECUTION OF JUDGMENT OR, IN THE ALTERNATIVE, TO

27  STAY LEVY OF EXECUTION OF JUDGMENT."  The Agreement provides that

28  Arrellano will assign to Tran his claims against Progressive in exchange for a

1  covenant not to execute upon the judgment..   (Exh. A, pp. 3-6.)

2      In the event that Arrellano agrees to the assignment, Tran may recover from the
3  insurer both the amount of the judgment and whatever defense costs were incurred by
4  the insured. (*National Steel Corp. v. Golden Eagle Ins. Co.* (9th Cir. 1997) 121 F.3d
5  496, 501.)  Even if Arrellano does not assign his rights, Tran may obtain a judgment
6  against Arrellano and sue Progressive as a third party beneficiary.  (Cal. Ins. Code, §
7  11580(b)(2); *Murphy v. Allstate Ins. Co.* (1976) 17 Cal.3d 937, 942-944.)  Either
8  way, Tran threatens litigation against Progressive.

9      A party seeking declaratory relief must show that an actual controversy exists.
10  (28 USCA § 2201.)  The test is whether there is a "substantial controversy, between
11  parties having adverse legal interests, of sufficient immediacy and reality to warrant
12  the issuance of a declaratory judgment." (*Maryland Cas. Co. v. Pacific Coal & Oil
13  Co.* (1941) 312 U.S. 270, 273, 61 S.Ct. 510, 512; *Hillblom v. United States* (9th Cir.
14  1990) 896 F.2d 426, 430; *Venator Group Specialty, Inc. v. Matthew/Muniot Family,
15  LLC* (5th Cir. 2003) 322 F.3d 835, 838.)

16      The party seeking declaratory relief must show an explicit threat of litigation or
17  other action creating a reasonable apprehension that he or she will be subjected to
18  liability. (*Intellectual Property Develop., Inc. v. TCI Cablevision of Calif., Inc.* (Fed.
19  Cir. 2001) 248 F.3d 1333, 1340; *Paramount Pictures Corp. v. Replay TV* (CD CA
20  2004) 298 F.Supp.2d 921, 924.)

21      Declaratory relief may be proper even if a party's liability is contingent. An
22  "actual controversy" exists if the contingency is likely to occur. Thus, for example,
23  declaratory relief is frequently granted to insurers in coverage disputes with their
24  insureds. even though the insurer's liability to indemnify the insured is contingent on
25  its insured being held liable to a third party. (*Associated Indem. Corp. v. Fairchild
26  Industries, Inc.* (2nd Cir. 1992) 961 F.2d 32, 35.)

27      Here, it the evidence undisputed that Tran has made an explicit threat of
28  litigation against Progressive.  Tran does not dispute the fact that he *will* sue

1   Progressive – attorney Di Monda's declaration admits that Tran will pursue

2   Progressive for any amount above the policy limit which a jury may find Arrellano

3   must pay. Thus, Tran has created a reasonable apprehension that Progressive will be

4   subjected to liability for any judgment against Arrellano in excess of the $15,000

5   policy limits. (*Intellectual Property Develop., Inc. v. TCI Cablevision of Calif., Inc.*

6   (Fed. Cir. 2001) 248 F.3d 1333, 1340; *Paramount Pictures Corp. v. Replay TV* (CD

7   CA 2004) 298 F.Supp.2d 921, 924.)

8      Further, although Progressive's liability is contingent on Arrellano's liability to

9   Tran in the underlying action, "[t]hat the liability may be contingent does not

10   necessarily defeat jurisdiction of a declaratory judgment action." (*Associated Indem.*

11   *Corp. v. Fairchild Industries, Inc.* (2nd Cir. 1992) 961 F.2d 32, 35, citing *American*

12   *Mach. & Metals, Inc. v. De Bothezat Impeller Co.*, 166 F.2d 535, 536, 76 U.S.P.Q.

13   (BNA) 549 (2d Cir. 1948); *National R.R. Passenger Corp. v. Consolidated Rail*

14   *Corp.*, 670 F. Supp. 424, 430-31 (D.D.C. 1987); and *Lumbermens Mut. Casualty Co.*

15   *v. Borden Co.*, 241 F. Supp. 683, 701 (S.D.N.Y. 1965). "Indeed, litigation over

16   insurance coverage has become the paradigm for asserting jurisdiction despite

17   "'future contingencies that will determine whether a controversy ever actually

18   becomes real.'" (*Associated Indem. Corp. v. Fairchild Industries, Inc.* (2nd Cir.

19   1992) 961 F.2d 32, 35, citing 10A C. Wright, A. Miller & M. Kane, Federal Practice

20   and Procedure, § 2757, at 586-587 (2d ed. 1983).)

21      The applicability of an insurer's policy limits as to an injured third party is the

22   proper subject of a declaratory relief action, as an actual controversy exists between

23   the parties. For example, the Seventh Circuit has held that a victim of an insured

24   need not wait until he or she has judgment against the insured before filing

25   declaratory relief action against insurer to ascertain that the policy remains in effect

26   up to the policy limit; suit can be filed before dispute with insurer is resolved, thus

27   maintaining victim's interest in insurance policy. (*Bankers Trust Co. v. Old Republic*

28   *Ins. Co.* (7th Cir 1992) 959 F.2d 677. ) As in *Bankers Trust*, through this lawsuit

1  Progressive seeks to ascertain that Mr. Arrellano's policy limits remain in effect.

2  Dismissal is unwarranted.

3  **3.    The Jurisdictional Amount in Controversy Is the Value of the Claims**

4  **Asserted Against the Insured, Not the Face Amount of the Policy.**

5      The Complaint alleges that Tran's damages, which he seeks to recover against

6  Arrellano, and in a future lawsuit will seek to recover from Progressive, are in excess

7  of $700,000.  The evidence of the value of plaintiff's claim is Exhibit 1 to the

8  Complaint, a demand letter from defendant Tran's attorney.  (Complaint, ¶ 11 and

9  Exh. 1.)  Defendant admits that "TRAN's damages will reach tens of millions of

10  dollars."  (Motion to Dismiss, page 3, line 18.)

11      The Declaratory Judgment Act is not an independent basis for federal

12  jurisdiction.  (*Skelly Oil Co. v. Philips Petroleum Co.* (1950) 339 U.S. 667, 671.)

13  Thus, a party seeking declaratory relief must show that the controversy regards a

14  matter within federal court subject matter jurisdiction – the action must be either

15  between parties of diverse citizenship or "arise under" federal law.  (*Fitts v. Federal*

16  *Nat'l Mrtg. Ass'n* (D.D.C. 1999) 44 F.Supp.2d 317, 330; USCA §§ 1331, 1332.)

17  Where diversity jurisdiction exists, the federal district court has discretion to hear a

18  declaratory judgment action.  (*Avemco Ins. Co. v. Davenport* (9th Cir. 1998) 140 F.3d

19  839, 842, fn. 1.)  Under the facts alleged (which are not disputed by defendant),

20  where the accident victim is a California resident and Progressive is an Ohio

21  corporation, the parties are of diverse citizenship, and federal subject matter

22  jurisdiction exists.

23      Diversity jurisdiction exists only 'where the matter in controversy exceeds the

24  sum or value of $75,000 exclusive of interest and costs . . ."  (28 USCA § 1332(a)].)

25  For diversity purposes under the Declaratory Relief Act, the amount in controversy is

26  the value of the object of the litigation.  Where the action seeks a determination of

27  one party's liability to another, the amount of *potential liability* is the amount in

28  controversy, not the policy's limits, as Defendant contends.

1    For example, in *Hartford Ins. Group v. Lou-Con Inc.* (5th Cir. 2002) 293 F.3d
2    908, Hartford sued its insured for declaratory relief that its liability insurance policy
3    did not cover environmental pollution claims against the insured by third parties. The
4    policy had $1 million liability limits but the third parties' claims were less than
5    $75,000. The Court held that the jurisdictional amount in controversy was the value
6    of the claims presently asserted against Insured, *not* the face amount of the policy.
7    (*Id.* at 911 ["in declaratory judgment cases that involve the applicability of an
8    insurance policy to a particular occurrence, 'the jurisdictional amount in controversy
9    is measured by the value of the underlying claim- not the face amount of the
10   policy'"].)
11        Therefore, here, the value of Tran's underlying claim against Arrellano (and
12   Tran's future claim  Progressive), *not* the $15,000 policy limit, is the proper measure
13   of the jurisdictional amount in controversy.  Tran's attorney's demand letter asserted
14   that as of January 26, 2007, Tran's claim against Arrellano was in excess of
15   $700,000.  Defendant admits that "TRAN's damages will reach tens of millions of
16   dollars." (Motion to Dismiss, page 3, line 18.)  Either figure is well in excess of the
17   $75,000 jurisdictional minimum, and is sufficient to survive a Rule 12(b)(1) motion.
18   (*Farmilant v. Singapore Airlines, Ltd.* (ND IL 1983) 561 F.Supp. 1148, 1151 [on
19   motion to dismiss for want of subject matter jurisdiction, plaintiff "is entitled to the
20   speculative benefit of any facts he might conceivably prove in support of his well-
21   pleaded allegations"]; *Musson Theatrical, Inc. v. Federal Express Corp.* (6th Cir.
22   1996) 89 F.3d 1244, 1248 ["plaintiff can survive (a Rule 12(b)(1)) motion by
23   showing any arguable basis in law for the claim made"].)

24   **4.    Tran Misunderstands the Scope of This Declaratory Relief Action.**
25        Tran complains that Progressive has improperly filed this lawsuit in order to
26   obtain an advance determination of its bad faith liability before the underlying case is
27   resolved, and before the claims file is discoverable.  (Motion, page 8, line 22 to page
28   9, line 27.)  In doing so, Tran intentionally mischaracterizes the scope of this

K:\4461\Pleading\Oppo Mtn Dismiss.wpd                    8                    00:023

1  declaratory relief action, which does *not* implicate the totality of Progressive's claims

2  handling in the underlying case and does not pretend to serve as a substitute for a bad

3  faith lawsuit. Rather, this declaratory relief action was brought to determine the legal

4  relationship of the parties on a single, narrow issue:

5       A declaratory judgment is necessary in that plaintiff contends it

6       discharged its obligations under the insurance policy and in accord with

7       California law and that its conduct in response to the letter of attorney

8       Nguyen (Exhibit 1) did not eliminate or jeopardize the $15,000 policy

9       limits available on the contract at issue.

10  (Complaint, ¶ 23.)

11       Thus, Progressive merely seeks a determination on the actual controversy in

12  existence *now* between Progressive and Tran – whether attorney Nguyen's letter

13  (Exhibit 1 to the Complaint) was a policy limits demand and whether Progressive's

14  conduct in response to that one letter "eliminated" the $15,000 limits on Arrellano's

15  policy.

16       The issue before this Court is clearly and narrowly defined: was the letter from

17  attorney Nguyen a legally cognizable "policy limits demand"?  If the letter was not

18  such a demand (for example if it called for performance outside the insurance

19  agreement or because it was not an unequivocal offer to dismiss and release the

20  insured in exchange for a payment of money within the coverage afforded by the

21  policy), then Progressive's indemnity obligation is still defined by the stated $15,000

22  limits under the policy.  The entirety of Progressive's conduct in handling the

23  underlying claim need not be determined in this lawsuit.

## CONCLUSION

25       Defendant's motion is not well taken and must be denied.  Judicial opinions

26  interpreting the Declaratory Relief Act, legal authority to which Defendant has turned

27  a blind eye, provide (1) that the facts involved in this lawsuit present a litigable

28  controversy; and (2) that the amount in controversy is measured by Tran's claim

1  against Arrellano – a claim that Defendant's attorneys admit is worth "tens of

2  millions of dollars."

3  DATED: December 27, 2007         ROBIE & MATTHAI
                                    A Professional Corporation
4

5

6                                   By: _____
                                    JAMES R. ROBIE
7                                   KYLE KVETON
                                    RONALD P. FUNNELL
8                                   Attorneys for Plaintiff PROGRESSIVE WEST
                                    INSURANCE COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00.025

## ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

CHRISTOPHER E. ANGELO
JOSEPH DI MONDA, A.I.A.

