

**COMPEX**
*Legal Services, Inc.*

2530 CORPORATE PLACE, SUITE A102
MONTEREY PARK, CA 91754
(323)    981-9829
ORDER #:G277537 - 001

# NOTICE TO PARTY BEING SUBPOENAED

You may satisfy the provisions of this subpoena by following these instructions:

---

**APPEAR AT THE SCHEDULED TIME AND PLACE, AND BRING WITH YOU THE ORIGINALS OF ALL THE RECORDS DESCRIBED IN THE SUBPOENA**

---

IF THE SUBPONEA CALLS FOR RECORDS TO BE PRODUCED, PLEASE COMPLETE THE FOLLOWING DECLARATION AND BRING IT WITH THE RECORDS.

**PLEASE FILL OUT THOROUGHLY.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DECLARATION OF CUSTODIAN OF RECORDS

I, undersigned, being the duly authorized custodian of records for:
  RONALD FUNNELL, ESQ.
  500 SOUTH GRAND AVENUE, 15TH FLOOR
  LOS ANGELES, CA 90017
with personal knowledge of the facts set forth below, and authority to certify said records, do hereby attest to the following facts:

I am an employee of the organization listed above and have personal knowledge of the procedures and practices reflected in these records.

The records pertain to:    BUN BUN TRAN, ET AL. VS. L. ARELLANO, ET AL.
                           DATE OF BIRTH:    0/00/00    SOCIAL SEC.NO.:

Including this certificate, all the records called for in the attached Subpoena with which I was served have been provided to a COMPEX agent for the purpose of copying pursuant to Evidence Code 1560, with the exception of the attached list of documents:    (Items must be desribed in great enough specifcity to identify such excluded items)

The records were prepared in the ordinary course of business, by the personnel of said business for which I am the custodian of records, at or near the time of the acts, conditions, or events depicted therein. As custodian, I testify to the records identity and method of preparation. The source of the information and method of preparation were such as to indicate their trustworthiness. If I were called as a witness in this matter, I could and would competently testify under oath to the foregoing facts.

I hereby declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

EXECUTED ON    : _____
                        (DATE)

EXECUTED AT    : _____
                           (ADDRESS)

                 _____
                     (CITY, STATE AND ZIP CODE)

SIGNED         : X_____
                     (SIGNATURE OF CUSTODIAN OF RECORDS)

PRINT NAME     : _____

Exh. 1
20.

I am employed in LOS ANGELES County, California. I am over the age of 18 and not a party to the within action; my business address is: 325 MAPLE AVENUE
TORRANCE, CALIFORNIA 90503-2602

On 5/19/08, I gave notice to SEE SERVICE LIST BELOW

On the above date, I served true copies of the following documents;
Subpoena

To each party appearing in this action, at the address below, by placing true copies thereof enclosed in a sealed envelope with postage fully pre-paid, in the United States mail at 2510 MONTEREY STREET
TORRANCE, CALIFORNIA 90510

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on 5/19/08.

SIGNED: _Kimberly K. Mast_
Kimberly K. Mast

WEST & MIYAMOTO
EUGENE WEST
5151 VERDUGO WAY, SUITE 203
CAMARILLO, CALIFORNIA 93012

HORTON, OBERRECHT & KIRKPATRICK
KIMBERLY S. OBERRECHT, ESQ.
225 BROADWAY, SUITE 2200
SAN DIEGO, CALIFORNIA 92101

WINET, PATRICK & WEAVER
JAMES MCLAUGHLIN, ESQ.
401 WEST A STREET, 14TH FLOOR
SAN DIEGO, CALIFORNIA 92101

WOOD, SMITH, HENNING & BERMAN LLP
JADE TRAN, ESQ.
5000 BIRCH STREET, SUITE 8500
NEWPORT BEACH, CALIFORNIA 92601

CITY ATTORNEY OF SAN DIEGO
ANDREW JONES, ESQ.
1200 THIRD AVENUE, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

WINET, PATRICK AND WEAVER
RANDALL WINET, ESQ.
440 SOUTH MELROSE DRIVE, SUITE 200
VISTA, CALIFORNIA 92081

WOOD, SMITH, HENNING & BERMAN LLP
KEVIN DEAN SMITH, ESQ.
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203

Exh. 1
21.

