Christopher E. Angelo [70007]
Joseph Di Monda [184640]
ANGELO & DI MONDA, LLP
1721 N. Sepulveda Blvd.
Manhattan Beach, California 90266-5014
Telephone: 310-939-0099
Fax: 310-939-0023

Attorneys for Defendants, Bun Bun Tran and Le Thi Nguyen

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY, an Ohio corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>BUN BUN TRAN, LEONEL ARRELLANO,<br><br>    Defendants. | NO. 07- CV 1999 JAH (POR)<br><br>**BUN TRAN'S REPLY TO PROGRESSIVE WEST'S OPPOSITION TO MOTION FOR SANCTIONS**<br><br>Time: 2:30 p.m.<br>Date: June 16, 2008<br>Ctrm.: 11<br>        940 Front Street<br>        San Diego, CA 92101 |

Defendant Bun Tran ("Tran") submits this Reply to Progressive West Insurance Company's ("Progressive") Opposition to Tran's Motion for Sanctions.

**I.    INTRODUCTION**

Progressive's Opposition to Tran's Motion for Sanctions is noteworthy for Progressive's continued misrepresentation of the law, its failure to make any specific denials of the collusive behavior, it misrepresentation of the basis for Tran's sanction request, its omission of any declaration from James Robie, Kyle Kveton or Randy Winet disputing any of Tran's allegations and its rather flippant attitude that its failure to provide this Court with all of the parties correspondence is what it considers zealous advocacy.

///

1

**II.  TRAN'S MOTION FOR SANCTION IS NOT A RULE 11 MOTION**

Progressive begins its opposition with a false statement, that Tran's Motion for Sanctions is a Rule 11 Motion.  Progressive's Opp Brief, p. 5, lns. 17-18, p. 8, lns. 1-11. Progressive goes on to claim that Tran did not comply with Rule 11's safe harbor provisions.

As Tran stated in his Motion for Sanctions, it is not based on Rule 11, it is based on this Court's inherent power to sanction, which includes behavior that is also sanctionable under Rule 11.  <u>Chambers v. Nasco, Inc.</u> (1991) 501 U.S. 43, 46-48.

**III.  PROGRESSIVE'S COMPLAINT FOR DECLARATORY RELIEF WAS NOT SUPPORTED BY ANY AUTHORITY, WAS NOT WARRANTED BY A MODIFICATION OF EXISTING LAW OR THE MAKING OF NEW LAW**

Progressive continues to argue that its complaint was warranted by existing law. Progressive's Opp Brief, p. 9, ¶ 2.  Tran's response is simple; what existing law? Progressive continues to cite case law from District Courts in Louisiana, Mississippi, Missouri, and Utah.  None of which are applicable to the present dispute.

For example, <u>Energy Catering Servs. v. Borrows</u> (E.D. La. 1995) 911 F.Supp. 221, is not a case involving diversity jurisdiction or an insurance policy.  <u>Allstate Ins. Co. v. Hilbun</u> (S.D. Miss. 1988) 692 F. Supp. 698 involved an insurance policy with a contractual limit which was above the diversity minimum.  Here, as this Court noted, the policy limit is $15,000.  Progressive claims that <u>The Prudential Ins. Co. v. Thomason</u> (C.D. Utah 1994) 865 F. Supp. 762, 765, held that a court may consider potential liability in determining the amount in controversy.  Progressive's Opp. Brief, p. 12, lns. 19-20. However, Progressive fails to tell this Court that the plaintiff in <u>Prudential</u> was attempting to have the insurance policy rescinded and that diversity jurisdiction was met because the value of the policy exceeded the jurisdictional minimum and that it was first party bad faith case.  <u>Id.</u> at 764-765.  Here, there is no bad faith case at all.  Finally, in <u>State Farm v. Carhhahan</u> 2008 U.S. Dist. LEXIS 4922 (W.D. MO. 2008), unlike here, there had already

been a final judgment in a state action of $8 million dollars which exceeded the policy limits and created diversity jurisdiction.

