1  JAMES R. ROBIE, SBN 67303
   KYLE KVETON, SBN 110805
2  RONALD P. FUNNELL, SBN 209897
   ROBIE & MATTHAI
3  A Professional Corporation
   500 South Grand Avenue, 15th Floor
4  Los Angeles, California 90071
   (213) 706-8000 • (213) 624-2563 Fax
5  kkveton@romalaw.com

6  Attorneys for Plaintiff PROGRESSIVE WEST
    INSURANCE COMPANY
7

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11  PROGRESSIVE WEST INSURANCE )    CASE NO. 07 - CV 1999 JAH (POR)
    COMPANY, an Ohio corporation, )
12                                )
                     Plaintiff,   )    PLAINTIFF'S REPLY TO
13         vs.                    )    DEFENDANT BUN BUN TRAN'S
                                  )    OPPOSITION TO MOTION FOR
14  BUN BUN TRAN, LEONEL          )    RECONSIDERATION
    ARRELLANO,                    )
15                                )    Date:    July 14, 2008
                     Defendants.  )    Time:    2:30 p.m.
16  _____ )    Ctrm:    11
                                       940 Front Street
17                                     San Diego, CA 9210

18

19         Plaintiff Progressive West Insurance Company ("Progressive") submits the

20  following Reply to Defendant Bun Bun Tran's Opposition to Progressive's Motion

21  for Reconsideration:

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Throughout this litigation, counsel for Tran has consistently presented two contradictory positions to this Court: (1) that Progressive cannot now allege damages in excess of $75,000 so as to meet the amount in controversy requirements for diversity jurisdiction because the policy limits are $15,000; and (2) that simultaneously Progressive is liable to Tran for an "unlimited" amount of damages in excess of $40 million and that the policy limits are not the ceiling of Progressive's liability.  This duplicity should not be rewarded.

Progressive's motion for reconsideration demonstrated that new evidence , including Tran's pleadings in this action subsequent to briefing of the motion to dismiss, establishes that Tran's own position is that the policy limits are "gone" and the amount in controversy in this lawsuit exceeds $40 million.  Despite this, Tran's Opposition ignores the majority of the new evidence submitted by Progressive. Instead Tran sets up a straw man, contending the "fact" that Tran seeks an assignment of Arrellano's bad faith rights does not constitute new evidence.  What Progressive contends is that the new evidence of Arrellano's willingness to assign his rights, coupled with Tran's new statements that Progressive's potential liability is in excess of $40 million, shows that the amount in controversy requirement is met here.  Tran's knocking down of his own straw man does not address, much less defeat Progressive's argument.

Tran's Opposition also fails to distinguish or refute authority cited by Progressive which provides that this Court may rely on Progressive's potential bad faith liability to Tran in evaluating the jurisdictional amount in controversy, and that defendant Arrellano's policy limits are not determinative of the amount in controversy in declaratory relief actions that involve the applicability of an insurance policy to a particular occurrence.  Progressive's declaratory relief action seeks a ruling that Tran's January 26, 2007 letter, a purported policy limits demand, is not an

**REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION**       07 - CV 1999 JAH (POR)

1  effective demand for policy limits.  If it was, and if Progressive unreasonably refused

2  it, then the policy limits would be "opened up," assuming an over limits judgment

3  was obtained against Arrellano.  Thus, the object of the litigation and the amount in

4  controversy is not dictated by the stated limits of the policy.  Moreover, Tran

5  contends the $15,000 limits are non-existent.  As a result, the amount at stake here is

6  the value of Tran's underlying claim, valued by Tran at $40 million, and for which

7  Tran contends Progressive must indemnify Arrellano.

8       For the reasons set forth in its Motion and this Reply, Progressive respectfully

9  requests that this Court review the new evidence submitted by Progressive and

10  reconsider its dismissal of this action.

