ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

CHRISTOPHER E. ANGELO          1721 NORTH SEPULVEDA BOULEVARD          TELEPHONE: (310) 939-0099
JOSEPH DI MONDA, A.I.A.        MANHATTAN BEACH, CALIFORNIA 90266       FACSIMILE: (310) 939-0023

MAY 02 2008          May 1, 2008

Mr. Ronald P. Funnell
ROBIE & MATTHAI
A Professional Corporation
500 South Grand Avenue, 15th Floor
Los Angeles, CA 90071
(213) 706-8000 phone
(213) 624-2563 fax

      Re:   <u>Progressive West Insurance Company v. Bun Bun Tran, Leonel Arrellano;</u>
               <u>Bun Tran v. Arrellano, et al.</u>

Dear Mr. Funnell:

      As you know, your law firm represented Progressive West Insurance Company in a lawsuit in federal court against Bun Bun Tran and Leonel Arrellano.  During the course of that lawsuit, you filed an "Application for Default Judgment by Court against Defendant Leonel Arrellano" in support of which was a declaration signed by you under penalty of perjury.  In your declaration, under penalty of perjury, you testify that Progressive West Company's insured, Mr. Arrellano, is incarcerated and "not represented by counsel" in this federal action filed by Progressive West Insurance Company.  You also testify that Bun Bun Tran's first counsel, Anh Quoc Duy Nguyen, wrote to Progressive demanding that "Progressive pay its $15,000 policy limits within 15 days," attaching that letter to your declaration as an Exhibit 1.  In your declaration, the only other letter that you refer to and attach for review by the federal court was a February 2, 2007 letter from Progressive, which your declaration testifies was Progressive "offering its $15,000 policy limits, and within seven days of the demand."  You attached this February 2, 2007 letter as Exhibit 2 to your declaration.

      Your declaration under penalty of perjury makes no other reference to any other correspondence pertaining to policy limits demands between Bun Bun Tran's counsel and Progressive West Insurance Company.  Is this because Progressive West Insurance

EXHIBIT 1

ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

Mr. Funnell
May 1, 2008
Page 2

Company gave you no other correspondence? Is it because Progressive gave you other correspondence pertaining to policy limits settlement issues, including letters withdrawing settlement offers, but you, or any attorney in your firm, chose to withhold those letters from the federal court to obtain an unfair advantage? Who was suppressing policy limits' correspondence?

Enclosed, please find the Declaration of Anh Q.D. Nguyen, dated April 25, 2008, which attaches five letters that show that Progressive West Insurance Company has never offered its policy limits of $15,000. Please be advised that Bun Bun Tran's mother/guardian testified on April 28, 2008 in the bodily injury action against Arrellano where she stated that even as of today, Progressive West Insurance Company has never tendered any portion of its policy limit.

Someone has committed a misrepresentation upon the federal court. How was it done? I must know the answer now for use in federal court later.

Enclosed please find a copy of the federal court's ORDER GRANTING [DEFENDANT BUN BUN TAN'S] MOTION TO DISMISS [PROGRESSIVE'S FEDERAL ACTION] FOR LACK OF SUBJECT MATTER JURISDICTION. As you can see, this order of dismissal was without prejudice, and it pertained to dismissing the Progressive lawsuit "in its entirety." The federal clerk has confirmed with my partner, Joseph Di Monda, that the federal action is also dismissed against Arrellano and, hence, your law firm has no standing whatsoever to do anything against Progressive's insured, Arrellano.

Since the federal court's dismissal was without prejudice, I intend to inform at least the federal court of the inaccuracies in your declaration, since I assume Progressive will later sue Bun Bun Tran again in federal court once I obtain a large overlimits' judgment in state court against Arrellano.

If you refuse to answer my questions as to whether Progressive informed you, or did not inform you, of additional letters not mentioned in your aforementioned declaration, then your law firm must immediately recuse itself from representing Progressive in any future federal action pertaining to Arrellano since I will be taking your deposition. Since we received the federal court's dismissal, it was unnecessary for Anh Q.D. Nguyen's declaration to be filed. I look forward to hearing your response to this letter as quickly as possible.

ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

Mr. Funnell
May 1, 2008
Page 3

Please note that "the attorney/client privilege does not, however, protect communications that further a future. . .fraud," and this exception "applies even where the attorney is unaware that his advice is sought to further such an illegal purpose." Loustalet v. Refco (C.D. Cal. 1993) 154 F.R.D. 243, 245. In addition, there is no attorney/client privilege "if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit . . . a fraud." Evidence Code Section 956. This includes civil fraud. Action Performance Companies v. Bohbot (C.D. Cal. 2006) 420 Fed.Supp.2nd 1115. See also, State Farm Fire & Casualty Company v. Superior Court (1997) 54 Cal.App.4th 625.

In relation, an insurance company and its retained defense counsel may be sued by third party Plaintiffs under a negligent insured defendant's liability insurance policy for fraudulent misrepresentation on coverage matters and these misrepresentations are not protected by the litigation privilege. Shafer v. Berger Kahn, Shafton, Moss, Figler, Simon & Gladstone; Lance La Belle, Esq. (2003) 107 Cal.App.4th 54, 80-81 and footnote seven. Insurance defense counsel owe "an independent duty not to injure [third parties] through fraudulent statements." Shafer v. Berger Kahn, et al., 107 Cal.App.4th at 67.