1721 NORTH SEPULVEDA BOULEVARD
MANHATTAN BEACH, CALIFORNIA 90266

TELEPHONE: (310) 939-0023
FACSIMILE: (310) 939-0023

November 29, 2007

LEGAL - RECEIVED
DEC 0 3 2007

Sean W. Allen
Claims Attorney
PROGRESSIVE CASUALTY
INSURANCE COMPANY
Claims Legal Department
10940 White Rock Road
Rancho Cordova, CA 95670
Phone: (916) 864-6271
Fax   : (916) 904-5563
http://www.progressive.com

Sean W. Allen
Claims Attorney
PROGRESSIVE CASUALTY
INSURANCE COMPANY
Claims Legal Department
P.O. Box 419061
Rancho Cordova, CA 95741-9061
Phone: (916) 864-6271
Fax   : (916) 904-5563
http://www.progressive.com

| Re: | Your Insured | : | Arrellano, Leonel |
| | Claim No. | : | 060-409-287 |
| | Date of Loss | : | 11/18/06 |

Dear Mr. Allen:

I have received your November 23, 2007 letter that is copied to Randy Winet. I left a voicemail message on your message machine asking you to first tell me why you did not get a copy of the "Covenant Assignment" from Randy Winet directly, the same Randy Winet that you copied on your November 23, 2007 letter. You never returned that telephone message of mine. Why?

Your November 23, 2007 letter expressly states that you "do not have a copy of the "Covenant/Assignment" and, therefore, cannot provide any response. Please forward it to my attention. . ." Do you know why Mr. Randy Winet failed to send you a copy of the "Covenant Assignment" long ago when I first sent it to him personally? Is it because Mr. Winet does not want to ask Progressive's permission to reach and sign a stipulation that a covenant not to execute will not be used by Progressive later in an effort to attack the viability of Mr. Arellano's assignment of bad faith rights to collect the overlimits judgment against Progressive?

Does Progressive believe that your November 23, 2007 letter request somehow allows it to disguise the otherwise close working relationship between it and Mr. Winet independent of the interests of Arrellano?

000026

**EXHIBIT A**

ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

Sean W. Allen
Claims Attorney
PROGRESSIVE CASUALTY
November 29, 2007
Re:    Arrelano, Leonel
page 2

Despite your strange November 23, 2007 letter request asking for a document that you could have received long ago, enclosed please find a copy of the document you requested, entitled: "AGREEMENT TO ASSIGN PROCEEDS AND COVENANT NOT TO LEVY EXECUTION OF JUDGMENT OR, IN THE ALTERNATIVE, TO STAY LEVY OF EXECUTION OF JUDGMENT."

If Progressive is to be a signatory on the last page, it must be by a person who warrants that he has the authority to sign on behalf of Progressive Casualty Insurance Company, Progressive West Insurance Company and Progressive Insurance Co. One would have to add any other Progressive entity that is somehow involved in the underwriting and claims handling.

Very truly yours,

ANGELO & DI MONDA, LLP

By: CHRISTOPHER E. ANGELO

CEA/gh
Encl.

cc: Randy Winet

**12**

000027

AGREEMENT TO ASSIGN PROCEEDS AND COVENANT NOT TO LEVY
EXECUTION OF JUDGMENT OR, IN THE ALTERNATIVE, TO STAY
LEVY OF EXECUTION OF JUDGMENT

This Agreement is entered into between Bun Bun Tran, by and through his mother and Guardian
ad Litem, Le Thi Nguyen [hereinafter referred to as "plaintiff"] and Leonel Arellano [hereinafter
referred to as "defendant"].

## RECITALS

1.      WHEREAS, the parties are currently engaged in litigation as more fully set forth
in that certain action for damages entitled *Bun Bun Tran v. Leonel Arrellano, et al.*, San Diego
Superior Court case No. 37-2007-00065432-CU-PA-CTL [hereinafter referred to as "THE
ACTION"], and

2.      WHEREAS, certain issues have arisen pertaining to a failure to settle all Bun Bun
Tran bodily injury claims against Leonel Arellano on the part of Progressive West Insurance
Company, Progressive Insurance Company and other Progressive entities [hereinafter referred to
as "Progressive"], and

3.      WHEREAS, Leonel Arellano contends that Progressive breached the implied
covenant of good faith and fair dealing and/or otherwise acted negligently or tortiously toward
him, as a direct and legal result of which Arellano is now personally exposed to an adverse
judgment in favor of Bun Bun Tran in THE ACTION in excess of Leonel Arellano's liability
insurance policy limits, and

4.      WHEREAS, the parties wish to set forth herein their respective rights and
obligations with regard to the continued prosecution and resolution of THE ACTION as well as
the liabilities, exposures and risks relating thereto,

IT IS HEREBY AGREED AS FOLLOWS:

## MUTUAL PROMISES AND ASSIGNMENTS

1.      Leonel Arellano, for himself, his successors and assigns, hereby irrevocably
assigns the proceeds, i.e. the money damages which he may recover and which he may be entitled
to collect by way of settlement, award or judgment rendered in his favor and against Progressive
in any insurance bad faith case based upon breach of the implied covenant of good faith and fair
dealing or any other similar action which might or could potentially be filed by Leonel Arellano
against Progressive arising out of personal overlimits exposure resulting from THE ACTION and
seeking the same relief.

2.      The assignment of proceeds as set forth in paragraph 1 immediately preceding
shall not exceed the amount of any judgment, award or settlement rendered in favor of plaintiff
Bun Bun Tran against defendant Leonel Arellano in THE ACTION. Such judgment shall

**13**

include the principal amount together with recoverable costs and accrued interest thereon at the legal rate until actually paid or satisfied.

3.    To the extent that defendant Leonel Arellano recovers damages, either compensatory or punitive, or both, against Progressive in his own insurance bad faith case based upon breach of the implied covenant of good faith and fair dealing, or in any similar action arising out of the same overlimits exposure subject matter and seeking the same relief, then to the extent that the total amount of such damages exceeds the amount of the bodily injury judgment in favor of Bun Bun Tran against defendant Leonel Arellano in THE ACTION as described in paragraph 2 immediately preceding, then such excess damages and the right to collect such excess damages shall be the sole property of Leonel Arellano.

4.    Upon the entry of judgment in favor of plaintiff Bun Bun Tran in THE ACTION, plaintiff Bun Bun Tran, as a judgment creditor, will petition for leave to file a complaint-in-intervention in any future insurance bad faith lawsuit filed, if filed at all, by Leonel Arellano against Progressive for bad faith breach of the implied covenant of good faith and fair dealing and any similar related tort. Defendant Leonel Arellano hereby agrees to stipulate to the filing of said complaint-in-intervention by Bun Bun Tran. If Leonel Arellano never files his own insurance bad faith case against Progressive, this failure, it is so agreed, will in no way impair defendant Leonel Arellano's instant assignment to plaintiff Bun Bun Tran of Leonel Arellano's right to recover from Progressive the entire bodily injury judgment achieved by plaintiff Bun Bun Tran against defendant Leonel Arellano as a result of Progressive's breach of its contractual and extracontractual good faith and fair dealing duties, including the good faith duty to settle and investigate all claims owed by it to Leonel Arellano when handling the Bun Bun Tran claims against Leonel Arellano.

5.    In consideration of the mutual promises made herein, defendant Leonel Arellano irrevocably agrees that he has not and will not release any rights he has against Progressive without the express written consent of plaintiff Bun Bun Tran.

6.    Plaintiff Bun Bun Tran reserves the unconditional right to settle with Progressive at any time under any terms and conditions and for any amount in his sole and exclusive discretion. In the event of any such settlement between Bun Bun Tran and Progressive, Bun Bun Tran will notify defendant Leonel Arellano of such settlement and will thereupon release defendant Leonel Arellano from any judgment liens and obligations under this agreement and will further cause a full satisfaction of judgment to be filed in favor of defendant Leonel Arellano in THE ACTION.

000929

## COVENANTS

In consideration of the mutual promises set forth above, plaintiff Bun Bun Tran for himself, his successors and assigns, hereby covenants as follows:

    1.    Following entry of judgment in favor of Bun Bun Tran and against defendant Leonel Arellano in THE ACTION, plaintiff Bun Bun Tran agrees to stay levy of execution on said judgment pending the final outcome of the bad faith case against Progressive, whether such bad faith case is filed by plaintiff Bun Bun Tran as assignee of the bad faith rights of defendant Leonel Arellano up to the bodily injury judgment rendered in favor of Bun Bun Tran against Leonel Arellano, or whether such bad faith lawsuit is prosecuted jointly by Bun Bun Tran and Leonel Arellano as described in *Cain v. State Farm* (1975) 47 Cal.App.3d 783.

    2.    The covenant to stay levy of execution of judgment as set forth in paragraph 1 immediately preceding shall be deemed a permanent covenant not to execute as long as Progressive does not in any way attack the legal validity of any assignment and/or covenant herein.

    3.    If, but only if, Progressive in any way attacks the legal validity of any such assignment and/or covenant herein, then, and until the validity of such assignment or covenant is judicially determined, such covenant shall be modified as follows:

        a.    The covenant shall be deemed only a temporary covenant by plaintiff Bun Bun Tran to stay execution of judgment until the final outcome of the insurance bad faith case, at which time, the judgment shall be subject to levy of execution,

000030

b.      If any assignment or covenant not to execute shall be judicially determined to invalidate, defeat, negate, mitigate or minimize defendant Leonel Arellano's cause of action against Progressive in any way or Bun Bun Tran's claims as assignee of Leonel Arellano's bad faith claims or Bun Bun Tran's contemplated complaint-in-intervention against Progressive in any way, then such covenant shall be null and void and the covenant to stay execution set forth in subparagraph a immediately preceding shall terminate as provided therein.

APPROVED AS TO FORM AND CONTENT

Dated: _____

_____
Christopher E. Angelo
Angelo & Di Monda, LLP
Attorneys for Plaintiff Bun Bun Tran, by and
through his Guardian ad Litem, Le Thi
Nguyen

Dated: _____

_____
James O. McLaughlin
Winet, Patrick & Weaver
Attorneys for Defendant Leonel Arellano

Dated: _____

_____
Bun Bun Tran, by and through his Guardian
ad Litem, Le Thi Nguyen

Dated: _____

_____
Defendant Leonel Arellano

Page 4 of 4

**16**

000031

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, 15th Floor, Los Angeles, CA 90071-2609.

On December 27, 2007, I served the foregoing document(s) described as:

**OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [RULE 12(b)(1)**

on all interested parties in this action by placing a true copy of each document, enclosed in a sealed envelope addressed as follows:

*Attorneys for Plaintiff, Bun Bun Tran*
Christoper E. Angelo, Esq.
Joseph Di Monda, Esq.
ANGELO & DI MONDA LLP
1721 No. Sepulveda Boulevard
Manhattan Beach, CA 90266-5014
Telephone:   (310) 939-0099
Facsimile:   (310) 939-0023

( )   **BY MAIL:** as follows:  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( )   **BY PERSONAL SERVICE:**  I delivered such envelope by hand to the above addressee(s).

(X)   **BY OVERNIGHT COURIER:**  I caused the above-referenced document(s) to be delivered to an overnight courier service (California Overnight), for delivery to the above addressee(s).

( )   **BY FACSIMILE TRANSMISSION:**  I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the above facsimile number.

( ) **(State)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(X) **(Federal)**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 27, 2007, at Los Angeles, California.

_____
Windy Gale Tyler

# EXHIBIT 3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PROGRESSIVE WEST INSURANCE
COMPANY, an Ohio corporation,

                Plaintiff,

v.

BUN BUN TRAN, LEONEL
ARRELLANO,

                Defendants.

Civil No. 07cv1999 JAH(POR)

**ORDER VACATING HEARING DATE**

    After a review of the pleadings and relevant exhibits submitted by the parties, this Court finds defendant's motion to dismiss [doc.. #4] suitable for disposition without oral argument. *See* CivLR 7.1(d.1). Accordingly, IT IS HEREBY ORDERED that the date of January 14, 2008 set for hearing defendant's motion is VACATED. This Court will issue its ruling on the motion in due course.