**PROOF OF SERVICE BY MAIL**

G277537 | | DUPLICATE

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO: | CASE NUMBER: |
|---|---|---|
| ANGELO & DI MONDA, LLP<br>1721 NORTH SEPULVEDA BOULEVARD<br>MANHATTAN BEACH, CA 90266-6711<br><br>PLAINTIFF<br>ATTORNEY FOR (Name): BUN BUN TRAN | (310) 939-0099 | 37-2007-00065432-CU-PA-CTL |

Insert name of court, judicial district or branch, if any, and post office and street address.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO
HALL OF JUSTICE
330 WEST BROADWAY
SAN DIEGO, CALIFORNIA 92101

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: BUN BUN TRAN, AN INDIVIDUAL; BY AND THROUGH HIS GUARDIAN AD LITEM, LE THI NGUYEN,

DEFENDANT/RESPONDENT: LEONEL ARRELLANO, AN INDIVIDUAL; BRINKER INTERNATIONAL, INC., DBA, CHILI'S BAR & GRILL, A DELAWARE CORPORATION, ET AL.,

# NOTICE OF DEPOSITION

NOTICE TO ALL PARTIES AND THEIR ATTORNEY(S):

1. The depositions of the subsequent witness(es) will be taken as follows:

AT: SOUSA COURT REPORTERS, 736 4TH STREET
    HERMOSA BEACH, CA

TIME OF DEPO.

RONALD FUNNELL, ESQ.
    500 SOUTH GRAND AVENUE, 15TH FLOOR, LOS ANGELES, CA 90017

6/12/08  11:00 AM

DATED: 5/16/08     ATTORNEY: |S|   JOSEPH DI MONDA
                                    JOSEPH DI MONDA

ATTORNEY FOR: PLAINTIFF
              BUN BUN TRAN

NOTICE OF DEPOSITION                Exh. 1
                                    22.

G277537-001                                                                                           DUPLICATE

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: <br> ANGELO & DI MONDA, LLP <br> 1721 NORTH SEPULVEDA BOULEVARD <br> MANHATTAN BEACH, CALIFORNIA 90266-6711 <br><br> ATTORNEY FOR *(Name)*: PLAINTIFF <br> BUN BUN TRAN | TELEPHONE NO. <br> (310) 939-0099 | CASE NUMBER: <br> 37-2007-00065432-CU-PA-CTL |
|---|---|---|

| NAME OF COURT: <br> POST OFFICE and <br> STREET ADDRESS: | SUPERIOR COURT OF THE STATE OF CALIFORNIA <br> FOR THE COUNTY OF SAN DIEGO <br> 330 WEST BROADWAY <br> SAN DIEGO, CALIFORNIA 92101 | **DEPOSITION SUBPENA** <br><br> **For Personal Appearance** <br> ☐ **and Production of Documents and Things** |
|---|---|---|
| PLAINTIFF/PETITIONER: | BUN BUN TRAN, AN INDIVIDUAL; BY AND THROUGH HIS GUARDIAN AD LITEM, LE THI NGUYEN, | |
| DEFENDANT/RESPONDENT: | LEONEL ARRELLANO, AN INDIVIDUAL; BRINKER INTERNATIONAL, INC., DBA, CHILI'S BAR & GRILL, A DELAWARE CORPORATION, ET AL., | |

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone No. of deponent, if known)*:

RONALD FUNNELL, ESQ. (213) 624-3062
500 SOUTH GRAND AVENUE, 15TH FLOOR, LOS ANGELES, CA 90017

1. YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following time and place:

   Date: 6/12/08    Time: 11:00 AM    Address: SOUSA COURT REPORTERS, 736 4TH STREET
                                               HERMOSA BEACH, CALIFORNIA

   a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 3. (Code of Civil Procedure section 2025 (d)(6).)
   b. ☐ You are ordered to produce the documents and things described in item 3.
   c. ☐ This deposition will be recorded by ☐ audiotape ☐ videotape and stenographically.
   d. ☐ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025 (u)(4).