When Progressive does cite to a Circuit Court opinion it misrepresents the issues and selects quotes from cases which have no similarity to the issue in this dispute. For example, Progressive misleads this Court as to the holding of Budget Rent-A-Car, Inc. v. Higashiguchi, (9th Cir. 1997) 109 F.3d 1471. In Budget there were multiple plaintiffs. Diversity jurisdiction was met in Budget because the plaintiffs did not dispute the fact that the value of their claims exceeded the jurisdictional minimum. Id. at 1473. The issue raised by the Budget court in footnote 2 was whether the jurisdictional amount could include a plaintiff's claim for indemnification. Id. at 1474. It had nothing to do with the issues raised by Progressive.

As to Hartford Ins. Group v. Lou-Con Inc. (5th Cir. 2002) 293 F.3d 908. In Hartford, the court held that although the insurance policy was $1 million, the claim against its did not exceed the diversity jurisdictional minium, and upheld the District Court's dismissal of the case.

Progressive simply ignores all case law which is on point with the issues it raised in its complaint, which is how is diversity jurisdiction met when the litigation involves insurance policies and potential extra-contractual liability?

That law is clear. Since this disputes involves an insurance contract, A party cannot meet the jurisdictional amount by seeking a declaration of an additional coverage not in issue at that time. Nationwide Mut. Ins. Co. v. Rowles by Rowles, (E.D. Pa. 1993) 818 F. Supp. 852. In declaratory judgment suits involving liability insurance policies, the test of jurisdiction is the maximum amount for which the insurer might be liable under the policy. Budget Rent-A-Car, Inc. v. Higashiguchi, (9th Cir. 1997) 109 F.3d 1471, 1473.

It is well settled that the amount in controversy is determined at the time the complaint is filed. St. Paul Mercury Indem. Co. V. Red Cab Co. (1938) 303 U.S. 283, 289.

Hence, the potential of a future bad faith action which may or may not occur is not

a factor in determining diversity jurisdiction.

Progressive continues to ignore all applicable authority.

## IV. PROGRESSIVE HAS FAILED TO DENY ANY OF THE SPECIFIC ACCUSATIONS OF BAD FAITH

Progressive claims it had no bad fath motives for filing the declaratory complaint and taking its insured's default. Progressive's failure to explain its behavior without any declarations or evidence is telling.

For example, Progressive has not explained,: 1) Why did Progressive serve non-English speaking Arrellano in prison and not serve his attorney; 2) why did Progressive serve comatose Bun Tran using substituted service and not notify Tran's attorney; 3) why did Progressive fail to appoint cumis counsel for Arrellano when its interest became adverse; 4) why did Progressive refuse to permit Arrellano's state action attorney to represent Arrellano in this action; 5) why did Progressive's state attorney refuse to allow an independent third party attorney represent Arrellano it this federal action, but permitted his default to be taken by Progressive; 6) Why did Progressive take Arrellano's default when it knew that its failure to permit Arrellano's lawyer to make an appearance was the reason behind the default; and, 7) why didn't Progressive provide this Court with all of the correspondence between Tran's attorneys and Arrellano's state attorneys?

In response, Progressive simply makes a general denial of bad faith motives, ignores all specificity, provides no declarations explaining any of this behavior and arrogantly claims Tran cannot meet the standard of proof, which it also misrepresents to this Court as being "clear and convincing."

## V. PROGRESSIVE CONTINUES TO MISLEAD THIS COURT ABOUT THE LAW

Progressive clams that Tran must prove that Progressive conduct constituted bad faith by "clear and convincing" evidence before this Court may use its inherent power to impose sanctions. In support of that premise, Progressive cites to Shepherd v. ABC (D.C. Cir. 1995) 62 F.3d 1469 and Apoude v. Mobil Oil Corp. (1st Cir. 1989) 892 F.2d 1115.

4

**07- CV 1999 JAH (POR)**

However, once again, Progressive misapplies the authority.

Both <u>Shepard</u> and <u>Apoude</u> addressed the standard to be used by a court when dismissing a case for abusive behavior. "We hold that a district court may use its inherent power to enter a default judgment only if it finds, first, by clear and convincing evidence-a preponderance is not sufficient-that the abusive behavior occurred; and second, that a lesser sanction would not sufficiently punish and deter the abusive conduct while allowing a full and fair trial on the merits." <u>Shepherd v. ABC</u> *Supra* 62 F.3d at 1472. No one has requested that Progressive's case be dismissed for bad faith conduct.