11                  **STATEMENT OF FACTS**

12       Tran's Opposition resorts to misrepresenting the nature of the new evidence

13  submitted in support of Progressive's Motion for Reconsideration, erroneously

14  asserting that the new evidence merely consists of pre-existing negotiations for an

15  assignment of defendant Arrellano's (alleged) bad faith rights to Tran.  (Doc. 23 at 1,

16  5-6.)  This is a mischaracterization of  Progressive's Motion.  The *existence* of such

17  negotiations is not the new evidence presented by Progressive's Motion; in fact, the

18  Complaint itself acknowledges that Tran has sought from Arrellano an assignment of

19  Arrellano's bad faith rights.

20       Rather, the motion for reconsideration is based on <u>new</u> evidence that *Arrellano*

21  is now willing to assign his bad faith rights to Tran in exchange for a covenant not to

22  execute, and that on March 31, 2008, Arrellano's attorney transmitted a new proposed

23  assignment and covenant to both Tran and Progressive.  (Doc. 18 at 2-3 and Exh. 1.)

24       The newly discovered evidence also consists of Tran's own attorneys'

25  declarations and pleadings in this case, filed on April 28, 2006, the same day as this

26  Court's Order granting Tran's Motion to Dismiss.  (See Docs. 13, 14.)  This evidence

27  is that Tran's attorney confirmed that he had been negotiating an assignment of

28  Arrellano's bad faith rights against Progressive.  (Doc. 13, Angelo Decl. at ¶ 5.)  The

1   new evidence further consists of Tran's factual statement that Progressive is

2   responsible to indemnify Arrellano for damages well in excess of the amount in

3   controversy and in excess of the stated policy limits.  (Doc. 13 at 3 ["The damages

4   caused by Arrellano will exceed $40 million dollars. ... It is Tran's position that

5   Progressive is now responsible to indemnify Arrellano for an <u>unlimited</u> amount of

6   potential damages due to Progressive's failure to settle for Arrellano's policy limits"]

7   (emphasis added).)  In other words, Tran's position is that Progressive's liability is

8   not limited to the $15,000 policy limits.

9        The $40 million dollar figure for Tran's damages (for which Tran holds

10  Progressive responsible) is confirmed again in Tran's Motion for Sanctions: "Tran's

11  future lifetime medical care costs will be in the range of $40 million dollars."  (Doc.

12  16 at 1 and Di Monda Declaration.)  According to correspondence sent by Tran's

13  attorneys, Progressive's potential for liability is not merely "speculative."  A May 1,

14  2008 letter from Tran's counsel to counsel for Progressive in this lawsuit states:  "<u>As

15  you know, Arrellano has admitted fault.  An over limits judgment against him will

16  occur</u>."  (Reply **Exh. 1** at 4.)  "... I assume Progressive will later sue Bun Bun Tran

17  again in federal court once I obtain a large over limits' judgment in state court against

18  Arrellano."  (Reply **Exh. 1** at 2.)

19       Contrary to those statements, apparently for purpose of opposing Progressive's

20  motion for reconsideration, Tran's attorneys now take the convenient position that

21  there are "currently" no negotiations for an assignment of Arrellano's bad faith rights

22  to Tran.  (Doc. 23 at 7 and Angelo Declaration at ¶ 6.)  This statement is

23  disingenuous for several reasons.  First, there is nothing stopping Tran's counsel from

24  renewing his attempts to obtain an assignment of Arrellano's bad faith rights after the

25  hearing date of this motion.  Second, it surely rings hollow that Tran's attorneys

26  would simply give up on obtaining rights they value in excess of $40 million.  Third,

27  Tran's argument is based on Mr. Angelo's "opinion" that Progressive has interfered

28  in negotiations and that Mr. Winet "has abandoned his client."  (Doc. 23 at 7 and

1    Angeleo Decl. at ¶¶ 7-9.)   This "opinion" is argument, not evidence.

2                                    **LEGAL DISCUSSION**

3    **1.    Progressive's Motion for Reconsideration Is Timely Pursuant to Southern**

4          **District Local Rule 7.1.**

5          Progressive's Motion for Reconsideration was filed timely pursuant to

6    Southern District Local Rule 7.1.  Local Rule 7.1 permits motions for reconsideration

7    filed within "30 days from the entry of the ruling."  (Southern District Local Rule

8    7.1(i)(2);   *Stephen v. Cota*, 2007 U.S. Dist. LEXIS 37222, *3-*4 and note 1 (S.D.

9    Cal. May 22, 2007) (Houston, J) (motion for reconsideration of dismissal);

10   *Qualcomm Inc. v. Broadcom Corp.*, 2006 U.S. Dist. LEXIS 85644, *6 (S.D. Cal.