I note that Randy Winet attempted to propose his own overlimits Covenant/Assignment in which $15,000, also, would be paid immediately to my client. My client is not interested. However, did Mr. Winet make this effort because you or Progressive suggested that he do this in an effort to circumvent the third party plaintiff/beneficiary status to be enjoyed by my client in the future under Insurance Code Section 11580, which statue is prominently discussed in the aforementioned Shafer v. Berger Kahn, et al. decision? In other words, had the $15,000 been paid immediately, was it the intention of Progressive and/or its attorneys to claim that Bun Bun Tran lost his third-party beneficiary status to sue Progressive directly under Insurance Code Section 11580 in the future after obtaining an overlimits judgment? To paraphrase that part of an insurer's claims file quoted and condemned in Shafer v. Berger Kahn, et al., were you trying to get me to "play right into [your] hands?" Shafer v. Berger Kahn, et al., 107 Cal.App.4th at 65. Were you or others to your knowledge trying to avoid having "to pay for [personal] cumis counsel" under Civil Code Section 2860? This was a motive also condemned in Shafer v. Berger Kahn, et al. (2003) 107 Cal.App.4th at 77. Was it coincidental or coordinated that Randy Winet finally started to respond to my state court assignment requests, albeit insufficiently, at about the same time your firm filed a Request for Entry of Default against Arrellano in the federal action? Has Progressive agreed to pay all overlimits proceeds on behalf of Arrellano to Bun Tran in exchange for a waiver of his own bad faith rights while

ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

Mr. Funnell
May 1, 2008
Page 4

claiming only contractual liability to the federal court and my client? Similar conduct was, again, condemned in Shafer v. Berger Kahn, et al. (2003) 107 Cal.App.4th 54, 66 {defense counsel lied to plaintiff's counsel that Farmer's would not pay for its insured's willful misconduct in order to "induce the [third-party plaintiff] to forego full payment on the judgment" when, in reality, Farmers agreed to indemnify its insured for such uncovered damages}.

As you know, a third-party judgment creditor's right to sue a defendant's liability insurer is not dependant on an assignment of bad faith rights. Shafer v. Berger Kahn, et al., 107 Cal.App.4th at 69. Further, independent of third-party beneficiary law under Insurance Code Section 11580, injured parties may sue a defendant's automobile liability insurer for estoppel and failure to investigate. Shafer v. Berger Kahn, et al., 107 Cal.App.4th at 79, relying upon Barrera v. State Farm Mutual Automobile (1969) 71 Cal.2d 659, 670, and Murphy v. Allstate Ins. Co.
(1976) 17 Cal.3d 937, 943 (citations omitted).

Moreover, while insurance defense attorneys owe a duty to protect the interests of their clients, "the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice." Consequently, "once the attorney realizes that he or she has misled the court, even innocently, he or she has an affirmative duty to immediately inform the court and to request that it set aside any orders based upon any such misrepresentation." Observance of this duty "prevents the waste of judicial resources and the opposing party's time and money." Datig v. Dove Books (1999) 73 Cal.App.4th 964, 980-981.

As you know, Arrellano has admitted fault. An overlimits judgment against him will occur. Arrellano was insured with Progressive. The existence of an insurance policy represents a "protected property interest." Fletcher v. Western National Life Insurance Company (1970) 10 Cal.App.3d 376. Bun Bun Tran has an interest in this protected property interest. Everyone owes a duty to others "to refrain from intentionally tortious conduct." Shafer v. Berger Kahn, et al. (2003) 107 Cal.App.4th 54, 71. It is fraud for an insurance defense attorney to make any "false statement with the intention of inducing the [third-party plaintiff] to forego full payment on the judgment" and the third party plaintiff, once becoming a third party creditor against the insured defendant, may sue for resulting economic and non-economic damages as a result of detrimental reliance by way of continuing the prosecution of a third party lawsuit. Shafer v. Berger Kahn, et al., 107 Cal.App.4th at 66.

ANGELO & DI MONDA
A LIMITED LIABILITY PARTNERSHIP

Mr. Funnell
May 1, 2008
Page 5

It is also the duty of an attorney "to employ . . . those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." Business & Professions Code Section 6068(d).

I look forward to hearing from you as soon as possible. If I do not hear from you within five days from the date of this letter, I will pursue other means.

Very truly yours,

ANGELO & DI MONDA, LLP

Christopher E. Angelo

CEA/klc

cc:    Sean W. Allen
       Progressive Casualty Insurance Co.
       Claims Legal Dept.
       10940 White Rock Road
       Rancho Cordova, CA 95670
       P.O. Box 419061 (Zip 95741-9061)
       (916) 864-6271
       (916) 904-5563 (fax)
       His insured: Leonel Arrellano
       Claim No. 060-409-287

cc:    Randy Winet
       Winet, Patrick & Weaver
       440 South Melrose Drive, Suite 200
       Vista, CA 92081-6666
       760.758.4261
       760.758.6420 fax
       Counsel for Leonel Arrellano

\\Jupiter\Share Documents\Legal Documents\Tran, Bun Bun v. Arrellano (traffic collision, brain damage)\PROGRESSIVE v. TRAN\CORRESPONDENCE\Funnell ltr 5-1-08.wpd