Dated:      January 7, 2008

JOHN A. HOUSTON
United States District Judge

07cv1999

000033

# EXHIBIT 4

JAMES R. ROBIE, SBN 67303
KYLE KVETON, SBN 110805
RONALD P. FUNNELL, SBN 209897
ROBIE & MATTHAI
A Professional Corporation
500 South Grand Avenue, 15th Floor
Los Angeles, California 90071
(213) 706-8000 • (213) 624-2563 Fax
kkveton@romalaw.com

Attorneys for Plaintiff PROGRESSIVE WEST
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation, | CASE NO. 07 - CV 1999 JAH (POR) |
| Plaintiff, | **REQUEST TO ENTER DEFAULT AGAINST DEFENDANT LEONEL ARRELLANO; DECLARATION OF RONALD P. FUNNELL** |
| vs. | |
| BUN BUN TRAN, LEONEL ARRELLANO, | |
| Defendants. | |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT

Plaintiff Progressive West Insurance Company ("Progressive") hereby requests that the clerk of the U.S. District Court Southern District of California enter default in this matter against defendant Leonel Arrellano on the ground that said defendant has failed to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. Plaintiff served the complaint on defendant Leonel Arrellano on November 5, 2007, evidenced by the Summons on file with this Court and attached as Exhibit A.

///

///

///

000034

1    The above stated facts are set forth in the accompanying declaration of Ronald

2  P. Funnell, filed herewith.

3

4  DATED: April 8, 2008

               ROBIE & MATTHAI
5                 A Professional Corporation

6

7               By: _____
                JAMES R. ROBIE
8                  KYLE KVETON
                RONALD P. FUNNELL
9                  Attorneys for Plaintiff PROGRESSIVE WEST
                INSURANCE COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

000035

K:\461 Pleading Request To Enter Default.wpd                2

## DECLARATION OF RONALD P. FUNNELL IN SUPPORT OF REQUEST TO ENTER DEFAULT

I, RONALD P. FUNNELL, declare as follows:

1.    I am an attorney licensed to practice law in the state of California and am an attorney with the law firm of Robie and Matthai, attorneys representing Plaintiff Progressive West Insurance Company in this case. The facts stated in this declaration are from my own personal knowledge and I would and could testify competently to these facts if called to do so.

2.    Defendant Leonel Arrellano was served with the Summons and the Complaint on November 5, 2007. Attached hereto as **Exhibit A** are true and correct copies of the Summons and Complaint.

3.    Defendant Leonel Arrellano has not appeared in this action and has not responded to the complaint within the 20 day time period permitted by law as provided by FRCP 12(a)(1).

4.    Defendant Leonel Arrellano is not a minor nor an incompetent person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 8th day of April 2008, at Los Angeles, California.

RONALD P. FUNNELL

K:\4461\Pleading\Request To Enter Default.wpd                    3

000036

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, 15th Floor, Los Angeles, CA 90071-2609.

On April 8, 2008, I served the foregoing document(s) described as:

**REQUEST TO ENTER DEFAULT AGAINST DEFENDANT LEONEL ARRELLANO; DECLARATION OF RONALD P. FUNNELL**

on all interested parties in this action by placing a true copy of each document, enclosed in a sealed envelope addressed as follows:

| *Attorneys for Defendant, Bun Bun Tran:* | *Defendant Leonel Arrellano, In Pro Per:* |
| --- | --- |
| Christoper E. Angelo, Esq. | Leonel Arrellano, Inmate #F77654 |
| Joseph Di Monda, Esq. | c/o Division of Adult Operations |
| ANGELO & DI MONDA LLP | Sierra Conversation Center |
| 1721 No. Sepulveda Boulevard | 5100 O'Byrnes Ferry Road |
| Manhattan Beach, CA 90266-5014 | Jamestown, CA 95327 |
| Telephone:  (310) 939-0099 | |
| Facsimile:   (310) 939-0023 | |

**(X)    BY MAIL:** as follows:  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

**(  )    BY PERSONAL SERVICE:**  I delivered such envelope by hand to the above addressee(s).

**(  )    BY OVERNIGHT COURIER:**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

**(  )    BY FACSIMILE TRANSMISSION:**  I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the above facsimile number.

**(  )    BY E-SERVICE:**  I caused the above-referenced document(s) to be electronically served on all counsel of record through the Court's CM/ECF filing and service system.

**(X) (Federal)**    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 8, 2008, at Los Angeles, California.

Windy Gale Tyler

K:\4461\Pleading\Request To Enter Default.wpd                18

00937

Summons in a Civil Action (Rev 11/97)

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Progressive West Insurance Company, an Ohio
Corporation

**vs**

Bun Bun Tran, Leonel Arrellano

**SUMMONS IN A CIVIL ACTION**

Case No. **07 CV   1999  JAH  (POR)**

ON COMPLAINT FOR DECLARATORY
RELIEF

Case 3:07-cv-01999-JAH-POR   Document 9-2   Filed 04/08/2008    Page 1 of 1

TO: (Name and Address of Defendant)

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon
PLAINTIFF'S ATTORNEY

James R. Robie,
Robie & Matthai
500 South Grand Avenue, Suite 1500,
Los Angeles, CA 90071

An answer to the complaint which is herewith served upon you, within ___twenty_____ days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.

CLERK

P. DE LA CRUZ

By _____ , Deputy Clerk

OCT 1 6 2007

DATE

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

**4**
Exh. A

**EXHIBIT A**

AO-440S

000038

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me | DATE |
|---|---|
| NAME OF SERVER | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling, house or usual place of abode with a person of suitable age and discretion then residing therein:

Name of person with whom the summons and complaint were left: _____

☐ Return unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | | SERVICES | TOTAL | |
|---|---|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service is true and correct.

Executed on: _____
       Date              Signature of Server

_____
Address of Server

## NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT.  COUNSEL FOR THE PLAINTIFF HAS RECEIVED A CONSENT FORM.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

000039

COPY

ROBIE & MATTHAI
A Professional Corporation
JAMES R. ROBIE, SBN 67303
KYLE KVETON, SBN 110805
RONALD P. FUNNELL, SBN 209897
500 South Grand Avenue, 15th Floor
Los Angeles, California 90071
(213) 706-8000 • (213) 624-2563 Fax
kkveton@romalaw.com

Attorneys for Plaintiff PROGRESSIVE WEST
INSURANCE COMPANY

FILED

07 OCT 16 PH 1:39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CAL...

BY:                    DEPUTY

Case 3:07-cv-01999-JAH-POR    Document 9-2    Filed 04/08/2008    Page 3 of 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PROGRESSIVE WEST INSURANCE
COMPANY, an Ohio corporation,

           Plaintiff,

    vs.

BUN BUN TRAN, LEONEL
ARRELLANO,

           Defendants.

'07 CV 1999 JAH (POR)
CASE NO.:

**COMPLAINT FOR
DECLARATORY RELIEF**

Plaintiff Progressive West Insurance Company ("Progressive") alleges:

1.    Plaintiff is and was at all times mentioned a corporation incorporated under the laws of the State of Ohio and having its principal place of business in the State of Ohio.

2.    Defendant Bun Bun Tran ("Mr. Tran") is and was at all times mentioned an individual residing in the State of California, County of San Diego.

3.    Defendant Leonel Arrellano ("Mr. Arrellano") is and was at all times mentioned an individual residing in the State of California.

4.    The jurisdiction of this Court over the subject matter of this action is predicted on 28 U.S.C § 1332.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In determining the amount in controversy for

K:\1461 Pleading\Complaint Dec Relief.wpd                    1

COMPLAINT FOR DECLARATORY RELIEF                    6
                                                    Exh. A    000040

1 | jurisdictional purposes, general, special, and punitive damages are to be considered if

2 | recoverable. *See, e.g., Watson v. Blankinship*, 20 F.3d 383, 386-87 (10th Cir. 1994);

3 | *Smith v. Bally's Holiday*, 843 F. Supp. 1451 (N.D. Ga. 1994); *Srour v. Barmes*, 670

4 | F.Supp. 18 (D.D.C. 1987). Based on the facts alleged below, it is legally certain that

5 | defendant's claim against Progressive exceeds $75,000.00. Therefore, although

6 | Progressive disputes liability, Progressive asserts that the amount in controversy

7 | exceeds $75,000.00 and that this Court has jurisdiction over this action.

8 |         5.       Venue is proper, as the Southern District of California is the district in

9 | which a substantial part of the events or omissions on which the claim is based

10 | occurred.

11 |         6.       For the policy period May 30, 2006 to November 30, 2006, plaintiff

12 | Progressive insured defendant Leonel Arrellano ("Mr. Arrellano") under California

13 | Motor Vehicle Policy number 16558999-00. The policy contained a per-person

14 | bodily injury liability limit of $15,000.

15 |         7.       On November 18, 2006, at 1:05 a.m., defendant Bun Bun Tran was

16 | driving his automobile eastbound on Juniper Street in the City of San Diego.

17 |         8.       At the same time, Defendant Mr. Arrellano was driving his pickup truck

18 | south bound on Commonwealth Avenue in the City of San Diego.

19 |         9.       Mr. Arrellano's pickup truck collided with Mr. Tran's automobile. The

20 | subsequent traffic collision report assigned fault to Mr. Arrellano for disregarding a

21 | stop sign.

22 |         10.      As a result of the collision, Mr. Tran suffered serious injuries including

23 | head trauma described as a subarachnoid hemorrhage and a ruptured spleen. Mr.

24 | Tran reportedly remains comatose.

25 |         11.      Mr. Tran's medical bills are believed to be in excess of $700,000.00.

26 |         12.      Following the accident, Mr. Arrellano was arrested by the San Diego

27 | Police Department for driving under the influence of alcohol, driving without a

28 | licence and leaving the scene of an accident. In February 2007, Mr. Arrellano pled

COMPLAINT FOR DECLARATORY RELIEF

Case 3:07-cv-01999-JAH-POR     Document 9-2     Filed 04/08/2008     Page 5 of 1

1  guilty to violation of Vehicle Code §20001(a) (leaving scene of an accident) and

2  §23153(b) (driving under the influence of alcohol and causing bodily injury to

3  another.)  Mr. Arrellano remained in the San Diego County Jail until June 2007, when

4  he was sentenced to 6 years in a California prison.

5       13.    On or about January 26, 2007, attorney Anh Quoc Duy Nguyen wrote

6  Progressive demanding that Progressive tender its liability policy limits within fifteen

7  (15) days.  A copy of attorney Nguyen's demand letter is attached as Exhibit 1.

8       14.    Plaintiff is informed and believes that at the time Attorney Nguyen sent

9  his January 26, 2007 letter, he was not legally representing Bun Bun Tran, but,

10  instead, was representing Mr. Tran's mother.  Plaintiff is further informed and

11  believes that Mr. Tran's mother was not then guardian ad litem of Mr. Tran.  As a

12  result, Attorney Nguyen had no legal authority to settle the claims of Mr. Tran, nor

13  did he have legal authority to release claims of Mr. Tran against any tort feasor.

14       15.    Attorney Nguyen's demand did not offer a release or dismissal in

15  exchange for payment of the insurance benefits, and, indeed, it specifically was

16  subject to the condition precedent "of convincing me [Nguyen] that there are no other

17  responsible parties, whether insured or not, causing this accident.  If I am convinced,

18  I will state as much in a letter.  If I am not convinced, I will never state as much in a

19  letter and there will be no settlement."

20       16.    It was legally and factually impossible to convince Attorney Nguyen that

21  there were no other responsible parties for causing this accident, given the facts and

22  circumstances of the accident, and that Patricia Cole in fact paid Bun Bun Tran

23  $300,000 to settle the liability claim against her arising from this accident in July

24  2007.

25       17.    As a result of the above condition precedent, attorney Nguyen's demand

26  was not an offer to settle within the policy's limits.  Rather, the condition precedent

27  of "convincing" Nguyen was outside of the policy and its stated limits.

28       18.    In response to attorney Nguyen's letter, Progressive offered its policy

COMPLAINT FOR DECLARATORY RELIEF

1 limits on February 2, 2007, within seven days of the demand.  Attorney Nguyen

2 rejected the offer and referred Mr. Tran's claim to attorney Christopher Angelo.