2. ☐ The **personal attendance** of the custodian of records or other qualified witness ☐ and the **production of the original documents** are required by this deposition subpena. The procedure authorized by Evidence Code sections 1560 (b), 1561, and 1562 will not be deemed sufficient compliance with this subpena.

3. ☐ The documents and things to be produced and any testing or sampling being sought are described as follows:

   ☐ Continued on attachment 3.

4. *A deposition permits an attorney to ask questions of a witness who is sworn to tell the truth. An attorney for the other parties may then ask questions also. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. A witness may read the written record and change any incorrect answers before signing the deposition. The witness is entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpena or at the time of the deposition.*

5. You are ordered to appear in this civil matter in your capacity as a peace officer or other person described in Government Code section 68097.1.
   Date: _____  Clerk, by _____, Deputy

**DISOBEDIENCE OF THIS SUBPENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Dated issued: 5/16/08

JOSEPH DI MONDA                              |S| JOSEPH DI MONDA
(TYPE OR PRINT NAME)                         (SIGNATURE OF PERSON ISSUING SUBPENA)

                                             ATTORNEY-AT-LAW
                                             (TITLE)

(See reverse for proof of service)

Form Adopted by Rule 982        **DEPOSITION SUBPENA - PERSONAL APPEARANCE**        Code of Civil Procedure, §§ 2020, 2025
Judicial Council of California
982(a)(15.1) [New July 1, 1987]

Exh. 1
23.

| PLAINTIFF/PETITIONER: BUN BUN TRAN, AN INDIVIDUAL; BY AND | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LEONEL ARRELLANO, AN INDIVIDUAL; BRINKER | 37-2007-00065432-CU-PA-CTL |

# PROOF OF SERVICE OF DEPOSITION SUBPENA-PERSONAL APPEARANCE

1. I served this Deposition Subpena-Personal Appearance by personally delivering a copy to the person served as follows:

   a. Person served (name):

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees and mileage both ways (check one):
      (1) ☐ were paid. Amount: . . . $ _____
      (2) ☐ were not paid.

   f. Fee for service . . . . . . . . . . . . . . . $ _____

2. I received this subpena for service on (date):

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff, marshal, or constable.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Bus. & Prof. Code section 22451.
   h. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

(For California sheriff, marshal, or constable use only)
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

SAN DIEGO OFFICE
401 WEST A STREET, SUITE 1400
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3902
FACSIMILE (619) 702-5432

**WINET, PATRICK & WEAVER**
A LAW CORPORATION
440 SOUTH MELROSE DRIVE, SUITE 200
VISTA, CALIFORNIA 92081-6666
TELEPHONE (760) 758-4261
FACSIMILE (760) 758-6420

PALM SPRINGS OFFICE
340 SOUTH FARRELL DRIVE, SUITE A202
PALM SPRINGS, CALIFORNIA 92262
TELEPHONE (760) 416-1400
FACSIMILE (760) 416-1405

March 31, 2008

Christopher E. Angelo
Angelo & Di Monda
1721 N. Sepulveda Boulevard
Manhattan Beach, CA 90266-5014

  Re: Tran v. Arrellano
     Our File: P21084

Dear Mr. Angelo:

  I am in receipt of Mr. Angelo's March 25, 2008 letter. He correctly states that he spoke with me on March 19, 2008. Thereafter, Mr. Allen and I attempted to reach one another by phone, and recently spoke by phone on March 31, 2008. At the time of that phone call, my understanding was that Mr. Allen stated that he would be responding on behalf of Progressive Insurance. I also informed Mr. Allen that I would be preparing my own separate letter to all persons involved.