**VII. PROGRESSIVE'S LAWYERS HAD A DUTY TO PROVIDE THIS COURT WITH ALL RELEVANT DOCUMENTS WHEN IT ATTEMPTED TO TAKE ARRELLANO'S DEFAULT**

Progressive's attorney Ronald Funnel provided this Court with only two letters between Progressive and Tran's attorneys when he was attempting to take Arrellano's default. Mr. Funnel attempted to use these two letters to claim that Tran rejected Progressive's attempt to tender its policy limits.

Mr. Funnel's declaration was patently false and misleading as Mr. Funnel knew that other Progressive letters existed which clearly state that Progressive rejected Tran's policy limit demands.

In response to this allegation, Mr. Funnel takes the position that "it is not incumbent on the applicant [him] to include all damaging evidence or to include the complete correspondence between Tran's prior attorney and Progressive." Progressive's Opp. To Motion for Sanctions, p. 14, lns. 24-28.

Simply put, Progressive and Mr. Funnel take the position that they may provide this Court with selected evidence, knowing that it is misleading and ignore their duty of candor to the court.

"It is the duty of an attorney to do all of the following: . . . never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." Bus. & Prof. Code § 6068(d).

Instead, Progressive, with Mr. Funnel's help, attempts to take Mr. Arrellano's default by providing this Court with an incomplete picture of the correspondence, and claims that it is protected by its right to exclude all damaging evidence. "Counsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice." Williams v. Superior Court (1996) 46 Cal.App.4th 320, 330.

Apparently ethical duties mean nothing to Progressive.

## VIII. PROGRESSIVE HAS NOT EXPLAINED WHY IT SHOULD NOT BE ORDERED TO PROVIDE ARRELLANO WITH AN ATTORNEY BEFORE IT ATTEMPTS TO SUE HIM AGAIN

Progressive simply ignores the fact that it intends to sue Arrellano again, refuse to provide him with counsel, and take his default. This is evident by Progressive's Motion for Reconsideration of this Court's Order and Judgment dismissing Progressive's complaint which it filed with this Court on May 29, 2008.

///
///
///

## IX. CONCLUSION

This Court should look at What Progressive has failed to do, which is refute Tran's very specific allegations of bad faith litigation conduct by which Progressive was attempting to use and abuse the federal and state court systems and set up its own insured for a multi-million dollar over-limit judgment.

This Court should also note that Progressive continues to cite inapplicable authority, fabricates a "clear and convincing" standard and takes the position that it is entitled to mislead this court as to easily verifiable facts.

Moreover, not one of Tran's claims has been denied with any evidence or declarations from Progressive. That may be taken as an admission of their truth.

1 | Progressive's position is untenable and sanctionable. It should not be permitted to
2 | drag Arrellano into federal court again unless it provides him with independent legal
3 | counsel.

June 3, 2008                                    ANGELO & DI MONDA, LLP

                                                By:    S/Joseph Di Monda
                                                       Christopher E. Angelo
                                                       Joseph Di Monda
                                                       Attorneys for Defendants,
                                                       Bun Bun Tran and Le Thi Nguyen

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am a resident of the aforesaid county. I am over the age of eighteen years and not a party to the within action; my address is 1721 N. Sepulveda Blvd., Manhattan Beach, California 90266.

On **June 3, 2008**, I served the foregoing document(s) described as **BUN TRAN'S REPLY TO PROGRESSIVE WEST'S OPPOSITION TO MOTION FOR SANCTIONS** on the interested parties in this action, by placing the original/true copies thereof enclosed in a sealed envelope addressed as follows:

Ronald Funnel
ROBIE & MATTHAI
James R. Robie
500 South Grand Avenue
15th Floor
Los Angeles, CA 90071

__   I caused such envelope/package containing the document(s) to be delivered by hand to the offices of the addressee(s).

X    The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

__   I deposited the above document(s) for facsimile transmission in accordance with the office practice of Angelo & Di Monda for collecting and processing facsimiles. I am familiar with the office practice of Angelo & Di Monda for collecting, processing, and transmitting facsimiles. The facsimile of the above document(s) was transmitted to the interested parties on the attached service list:

Executed on June 3, 2008, at Manhattan Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                        S/Joseph Di Monda
                                        Joseph Di Monda