11   Nov. 20, 2006); *Allen v. Reilly*, 2008 U.S. Dist. LEXIS 35753, *2-*3 and note 1 (S.D.

12   Cal. May 1, 2008) (motion for reconsideration of dismissal).

13         Tran erroneously contends, absent any supporting authority, that FRCP Rules

14   60 and 59 control motions for reconsideration, and that Rule 7.1 only relates to

15   "rulings, order or judgments unrelated to those dismissing a case." (Doc. 23 at 4-5.)

16   Tran adds a gloss to the rule – it is not so facially limited.  The Rule is broad,

17   encompassing reconsideration of <u>all</u> rulings, orders and judgments.  See Rule 7.1(i).

18         Tran also argues that Local Rule 7.1(1)'s prefatory clause "[except as may [be]

19   allowed under Rules 59 and 60, no motion or application for reconsideration shall be

20   filed more than 30 days after the entry of ruling, order or judgment sought to be

21   reconsidered."  Tran misreads the "except as may be allowed" language.  This

22   language is expansive – it allows <u>more than</u> 30 days when permitted by the FRCP - -

23   it does not curtail its own 30 day period if the FRCP contains a <u>shorter</u> period.  The

24   Local Rule does not state "except as limited by. . . ."  The Local Rule creates a

25   separate track distinct from a FRCP Rules 59-60 to seek reconsideration.  It allows 30

26   days – except if the FRCP allows longer.  For example, FRCP 60 allows for a

27   "reasonable time," of up to one year after entry of judgment.

28         Tran's position that this motion had to be filed within 10 days because of Rule

1  59 is contrary to this District's legal precedent.  Under this Court's precedent, "[a]

2  timely-filed motion for reconsideration under a local rule is considered a motion

3  under Federal Rule of Civil Procedure section 59(e)." *Reeder v. Knapik*, 2007 U.S.

4  Dist. LEXIS 51890, * 3-*4 (S.D. Cal., July 17, 2007)(emphasis added).  The same

5  principle holds true as to Rule 60.  *Ground v. Sullivan*, 785 F.Supp. 1407, 1411, note

6  3 (S.D. Cal. 1992) ("Once an order of the court is entered, the judge can set aside or

7  change it through a Rule 60 motion *or* a motion for reconsideration pursuant to Local

8  Rule 7.1(i).")  Local Rule 7.1(1) allows 30 days to file motions for reconsideration.

9  Because Progressive's Motion was filed within 30 days of this Court's April 29, 2008

10  entry of judgment, it is timely under Rule 7.1.

11  **2.     Declaratory Relief Is Proper Even Where Liability Is Contingent.**

12         Tran takes the position that because a bad faith lawsuit has not yet been filed

13  against Progressive, the declaratory relief lawsuit is based upon "speculation" for

14  purposes of meeting the amount in controversy requirement. (Doc. 23 at 6-7, 7-8.)

15  Not so.  Although Progressive's liability is contingent on Arrellano's liability to Tran

16  in the underlying action, "[t]hat the liability may be contingent does not necessarily

17  defeat jurisdiction of a declaratory judgment action."  *Associated Indem. Corp. v.*

18  *Fairchild Industries, Inc.* (2nd Cir. 1992) 961 F.2d 32, 35, citing *American Mach. &*

19  *Metals, Inc. v. De Bothezat Impeller Co.*, 166 F.2d 535, 536, 76 U.S.P.Q. (BNA) 549

20  (2d Cir. 1948); *National R.R. Passenger Corp. v. Consolidated Rail Corp.*, 670 F.

21  Supp. 424, 430-31 (D.D.C. 1987); and *Lumbermens Mut. Casualty Co. v. Borden Co.*,

22  241 F. Supp. 683, 701 (S.D.N.Y. 1965).  "Indeed, litigation over insurance coverage

23  has become the paradigm for asserting jurisdiction despite 'future contingencies that

24  will determine whether a controversy ever actually becomes real.'"  *Associated*

25  *Indem. Corp. v. Fairchild Industries, Inc.* (2nd Cir. 1992) 961 F.2d 32, 35, citing 10A

26  C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2757, at 586-587

27  (2d ed. 1983).