3      19.    On or about May 8, 2007, attorney Angelo filed a lawsuit on behalf of

4 Mr. Tran (through his guardian ad litem, Le Thi Nguyen), entitled *Bun Bun Tran vs.*

5 *Arrellano, et al.*, San Diego Superior Court Case No. 37-2007-00065432-CU-PA-

6 CTL.  The complaint alleges causes of action for negligence and negligence per se

7 against Mr. Arrellano.

8      20.    The correspondence, pleadings and discovery proceedings in the above

9 captioned lawsuit make clear that attorney Angelo intends to obtain a judgment

10 against Mr. Arrellano and then sue Progressive on behalf of Mr. Tran for breach of

11 contract and breach of the implied covenant of good faith and fair dealing for failure

12 to settle Mr. Tran's claim within policy limits.

13      21.    Attorney Angelo has accused Progressive of misconduct and claims that

14 Progressive's failure to accept Attorney Nguyen's January 26, 2007 policy limits

15 demand has eliminated the stated limits of the policy.  As a result of the erroneous

16 contention that Progressive has "taken the lid off its policy" by not accepting

17 Attorney Nguyen's conditional demand of January 26, 2007, Mr. Tran claims, *inter*

18 *alia*, that a conflict of interest has arisen between Progressive's defense counsel and

19 Mr. Arrellano, that Mr. Arrellano should stipulate to a multi-million dollar judgment

20 and that Progressive should bear liability for these extracontractual claims.  A copy of

21 the letter of June 28, 2007, from Mr. Tran's attorney is here attached as Exhibit 2.

22 Progressive denies and disputes these allegations and contends it has not rejected a

23 settlement within policy limits which would lead to such consequences claimed by

24 defendant Mr. Tran.

25      22.    An actual controversy has arisen and now exists between the parties

26 relating to the legal rights and duties of plaintiff and defendants under the involved

27 policy of insurance, for which plaintiff desires a declaration of rights.

28      23.    A declaratory judgment is necessary in that plaintiff contends it

1  discharged its obligations under the insurance policy and in accord with California

2  law and that its conduct in response to the letter of attorney Nguyen (Exhibit 1) did

3  not eliminate or jeopardize the $15,000 policy limits available on the contract at

4  issue.

5

6      Wherefore, plaintiff prays for a declaratory judgment against defendants as

7  follows:

8      1.    That the Court declare the respective rights and duties of plaintiff and

9            defendants under the involved policy of insurance;

10     2.    That plaintiff be awarded its costs, expenses and attorney fees incurred

11           herein; and

12     3.    For other such relief as the Court deems just and proper.

13

14  DATED: October 15, 2007          ROBIE & MATTHAI
                                     A Professional Corporation
15

16

17                                   By: _____

18                                   JAMES R. ROBIE
                                     KYLE KVETON
19                                   RONALD P. FUNNELL
                                     Attorneys for Plaintiff PROGRESSIVE WEST
20                                   INSURANCE COMPANY

21

22

23

24

25

26

27

28

K:\4461\Pleading\Complaint Dec Relief.wpd            5

COMPLAINT FOR DECLARATORY RELIEF        10
                                        Exh. A      000044

# EXHIBIT 1

000045

01/26/2007 FRI 3:23 FAX 17149 9397 ANH DUI NGUIEN & ASSOC

LAW OFFICES OF
## ANH QUOC DUY NGUYEN & ASSOCIATES

Branch Offices:

SAN GABRIEL
10 5 E. LAS TUNAS DRIVE
SAN GABRIEL, CA 81776
PHONE: (626) 286-2239

SAN DIEGO
4745 EL CAJON BLVD., SUITE 101
SAN DIEGO, CA 92126
PHONE: (619) 284-0800

15622 BROOKHURST STREET
WESTMINSTER, CALIFORNIA 92683

PHONE: (714) 531-8181
FAX: (714) 531-9397

RESPOND TO:

● WESTMINSTER OFFICE
□ SAN GABRIEL OFFICE
□ SAN DIEGO

January 26, 2007

Tiara Foster, Claims Representative
Progressive Insurance Company
6131 Orangethorpe Avenue, Suite 300
Buena Park, CA 90620
714.736.6300 general phone
714.736.6321 direct
714.736.6308 fax

**Via Certified Mail with Return Receipt**
**and Fax to: (714)736-6308**

Re:    My Client:              Bun Bun Tran
       Your Insured/Defendant: Leonel Arrellano
       Date of Accident:       November 18, 2006
       Your Claim No.:         060409287

Dear Ms. Foster:

Please be advised that I represent Bun Bun Tran, who was seriously injured because of your insured running a stop sign. Thereafter, your insured fled from the scene. He has been arrested and is currently awaiting a criminal hearing in February of this year. My client has been hospitalized at UC San Diego, Floor 8 East, Room 812A, in a comatose condition since November 18, 2006. I understand that you have learned about his condition and the facts behind this accident from Esurance, the auto insurance company of Bun Bun Tran. You therefore know that the medical expenses are approaching $700,000 and Progressive has insufficient amounts of liability insurance.

My client is represented by his mother/guardian, Le Thi Nguyen. My client is hereby willing to be responsible for any and all medical and other liens so long as Progressive tenders all of its liability limits within 15 days from the date of this letter subject to the further condition precedent of convincing me that there are no other responsible parties, whether insured or not, causing this accident. If I am convinced, I will state as much in a letter. If I am not convinced, I will never state as much in a letter and there will be no settlement. Please also tell me, since it may bear on settlement, whether or not your insured received liquor at a Chili's restaurant shortly before the accident, and if so, which Chili's restaurant. We understand that Chili's was your insured's employer at the time of the accident.

Very truly yours,

Anh Q. D. Nguyen

6

12
Exh. A

000046

Case 3:07-cv-01999-JAH-POR     Document 9-2     Filed 04/08/2008     Page 10 of

# EXHIBIT 2

000047

P. 1

P2108
J D

## ANGELO & DI MONDA
#### A LIMITED LIABILITY PARTNERSHIP
1721 NORTH SEPULVEDA BOULEVARD
MANHATTAN BEACH, CALIFORNIA 90266

CHRISTOPHER E. ANGELO
JOSEPH DI MONDA, A.I.A.

TELEPHONE: (310) 939-0099
FACSIMILE: (310) 939-0023

June 28, 2007

James O. McLaughlin
Winet, Patrick & Weaver
401 West A Street, Suite 1400
San Diego, CA 92101
619.702.3902
619.702.5432 fax

Re:   *Bun Bun Tran v. Leonel Arrellano, et al.*
      Your File No. P21084

Dear Mr. McLaughlin:

I assume that you have requested and reviewed all correspondence exchanged between the two claims adjusters from Progressive and the law office of Anh Nguyen.  Pursuant to that review by you, I assume you and your primary client, Mr. Arrellano, are ready to consider demanding certain settlement parameters, as follows:

1.   Leonel Arrellano and his liability insurer, Progressive, stipulate to Arrellano's liability and as to the amount of reasonable damages (assuming a reasonable stipulation) relative to the above matter.

2.   In exchange, my client agrees not to execute any judgment against Mr. Arrellano, so long as Progressive consents to this arrangement without any reservation. Future wrongful death claims will also be waived.

3.   Progressive agrees to pay the entirety of that stipulated judgment, subject to any offset or reimbursement from cross-complaint recoveries achieved by your firm against the City of San Diego and/or Chili's Grill & Bar.

4.   You will not have the benefit of any cross-complaint recovery against co-defendant Patricia Cole because a settlement has been achieved between attorney Anh Nguyen and First American in light of their very professional conduct.

JUL 0 2 2007

14
Exh. A

000048

ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

I am open to any other parameters suggested by you in writing.  The parameters suggested by me in this letter will remain open for the next 30 days, at which time all settlement negotiations will be withdrawn.

Very truly yours,

ANGELO & DI MONDA, LLP.

Case 3:07-cv-01999-JAH-POR     Document 9-2     Filed 04/08/2008     Page 12 of

Christopher E. Angelo

CEA/csh

000049

11/06/2007  13:34    2095326180                    MONAGHAN ATTNY SVCS                    PAGE  05

Robie & Matthai
James Robie, 67303
500 S. Grand Ave., 15th Floor
Los Angeles, CA 90071-2614

TELEPHONE NO.:
(213) 624-3062

FOR COURT USE ONLY

ATTORNEY FOR (Name):  Plaintiff

Ref. No. or File No.
Progressive

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

PLAINTIFF:
Progressive West Insu. Co. Case 3:07-cv-01999-JAH-POR    Document 9-2    Filed 04/08/2008    Page 13 of

DEFENDANT:
Bun Bun Tran, et al.,

| PROOF OF SERVICE | DATE: | TIME: | DEPT/DIV: | CASE NUMBER: 07CV 1999 JAH (POR) |
|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED
COPIES OF THE:

Summons, Complaint, Civil Cover Sheet, Certificate & Notice of Interested
Parties

PARTY SERVED:  Leonel Arrellano, Inmate #F77654

DATE & TIME OF DELIVERY:

ADDRESS, CITY, AND STATE:  5100 O'Byrnes Ferry Road
(BUSINESS)    Jamestown, CA 95327

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

Beverly Monaghan
Registered California process server.
County: Tuolumne
Registration No. 13
Los Angeles Legal Service
2107-D West Commonwealth Ave., #
380
Alhambra, CA 91803
(626) 289-0179

I declare under penalty of perjury under the laws of the State
of California that the foregoing information contained in the
return of service and statement of service fees is true and
correct and that this declaration was executed on October
30, 2007 at Alhambra, California.

Signature: Beverly J. Monaghan

PROOF OF SERVICE

62(a)(23)[Rev July 1, 1997]                                                          Order#: S2329/BProof1

000050

11/06/2007  13:34    2095326188    MONAGHAN ATTNY SVCS    PAGE  04

**WORK ORDER**

# Los Angeles Legal Service

2107-D West Commonwealth Ave., # 380
Alhambra, CA 91803
Phone: (626) 289-0179 Fax: (626) 289-7091

Order #: S2329

Date Received: October 30, 2007
Client No: RRM                                              Their File No: Progressive
Client: Robie & Matthai
500 S. Grand Ave., 15th Floor
(213) 624-3062                                              Attorney: James Robie
Los Angeles, CA 90071-2614                                 Bar No: 67303

Case No: 07CV 1999 JAH (POR)    Case 3:07-cv-01999-JAH-POR    Document 9-2  STANDARD  Page 14 of
Court: UNITED STATES DISTRICT COURT
Plaintiff: Progressive West Ins. Co.
vs Defendant: Bun Bun Tran, et al.,
Depo/Hearing Date:                                         Due Date:
Servee: Leonel Arrellano, Inmate #F77654
Server: .