  Previoulsy, I explained that Mr. Arrellano was not agreeable to signing the original Covenant provided by Mr. Angelo's office. However, Mr. Arrellano was and is willing to sign a Covenant Not to Execute wherein he is protected individually, and Mr. Tran is able to pursue his case against Progressive in the future. Consistent with Mr. Angelo's March 25, 2008 letter, we have prepared a proposed revised Covenant Not to Execute. This proposed revised Covenant Not to Execute incorporates the individual protection of Mr. Arrellano, Mr. Tran's ability to pursue a future case against Progressive if he desires to do so, and Progressive's agreement that they are not waiving any of their rights to defend such action. This proposed document is attached for the review of Mr. Angelo and Progressive Insurance. Please advise me if this Covenant Not to Execute is agreeable.

             Sincerely,

             WINET, PATRICK & WEAVER

             Randall L. Winet

RLW:cr
Enclosure
cc: Sean Allen
   James McLaughlin

             Exh. 2
             25.

# COVENANT NOT TO EXECUTE OR ENFORCE JUDGMENT

## I.

### DEFINITIONS

A. "PROMISOR" shall refer to BUN BUN TRAN, individually, by and through his mother and Guardian ad Litem, LE THI NGUYEN and their heirs, executors, administrators, successors, assigns, personal representatives, and agents.

B. "PROMISEE" shall refer to LEONEL ARRELLANO and his heirs, executors, administrators, successors, assigns, and agents. The term "PROMISEE" shall not include or refer to the insurer of Leonel Arrellano, Progressive Casualty Insurance Company, Progressive West Insurance Company, Progressive Insurance Company, and other Progressive entities (hereinafter referred to as "PROGRESSIVE").

C. "INCIDENT" shall refer to any and all claims, actions, causes of action, or administrative proceedings of whatever kind or nature which PROMISOR now has or may hereafter have against PROMISEE which were or could have been brought in Superior Court Case No. 37-2007-00065432-CU-PA-CTL.

D. "CIVIL ACTION" shall refer to the San Diego Superior Court action entitled *Bun Bun Tran v. Leonel Arrellano, et al.*, San Diego Superior Court Case No. 37-2007-00065432-CU-PA-CTL.

E. Other definitions may appear throughout this agreement.

## II.

### RECITALS

A. PROMISEE had a policy of insurance through PROGRESSIVE with policy limits of $15,000 per person and $30,000 per occurrence at the time of the INCIDENT.

1

Exh. 2
26.

B.  PROMISORS and PROMISEES are currently engaged in litigation entitled *Bun Bun Tran v. Leonel Arrellano, et al.*, San Diego Superior Court Case No. 37-2007-00065432-CU-PA-CTL (hereinafter referred to as "THE ACTION.").

C.  Certain issues have been raised pertaining to the alleged failure to settle all of PROMISOR'S bodily injury claims against PROMISEE on the part of Progressive Casualty Insurance Company, Progressive West Insurance Company, Progressive Insurance Company, and other Progressive entities (hereinafter referred to as "PROGRESSIVE").

D.  It is contended that PROGRESSIVE breached the implied covenant of good faith and fair dealing and/or otherwise acted negligently or tortiously toward PROMISOR and/or PROMISEE, and as a direct result, PROMISEE is now personally exposed to an adverse judgment in favor of PROMISOR in the action in excess of PROMISEE'S liability insurance policy limits.

E.  PROMISORS AND PROMISEES wish to set forth herein their respective rights and obligations with regard to the continued prosecution and resolution of the action as well as their liabilities, exposures, and risks relating thereto.

F.  It is understood and intended that this agreement constitutes a compromise of disputed claims and is not to be construed as an admission of liability on the part of any party referred to herein.