28  / / /

3. **With the Addition of New Evidence, Progressive Has Demonstrated that it Has Met the Jurisdictional Amount in Controversy.**

In a declaratory judgment action, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977). Dismissal is appropriate only if it appears to a "legal certainty" that the jurisdictional amount is not met. *See id.* at 346-48. The amount in controversy may be met from the viewpoint of either the plaintiff or defendant, that is, "the value of the thing sought to be accomplished by the action may relate to either or any party to the action." *In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001). Here, the thing sought by plaintiff Progressive is a declaration by the Court that Tran's "demand" letter is not a bonafide policy limits demand and that Progressive's conduct in handling Arrellano's claim did not "open" the limits on the policy, therefore exposing it to an "unlimited" amount of liability. It is claimed by *Tran* that this object of the declaratory relief action exceeds the $15,000 policy limits and exceeds $40 million.

New evidence demonstrates that Arrellano is now willing to assign his bad faith rights to defendant Tran. Additionally, new evidence in the form of Tran's counsel's pleadings, declarations and correspondence admits that the amount in controversy is in excess of "$40 million dollars" and that, even in the absence of a "current" assignment of Arrellano's bad faith rights to Tran, Progressive's potential liability is not speculative, but real. (Doc. 13 at 3; Doc. 16 at 1; Reply **Exh. 1**.)

Statements of fact such as those contained in Tran's briefs may be considered admissions of a party in the discretion of the district court. *American Title Insurance Company v. Lacelaw Corporation*, 861 F.2d 224, 226-227 (9th Cir. 1988). A judicial admission may establish the amount in controversy. *Valdez v. Allstate Insurance Company*, 372 F.3d 1115, 1117. Further, evidence such as Tran's pleadings and letters are sufficient to establish the amount in controversy. See, e.g., *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-840 (single letter from plaintiff constituted

1  sufficient evidence to establish amount in controversy where plaintiff consistently

2  maintained claim was worth more than $100,000).

3      A recent decision demonstrates that Progressive's evidence meets the amount

4  in controversy requirement.  In *Sentinel Insurance Company v. Haines*, 2008 U.S.

5  Dist. LEXIS 19260, *2-*3 (W.D. Mo., March 12, 2008), as here, the defendant,

6  argued that the jurisdictional amount was not met because the limit on the insurance

7  policy was $50,000.  In contrast, plaintiff insurer responded that the amount in

8  controversy exceeded $75,000 where the defendant's demand letters were for

9  $350,000 and $500,000.  (*Id*.)

10     The court held that in evaluating the jurisdictional amount, "courts often

11 consider such evidence as 'settlement offers by plaintiff exceeding the jurisdictional

12 amount, the plaintiff's refusal to stipulate that she would not demand more than the

13 jurisdictional amount, or an extensive list of serious and disabling injuries suffered by

14 t he plaintiff.'" (*Id*. at 5.)  Where defendant, an injured third party, claimed damages

15 of $500,000 for his serious injuries and refused to accept a policy limits offer, the

16 court found "that plaintiff has demonstrated by a preponderance of the evidence that

17 the amount in controversy exceeds $75,000."  (*Id*. at 5-6.)

18     Tran attempts to narrowly limit the authorities cited by Progressive's Motion to

19 their exact facts, ignoring the applicable legal principles governing the rationales of

20 the cases.  Those principles are that this Court may consider a "promised bad faith

21 lawsuit"; "potential liability"; and "future claims" in evaluating the jurisdictional

22 amount in controversy.  *Allstate Insurance Company v. Hilbun*, 692 F.Supp. 698,

23 700-701 (S.D. Miss. 1988); *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F. 3d 1471,

24 1474, n. 2 (9th Cir. 1997); *The Prudential Ins. Co. v. Thomason*, 865 F. Supp. 762,

25 765 (C.D. Utah 1994).