Business Address:                          Home Address:
c/o Div. of Adult Operations / Sierra Conservation Ctr
5100 O'Byrnes Ferry Road
Jamestown, CA 95327

Documents:
Summons, Complaint, CivilCover Sheet,      Comments:
Certificate  & Notice of Interested Parties    Please serve documents and return your
                                               proof of service.  Call our office if
                                               any problems.  Thank you!

| DATE | TIME | LOC | COMMENTS | STAT | ITEMS | AMOUNT |
|------|------|-----|----------|------|-------|--------|
| 11/5/07 | 3:00PM |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  | SUB-TOTAL |

Physical Description:
Age: 24        Height: 5'7"      Skin: Brown    Hair: Brown    ☑ Personal Service
Sex: M         Weight: 150       Eyes: Brown                   ☐ Substituted Service
Marks:                                          Hispanic        ☐ Not Served

Served To: _____    Title/Rel: _____
Served At: _____    Date: 11/5/07
          _____    Time: 3:00 PM

Order# S2329/WORK

17
Exh. A

000051

# EXHIBIT 5

1    Christopher E. Angelo [70007]
    Joseph Di Monda [184640]
2    ANGELO & DI MONDA, LLP
    1721 N. Sepulveda Blvd.
3    Manhattan Beach, California 90266-5014
    Telephone: 310-939-0099
4    Fax: 310-939-0023

5    Attorneys for Defendants, Bun Bun Tran and Le Thi Nguyen

6

7

8                 UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11    PROGRESSIVE WEST INSURANCE     NO. 07- CV 1999 JAH (POR)
    COMPANY, an Ohio corporation,
12                           **NOTICE OF MOTION AND**
            Plaintiffs,             **MOTION BY BUN TRAN TO SET**
13                           **ASIDE ENTRY OF DEFAULT ON**
    v.                             **DEFENDANT LEONEL**
14                           **ARRELLANO: REQUEST TO**
    BUN BUN TRAN, LEONEL          **APPOINT COUNSEL FOR**
15    ARRELLANO,                  **ARRELLANO IN THIS MATTER;**
                            **DECLARATION OF JOSEPH DI**
16         Defendants.         **MONDA, ESQ.; DECLARATION OF**
                            **CHRISTOPHER E. ANGELO, ESQ.**
17

18                            Time:    2:30 p.m.
                           Date:    May 27, 2008
19                           Ctrm.:    11
                            880 Front Street
20                             San Diego, CA 92101

21

22       **TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

23        **PLEASE TAKE NOTICE** that on May 27, 2008, at 2:30 p.m., or as soon

24   thereafter as the matter may be heard in the above-entitled court, located at 880 Front

25   Street, San Diego, CA 92101, defendant and real party in interest Bun Bun Tran, by and

26   through his guardian ad litem Le Thi Nguyen, will move the court to set aside plaintiff's

27   Entry of Default against defendant Leonel Arrellano pursuant to FRCP 55(c) for good

28

                                 1

cause shown because: 1) Bun Tran has filed a Motion to Dismiss this Complain for lack of diversity jurisdiction pursuant to FRCP 12(b)(1); 2) defendant Arrellano is an indigent prisoner incarcerated in the Sierra Conversation Center; 3) defendant Leonel Arrellano is without counsel in this matter; and 4) a fraud is being perpetrated upon this Court by Progressive Insurance Company which refuses to pay for Arrellano's defense in this action even though it knows Arrellano is incarcerated, does not speak, read or understand English and cannot defend himself. By entering this default, Progressive is attempting to avoid this Court's ruling on Bun Tran's Motion to Dismiss.

The motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Christopher E. Angelo, Esq., and the pleadings and papers filed herewith.


Dated: April 9, 2008                                    ANGELO & DI MONDA, LLP



                                        By: _____
                                            Joseph Di Monda
                                            Attorneys for Defendants,
                                            Bun Bun Tran and Le Thi Nguyen

2

00053

# I.     INTRODUCTION

Defendant Leonel Arrellano ("Arrellano") is an indigent illegal alien who does not speak, read or understand English. Declaration of Christopher E. Angelo, Esq. Arrellano catastrophically injured Bun Tran ("Tran") when their vehicles collided. Arrellano is incarcerated in northern California for driving while intoxicated and leaving the scene of an accident. Arrellano had a $15,000 automobile insurance policy with plaintiff Progressive West Insurance Company ("Progressive"). The damages caused by Arrellano will exceed $40 million dollars.

Progressive rejected Tran's policy limit demand which would have dismissed all claims against the world for Arrellano's $15,000 liability policy limits. It is Tran's position that Progressive is now responsible to indemnify Arrellano for an unlimited amount of potential damages due to Progressive's failure to settle for Arrellano's policy limits. Progressive denies it rejected Tran's policy limit demand. Tran filed a personal injury lawsuit against Arrellano, Chili's Restaurant and other third parties in San Diego Superior Court, Case number 37-2007-00065432-CU-PA-CTL, Dept. C-62, the Hon. Ronald L. Styn, Judge, ("the State Action"). Decl. of Christopher E. Angelo, Esq.

Progressive has filed this sham Declaratory Relief action in this Court attempting to vest this Court with jurisdiction to declare that it has not committed bad faith when it rejected Tran's policy limit demand. Progressive's federal action is a sham pleading designed to attempt to evade California bad faith law.

On or about November 24, 2007, Tran moved to dismiss this federal action for lack of diversity jurisdiction. The parties completed briefing on or about January 2, 2008.

On January 7, 2008, this Court Ordered that the oral arguments on Tran's motion to dismiss be vacated and that the Court would issue its ruling on Tran's Motion to Dismiss in due course. Arrellano never made an appearance in this federal action.

Arrellano's Progressive paid lawyers in the State Action claim that they requested that Progressive pay them to represent Arrellano in this federal action. According to Arrellano's State Action lawyers, Progressive has refused to pay for Arrellano's defense

1  costs. Decl. of Joseph Di Monda, Esq.

2      Progressive now files a Notice of Entry of Default against its own incarcerated and

3  indigent insured Arrellano for his failure to make an appearance in this matter.

4      Progressive knows that the reason Arrellano has not made an appearance is

5  because he has no money to pay for a lawyer, cannot read the complaint, and does not

6  know what it means even if he could read the complaint. Had Progressive been instead

7  the State of California, the latter would have been required to pay for Arrellano's

8  appearance. *Compare, Payne v. Sup. Ct.* (1976) 17 Cal.3d 908.

9      By this Notice of Entry of Default, Progressive attempts to do an end run around

10  this Court's decision on Tran's Motion to Dismiss and on this Court deciding the merits

11  of Progressive's claims against Arrellano and Tran if it decides it has jurisdiction.

12      Tran is a defendant in this action although he is actually a real party in interest and

13  has been negotiating with Arrellano's State Action lawyers for an assignment of

14  Arrellano's bad faith rights against Progressive. Decl. of Christopher E. Angelo, Esq.

15      Tran has a property interest in Arrellano's Assets, including his bad faith rights.

16  **II.    GOOD CAUSE EXISTS TO SET ASIDE THE NOTICE OF ENTRY OF**

17  **DEFAULT**

18      A.    Arrellano is an Indigent Who Cannot Read or Speak English and is Without

19          Legal Counsel

20      "The court may set aside an entry of default for good cause . . .." Fed. Rule of Civ.

21  Proc., Rule 55(c). Defendant's culpability in allowing default is relevant consideration in

22  determining whether to grant motion to set aside default. *Farnese v. Bagnasco* (1982) 687

23  F.2d 761. This rule providing that an entry of default may be set aside for good cause

24  shown vests in the federal district courts a broad discretion to set aside an entry of default

25  in order to accomplish justice. *Schartner v. Copeland* (1973) 59 F.R.D. 653, affirmed 487

26  F.2d 1395.

27      Here, Arrellano is an indigent illegal alien who does not speak, read or understand

28  English and required an interpreter at his deposition. Decl. of Christopher E. Angelo, Esq.

4

1  Arrellano is being sued by his own insurance carrier who knows Arrellano is indigent and
2  refuses to pay for Arrellano's defense in this action.  Progressive also knows that
3  Arrellano cannot read, speak or understand English and has no way of defending himself.

4      Progressive, by refusing to pay for Arrellano's defense has created a situation by
5  which it may avoid its legal obligation to pay for its bad faith by obtaining a default
6  against him.  This would permit Progressive to avoid bad faith liability and place the
7  responsibility for Progressive's bad faith back on Arrellano.

8      A declaratory relief action cannot be filed if it means that the insurer has
9  abandoned, compromised or rejected the insured's claim, presumably a claim for
10  overlimits bad faith.  *Atlas Assur. Co. v. LTD McCombs* (1983) 146 Cal.App.3d 135, 150.

11      This Court should not permit such obvious unethical and possibly illegal behavior
12  to stand.

13      B.    <u>Progressive Has Sued its Indigent Non-English Speaking Insured,</u>
14            <u>Intentionally Refuses to Pay for His Defense and Attempts to Take His</u>
15            <u>Default</u>

16      While Progressive pays for Arrellano's defense in the State Action, it sues him in
17  federal court and refuses to pay for his defense.  Arrellano's State Action attorney, Randy
18  Winet, requested that Progressive pay his law firm to defend Arrellano in this federal
19  action.  According to conversations with Randy Winet, Progressive has refused to provide
20  Arrellano with a defense.  Decl. of Joseph Di Monda

21      Progressive knows that it has committed bad faith and is now using the fact that its
22  insured is indigent to leave him without a defense in this action.

23      C.    <u>Progressive is Attempting to Use This Federal Action to Avoid State Bad</u>
24            <u>Faith Litigation: Progressive Should Be Order to Pay for Arrellano's</u>
25            <u>Defense</u>

26      Progressive files this federal action, knowing that Arrellano cannot defend himself,
27  refuses to pay for his defense of this lawsuit, and then takes his default.  Progressive and
28  its attorneys stoop to new lows in engaging in what should be called unethical conduct.

5

1    If this Court lets the default stand, Progressive avoids litigating on the merits of its

2 bad faith refusal to pay the $15,000 insurance limits and also makes Arrellano responsible

3 for Progressive's bad faith.

4    D.    There Would be No Prejudice to Progressive by Setting Aside its Notice of

5        Entry of Default

6    Under subd. (c) of this rule, the principal factors bearing on the appropriateness of

7 relieving a party of a default are whether the default was willful, whether setting it aside

8 would prejudice the adversary, and whether a meritorious defense is presented. *Meehan v.*

9 *Snow* (1981) 652 F.2d 274.

10    It may not be assumed that Arrellano's failure to make an appearance is willful.

11 Arrellano was served with the Notice of Entry of Default while incarcerated in the Sierra

12 Conservation Center. Since Arrellano is an indigent illegal alien who does not speak, read

13 or understand English, there is a distinct possibility that Arrellano is not even aware of his

14 responsibility to make an appearance, how to make an appearance, who to get to make an

15 appearance, what a default notice means or how to respond to a Notice of Entry of Default.

16    Since Tran is the real party in interest, he has moved to dismiss this federal action

17 for lack of diversity jurisdiction. Since this Court has not yet ruled on Tran's Rule

18 12(b)(1) motion nothing has transpired in this case. No discovery has been conducted in

19 this matter. Therefore, Progressive may not claim any prejudice.

20    If this Court grants Tran's Motion to Dismiss, it would also include the complaint

21 against Arrellano, thereby rendering the Notice of Entry of Default moot.

22    If this Court denies Tran's Motion to Dismiss, the matter may proceed with all

23 parties and with no prejudice to Progressive.

24    E.    Arrellano has Meritorious Defenses Which Will be Raised if This Action

25        Goes Forward

26    It takes only one valid defense to void a default termination. *Dynalectron Corp.*

27 *(Pacific Division) v. U. S.* (1975) 518 F.2d 594, 207 Ct.Cl. 349.

28    If a defendant raises any defense cognizable at law, it is deemed to have presented a

6

000057

1  meritorious defense, for purposes of determining whether the defendant should be granted
2  relief from a default judgment. *Simmons v. Ohio Civil Service Emp. Assoc.* (2003) 259
3  F.Supp.2d 677.

4      Progressive's federal complaint for declaratory relief is asking this Court to declare
5  that it did not commit bad faith and that it did not eliminate the $15,000 policy limit.

6      Tran's position is that Progressive is liable for all amounts which Arrellano may be
7  adjudged to owe Tran. Hence, Tran is negotiating with Arrellano to obtain an assignment
8  of Arrellano's bad faith rights against Progressive.

9      Given the fact that Arrellano, as an indigent illegal alien, would not have sufficient
10 assets to satisfy any judgment against him Tran has a real interest in protecting Arrellano's
11 bad faith rights and assignment thereof.

12     Tran would raise the fact that Progressive had the opportunity to settle this matter
13 for the $15,000 policy limits and refused. Decl. of Christopher E. Angelo, Esq. Tran
14 would present evidence in the form of letters to Progressive asking it to tender Arrellano's
15 $15,000 liability policy along with letters from Progressive wherein Progressive refused to
16 tender Arrellano's policy limits. Decl. of Christopher E. Angelo, Esq.

17     Tran will also raise the issue that a declaratory relief action cannot be filed if it
18 means that the insurer has abandoned, compromised or rejected the insured's claim,
19 presumably a claim for overlimits bad faith. *Atlas Assur. Co. v. LTD McCombs* (1983)
20 146 Cal.App.3d 135, 150. Here, Progressive has rejected Tran's demand.

21     Arrellano would have the same defenses and documentation of Progressive's bad
22 faith refusal to tender his policy limits as Tran.