### III.

### CONSIDERATION, PROMISES, AND AGREEMENT

PROMISOR does hereby agree and acknowledge as follows:

1.  PROMISOR agrees to accept the $15,000 policy limits of PROGRESSIVE for a Covenant Not to Execute as to PROMISEE. The sums to be received will resolve any and all claims that PROMISOR has, or may have, against PROMISEE arising out of the INCIDENT, THE

ACTION, and CIVIL ACTION. It shall not release or in any way absolve PROMISOR'S claims against PROGRESSIVE.

2. PROMISEE hereby irrevocably assigns to PROMISOR the proceeds, i.e., the money damages which he may recover and which he may be entitled to collect by way of settlement, award or judgment rendered in his favor and against PROGRESSIVE in any insurance bad faith action based upon breach of the implied covenant of good faith and fair dealing or any other similar action which might or could have been filed by PROMISEE against PROGRESSIVE arising out of personal over-limits exposure resulting from THE ACTION and seeking the same relief.

3. The assignment of proceeds as set forth paragraph 2 immediately preceding shall not exceed the amount of any judgment, award or settlement rendered in favor of PROMISOR against PROMISEE in the action. Such judgment shall include the principal amount together with recoverable costs and accrued interest thereon at the legal rate until actually paid or satisfied.

4. To the extent that PROMISEE recovers damages, either compensatory or punitive, or both, against PROGRESSIVE in PROMISEE'S own insurance bad faith case based upon breach of the implied covenant of good faith and fair dealing, or in any similar action arising out of the same over-limits exposure subject matter in seeking the same relief, then to the extent that the total amount of such damages exceeds the amount of the bodily injury judgment in favor of PROMISOR against PROMISEE in the action as described in the immediately preceding paragraph, then such excess damages and the right to collect such excess damages shall be the sole property of PROMISEE.

5. Upon the entry of judgment in favor of PROMISOR in the action, PROMISOR, as a judgment creditor, may petition for leave to file a Complaint in Intervention in any future insurance bad faith suit filed, if filed at all, by PROMISEE against PROGRESSIVE for bad faith breach of the

implied covenant of good faith and fair dealing and any similar related tort. PROMISEE hereby agrees to stipulate to the filing of said Complaint in Intervention by PROMISOR. If PROMISEE never files his own insurance bad faith case against PROGRESSIVE, this failure, it is agreed, will in no way impair PROMISEE'S instant assignment to PROMISOR of PROMISEE'S right to recover against PROGRESSIVE the entire bodily injury judgment achieved by PROMISOR against PROMISEE as a result of PROGRESSIVE's breach of its contractual and extra contractual good faith and fair dealing duties, including the good faith duties to settle and investigate all claims owed by it to PROMISEE when handling PROMISOR'S claims against PROMISEE.

6. In consideration of the mutual promises made herein, PROMISEE irrevocably agrees that he has not and will not release any rights he has against PROGRESSIVE without the express written consent of PROMISOR.

7. PROMISOR reserves the unconditional right to settle with PROGRESSIVE at any time under any terms and conditions and for any amount in his sole and exclusive discretion. In the event of any such settlement between PROMISOR and PROGRESSIVE, PROMISOR shall notify PROMISEE of such settlement and will thereupon file a full Satisfaction of Judgment in favor of PROMISEE in the action.

8. PROMISOR and PROMISEE understand that PROMISOR may pursue PROMISOR'S case against other defendants in the CIVIL ACTION. This Covenant Not to Execute or Enforce Judgment shall not affect PROMISOR'S ability to proceed against other defendants in the CIVIL ACTION. PROMISOR and PROMISEE agree that since there are other defendants in the CIVIL ACTION, in order for PROMISEE to be provided full protection from this Covenant, PROMISEE must obtain a good faith settlement order from the court. Therefore, PROMISOR and PROMISEE agree that this settlement and Covenant Not to Execute are conditioned upon PROMISEE being able

to obtain a good faith settlement order from the court.