26     Tran also contends that Arrellano's policy limits of $15,000 establishes the

27 amount in controversy without further examination or inquiry.  (Doc. 23 at 6-7.)  This

28 is an incorrect statement of law.  Only under certain circumstances do the policy

1  limits establish the amount in controversy.  "Specifically, the policy limits are
2  controlling 'in a declaratory action ... as to the validity of the entire contract between
3  the parties.'"  *Hartford Ins. Group v. Lou-Con Inc*., 293 F.3d 908, 911 (5th Cir.
4  2002).  "However, in declaratory judgment cases that involve the applicability of an
5  insurance policy to a particular occurrence, 'the jurisdictional amount in controversy
6  is measured by the value of the underlying claim – not the face amount of the
7  policy.'"  *Id*.; *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F. 3d at 1473.  Contrary
8  to Tran's contention, this principle applies equally to the situation where the amount
9  of the policy limit is below the amount in controversy requirement, but the underlying
10  claim extends beyond the limits of the policy as to the situation where the limit
11  exceeds the amount in controversy requirement, but the claim is below the diversity
12  jurisdiction monetary limit. This is particularly apt here when Tran himself claims the
13  policy limits do not limit Progressive's exposure.

14       Tran's Opposition fails to even address the remainder of Progressive's
15  authorities demonstrating that the amount in controversy has been met.  See *State*
16  *Farm Fire & Cas. Co. v. Carnnahan*, 2008 U.S. Dist. LEXIS 4922 (W.D. MO 2008)
17  (declaratory relief action in which liability for full amount of judgment without regard
18  to policy limits claimed is sufficient to meet jurisdictional limit, because potential
19  judgment in excess of minimum amount in controversy requirement); *Duin v. Allstate*
20  *Insurance Company* 1997 U.S. Dist. LEXIS 20882, *3-*6 (S.D. Cal. 1992) (burden of
21  satisfying amount in controversy met where court was provided with evidence that
22  similar bad faith claims "overwhelmingly result in verdicts well over the
23  jurisdictional amount" and insured did not represent that it would seek less than the
24  jurisdictional amount).

25       The new evidence submitted with Progressive's Motion for Reconsideration
26  demonstrates to a legal certainty that the amount in controversy in this action exceeds
27  the jurisdictional minimum of $75,000.

28  / / /

**REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION       07 - CV 1999 JAH (POR)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CONCLUSION</u>

Progressive respectfully requests that this Court review the new evidence submitted by Progressive and reconsider its dismissal of this action.

DATED:      July 7, 2008                ROBIE & MATTHAI
                                        A Professional Corporation


                              By:    s/**Ronald P. Funnell**
                                     JAMES R. ROBIE
                                     KYLE KVETON
                                     RONALD P. FUNNELL
                                     Attorneys for Plaintiff PROGRESSIVE WEST
                                     INSURANCE COMPANY
                                     E-Mail:      RFunnell@romalaw.com

**REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION      07 - CV 1999 JAH (POR)**

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, 15th Floor, Los Angeles, CA 90071-2609.

On July 7, 2008, I served the foregoing document(s) described as:

**PLAINTIFF'S REPLY TO DEFENDANT BUN BUN TRAN'S OPPOSITION TO MOTION FOR RECONSIDERATION**

on all interested parties in this action by placing a true copy of each document, enclosed in a sealed envelope addressed as follows:

***Defendant Leonel Arrellano, In Pro Per:***
Leonel Arrellano, Inmate #F77654
c/o Division of Adult Operations
Sierra Conservation Center
5100 O'Byrnes Ferry Road
Jamestown, CA 95327

***Courtesy Copy via Mail***
Hon. John A. Houston
Southern District of California
940 Front Street, Courtroom 11
San Diego, CA 92101-8900

**(X)    BY MAIL:** as follows:  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

***Attorneys for Defendant, Bun Bun Tran:***
Christoper E. Angelo, Esq.
Joseph Di Monda, Esq.
ANGELO & DI MONDA LLP
1721 No. Sepulveda Boulevard
Manhattan Beach, CA 90266-5014
Telephone:    (310) 939-0099
Facsimile:    (310) 939-0023

**(X)    BY E-SERVICE:**  I caused the above-referenced document(s) to be electronically served on the above counsel of record through the Court's CM/ECF filing and service system.

**(X) (Federal)**    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 7, 2008, at Los Angeles, California.

s/Windy Gale Tyler
E-mail: wtyler@romalaw.com

REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION          07 - CV 1999 JAH (POR)