23     Therefore, while Arrellano would remain as a defendant, Tran would carry the
24 defense of this action and raise all appropriate defenses to Progressive's claims.

25     F.    This Court Should Appoint Counsel for Arrellano: Alternatively, This Court
26          Should Order Progressive to Pay for Arrellano's Defense, Or Request Tran's
27          Counsel to Obtain a Civil Attorney for Arrellano

28     District courts have discretionary power to appoint counsel for persons unable to

7

000058

1 | pay for private attorney in both criminal and civil cases. *Vicet v. I.N.S.* (1990) 757 F.Supp.
2 | 646.

3 | Moreover, " 28 U.S.C. § 1915, by its terms, authorizes the appointment of counsel
4 | in civil actions." *U. S. ex rel. Gardner v. Madden* (9th Cir. 1965) 352 F.2d 792, 793.

5 | Here, Progressive sues its own insured, an incarcerated indigent, and refuses to pay
6 | for his defense, thereby forcing him to default.  At the same time, Arrellano's State Action
7 | attorney abandons him and permits him to default.

8 | Additionally, "The insurers' obligations are ... rooted in their status as purveyors of
9 | a vital service labeled quasi-public in nature.  Suppliers of services affected with a public
10 | interest must take the public's interest seriously, where necessary placing it before their
11 | interest in maximizing gains and limiting disbursements ... (A)s a supplier of a public
12 | service ... the obligations of insurers go beyond meeting reasonable expectations of
13 | coverage.  The obligations of good faith and fair dealing encompass qualities of decency
14 | and humanity inherent in the responsibilities of a fiduciary.  Insurers hold themselves out
15 | as fiduciaries, and with the public's trust must go private responsibility consonant with that
16 | trust." *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 820.

17 | Hence, this Court may exercise its discretion to appoint civil counsel for Arrellano.

18 | Alternatively, this Court may request Tran's Counsel to locate a civil attorney for
19 | Arrellano.  Tran's counsel will undertake such a duty for Arrellano.

20 | G.     <u>There Is A Conflict of Interest Between Arrellano's State Action Lawyers</u>
21 |      <u>and Chili's Restaurant Which May be the Reason Arrellano's Lawyers Are</u>
22 |      <u>Not Representing Arrellano In This Matter And Permitted His Default to Be</u>
23 |      <u>Taken</u>

24 | It is Tran's position that Arrellano's Progressive paid lawyers, Winet, Patrick &
25 | Weaver, are in collusion with both Progressive and Chili's Restaurant's insurance carrier.
26 | Winet, Patrick & Weaver also represent Chili's insurance carrier..

27 | Arrellano testified that Winet, Patrick & Weaver told Arrellano that Winet, Patrick
28 | & Weaver also represents Chili's Restaurant's insurance carrier in other cases.  Exhibit 1,

8

000059

1  Oct. 3, 2007 Deposition Transcript of Leonel Arellano, p. 92, lns. 8-25, p. 93, lns. 1-15.

2       Chili's Restaurant is a defendant in the State Action. If Progressive, in collusion

3  with Winet, Patrick & Weaver, can deny Arellano the opportunity to defend himself in

4  this federal action and take his default, then Progressive will be found to not have any

5  extra-contractual liability to Arellano which may be assigned to Tran.

6       Similarly, Winet, Patrick & Weaver gets to protect Chili's by having Arellano take

7  the blame for the entire accident.

8       This is evidenced by the fact that Chili's Restaurant propounded Requests for

9  Admissions upon Arellano which ask for legal conclusions and are compound. Exhibit 2,

10  Chili's Restaurant's Requests for Admissions (Set Two) Propounded upon Leonel

11  Arellano. Despite the objectionable nature of Chili's discovery, Winet, Patrick & Weaver

12  had Arellano admit to the legal conclusions, without objections, within 12 calender days

13  of them being mailed instead of the allowable 35 days. Exhibit 3, Leonel Arellano's

14  Responses to Chili's Requests for Admissions, (Set Two). This is so that Chili's

15  Restaurant may file a Motion for Summary Judgment in the San Diego Superior Court

16  using Arellano's admissions as the basis for its argument that Chili's is not liable as a

17  matter of law. Two days after Chili's Restaurant received Arellano's Admissions, it filed

18  a Motion for Summary judgment using Arellano's Admissions as the basis for its

19  arguments. Decl. of Joseph Di Monda. One would think if Chili's could draft a MSJ that

20  fast it had advance knowledge of what Arellano's lawyer would have him admit.

21       This would leave Arellano with just a $15,000 insurance policy and no

22  contribution from Chili's Restaurant. It is Tran's position that this Notice of Entry of

23  Default, is just part of the scheme by Progressive, Chili's Restaurant's insurance carrier

24  and Winet, Patrick & Weaver to have Arellano take responsibility for the entire judgment.

25  **III.    PROGRESSIVE'S NOTICE OF ENTRY OF DEFAULT IS A BLATANT**

26  **ATTEMPT TO DIVEST THIS COURT OF ITS RIGHT AND OBLIGATION**

27  **TO RULE ON TRAN'S MOTION TO DISMISS PROGRESSIVE'S**

28  **COMPLAINT**

1    In response to Progressive's Complaint, Tran filed a Motion to Dismiss. While this
2 Court ponders the parties arguments with respect to diversity jurisdiction, Progressive
3 takes Arrellano's default, thereby attempting to divest this Court of deciding the matter
4 and permitting Progressive to subsequently argue that since Arrellano defaulted, there is
5 no need for this Court to rule on Tran's motion to dismiss.

6    While Progressive's scheme is intriguing, it permits Progressive to benefit from a
7 situation it created. To wit, Progressive set up a no-lose situation for itself. It knows
8 Arrellano cannot defend itself, it knows Arrellano has no money, it refuses to pay
9 Arrellano's State Action lawyer to defend him, it knows it committed bad faith, so it files a
10 sham federal complaint and instead of waiting for this Court to decide the jurisdictional
11 issues, it takes its own insured's default. Thereby attempting to render the State bad faith
12 action against it moot.

13    No court should let a scheme like that stand.

14 **IV.    CONCLUSION**

15    For the above stated reasons, Tran requests that this motion to set aside the Notice
16 of Entry of Default be granted.

17

18 April 9, 2008

19                                              ANGELO & DI MONDA, LLP

20

21                                              _____
22                                              Joseph Di Monda
                                               Attorneys for Bun Tran
23

24

25

26

27

28

07- CV 1999 JAH (POR)

000061

# DECLARATION OF CHRISTOPHER E. ANGELO, ESQ.

I, Christopher E. Angelo, declare,

1. I am over the age of 18 years. I have personal knowledge of the facts stated herein and if called as a witness I would and could competently testify as follows;

2. I am an attorney at law duly admitted to practice before all the courts of the State of California, the United States District Court for the Southern District of California and the Court of Appeals for the Ninth Circuit and the attorney of record herein for defendant Bun Bun Tran ("TRAN") and make this declaration in support of the motion to set aside the default of Leonel Arrellano.

3. Defendant Leonel Arrellano is an indigent illegal alien who does not speak, read or understand English. An interpreter had to be used to conduct his deposition.

4. As a result of the automobile accident with Arrellano, Tran filed a personal injury lawsuit against Arrellano, Chili's Restaurant and other third parties in San Diego Superior Court, Case number 37-2007-00065432-CU-PA-CTL, Department C-62, the Honorable Ronald L. Styn, Judge.

5. I have been negotiating with Randy Winet, Arrellano's State Action attorney for an assignment of Arrellano's bad faith rights against Progressive arising out of Progressive's failure to settle Tran's claim for Arrellano's policy limits.

6. As a defense to this action, if it is not dismissed, Tran would raise the fact that Progressive had the opportunity to settle this matter for the $15,000 policy limits and refused.

7. Tran would present evidence in the form of letters to Progressive asking it to tender Arrellano's $15,000 liability policy along with letters from Progressive wherein Progressive refused to tender Arrellano's policy limits.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 9, 2008, at Manhattan Beach California.

_____

Christopher E. Angelo

11

**07- CV 1999 JAH (POR)**

## DECLARATION OF JOSEPH DI MONDA, ESQ,

I, Joseph Di Monda, declare,

1.  I am over the age of 18 years, I have personal knowledge of the facts stated herein and if called as a witness I would and could competently testify as follows;

2.  I am an attorney at law duly admitted to practice before all the courts of the State of California, the United States District Court for the Southern District of California and the Court of Appeals for the Ninth Circuit and the attorney of record herein for defendant Bun Bun Tran ("TRAN") and make this declaration in support of the motion to set aside the Notice of Entry of Default of Leonel Arrellano.

3.  On April 8, 2008, I spoke to Randy Winet of Winet, Patrick & Weaver. They represent Arrellano in the State Action.

4.  Randy Winet told me that he is aware of this federal lawsuit for declaratory relief, and has requested that Progressive West Insurance Company pay him to defend Arrellano.

5.  Randy Winet told me that Progressive has refused to pay for Arrellano's defense costs in this federal action.

6.  Two days after Chili's Restaurant received Arrellano's Admissions, it filed a Motion for Summary judgment using Arrellano's Admissions as the basis for its arguments.

7.  Exhibit 1 is a true and correct copy of the relevant pages of the Deposition Transcript of Leonel Arellano.

8.  Exhibit 2 is a true and correct copy of Chili's Restaurant's Requests for Admissions (Set Two) Propounded upon Leonel Arrellano.

9.  Exhibit 3 is a true and correct copy of Exhibit 3, Leonel Arrellano's Responses to Chili's Requests for Admissions, (Set Two)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 9, 2008, at Manhattan Beach California.

_____

Joseph Di Monda

12

000063

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA

3  COUNTY OF LOS ANGELES

4       I am a resident of the aforesaid county. I am over the age of eighteen years and not a
party to the within action; my address is 1721 N. Sepulveda Blvd., Manhattan Beach,
5  California 90266.

6       On **April 10, 2008**, I served the foregoing document(s) described as **NOTICE OF
MOTION AND MOTION BY BUN TRAN TO SET ASIDE ENTRY OF DEFAULT ON
7  DEFENDANT LEONEL ARRELLANO; REQUEST TO APPOINT COUNSEL FOR
ARRELLANO IN THIS MATTER; DECLARATION OF JOSEPH DI MONDA, ESQ.;
8  DECLARATION OF CHRISTOPHER E. ANGELO, ESQ.** on the interested parties in this
action, by placing the original/true copies thereof enclosed in a sealed envelope addressed as
9  follows:

10            **SEE ATTACHED SERVICE LIST**

11  __   I caused such envelope/package containing the document(s) to be delivered by hand
          to the offices of the addressee(s).
12
    X    The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar
13        with the firm's practice of collection and processing correspondence for mailing. It is
          deposited with U.S. Postal Service on that same day in the ordinary course of business.
14        I am aware that on motion of a party served, service is presumed invalid if the postal
          cancellation date or postage meter date is more than one day after date of deposit for
15        mailing an affidavit.

16  __   I deposited the above document(s) for facsimile transmission in accordance with the
          office practice of Angelo & Di Monda for collecting and processing facsimiles. I am
17        familiar with the office practice of Angelo & Di Monda for collecting, processing, and
          transmitting facsimiles. The facsimile of the above document(s) was transmitted to the
18        interested parties on the attached service list:

19       Executed on **April 10, 2008**, at Manhattan Beach, California.

20       I declare under penalty of perjury under the laws of the State of California that the
    above is true and correct.

21

22

23                                    _____
                                      Karen L. Clark
24

25

26

27

28

                              13

1    <u>Service List</u>

2

3    ROBIE & MATTHAI
     James R. Robie
4    500 South Grand Avenue
     15th Floor
5    Los Angeles, CA 90071

6

7

8    S:\Legal Documents\Tran, Bun Bun v. Arrellano (traffic collision, brain damage)\Pleadings\Progressive v. Tran  et al\Motion to Set Aside Entry of Default\Notice of Motion and Motion.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 6

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Progressive West Insurance Company | |
| Plaintiff, | **Civil No.    07cv1999-JAH(POR)** |
| **vs** | **DEFAULT** |
| Bun Bun Tran, et al. | |
| Defendant, | |

It appears from the records in the above entitled action that Summons issued on the Original Complaint filed on 10/16/07 has been regularly served upon each of the Defendants hereinafter named; and it appears from the records herein that each of the Defendants has failed to plead or otherwise defend in said action as required by said Summons and provided by the Federal Rules of Civil Procedure.  Now, therefore, the DEFAULT of each of the following Defendants is hereby entered.