9. PROMISOR and PROMISEE agree that each party will be responsible for their own expenses, costs, and attorneys' fees as a result of the INCIDENT, and that PROMISOR shall not seek a cost recovery against PROMISEE at the conclusion of trial regardless of the outcome of the litigation. Furthermore, PROMISEE agrees not pursue PROMISOR for costs regardless of the outcome of the litigation.

10. PROMISEE agrees through his insurer, PROGRESSIVE, to provide PROMISEE a defense throughout the remainder of the litigation brought by PROMISOR arising out of the INCIDENT.

11. PROMISOR and PROMISEE agree that this Covenant Not to Execute is an agreement signed between PROMISOR and PROMISEE. By paying its $15,000 policy limits, PROGRESSIVE agrees that it is paying this amount to protect its insured through the Covenant Not to Execute. Further, although PROGRESSIVE takes the position that it has not violated any duties or obligations to PROMISORS or PROMISEES, PROGRESSIVE shall not assert that the signing of this Covenant Not to Execute or Enforce Judgment precludes PROMISOR or PROMISEE from filing an action against PROGRESSIVE in the future.

12. This is a full and complete Covenant Not to Execute or Enforce Judgment provided by PROMISOR to PROMISEE applying to all known, unknown, and unanticipated injuries or damages arising out of or in any way connected with or resulting from the INCIDENT. PROMISOR understands that Civil Code §1542 generally applies to a general release, and to the extent possible under California law, PROMISOR expressly and intentionally waives all rights and benefits which PROMISOR now has or in the future may have for this Covenant Not to Execute or Enforce Judgment under the terms of §1542 of the Civil Code of the state of California, which latter section

5

provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

13. This Covenant Not to Execute or Enforce Judgment contains the entire agreement between the parties hereto. The terms of this agreement are contractual and not a mere recital. This agreement is executed by PROMISOR without reliance upon any representation by PROMISEE concerning the nature and extent of PROMISOR'S damages or the legal liability therefore. If any provision or portion of this agreement is held to be illegal or invalid by a court of competent jurisdiction, said provisions shall be deemed to be severed and deleted, and the remainder of this agreement shall continue to be valid and enforceable.

14. PROMISOR and PROMISEE acknowledge they have been represented by legal counsel and have freely consented to the terms and conditions of this Covenant Not to Execute or Enforce Judgment, and that this agreement has not involved coercion, undue influence, or economic pressure.

15. PROMISOR and PROMISEE agree to execute and deliver such additional documents and do all acts necessary as may be reasonably required to carry out the effect and intent of this agreement.

16. PROMISOR and PROMISEE acknowledge that they have read and understand each and every portion of this agreement, and by placing their signature at the end of this agreement, represent that they have voluntarily assumed the obligations contained herein and intentionally waive all the rights stated herein, of their own free will.

17. This agreement can be signed in counter parts, such that the original signatures can be

signed at different times and locations and be forwarded back to the law firm of Winet, Patrick & Weaver and assimilated into one original document. Once the agreement is assimilated with all original signatures, that document shall become the original, whether or not said original signatures occurred at different times, dates, and locations.

IV.

## EXECUTION BY PROMISOR, PROMISEE, PROGRESSIVE AND COUNSEL

Dated:

_____
Authorized Representative of PROMISOR

Dated:

_____
PROMISEE

Dated:

_____
Authorized Representative of PROGRESSIVE

**APPROVED AS TO FORM AND CONTENT:**

**ANGELO & DI MONDA**

Dated:            By:_____
                  Christopher E. Angelo
                  Attorney for Bun Bun Tran

**WINET, PATRICK & WEAVER**

Dated:            By:_____
                  Randall L. Winet
                  Attorney for Leonel Arrellano

Dated:

_____
Counsel for Progressive Insurance Company

7

Exh. 2
32.