Leonel Arrellano

**Entered On:**                                    W. SAMUEL HAMRICK, JR., CLERK

By: _____
                    s/J. Petersen
                    , Deputy

000066

# EXHIBIT 7

1  JAMES R. ROBIE, SBN 67303
   KYLE KVETON, SBN 110805
2  RONALD P. FUNNELL, SBN 209897
   ROBIE & MATTHAI
3  A Professional Corporation
   500 South Grand Avenue, 15th Floor
4  Los Angeles, California 90071
   (213) 706-8000 • (213) 624-2563 Fax
5  kkveton@romalaw.com

6  Attorneys for Plaintiff PROGRESSIVE WEST
    INSURANCE COMPANY
7

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11  PROGRESSIVE WEST INSURANCE )   CASE NO. 07 - CV 1999 JAH (POR)
    COMPANY, an Ohio corporation, )
12                                )   APPLICATION FOR DEFAULT
                       Plaintiff, )   JUDGMENT BY COURT AGAINST
13                                )   DEFENDANT LEONEL
          vs.                     )   ARRELLANO; DECLARATION OF
14  BUN BUN TRAN, LEONEL          )   RONALD P. FUNNELL
    ARRELLANO,                    )
15                                )
                     Defendants.  )   Date:     June 2, 2008
16  _____ )   Time:     2:30 p.m.
                                      Ctrm:     11
17                                              940 Front Street
                                                San Diego, CA 9210
18

19  TO DEFENDANT  LEONEL ARRELLANO AND HIS ATTORNEYS OF

20  RECORD:

21        PLEASE TAKE NOTICE THAT on June 2, 2008, at 2:30 p.m. or as soon

22  thereafter as this matter may be considered by the above entitled Court, located at 940

23  Front Street, San Diego, California, Plaintiff Progressive West Insurance Company

24  ("Progressive") will present its application for a default judgment against defendant

25  Leonel Arrellano.  The clerk has previously entered the default of said defendant on

26  April 9, 2008.

27        At this time Plaintiff requests the Court to enter a judgment of default based on

28  the Declaration of Ronald P. Funnell and the following  matters:

K:\4461\Pleading\Request Enter Default Jgmt.wpd                    1

000067

1      1.     Defendant Leonel Arrellano is not a minor or incompetent person or in
2   military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief
3   Act of 1940; and

4      2.     Defendant Leonel Arrellano was served with the summons and the
5   complaint on November 17, 2007.  Said defendant has not appeared in this action, nor
6   answered the complaint.

7      3.     Plaintiff is entitled to judgment against said defendant on account of the
8   claims pleaded in the complaint, to wit:

9      Plaintiff Progressive insured Defendant Leonel Arrellano for the policy period
10  May 30, 2006 to November 30, 2006 under California Motor Vehicle Policy number
11  16558999-00.  On November 18, 2006, Defendant Arrellano collided with Defendant
12  Bun Bun Tran's automobile, causing Mr. Tran serious injuries from which he remains
13  comatose.

14     Following the accident, Mr. Arrellano was arrested for driving under influence
15  of alcohol, driving without a license and fleeing the scene of the accident.  The
16  accident report assigned fault to Mr. Arrellano.  In June 2007, he was sentenced to 6
17  years in a California prison.

18     On or about January 26, 2007, attorney Anh Quoc Duy Nguyen wrote
19  Progressive demanding that Progressive tender its liability policy limits within fifteen
20  (15) days.  (A copy of Attorney Nguyen's demand letter is attached to the Funnell
21  Declaration as **Exhibit 1**.)

22     Plaintiff is informed and believes that at the time Attorney Nguyen sent his
23  January 26, 2007 letter, he was not legally representing Bun Bun Tran, but, instead,
24  was representing Mr. Tran's mother.  Plaintiff is further informed and believes that
25  Mr. Tran's mother was not then guardian ad litem of Mr. Tran.  As a result, Attorney
26  Nguyen had no legal authority to settle the claims of Mr. Tran, nor did he have legal
27  authority to release claims of Mr. Tran against any tort feasor.

28     Attorney Nguyen's demand did not offer a release or dismissal in exchange for

1  payment of the insurance benefits, but was subject to the condition precedent "of

2  convincing [Nguyen] there are no other responsible parties, whether insured or not,

3  causing this accident. If I am not convinced, I will state as much in a letter and there

4  will be no settlement."

5      It was legally and factually impossible to convince Attorney Nguyen that there

6  were no other responsible parties for causing this accident, given the facts and

7  circumstances of the accident, and that Patricia Cole, in fact, paid Bun Bun Tran

8  $300,000 to settle the liability claim against her arising from this accident in July

9  2007.

10      As a result of the above condition precedent, attorney Nguyen's demand was

11  not an offer to settle within the policy's limits. Rather, the condition precedent of

12  "convincing" Nguyen was outside of the policy and its stated limits.

13      Nevertheless, on February 2, 2007, Progressive sent a letter to Attorney

14  Nguyen offering its policy limits, within 7 days of the demand. (A true and correct

15  copy of this letter is attached to the Funnell Declaration as **Exhibit 2**). Attorney

16  Nguyen rejected the offer and referred Mr. Tran's claim to attorney Christopher

17  Angelo.

18      On or about May 8, 2007, Attorney Angelo filed a lawsuit on behalf of Mr.

19  Tran against Mr. Arrellano alleging causes of negligence and negligence per se

20  regarding the above mentioned automobile accident. It is clear from the

21  correspondence, discovery and pleadings filed in that case that Mr. Angelo intended

22  to obtain a judgment against Mr. Arrellano and then sue Progressive for breach of

23  contract and breach of covenant of good faith and fair dealing for failing to settle Mr.

24  Tran's claim within policy limits.

25      4.    Plaintiff Progressive is entitled to a declaratory judgment against

26  defendant Arrellano stating the following rights and duties of the parties under the

27  involved policy of insurance:

28      That in handling Leonel Arrellano's claim arising from the November 18, 2006

1   motor vehicle accident, Progressive has discharged its obligations under the insurance

2   policy and in accord with California law; and that its conduct in response to the

3   January 26, 2007 letter from Attorney Nguyen was reasonable, was not in bad faith,

4   and did not eliminate or jeopardize the $15,000 policy limits available under the

5   Progressive California Motor Vehicle Policy number 16558999-00 issued to insured

6   defendant Leonel Arrellano.

7         The above stated facts are set forth in the accompanying declaration of Ronald

8   P. Funnell, filed herewith.

9

10  DATED: April____, 2008                    ROBIE & MATTHAI
                                             A Professional Corporation
11

12
                                    By:_____
13                                       JAMES R. ROBIE
                                         KYLE KVETON
14                                       RONALD P. FUNNELL
                                         Attorneys for Plaintiff PROGRESSIVE WEST
15                                       INSURANCE COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

K: 4461 Pleading Request Enter Default Jgmt.wpd                    4

## DECLARATION OF RONALD P. FUNNELL IN SUPPORT
## OF REQUEST TO ENTER DEFAULT JUDGMENT

I, Ronald P. Funnell, declare as follows:

1.      I am over 18 years old and am an attorney licensed to practice law in the state of California and am an attorney with the law firm of Robie and Matthai, attorneys representing Plaintiff Progressive West Insurance Company in this case. The facts stated in this declaration are from my own personal knowledge and I would and could testify competently to these facts if called to do so.

2.      Defendant Leonel Arrellano was served with the Summons and the Complaint on November 17, 2007.

3.      Defendant Leonel Arrellano has not appeared in this action and has not responded to the complaint within the 20-day time period provided by FRCP 12(a)(1).

4.      Defendant Leonel Arrellano is not a minor nor an incompetent person.

5.      Defendant Leonel Arrellano is not a member of the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

6.      Defendant Leonel Arrellano would not be able to attend any hearing regarding this matter because he is presently incarcerated at Sierra Conservation Center, 5100 O'Byrnes Ferry Road, Jamestown, CA.  Mr. Arrellano is not represented by counsel in this action.

7.      On or about January 26, 2007, attorney Anh Quoc Duy Nguyen wrote to Progressive demanding that Progressive pay its $15,000 policy limits within 15 days. A true and correct copy of Nguyen's letter is attached as **Exhibit 1**.

/ / /

/ / /

/ / /

/ / /

/ / /

K  4461 Pleading Request Enter Default Jgmt..wpd                5

APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEF. ARRELLANO          07 - CV 1999 JAH (POR)

000071

1    8.    On February 2, 2007, Progressive sent a letter in response to Attorney

2  Nguyen, offering its $15,000 policy limits, and within 7 days of the demand.   A true

3  and correct copy of Progressive's letter is attached as **Exhibit 2**.

4    I declare under penalty of perjury under the laws of the State of California that

5  the foregoing is true and correct.

6    Executed this _____ day of April 2007, at Los Angeles, California.

7

8

9

                                    RONALD P. FUNNELL
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

000072

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, 15th Floor, Los Angeles, CA 90071-2609.

On April 23, 2008, I served the foregoing document(s) described as:

**APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT LEONEL ARRELLANO; DECLARATION OF RONALD P. FUNNELL**

on all interested parties in this action by placing a true copy of each document, enclosed in a sealed envelope addressed as follows:

| *Attorneys for Defendant, Bun Bun Tran:* | *Defendant Leonel Arrellano, In Pro Per:* |
|---|---|
| Christoper E. Angelo, Esq. | Leonel Arrellano, Inmate #F77654 |
| Joseph Di Monda, Esq. | c/o Division of Adult Operations |
| ANGELO & DI MONDA LLP | Sierra Conservation Center |
| 1721 No. Sepulveda Boulevard | 5100 O'Byrnes Ferry Road |
| Manhattan Beach, CA 90266-5014 | Jamestown, CA 95327 |
| Telephone:  (310) 939-0099 | |
| Facsimile:  (310) 939-0023 | |

**(X)**   **BY MAIL:** as follows:  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

**(X)**   **BY E-SERVICE:**  I caused the above-referenced document(s) to be electronically served on all counsel of record through the Court's CM/ECF filing and service system.

**(X) (Federal)**       I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 23, 2008, at Los Angeles, California.

_____
Windy Gale Tyler

000073

01/26/2007 FRI 8:20 FAX 11147 9991 ANH DUI NGUIEN & ASSOC @002/002

LAW OFFICES OF
# ANH QUOC DUY NGUYEN & ASSOCIATES

**Branch Offices:**

SAN GABRIEL
10 5 E. LAS TUNAS DRIVE
SAN GABRIEL, CA 91776
PHONE: (626) 286-2239

SAN DIEGO
4745 EL CAJON BLVD., SUITE 101
SAN DIEGO, CA 92125
PHONE: (619) 284-0800

15622 BROOKHURST STREET
WESTMINSTER, CALIFORNIA 92683

PHONE: (714) 531-8181
FAX: (714) 531-9397

**RESPOND TO:**

■ WESTMINSTER OFFICE
□ SAN GABRIEL OFFICE
□ SAN DIEGO

January 26, 2007

Tiara Foster, Claims Representative
Progressive Insurance Company
6131 Orangethorpe Avenue, Suite 300
Buena Park, CA 90620
714.736.6300 general phone
714.736.6321 direct
714.736.6308 fax

<u>Via Certified Mail with Return Receipt</u>
<u>and Fax to: (714)736-6308</u>

Re:     My Client:                Bun Bun Tran
        Your Insured/Defendant:    Leonel Arrellano
        Date of Accident:        November 18, 2006
        Your Claim No.:         060409287

Dear Ms. Foster:

Please be advised that I represent Bun Bun Tran, who was seriously injured because of your insured running a stop sign. Thereafter, your insured fled from the scene. He has been arrested and is currently awaiting a criminal hearing in February of this year. My client has been hospitalized at UC San Diego, Floor 8 East, Room 812A, in a comatose condition since November 18, 2006. I understand that you have learned about his condition and the facts behind this accident from Esurance, the auto insurance company of Bun Bun Tran. You therefore know that the medical expenses are approaching $700,000 and Progressive has insufficient amounts of liability insurance.

My client is represented by his mother/guardian, Le Thi Nguyen. My client is hereby willing to be responsible for any and all medical and other liens so long as Progressive tenders all of its liability limits within 15 days from the date of this letter subject to the further condition precedent of convincing me that there are no other responsible parties, whether insured or not, causing this accident. If I am convinced, I will state as much in a letter. If I am not convinced, I will never state as much in a letter and there will be no settlement. Please also tell me, since it may bear on settlement, whether or not your insured received liquor at a Chili's restaurant shortly before the accident, and if so, which Chili's restaurant. We understand that Chili's was your insured's employer at the time of the accident.

Very truly yours,

Anh Q. D. Nguyen

1

**EXHIBIT 1**

000074

Claims Office
6131 Orangethorpe Ave. Ste 300
Buena Park, CA 90620
Telephone:  714-736-6300
Facsimile:  714-736-6308

Underwritten by:   **Progressive West Insurance
                    Company**

Claim number:      060409287
Date of loss:      11/18/2006
Today's date:      02/02/2007

*Sent again on 4-5-07*

Law Offices Of Anh Q.D. Nguyen & Assoc
Attn: Anh Nguyen
15622 Brookhurst Street
Westminster, CA  92683

Your Client:            Bun Bun Tran

Dear Mr. Nguyen:

This will confirm our offer of $15000 to settle your client's claim.  Please be advised that this offer
represents the policy limit.  For your review, we have enclosed a copy of the declaration page.

You requested information regarding our insured's relationship with Chili's Restaurant and if he was
served alcohol at this location.  Unfortunately, we have not been able to locate our insured; therefore,
we do not have a recorded statement from our insured regarding the facts of this loss.

Please convey this offer to your client(s) and advise me of the decision at your earliest convenience.

Please feel free to call with any questions or concerns.

Sincerely,

Tiara R Foster,   Ext.6321
Claims Specialist

tiara_r_foster@progressive.com

TXF/tf

8                              **EXHIBIT 2**

000075

# EXHIBIT 8

AO 450 Judgment in a Civil Case

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

Progressive West Insurance Compan

V.

Bun Bun Tran, Leonel Arrellano

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER:   07CV1999-JAH(POR)

☐   **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒   **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the instant complaint is dismissed without prejudice in its entirety for lack of subject matter jurisdiction.

| April 29, 2008 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |
| | s/J. Petersen |
| | (By) Deputy Clerk |
| | ENTERED ON April 29, 2008 |



1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9         SOUTHERN DISTRICT OF CALIFORNIA

10  PROGRESSIVE WEST INSURANCE        )    Civil No. 07cv1999 JAH(POR)
    COMPANY, an Ohio corporation,     )
11                                    )    ORDER GRANTING
                      Plaintiff,      )    DEFENDANT'S MOTION TO
12  v.                                )    DISMISS FOR LACK OF SUBJECT
                                      )    MATTER JURISDICTION
13  BUN BUN TRAN, LEONEL              )    [DOCS. # 4, 5]
    ARRELLANO,                        )
14                                    )
                      Defendants.     )
15  _____ )

16              **INTRODUCTION**

17      Now pending before the Court is the motion filed by defendant Bun Bun Tran

18  ("defendant" or "Tran") to dismiss the instant complaint for lack of subject matter

19  jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The

20  motion has been fully briefed by the parties.  After a careful consideration of the pleadings

21  and relevant exhibits submitted by the parties, and for the reasons set forth below, this

22  Court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction and

23  DISMISSES the instant complaint without prejudice in its entirety.

24              **BACKGROUND**

25      This case stems from a catastrophic automobile accident that occurred on

26  November 18, 2006, between Tran and defendant Leonel Arrellano ("Arrellano"). Compl.

27  ¶ 7. Plaintiff Progressive West Insurance Company ("plaintiff" or "Progressive") insured

28  Arrellano under an automobile policy with a bodily injury liability limit of $15,000. Id.

¶ 6. Arrellano was the driver of a vehicle that collided with Tran's vehicle causing serious head injuries to Tran leaving him comatose. Id. ¶¶ 9, 10. Arrellano, later found to be at fault, was subsequently arrested for driving under the influence of alcohol, driving without a license and leaving the scene of an accident. Id. ¶ 12. After a guilty plea, Arrellano was sentenced to six years custody. Id. Tran, through his guardian *ad litem*, filed a complaint in the San Diego County Superior Court on May 8, 2007, alleging causes of action for negligence and negligence *per se* against Arrellano, Patricia Cole, Chili's Restaurants and the City of San Diego. Id. ¶ 19; Di Monda Decl. ¶ 7. Progressive is not a party to the state court suit.

Progressive filed the instant complaint in this Court on October 16, 2007, seeking declaratory relief pursuant to the Declaratory Judgment Act, *see* 28 U.S.C. § 2201, in the form of a declaration as to the respective rights and duties of the parties involved under the automobile insurance policy issued to Arrellano. Defendant filed the instant motion to dismiss on November 28, 2007 and an amended motion on November 30, 2007. *See* Docs. # 4, 5. Progressive's opposition to the motion was filed on December 27, 2007. Doc. # 6. Defendant's reply brief was filed on January 2, 2008. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

### DISCUSSION

Defendant moves to dismiss the instant complaint in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that plaintiff cannot meet the $75,000 jurisdictional threshold for diversity jurisdiction.[1] *See* Doc. # 5 at 5.

---

[1] Although defendant also initially moves to dismiss on the grounds that the issues presented are not ripe for review because there has not been any determination of damages owed by any party, *see* Doc. # 5 at 4, plaintiff correctly points out that the Declaratory Judgment Act "allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen." Doc. # 6 at 2-3. In reply, defendant does not appear to disagree with plaintiff's position, but instead focuses on his arguments concerning the jurisdictional amount in controversy. *See* Doc. # 7. However, because this Court ultimately finds that subject matter jurisdiction is lacking, this Court does not reach this issue.

07cv1999

1.    Legal Standard

The federal court is one of limited jurisdiction. *See* Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  Steel Co. v. Citizens for a Better Environ., 118 S.Ct. 1003, 1012 (1998).  "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 614 (1868)).  Under Rule 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  When considering a Rule 12(b)(1) motion to dismiss, the district court "is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  "In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'"  Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)).  Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

"[T]he Declaratory Judgment Act is not a jurisdictional statute" and "does not create subject matter jurisdiction where none otherwise exists." Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir. 1970).  Thus, the basis for federal jurisdiction in a declaratory relief action must be independent of the Declaratory Relief Act. *See* Stock West, Inc. v. Confederated Tribes of Colville Reservations, 873 F.2d 1221, 1225 (9th Cir. 1989).  Here, plaintiff alleges jurisdiction based solely on diversity.  *See* Compl. ¶ 4.  To establish diversity jurisdiction, there must be:  (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000.  *See* 28 U.S.C. § 1332(a).  In declaratory relief actions, "the amount in controversy is measured by the value of the object of the litigation" and dismissal is appropriate only if it appears to a "legal certainty" that the

1    jurisdictional amount is not met. Hunt v. Washington State Apple Adver. Comm'n, 432

2    U.S. 333, 346-48 (1977); Cohn v. Petsmart, Inc., 282 F.3d 837, 840 (9th Cir. 2002). It

3    is well settled that the amount in controversy is determined at the time the complaint is

4    filed. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

5    **2.    Analysis**

6        In support of his contention that the jurisdictional amount in controversy has not

7    been met, defendant points out that the $75,000 diversity jurisdiction threshold exceeds

8    Progressive's contractual liability under the $15,000 policy issued to Arrellano. Doc. # 5

9    at 5. Defendant argues that plaintiff seeks to improperly include its potential liability in

10   the amount in controversy calculation. Id. at 5-6. Thus, defendant contends that any

11   liability above Progressive's $15,000 policy limits is too speculative and, therefore, plaintiff

12   "cannot show to a legal certainty what its financial exposure may be when the lawsuit is

13   adjudicated." Id. at 6.

14       Plaintiff contends that the jurisdictional threshold has been met here because there

15   is a potential for liability well exceeding $75,000. *See* Doc. # 6 at 7. Plaintiff claims that

16   Tran's underlying claim against Arrellano, which was valued in excess of $700,000 as of

17   January 26, 2007 and is expected to "reach tens of millions of dollars," id. at 8 (quoting

18   Doc. # 5 at 3), is the proper measure of the jurisdictional amount in controversy because

19   that amount is Progressive's potential liability in Tran's future claim against it.[2]  Id.

20   Plaintiff explains that the purpose of the instant lawsuit is simply to obtain a

21   determination as to whether a letter sent by Tran's counsel to Progressive constitutes a

22   "legally cognizable 'policy limits demand.'" Id. at 9. According to plaintiff, if the letter is

23   found not to be such a demand, then plaintiff's "indemnity obligation [will] still [be]

24   defined by the stated $15,000 limits under the policy." Id.

25       This Court is unconvinced that inclusion of potential liability based on a possible

26

27       [2] Plaintiff's complaint alleges that Tran's attorney "intends to obtain a judgment against Mr.
     Arrellano and then sue Progressive on behalf of Mr. Tran for breach of contract and breach of the implied

28   covenant of good faith and fair dealing for failure to settle Mr. Tran's claim within policy limits" and "has
     accused Progressive of misconduct and claims Progressive's failure to accept [the] January 26, 2007 policy
     limits demand has eliminated the stated limits of the policy." Compl. ¶¶ 20, 21.

1  future lawsuit that may or may not be filed by Tran's counsel is an appropriate measure

2  of the amount in controversy for diversity jurisdiction to exist here.  At the time the

3  instant lawsuit was filed, Progressive's liability under the policy issued to Arrellano was

4  capped at the policy limits of $15,000.  In fact, the relief plaintiff is seeking in the instant

5  complaint is a declaration that its liability is also capped at that amount.  This Court finds

6  that plaintiff cannot meet its burden of demonstrating that the amount in controversy in

7  this case exceeds the $75,000 threshold required at the time the lawsuit was filed because

8  the policy at bar limits liability to $15,000 and there is only a potential that Progressive's

9  liability might exceed that limit.  *See* Kokkonen, 511 U.S. at 377.  Therefore, this Court

10  finds dismissal is appropriate because it appears to a "legal certainty" that the

11  jurisdictional amount cannot be met.  Hunt, 432 U.S. at 346-48.  Accordingly,

12  defendant's motion to dismiss for lack of subject matter jurisdiction [docs. # 4, 5] is

13  **GRANTED** and the instant complaint is **DISMISSED WITHOUT PREJUDICE in its**

14  **entirety** for lack of subject matter jurisdiction.

15

16  Dated:      April 28, 2008

17

18                                              JOHN A. HOUSTON
                                                United States District Judge
19

20

21

22

23

24

25

26

27

28

07cv1999

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am a resident of the aforesaid county. I am over the age of eighteen years and not a party to the within action; my address is 1721 N. Sepulveda Blvd., Manhattan Beach, California 90266.

On **May     , 2008**, I served the foregoing document(s) described as **DEFENDANT BUN TRAN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION FOR SANCTIONS** on the interested parties in this action, by placing the original/true copies thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

___    I caused such envelope/package containing the document(s) to be delivered by hand to the offices of the addressee(s).

_X_    The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

___    I deposited the above document(s) for facsimile transmission in accordance with the office practice of Angelo & Di Monda for collecting and processing facsimiles. I am familiar with the office practice of Angelo & Di Monda for collecting, processing, and transmitting facsimiles. The facsimile of the above document(s) was transmitted to the interested parties on the attached service list:

Executed on **May 12, 2008**, at Manhattan Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                    _____
                                        S/Joseph Di Monda
                                        Joseph Di Monda

1

<u>Service List</u>

2

3    James Robbie
      ROBIE & MATTHAI
4    James R. Robie
      500 South Grand Avenue
5    15th Floor
      Los Angeles, CA 90071
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28